IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Amaplat Mauritius Ltd.,<br>c/o CKLB International Management Ltd.,<br>P.O. Box 80, Felix House, 24 Dr. Joseph Riviere Street, Port Louis 11602, Mauritius;<br>and<br><br>Amari Nickel Holdings Zimbabwe Ltd.,<br>c/o CKLB International Management Ltd.,<br>P.O. Box 80, Felix House, 24 Dr. Joseph Riviere Street, Port Louis 11602, Mauritius,<br><br>        Plaintiffs,<br><br>  v.<br><br>Zimbabwe Mining Development Corporation,<br>90 Mutare Road, Msasa, Harare, Zimbabwe;<br><br>The Chief Mining Commissioner, Ministry of Mines of Zimbabwe,<br>6th Floor, ZIMRE Centre, Cnr. Leopold Takawira Street/Kwame Nkrumah Avenue, Private Bag 7709, Causeway, Harare, Zimbabwe;<br><br>and the Republic of Zimbabwe,<br>c/o Head of the Ministry of Foreign Affairs, Ministry of Foreign Affairs, P.O. Box 4240, Munhumutapa Building, Cnr. Samora Machel Avenue/Sam Nujoma Street, Harare, Zimbabwe<br><br>        Defendants. | Civil Action No. |

**COMPLAINT**

Plaintiffs Amaplat Mauritius Ltd. ("Amaplat") and Amari Nickel Holdings Zimbabwe Ltd. ("Amari," and together with Amaplat, "Plaintiffs"), by their attorneys, Steptoe & Johnson LLP, allege upon personal knowledge as to their own acts and upon information and belief as to all other acts, as follows:

I.     **NATURE OF THE ACTION**

1. This is an action to recognize and enforce the judgment of the High Court of Zambia, at the Commercial Registry at Lusaka, dated August 9, 2019, No. 2019/HPC/ARB/No. 0337 (the "Judgment"), in favor of Plaintiffs and against Defendants Zimbabwe Mining Development Corporation ("ZMDC") and the Chief Mining Commissioner, Ministry of Mines of Zimbabwe (collectively, "Judgment Defendants"), pursuant to the Uniform Foreign-Money Judgments Recognition Act, D.C. Code § 15-361, *et seq*. The Judgment recognized and enforced an arbitral award entered in favor of Plaintiffs and against Judgment Defendants, which are instrumentalities of and alter egos of the Republic of Zimbabwe, under the terms of two arbitration agreements that provided in each instance for final and binding resolution of disputes by international commercial arbitration under the ICC International Court of Arbitration Rules (the "ICC Rules"), in which the ICC International Court of Arbitration set the location of the arbitration as Zambia.

2. The arbitral award concerns Defendants' breaches of two memoranda of understanding concerning mining concessions in Zimbabwe ("MOUs"). The arbitral tribunal found the Defendants breached those MOUs by, inter alia, expropriating the concessions causing millions of dollars in damages being awarded to the Plaintiffs. The arbitral tribunal found in favor of the Plaintiffs and ordered the Judgment Defendants to pay approximately $50 million plus interest.

3. Defendants failed to pay the amounts due under the arbitration award and have similarly failed to satisfy the Judgment that the Zambian court issued based on the award. Following issuance of the award, Plaintiffs engaged in extensive negotiations with Defendants, through the Zimbabwean government, in an effort to seek an amicable resolution in their compliance with the award. Defendants' representatives in the Zimbabwean government

repeatedly represented that they would pay the amounts due and recognized the award sum as a public debt.  They even represented that specific assets of the Republic of Zimbabwe would be set aside to ensure payment of the liability owing to the Plaintiffs.  But despite aiming to finalize these amicable negotiations by the end of 2021, Defendants never made good on their promises.  As such, Plaintiffs now seek to enforce their rights in this Court.

## II.     JURISDICTION AND VENUE.

4.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1330(a) because this is a "nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement."

5.     ZMDC is a foreign state within the meaning of 28 U.S.C. § 1603(a) because it is an agency or instrumentality of, and an alter ego of, the Republic of Zimbabwe.

