# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Amaplat Mauritius Ltd.**, *et al*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Case No. 1:22-cv-00058-CRC |
| ) | |
| **Zimbabwe Mining Development** ) | |
| **Corporation**, *et al*, ) | |
| ) | |
| **Defendants.** ) | |

## EXPERT OPINION OF LIKANDO KALALUKA, SC

1. My name is Likando Kalaluka, SC. I am the Managing Partner of Likando Kalaluka & Co., which is located in Lusaka, Zambia.

2. I am qualified as an expert to render an opinion in this case as to Defendants' immunity from jurisdiction before Zambian courts and service on Defendants of a Zambian court order. I have been an attorney practicing in Zambia since 2004. After working in private practice, I was unanimously ratified as the Attorney General of the Republic of Zambia and served in this role from 2015 to 2021. As the Attorney General of Zambia, I was the leader of the Zambian Bar and received the title State Counsel, abbreviated "SC," which is equivalent to Queen's Counsel in the United Kingdom.

3. During my public service, I was the chief legal advisor to the Government and *ex officio* member of Cabinet. I was responsible for the approval of all contracts and agreements the Government (and all quasi-government bodies) intended to enter into. I oversaw and supervised the following departments: Legislative Drafting and Law Revision, Civil Litigation and Debt Collection, and International Law and Agreements.

1

4. I have represented the Republic of Zambia in civil, commercial, and constitutional proceedings in the superior courts in Zambia and in domestic and international arbitrations. In addition to my court practice, I have first-hand experience in high-value, complex arbitrations under the rules of major, international arbitration institutions in cases relating to energy, mining, infrastructure development, health, human rights, public procurement and intellectual property.

5. After public service, I returned to the private sector with Likando Kalaluka & Co., where we represent clients in a variety of sectors and legal matters. I am also a Member of Arbitra International, a leading provider of alternative dispute resolution services. Clients seek out Arbitra International to find qualified neutrals, who include distinguished names from around the world. Through my firm and Arbitra International, I continue to practice in international dispute resolution.

6. I have a Bachelor of Laws degree from the University of Zambia and an LL.M. in International and Comparative Disability Law & Practice from the National University of Ireland Galway School of Law.

7. I am admitted to practice before the courts of the Republic of Zambia. For a full list of my professional experience, my resume is attached to this Opinion as Exhibit A.

8. In this arbitration, I was retained by GST LLP on behalf of the Republic of Zimbabwe ("Zimbabwe") and the Chief Mining Commissioner, Ministry of Mines of Zimbabwe (the "Commissioner"), to render an opinion on the immunity from jurisdiction of Defendants in Zambian courts.

9. I am completely independent and do not personally know any of the parties involved in this arbitration. Defendants' counsel contacted me directly to retain me as an expert.

2

10. I have charged a flat rate of $5,000 for this Expert Opinion. My hourly rate is otherwise $400.00.

11. In rendering my opinion, I reviewed the following documents:

    a. Certain documents filed before the High Court for Zambia (Ex. B).

    b. The cases and statutes I cite herein.

    c. The Complaint filed in this matter (the "Complaint").

    d. The arbitration award and the MOUs referenced herein.

12. In the last 10 years, I have authored the articles that appear in my CV. In the last four years, I have not testified as an expert at trial or deposition.

## CONCLUSIONS

13. Based on the absence of any case made by Plaintiffs before the Zambian courts, I cannot conclude that there was a finding that Defendants were not immune from jurisdiction in Zambia. Were Plaintiffs to have made a case for a waiver of sovereign immunity, it is my opinion that the Commissioner would be immune because there is no evidence that he engaged in any private act as it related to the MOUs.

14. In the Complaint, Plaintiffs have not made a case that Defendants waived their immunity in Zambia, so I can take no position at this time on Plaintiffs' arguments. I reserve the right to do so.

15. Upon being retained herein, I caused to be conducted a search of proceedings at the High Court for Zambia Commercial Registry, under cause number 2019/HPC/ARB/0337. Based on that search, I found no evidence that Plaintiffs sought leave to serve ZMDC or the Commissioner outside of Zambia, which is a mandatory requirement to effect service before a Zambian court, and I found no evidence of any service on ZMDC or the Commissioner.

## RELEVANT FACTS

16. In an arbitration award dated January 12, 2015 (the "Award"), an arbitration tribunal found the Zimbabwe Mining Development Corporation (the "ZMDC") and the Commissioner liable for breaches of two Memorandum of Understanding (the "MOUs"). The Commissioner did not sign either MOU. Zimbabwe did not sign either MOU, and it was never named as a party in the arbitration.

17. Over four years later, on July 19, 2019, Plaintiffs presented an *ex parte* application for an order recognizing the Award as a judgment of Zambia. The application included the affidavit of Ian Small-Smith.