6.     The Chief Mining Commissioner, Ministry of Mines of Zimbabwe, is a foreign state within the meaning of 28 U.S.C. § 1603(a) because it is an agency or instrumentality of, and an alter ego of, the Republic of Zimbabwe.

7.     The Republic of Zimbabwe is a foreign state within the meaning of 28 U.S.C. § 1603(a).

8.     Defendants are not entitled to immunity under the Foreign Sovereign Immunities Act or any applicable international agreement because the exceptions to foreign sovereign immunity set forth in 28 U.S.C. §§ 1605(a)(1) and 1605(a)(6) are satisfied.

9.     As set forth more fully below, the Judgment arises from an arbitration governed by the New York Convention, which is in force in all countries relevant to this action including

Zambia, Zimbabwe, and the United States, under arbitration agreements made by the foreign state with Plaintiffs.

10. As set forth more fully below, Defendants waived sovereign immunity by agreeing to arbitrate under the ICC Rules, and by agreeing to and participating in arbitration governed by the New York Convention in Zambia, which, like Zimbabwe, is and was a party to the New York Convention. Zimbabwe thereby contemplated enforcement of any arbitral award in any of the other signatory states and waived sovereign immunity. It is settled law that an action to recognize a foreign judgment based upon an arbitral award is within the scope of such a waiver because the cause of action is so closely related to the enforcement of an arbitral award.

11. This Court has personal jurisdiction over the Defendants under 28 U.S.C. § 1330(b), because the requirements of 28 U.S.C. § 1330(a) are satisfied and service has or will be made under 28 U.S.C. § 1608.

12. Venue is proper in this Court under 28 U.S.C. § 1391(f)(4), which provides for venue in this Court for an action "brought against a foreign state or political subdivision thereof."

### III. THE PARTIES

13. Plaintiff Amari Nickel Holdings Zimbabwe Ltd. is a Company incorporated under the laws of Mauritius.

14. Plaintiff Amaplat Mauritius Ltd. is a Company incorporated under the laws of Mauritius.

15. Defendant ZMDC is a corporation incorporated under the laws of the Republic of Zimbabwe, an agency or instrumentality of the Republic of Zimbabwe, and an alter ego of the Republic of Zimbabwe. It was created by the Zimbabwe Mining Development Corporation Act, and by law the Republic of Zimbabwe appoints its Board of Directors, approves significant

actions, has the power to direct its actions, pays the debts of the Republic of Zimbabwe, and must be majority-owned by the Republic of Zimbabwe.

16. Defendant The Chief Mining Commissioner, Ministry of Mines of Zimbabwe is a governmental office or a governmental corporation sole existing under the laws of the Republic of Zimbabwe, an agency or instrumentality of the Republic of Zimbabwe, and an alter ego of the Republic of Zimbabwe.

17. Defendant Republic of Zimbabwe is a foreign state.

## IV. GENERAL ALLEGATIONS

### A. The Memoranda of Understanding and the Joint Venture.

18. As explained in greater detail in the underlying arbitral award, a true and correct copy of which is attached hereto as **Exhibit A**, on November 22, 2007, ZMDC and Amari Holdings Ltd. ("Amari BVI") entered into a Memorandum of Understanding (the "Nickel MOU"), a true and correct copy of which is attached hereto as **Exhibit B**.

19. Under the Nickel MOU, Amari BVI and ZMDC agreed to incorporate a joint venture company called Zimari Nickel (Pvt.) Ltd., to prospect for nickel and develop a mine.

20. On June 6, 2008, Amari, Amari BVI, and ZMDC entered into a Deed of Novation, whereby Amari replaced Amari BVI as the counterparty to the Nickel MOU. A true and correct copy of the Deed of Novation is attached hereto as **Exhibit C**.

21. Similarly, on July 25, 2008, ZMDC and Amaplat entered into a Memorandum of Understanding (the "Platinum MOU"), a true and correct copy of which is attached hereto as **Exhibit D**.

22. Under the Platinum MOU, Amaplat and ZMDC agreed to incorporate a joint venture company called Zimari Platinum (Pvt.) Ltd., to prospect for metals including platinum and develop a mine.