18. On August 9, 2019, the Zambian court granted Plaintiffs leave to enforce the Award as a judgment of the court. It also granted ZMDC and the Commissioner 30 days to apply to set aside the order, and the court ordered Plaintiffs to serve ZMDC and the Commissioner.

19. Plaintiffs never disclosed to the Zambian courts that ZMDC and the Commissioner have presumptive immunity from jurisdiction.

20. In my review of the documents provided to me, I have not seen any evidence that Plaintiffs served the order on ZMDC or the Commissioner. I have checked the records in the Zambian court, specifically Case Number 2019/HPC/ARB/No. 0337, and I have not found any evidence that service was performed.

## ANALYSIS

### Foreign Sovereign Immunity in Zambia

21. There are few cases regarding foreign sovereign immunity in Zambia, and there is no statute, such as the State Immunity Act in the United Kingdom or the Foreign Sovereign Immunities Act in the United States, that defines the immunity of a foreign state and its

instrumentalities. Rather, there is the Diplomatic Privileges and Immunities Act (the "DPIA"), which largely incorporates the Vienna Convention on Diplomatic Relations (18 April 1961). The DPIA applies to embassies, consulates, organizations created by treaty and designated by the President of Zambia as entitled to the immunities of embassies and consulates, and representatives, officers, and employees of the foregoing.

22. In my review of the facts, I have not seen any indication that the DPIA applies to ZMDC or the Commissioner. Because the Zambian court did not issue any order as to the Republic of Zimbabwe, I cannot take any position as to the DPIA's application as to the Republic of Zimbabwe, except to confirm that the DPIA would generally apply to many functions of the Republic of Zimbabwe as carried out within the territory of the Republic of Zambia.

23. In cases where the DPIA does not apply, Zambian courts look to principles of international law, as expressed by courts in other common law jurisdictions. I have been able to locate only one precedential decision on this point: *Ventriglia v. Eastern & Southern African Trade Develop. Bank*, S.C.Z. Judgment No. 13 of 2010. In *Ventriglia*, the Supreme Court of Zambia found persuasive the decision of Lord Denning in *Trendtex Trading v. Central Bank of Nigeria*, rendered by the U.K. House of Lords in 1977, and *I Congreso del Partido*, rendered by the U.K. House of Lords in 1983. Both cases dealt with matters arising before the State Immunity Act of 1978.

24. *Ventriglia* adopted the restrictive view of foreign sovereign immunity, stated as follows:

> "Whether an act of a sovereign State attracted sovereign immunity depend on whether the act in question was a private act (jure gestionis), or a sovereign or

>  *public act (jure imperii) and the fact that the act was done for governmental or political reasons would not convert what would otherwise be an act of jure gestiouis, or an act of private law into one done jure imperii."*

25. The task is thus to look at the act of the foreign sovereign or its instrumentalities and then arrive at a conclusion based on its inherent nature.

### There Was No Waiver of Sovereign Immunity by the Commissioner

26. As I noted above, Plaintiffs did not make any case of a waiver of sovereign immunity before the Zambian courts, and there is no order finding that either ZMDC or the Commissioner is no longer immune. But in any event, it is my opinion that the Zambian court would not have found a waiver by the Commissioner, even if Plaintiffs had made a case on this point. The Commissioner was not a party to the MOUs, and there is no finding in the Award that the Commissioner cancelled the MOUs. In other words, the Commissioner did not engage in any private act as it related to Plaintiffs, and without such an act, he did not waive his immunity from suit.

### There Is No Evidence of Proper Service

27. Upon being retained herein, I caused to be conducted a search of proceedings in the High Court for Zambia Commercial Registry holden at Lusaka, under Cause Number 2019/HPC/ARB/No. 0337. The searched reviewed that the Plaintiffs did not seek leave of the court to serve court documents out of jurisdiction.

28. According to Rule 36 of the Arbitration (Court Proceedings) Rules, 2001, provides:

> *"(1) Service out of the jurisdiction of any originating summons or an order made on such summons, may be effected with the leave of the Court if the arbitration to*

6

*which the summons or order relate is governed by the law of Zambia or has been, is being, or is to be held in Zambia.*

*(2) <u>Service out of jurisdiction of an originating summons for leave to register and enforce an award may be effected with the leave of the court whether or not the arbitration is governed by the law of Zambia.</u>*

*(3) An application for the grant of leave under this Rule shall be supported by an affidavit stating the grounds on which the application is made, and stating in what place or country the person to be served is, or probably maybe found; and <u>leave shall not be granted unless the Court considers that the case is a proper one for service out of the jurisdiction under this rule.</u>* (emphasis mine)

29. The failure to obtain leave of the court before service of court documents out of jurisdiction renders any subsequent service a nullity.

30. In addition, I did not find any evidence that Plaintiffs attempted to serve either ZMDC or the Commissioner.



Likando Kalaluka, SC

7