B. **The Dispute and Arbitration.**

23. ZMDC purported to cancel the MOUs in November 2010.

24. Both the Nickel MOU (Ex. B), at Article 11, and the Platinum MOU (Ex. D), at Article 9, contained identical arbitration clauses providing that:

> In the event of a dispute or disputes arising, such disputes, controversies or differences between the Parties, which may arise out of or in relation to the MOU and which cannot be settled by the Board, the parties shall first try to resolve it amicably through negotiation. In the event that no settlement can be reached through negotiation in reasonable time, any Party may submit the dispute to the ICC International Court of Arbitration in Paris for arbitration in accordance with the procedural rules of arbitration of the said Arbitration Court in effect at the time of apply arbitration, the award of which shall be final and binding upon the Parties. The language in Arbitration shall be in English.

25. The Nickel MOU and Platinum MOU thus constituted an agreement to resolve disputes by "final and binding" commercial arbitration under the ICC Rules.

26. Zimbabwe acceded to the New York Arbitration Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention") on September 29, 1994.

27. Zambia had acceded to the New York Convention on March 14, 2002.

28. The arbitration was constituted under the applicable regime of the ICC Rules following determination by the ICC Court that the arbitration would occur in Lusaka, Zambia.

29. The Judgment Defendants participated actively in the highly contested proceedings before the arbitral tribunal.

30. However, on the third day of the hearing, the arbitrator who had been nominated by the Judgment Defendants resigned and the Judgment Defendants refused to appoint a replacement arbitrator.

31. After contentious litigation before the Zambian courts and the ICC Court of

Arbitration over the composition of the panel, a reconstituted panel scheduled a continuation of the hearing.

32. On August 27, 2013, without any explanation, the Judgement Defendants indicated to the arbitral tribunal that they refused to further participate in the proceedings.

33. The arbitral tribunal issued a final award on January 12, 2014, finding that it continued to have jurisdiction over the dispute despite the Judgment Defendant's boycott of the remainder of the hearing. The tribunal found that the Plaintiffs successfully demonstrated their claims. It ordered US$42,882,000 in damages to Amaplat and US$3,900,000 in damages to Amari. The tribunal also ordered the Judgment Defendants to pay costs and expenses in the amount of US$2,220,583.74 and US$900,000 in tribunal costs of the arbitration, and interest. Ex. A at 36.

       C.      **The Zambian Judgment.**

34. After post-award proceedings in Zambian courts, in which Zimbabwe challenged the composition of the tribunal and its authority to issue an award, were resolved in Plaintiffs' favor, on August 9, 2019, the High Court for Zambia at the Commercial Registry at Lusaka issued the Judgment—formally, an Ex Parte Order for Leave to Register and Enforce the Final Arbitration Award, No. 2019/HPC/ARB/No. 0337, under Section 18 of the Arbitration Act, No. 19 of 2000, and Rules 15 and 16 of the Arbitration (Court Proceedings) Rules, 2001. A true and correct copy of the Judgment is attached hereto as **Exhibit E.**

35. The Judgment directed "that the Plaintiffs be at liberty to enforce in the same manner as a judgment or order to the same effect the Final Award dated 12th January 2014, of the Arbitrators: Stuart Isaacs QC, Chairman; Professor Doug Jones AO, as Co-Arbitrator; and Chikwendu Madumere as Co-Arbitrator appointed pursuant to Clause 11 of the Nickel Memorandum of Understanding dated 22nd November 2007, and Clause 9 of the Platinum

Memorandum of Understanding dated 25th July 2007, made between the Plaintiffs and the Defendants." Ex. E at 1-2.  Plaintiffs served the Judgment on Defendants on 23 October 2019.  Under Zambian law, the Judgment was stayed for 30 days or until the disposition of a timely proceeding to set aside the Judgment.  No party filed a proceeding to set aside the Judgment and it became final.

36. Zambian law provides for a 12 year statute of limitations for an action on a judgment, which accrues on the date that the judgment becomes enforceable.

37. Accordingly, the Judgment is valid and enforceable in Zambia.

**D.    Failed Negotiations between the Parties**

38. The parties participated in settlement discussions after the issuance of the Judgment, including two years of negotiations with the Reserve Bank of Zimbabwe, the Permanent Secretary of the Ministry of Mines & Mining Development, and the Attorney General.

39. On 12 January 2021, the Plaintiffs sent a letter to the Defendants highlighting their failure to pay the amounts due under the award and Judgment and noting that the arbitral award is a public debt has been acknowledged as such by the Attorney-General and the Minister of Mines & Mining Development.  A copy of that letter is attached hereto as **Exhibit F**.  The Defendants failed to make any payment.

40. Another letter later that year produced similar results.  A copy of that letter is attached hereto as **Exhibit G**.  Accordingly, Plaintiffs are forced to pursue this action to enforce the Judgment.

V.      **CLAIM FOR RELIEF**

**COUNT I**
**D.C. UNIFORM FOREIGN-COUNTRY MONEY JUDGMENTS RECOGNITION ACT**
**D.C. CODE § 15-361 *ET SEQ.***

41.     Plaintiffs repeat and reallege each allegation contained in Paragraphs 1 through 40 above as if fully set forth herein.

42.     The Judgment is a foreign money judgment under the Uniform Foreign-Country Money Judgments Recognition Act, D.C. Code § 15-361, *et seq.*

43.     By providing "that the Plaintiffs be at liberty to enforce in the same manner as a judgment or order to the same effect the Final Award dated 12th January 2014," the Judgment granted recovery of a sum of money as provided in the Final Award. Ex. E. at 1.

44.     The High Court for Zambia had jurisdiction over the Judgment Defendants and the subject-matter.

45.     The Judgment is final, conclusive, and enforceable under the laws of Zambia.

46.     The Judgment is not for taxes, fines, penalties, divorce, support, maintenance, or other domestic relations matters.

47.     Plaintiffs are accordingly entitled to an order recognizing the Judgment and entering a judgment of this Court thereon that is conclusive and enforceable in the same manner and to the same extent as a judgment of this Court.

48.     Plaintiffs are further entitled to an order recognizing that the Republic of Zimbabwe is the alter ego of the Judgment Defendants and is liable on the Judgment to the same extent as the Judgment Defendants.

49.     Plaintiffs are further entitled to their reasonable attorneys' fees and costs, consistent with the Award's finding that the prevailing party was entitled to recovery of legal expenses and the law of the Republic of Zimbabwe, which is the chosen law of the parties'

agreements.

**VI.   PRAYER FOR RELIEF**

**WHEREFORE** Plaintiffs request entry of an order and judgment:

(a)   Recognizing and enforcing the Judgment;

(b)   Finding that the Republic of Zimbabwe is the alter ego of the Judgment Defendants;

(c)   Entering judgment against Defendants as provided by the Award, specifically:

(i)   Against ZMDC and the Republic of Zimbabwe and in favor of Amaplat in the amount of US$42,882,000 in damages;

(ii)   Against ZMDC and the Republic of Zimbabwe and in favor of Amari in the amount of US$3,900,000 in damages;

(iii)   Against all Defendants jointly and severally and in favor of Plaintiffs jointly in the amount of US$2,220,583.74;

(iv)   Against all Defendants jointly and severally and in favor of Plaintiffs jointly in the amount of US$900,000;

In each case, with post-award interest at 5% per annum from January 12, 2014 through the date of entry of the Judgment and post-Judgment interest at the Zambian statutory rate;

(d)   Awarding post-judgment interest at the Zambian statutory rate;

(e)   Awarding costs of this action and reasonable attorneys' fees; and

(f)   Awarding such other and further relief as this Court may deem just, proper, and equitable.

Dated: January 10, 2022                              Respectfully submitted,

                                              <u>/s/ *Steven K. Davidson*</u>
Steven K. Davidson (D.C. Bar No. 407137)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036-1795
Telephone:     202 429 3000
Facsimile:      202 429 3902
sdavidson@steptoe.com

Robert W. Mockler
(application for admission pending)
Joseph M. Sanderson
(*pro hac vice* forthcoming)
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone:     212 506 3900
Facsimile:      212 506 3950
rmockler@steptoe.com
josanderson@steptoe.com

*Attorneys for Plaintiffs*