IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Amaplat Mauritius Ltd., c/o CKLB International Management Ltd., P.O. Box 80, Felix House, 24 Dr. Joseph Riviere Street, Port Louis 11602, Mauritius; and<br><br>Amari Nickel Holdings Zimbabwe Ltd., c/o CKLB International Management Ltd., P.O. Box 80, Felix House, 24 Dr. Joseph Riviere Street, Port Louis 11602, Mauritius,<br><br>           Plaintiffs,<br><br>      v.<br><br>Zimbabwe Mining Development Corporation, 90 Mutare Road, Msasa, Harare, Zimbabwe;<br><br>The Chief Mining Commissioner, Ministry of Mines of Zimbabwe, 6th Floor, ZIMRE Centre, Cnr. Leopold Takawira Street/Kwame Nkrumah Avenue, Private Bag 7709, Causeway, Harare, Zimbabwe;<br><br>and the Republic of Zimbabwe, c/o Head of the Ministry of Foreign Affairs, Ministry of Foreign Affairs, P.O. Box 4240, Munhumutapa Building, Cnr. Samora Machel Avenue/Sam Nujoma Street, Harare, Zimbabwe<br><br>          Defendants. | Civil Action No. 1-22-cv-0058-CRC |

I, Michael M. Mundashi, declare under penalty of perjury under the laws of the United States of America as follows:

1. I am submitting this Declaration to provide certain supplemental opinions related to questions of Zambian law on the service of process in response to arguments that I understand have been made since my last declaration that contest whether the Zambian counsel for Zimbabwe Mining Development Corporation ("ZMDC") had authority to accept service of process.

2. As before, this opinion is based on my experience and professional opinion as an advocate, and is based on Zambian legislation, precedent both from Zambia and English common law countries, and their implications as I would expect the Zambian courts to understand them.

## I.    Actual Authority

3. To start, if ZMDC's Zambian counsel in fact had actual authority to accept service, that would be sufficient under Zambian law (although I understand that ZMDC denies having given its counsel actual authority and that this issue must be resolved as a question of fact).

4. While I will not dwell on this point given the limited factual record at this stage, I note briefly that Zambian law on determining the scope of actual authority is derived from English common law as it applies to Zambia, and thus actual authority would be determined objectively in a manner similar to interpreting contracts.

## II.   Apparent or Ostensible Authority

5. Under Zambian law, generally, a lawyer acting on behalf of the client has ostensible or apparent authority to negotiate a settlement or accept service of documents on behalf of their client.

6. As explained by Dr. Patrick Matibini in *Zambia Civil Procedure Commentary and Cases* at page 281, "[t]ypically, an advocate goes 'on record' by stating in correspondence with another party or advocate, that they are authorised to act on behalf of their client, and if need be, accept service on behalf of their client." Indeed, as Dr. Matibini continues, "[e]ven assuming that their retainer is terminated, an advocate will remain on the record, and will continue to communicate to or be served documents until they advise otherwise."

7. Indeed, once an advocate has so notified an opposing party or advocate, Zambian law *requires* that the party communicate with and serve documents on the advocate, not the represented party. For example, Dr. Matibini notes (again on page 281) that "[i]n such event, the court and other parties must communicate with the advocate(s). It is improper to do otherwise." And Order X Rule 4 of the High Court Rules, Chapter 27 of the Laws of Zambia, provides that:

> *Where a party, after having sued or appeared in person, has given notice in writing to the opposite party or his advocate, through an advocate, that such advocate is authorised to act in the cause or matter on his behalf, all writs, notices, pleadings, summonses, orders, warrants and other documents, proceedings and written communications, which ought to be delivered to or served upon the party on whose behalf the notice is given, shall thereafter be delivered to or served upon such advocate. Such notice shall contain all the particulars required from an advocate by Order VII or XI, as the case may be.*

8. Similarly, Order X Rule 5 of the High Court Rules applies this principle to service of writs. I note that the rule in Zambia is similar to English law, where, if a party has given its solicitor's address as its address for service, it is usually improper to serve the defendant personally. *Nanglegan v Royal Free Hampstead NHS Trust* [2001] EWCA Civ 127 ("[T]he primary obligation is on a party to give an address for service, and that once there has been compliance with that obligation, ordinarily speaking, service will be at the address given.").

9. As such, an advocate notifying an opposing party's advocate that the advocate can accept service is highly significant because the opposing party must rely on that representation in conducting service on the advocate rather than pursuing personal service on the party. Indeed, it would be highly disruptive to litigation if a party had to be concerned as to

whether an advocate who has appeared or stated in correspondence that documents are to served on the advocate actually had express instructions to receive each document.

10. The general principle of apparent or ostensible authority, as explained by the learned author of **Chitty on Contracts: Specific Contracts, 28th Edition, paragraph 32.057** is as follows:

> *Where a person by words or conduct represents to a third party that another has authority to act on his behalf, he may be bound by the acts of the other. The doctrine called the doctrine of apparent or ostensible authority applies to cases where a person allows another who is not his agent at all to appear as his agent.*

11. Zambian courts recognise that lawyers often have apparent or ostensible authority to take actions in litigation. For example, in the context of a client that sought to distance itself from a settlement negotiated by it advocate, the Supreme Court in the case of *Lusaka West Development Company Limited and B.S.K Chiti (Receiver) and Zambia State Insurance Corporation v Turnkey Properties Limited SCZ* Judgment (1990/1992) Z.R 1 addressed the issue of the lawyer's ostensible authority and held as follows:

> *Although, quite clearly, the authority of counsel conducting litigation cannot be regarded as limitless when it comes to negotiating a compromise or a settlement, and although counsel would, in the ordinary course, take instructions from the client, we are satisfied that in this case counsel did have the authority of the managing director of the third appellant who equally had ostensible authority on behalf of the third appellant to give instruction to counsel. In turn, counsel had ostensible authority to enter into the consent agreement in so far as his dealings affected the litigation with the other side.*

12. In the context presented in this case, while I note that the factual record remains incomplete, I understand that (1) there was litigation among the parties relating to the same subject-matter (the arbitration) under numerous cause numbers in which documents were served on the same advocates and (2) that the advocates acknowledged receipt of service of the ex parte judgment recognizing the arbitration award in this matter by stamping and signing the letter accompanying them. A Zambian court would likely understand these circumstances as evidencing an understanding that the Zambian advocates for ZMDC in connection with the present dispute was Messrs. Ranchhod Chungu and that they had at

least ostensible or apparent authority to accept service of process in causes arising out of the same dispute in which they already represented ZMDC.

13. My opinion is based on the Supreme Court's establishment of the rule that the court may infer from the circumstances of the case whether service of documents was effected on a party. In the case of **Chimanga Changa Limited v Stephen Chipango Ngombe Vol. 1 ZR 208 (SC)**, the Supreme Court of Zambia held as follows:

> *There is no doubt that rules of Court do require that parties to a dispute must be served with any Court process including a notice of hearing, so that they can react to the process. The rationale behind this requirement is the common law principle of natural justice....There is no exclusively sacrosanct method to prove service of process. While an affidavit of service would lay the issue of service to rest, <u>service can be provided through endorsement on a letter **or other circumstances**. A Court is at liberty to infer from the circumstances of the case whether a litigant is aware of the hearing date</u>...there is no assertion in this case that there was no service of the Notice of Hearing but rather, that there was no proof of service. We are mindful that the appellant was at liberty to apply to the Court to set aside the judgment and seek leave to present its evidence but it never did so. A litigant using a compound address appeared in obedience to the Notice of Hearing while the appellant, with a town address did not. It is therefore difficult, to accept that the appellant did not receive the notice. In the circumstances of this case, we cannot fault the trial Court for having proceeded. Insisting on proof of service rather than the fact as to whether service was effected lends credence to an assumption that service was effected. The appellant's arguments on the first ground of appeal have not persuaded us to find that the Notice of Hearing was not served or indeed, that Counsel for the appellant was at the time, not aware of the date of hearing.*

14. Ultimately, this reflects the pragmatic approach taken by the Zambian courts. I believe that they would be unimpressed by a party that belatedly claims that it did not authorise its advocate to accept service but does not apply to set aside the judgment in Zambia and does not present any evidence from its advocate himself of his purported mistake, especially when the advocate endorsed the letter accompanying service with a stamp and signature.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    1 November, 2022

# EXHIBIT 1

# 5

## Advocates

### 5.1 Introduction

A litigant can either act in person or be represented by an advocate. Typically, an advocate goes 'on record' by stating in correspondence with another party or advocate, that they are authorised to act on behalf of their client, and if need be, accept service on behalf of their client. Even assuming that their retainer is terminated, an advocate will remain on the record, and will continue to communicate to or be served documents until they advise otherwise. An advocate will also be expected to attend court hearings until such time as a notice is taken out of the registry and served on a party or advocate.

If an advocate ceases to be instructed and a former client instructs a new advocate(s), a notice to that effect should be prepared. Consequently, an advocate comes off record. It is wrong in principle for advocates to remain on record when they have ceased to act for a client;[1] they should in fact prepare and serve a notice of change of advocates.

### 5.2 Acting for a party

An advocate is deemed to act for a party when the address is also said to be 'on the record'. In such event, the court and other parties must communicate with the advocate(s). It is improper to do otherwise. Similarly, a party who knows that their opponent is represented by an advocate must deal with the advocate and not with the party directly.

By being on record, an advocate not only provides an address for their service, but also indicates that the client will be making a claim for costs in the proceedings.

No advocate shall take instructions in a case except from the party on whose behalf they are retained, someone who is the recognised agent of the party, or some servant, relation or friend authorised by the party to give such

---

1   See *Gloag and Son Limited v Welsh Distillers Limited* [1999] LTL June, 11 1999.

# EXHIBIT 2

The Laws of Zambia

REPUBLIC OF ZAMBIA

**THE HIGH COURT ACT**

**CHAPTER 27 OF THE LAWS OF ZAMBIA**

**CHAPTER 27 THE HIGH COURT ACT**

THE HIGH COURT ACT

ARRANGEMENT OF SECTIONS

PART I PRELIMINARYPART I
PRELIMINARY

*Section*
1.    Short title
2.    Interpretation

PART II CONSTITUTION OF THE COURTPART II
CONSTITUTION OF THE COURT

3.    Establishment of Court
4.    Powers and jurisdiction of Judges
5.    Trial with assessors

PART III OFFICERS OF THE COURTPART III
OFFICERS OF THE COURT

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

6.   Registrars

7.   Powers, etc., of Registrar and other officers of the Court

8.   Directions by the Chief Justice as to duties and functions

## PART IV JURISDICTION AND LAWPART IV

### JURISDICTION AND LAW

9.    Jurisdiction

10.   Practice and procedure

11.   Probate and divorce jurisdiction

12.   Rules as to application of English statutes

13.   Law and equity to be concurrently administered

14.   Execution of instruments by order of the Court

15.   Form of writs, etc.

16.   Restriction of vexatious actions

17.   Appeals in civil matters

17A.  Completion of proceedings

## PART V SITTINGS AND DISTRIBUTION OF BUSINESSPART V

### SITTINGS AND DISTRIBUTION OF BUSINESS

*Section*

18.   Place of sitting

19.   Sessions

20.   Special provisions as to Lusaka, and all Courts with Resident Judges and District Registrars

21.   Adjournment of Court, etc., in absence of Judge

## PART VI POWERS OF TRANSFERPART VI

### POWERS OF TRANSFER

22.   Transfer in criminal cases

23.   Transfer between Judges, etc.

24.   Transfer to local courts

25.   Manner of transfer

26.   Effect of order of transfer

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

## PART VII EVIDENCEPART VII
### EVIDENCE

27.    Summoning and compelling attendance of witnesses

28.    Refusal to be sworn or to give evidence

29.    Evidence of bystander

30.    Evidence of prisoners

31.    Allowances to witnesses

32.    Commissioners of the Court

33.    Inspection

34.    Evidence of African customary law and assessors thereof

35.    Record of evidence, etc.

36.    Oaths, etc.

37.    Recording of proceedings

38.    Perjury

## PART VIII DISTRICT REGISTRIESPART VIII
### DISTRICT REGISTRIES

*Section*

39.    Establishment of district registries and appointment of District Registrars

40.    Seals of district registries

41.    Powers of District Registrars

42.    Removal of proceedings

## PART IX MISCELLANEOUSPART IX
### MISCELLANEOUS

43.    Fees

44.    Rules of court

45.    High Court Rules Committee

46.    Repeal and savings

47.    Validation of certain rules of court

**CHAPTER 27**

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

HIGH COURT

**An Act to amend the law with respect to the jurisdiction and business of the High Court, and with respect to the officers and offices of the High Court, and otherwise with respect to the administration of justice and the validation of certain acts.**

[7*th November*, 1960]

41 *of* 1960
43 *of* 1961
70 *of* 1963
25 *of* 1964
20 *of* 1966
30 *of* 1967
24 *of* 1968
38 *of* 1969
3 *of* 1972
13 *of* 1994
*Government Notices*
303 *of* 1964
497 *of* 1964
*Statutory Instrument*
63 *of* 1964

PART I PRELIMINARYPART I

PRELIMINARY

**1.**  This Act may be cited as the High Court Act.

Short title

**2.**  (1)  In this Act, unless the context otherwise requires-

Interpretation

"action" means a civil proceeding commenced by writ or in such other manner as may be prescribed by rules of court, but does not include a criminal proceeding by the People;

"cause" includes any action, suit or other original proceeding between a plaintiff and a defendant and any criminal proceeding;

"Clerk of Sessions" means an officer of the Court appointed as a Clerk of Sessions under the provisions of subsection (3) of section *nineteen*;

"committed for trial" includes every case of a person ordered to be tried on information before the Court, whether imprisoned or admitted to bail;

"Court" means the High Court;

"defendant" includes every person, other than a plaintiff, served with any writ of summons or process, or served with notice of, or entitled to attend, any proceedings in a civil cause, and also every person charged under any process of the Court with any crime or offence;

"district registry" means a district registry established under the provisions of section *thirty-nine*;

"Judge" includes the Chief Justice and any Puisne Judge of the Court;

"judgment" includes a decree;

"matter" includes every proceeding in the Court not in a cause;

"plaintiff" includes every person asking any relief (otherwise than by way of counter-claim as a defendant) against any other person by any form of proceeding, whether writ, petition or otherwise;

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

"practitioner" has the meaning assigned to it in section *two* of the Legal Practitioners Act;

Cap. 30

"principal registry" means the office of the Registrar at Lusaka;

Cap. 30

"qualified person" has the meaning assigned to it in section *eleven* of the Legal Practitioners Act;

"Session" means a sitting of the Court at a time and place appointed under the provisions of section *nineteen* for the purpose of transacting any of the business set forth in the said section;

"Sessions Town" means Lusaka, Ndola, and any place appointed under the provisions of paragraph (*b*) of subsection (1) of section *nineteen*;

"suit" includes action.

(2)  Any reference in this Act to any officer of the Court by title shall, unless the context otherwise requires, mean the person appointed to the office concerned under the provisions of this Act, and shall include any person lawfully performing the functions of such office and, to the extent that any person is empowered to exercise part only of such functions, such person.

(*As amended by S.I. No.* 63 *of* 1964)

## PART II CONSTITUTION OF THE COURTPART II

### CONSTITUTION OF THE COURT

**3.** (1)  The High Court, as constituted by the Constitution, shall be the High Court of Judicature for Zambia.

Establishment of Court
Cap. 1

(2)  The Court shall be deemed to be duly constituted during, and notwithstanding, any vacancy in the office of the Chief Justice or of any Puisne Judge.

(*As amended by S.I. No.* 63 *of* 1964)

**4.**   Subject to any express statutory provision to the contrary, all the Judges shall have and may exercise, in all respects, equal power, authority and jurisdiction, and, subject as aforesaid, any Judge may exercise all or any part of the jurisdiction by this Act or otherwise vested in the Court, and, for such purpose, shall be and form a Court.

Powers and jurisdiction of Judges

**5.**   The trial of any civil cause or matter may, if the presiding Judge so decides, be held with the aid of assessors, the number of whom shall be two or more as to such Judge seems fit.

Trial with assessors

(2)  Where a trial is held with the aid of assessors under this section, all the provisions of the Criminal Procedure Code relating to assessors shall, so far as the same are applicable and subject to any rules of court, apply to such trial.

Cap. 88

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

PART III OFFICERS OF THE COURTPART III

OFFICERS OF THE COURT

**6.** (1)  There shall be a Registrar of the High Court and one or more Deputy Registrars, who shall be appointed by the Judicial Service Commission.

*Registrars*

(2)  The Public Service Commission may appoint Assistant Registrars, Deputy Assistant Registrars and other officers of the Court.

(3)  No person shall be appointed to be or to act as Registrar or Deputy Registrar unless he is a qualified person.

(*As amended by G.N. No.* 303 *of* 1964)

**7.** (1)  The Registrar and Deputy Registrars shall, subject to any rules of court, have the same jurisdiction, powers and duties as a Master of the Supreme Court of Judicature, and a Registrar of the High Court, in England, and, in addition, shall have such further jurisdiction, powers and duties as the Chief Justice may by rule prescribe.

*Powers, etc., of Registrar and other officers of the Court*

(2)  Officers of the Court other than the Registrar, Deputy Registrars and District Registrars shall have such jurisdiction and powers as the Chief Justice may by rule prescribe.

(3)  Rules made under the provisions of this section may make provision for and concerning appeals from decisions of the Registrar, Deputy Registrars and other officers of the Court.

(4)  Subject to the general or special directions of the Chief Justice or to the directions of the Court in any particular cause or matter, the manner in which the Deputy Registrars and other officers of the Court carry out the duties imposed upon them by this or any other written law or otherwise shall be under the control and superintendence of the Registrar.

**8.**  The Chief Justice may give such directions as he thinks fit as to the duties to be carried out by, and for the apportionment of functions among, the officers of the Court, and, without prejudice to the generality of the power hereby conferred, such directions may specify, either by name or office, the officers of the Court who shall be responsible for the issue of summonses, warrants and writs of execution, for the registration of orders and judgments, for the taxing of bills of costs, for the keeping of the records of the proceedings of the Court, and for the custody of and other matters relating to fines, fees and other moneys paid into or out of the Court.

*Directions by the Chief Justice as to duties and functions*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

## PART IV JURISDICTION AND LAWPART IV

### JURISDICTION AND LAW

**9.** (1)  The Court shall be a Superior Court of Record, and, in addition to any other jurisdiction conferred by the Constitution and by this or any other written law, shall, within the limits and subject as in this Act mentioned, possess and exercise all the jurisdiction, powers and authorities vested in the High Court of Justice in England.

Jurisdiction.
Cap. 1

(2)   The jurisdiction vested in the Court shall include the judicial hearing and determination of matters in difference, the administration or control of property or persons, and the power to appoint or control guardians of infants and their estates, and also keepers of the persons and estates of idiots, lunatics and such as, being of unsound mind, are unable to govern themselves and their estates.

(*As amended by S.I. No.* 63 *of* 1964)

**10.**    The jurisdiction vested in the Court shall, as regards practice and procedure, be exercised in the manner provided by this Act and the Criminal Procedure Code, or by any other written law, or by such rules, order or directions of the Court as may be made under this Act, or the said Code, or such written law, and in default thereof in substantial conformity with the law and practice for the time being observed in England in the High Court of Justice.

Practice and procedure
Cap. 88

(*As amended by No* 25 *of* 1964)

**11.** (1)  The jurisdiction of the Court in divorce and matrimonial causes and matters shall, subject to this Act and any rules of court, be exercised in substantial conformity with the law and practice for the time being in force in England.

Probate and divorce jurisdiction

(2)  The law and practice for the time being in force for the Probate, Divorce and Admiralty Divisions of the High Court of Justice in England with respect to the Queen's Proctor shall, subject to rules of court and to any rules made under the provisions of the Colonial and Other Territories (Divorce Jurisdiction) Acts, 1926 to 1950, of the United Kingdom, apply to the Attorney-General.

(3)  The jurisdiction of the Court in probate causes and matters shall, subject to this Act and any rules of court, be exercised in substantial conformity with the law and practice in force in England on the 17th August, 1911 (being the commencement of the Northern Rhodesia Order in Council, 1911).

(4)   No probate of a will or letters of administration granted prior to the commencement of this Act to any person shall be invalid by reason only that the right to the grant was determined in accordance with any law in force in England after the 17th August, 1911.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(5)   No suit or other legal proceedings shall be instituted against any person by reason only that the deceased person's estate was administered in accordance with the law in force in England after the 17th August, 1911.

(*As amended by No.* 70 *of* 1963)

**12.** (1)  All statutes of the Parliament of the United Kingdom applied to Zambia shall be in force so far only as the limits of the local jurisdiction and local circumstances permit.

Rules as to application of English statutes

(2)   For the purpose of facilitating the application of the statutes referred to in subsection (1), it shall be lawful for the Court to construe the same with such verbal alterations, not affecting the substance, as may be necessary to make the same applicable to the proceedings before the Court.

(3)  Every Judge or officer of the Court having or exercising functions of the like kind or analogous to the functions of any Judge or officer referred to in any statute mentioned in subsection (1), shall be deemed to be within the meaning of the provisions thereof relating to such last-mentioned Judge or officer, and whenever the Great Seal or any other seal of a court is mentioned in any such statute it shall be read as if the seal of the Court or of a district registry, as the case may be, were substituted therefor.

**13.**   In every civil cause or matter which shall come in dependence in the Court, law and equity shall be administered concurrently, and the Court, in the exercise of the jurisdiction vested in it, shall have the power to grant, and shall grant, either absolutely or on such reasonable terms and conditions as shall seem just, all such remedies or reliefs whatsoever, interlocutory or final, to which any of the parties thereto may appear to be entitled in respect of any and every legal or equitable claim or defence properly brought forward by them respectively or which shall appear in such cause or matter, so that, as far as possible, all matters in controversy between the said parties may be completely and finally determined, and all multiplicity of legal proceedings concerning any of such matters avoided; and in all matters in which there is any conflict or variance between the rules of equity and the rules of the common law with reference to the same matter, the rules of equity shall prevail.

Law and equity to be concurrently administered

**14.**   Where any person neglects or refuses to comply with a judgment or order directing him to execute any conveyance, contract or other document, or to endorse any negotiable instrument, the Court may, on such terms and conditions, if any, as may be just, order that the conveyance, contract or other document shall be executed or that the negotiable instrument shall be endorsed by such person as the Court may nominate for that purpose, and a conveyance, contract, document or instrument so executed or endorsed shall operate and be for all purposes available as if it had been executed or endorsed by the person originally directed to execute or endorse it.

Execution of instruments by order of the Court

**15.**   All writs, precepts and mandatory process to be used, issued or awarded by the Court shall run and be in the name of the President, and shall be sealed with the seal of the Court.

Form of writs, etc.

(*As amended by S.I. No.* 63 *of* 1964)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**16.** (1) If, on application made by the Attorney-General under this section, the Court is satisfied that any person has habitually and persistently and without any reasonable ground instituted vexatious legal proceedings, whether in the Court or in any subordinate court, and whether against the same person or against different persons, the Court may, after hearing such person or giving him an opportunity of being heard, order that no legal proceedings shall, without leave of the Court or a Judge, be instituted by him in any court, and that any legal proceedings instituted by him in any court before the making of such order shall not be continued by him without such leave, and such leave shall not be given unless the Court or a Judge is satisfied that the proceedings are not an abuse of the process of the Court and that there is *prima facie* ground for such proceedings.

(2) A copy of any order made under the provisions of this section shall be published in the *Gazette*.

(*As amended by No.* 30 *of* 1967)

**17.** (1) Civil appeals from subordinate courts shall be heard by one Judge except where in any particular case the Chief Justice shall direct that the appeal shall be heard by two Judges.

(2) Where an appeal is heard by a bench of two Judges under the provisions of this section and they are divided in opinion, the appeal shall be dismissed.

**17A.** (1) Where the presiding Judge is, on account of illness, death, relinquishment or cesser of jurisdiction or any other similar cause, unable to deliver a judgment already prepared by him, then the Chief Justice may direct that another Judge of the High Court shall deliver in open court the judgment prepared by the presiding Judge and shall, thereafter, complete the proceedings of the case as if he had himself heard and determined the case:

Provided that the judgment shall be dated and signed by the Judge at the time of delivering it.

(2) In any case where a Judge has been appointed (whether before or after the *(1)commencement of Act No. 3 of 1972) to be or to act as the Supreme Court Judge, he shall complete any proceedings already commenced before him, and for this purpose he shall be deemed to retain the position and powers which he held immediately before his being so appointed.

* 30th March, 1972.

(*No.* 3 *of* 1972)

Restriction of vexatious actions

Appeals in civil matters

Completion of proceedings

PART V SITTINGS AND DISTRIBUTION OF BUSINESSPART V

SITTINGS AND DISTRIBUTION OF BUSINESS

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**18.**    The sittings of the Court shall usually be held in such buildings within Zambia as the Chief Justice may assign as Court Houses for that purpose, but in case the Court shall sit in any other building or place within the limits of jurisdiction for the transaction of legal business, the proceedings shall be as valid, in every respect, as if the same had been held in any such Court House.

*Place of sitting*

(*As amended by G.N. No.* 303 *ol* 1964)

**19.** (1)  The Chief Justice may by statutory order under his hand appoint-

*Sessions*

(*a*)    the times at which Sessions shall normally be held in Lusaka, Ndola, Kitwe, Livingstone Mansa, Solwezi, Kabwe, Mongu, Kasama and Chipata for the trial of persons committed for trial before the Court by subordinate courts within such Provinces or Districts as may be so appointed; and

(*b*)    the places, other than Lusaka, Ndola, Kitwe, Livingstone, Kabwe, Mongu, Kasama, Chipata, Mansa and Solwezi and the times at which Sessions shall normally be held for the trial of persons committed for trial before the Court by subordinate courts within such Provinces or Districts as may be so appointed, and for the trial of civil cases and the disposal of all other legal business pending within such Provinces or Districts.

(2)  A Judge may, whenever the business of the Court shall so require, by order under his hand appoint-

(*a*)    the time at which a special Session shall be held at any Sessions Town for the purpose of dealing with any of the matters mentioned in subsection (1); or

(*b*)    the place, other than a Sessions Town, and the time at which a special Session shall be held for such purposes as such Judge shall specify.

(3)  The Chief Justice may appoint an officer of the Court to be the Clerk of Sessions in respect of any particular Session, or in respect of any group or series of Sessions or in respect of any Sessions held by a particular Judge.

**20.** (1)  Subject to any rules of court relating to sittings and vacations, the Court shall be open throughout the year in Lusaka, all Courts with Resident Judges and in district registries, except on Sundays and public holidays, for the transaction of general legal business pending therein other than trial on information of criminal cases, and the Court may at any time hear and determine any causes or matters pending in the Court, other than such criminal cases, upon notice to the parties and otherwise as shall be determined by rules of court or as shall seem just and reasonable.

*Special provisions as to Lusaka, and all Courts with Resident Judges and District Registrars*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(2)   Whenever it appears to the Chief Justice that it is expedient that any criminal matter arising out of proceedings in any subordinate court in any Province or District other than those appointed under the provisions of paragraph (*a*) of subsection (1) of section *nineteen* should be heard and determined at Lusaka or any other Court with a Resident Judge the Chief Justice may direct that such matter shall be so heard and determined:

Provided that, in the case of a criminal appeal, whether by way of case stated or otherwise, the appellant shall, except where the Chief Justice has directed that such appeal shall be heard by two Judges, be entitled, by written notice to the Court, to require that such appeal shall be heard and determined at the next Session to be held in respect of the Province or District concerned.

**21.**   In case the Judge before whom any cause or matter is to be heard or by whom any Session is to be held for any reason is unable or fails to attend on the day appointed, and no other Judge attends in his stead, the Court or Session shall stand adjourned from day to day until a Judge shall attend or until the Court or Session shall be adjourned or closed by order under the hand of a Judge or an officer of the Court or of a magistrate.

*Adjournment of Court, etc., in absence of Judge*

## PART VI POWERS OF TRANSFERPART VI

### POWERS OF TRANSFER

**22.**   The provisions of this Part as to the transfer of causes and matters shall apply to criminal causes only so far as the same are not inconsistent with the provisions of the Criminal Procedure Code relating to the transfer of such causes.

*Transfer in criminal cases*
*Cap. 88*

**23.** (1)  Any cause or matter may, at any time or at any stage thereof, and either with or without the application of any of the parties thereto, be transferred from one Judge to another Judge by an order of the Judge before whom the cause or matter has come or been set down:

*Transfer between Judges, etc.*

Provided that no such transfer shall be made without the consent of the Judge to whom it is proposed to transfer such cause or matter.

(2)  Any cause or matter may, at any time or at any stage thereof, and either with or without the application of any of the parties thereto, be transferred by the Court or a Judge from any subordinate court to any other subordinate court or to the Court, or from the Court to any subordinate court, or from any Session or sitting of the Court to any other Session or sitting.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(3)  A transfer to a subordinate court under the provisions of subsection (2) shall take effect notwithstanding the provisions of section *four* of the Subordinate Courts Act, and for the purpose of any such transfer the subordinate court concerned shall be deemed to have jurisdiction throughout Zambia, but no such transfer shall be deemed to enlarge the limits set upon the civil jurisdiction of subordinate courts by the provisions of Part III of the said Act or to confer any jurisdiction in excess thereof.

*Cap. 28*

(4)  Where any transfer has been made under the provisions of subsection (2), any person affected by such transfer may make application to the Court or to the Judge, as the case may be, making such transfer for an order setting aside such transfer or for an order transferring the cause or matter to the subordinate court of some District other than that to which it was first transferred, or to the Court, and the Court or the Judge shall, on such application, make such order as, in the circumstances, may be just and reasonable.

(*As amended by No.* 25 *of* 1964)

**24.**  (1)  Any cause or matter may, at any time or at any stage thereof, and either with or without the application of any of the parties thereto, be transferred by the Court or a Judge from the Court to any local court recognised under the provisions of the Local Courts Act having jurisdiction over such cause or matter.

Transfer to local courts
*Cap. 29*

(2)  Before making any order under the provisions of subsection (1), the Court or the Judge shall satisfy himself that the making of such order will not be contrary to the interests of justice or cause undue inconvenience to the parties, and shall record his reasons for ordering such transfer, and the fact of such transfer shall be recorded in the appropriate Court register.

(*As amended by No.* 25 *of* 1964)

**25.**     The powers of transfer conferred by this Part shall be exercised by means of an order under the hand of a Judge or the Registrar and the seal of the Court, and any such order may apply to any particular cause or matter in dependence or generally to all such causes or matters as may be described in such order, and, in the latter case, may extend to future causes or matters as well as to such as may, at the time of the making of such order, be in dependence:

Manner of transfer

Provided that such power of transfer in any particular cause or matter may, in any case of urgency, be exercised by means of a telegraphic communication from the Judge or the Registrar concerned followed by a subsequent order as required by this section, and any such telegraphic communication shall have effect as if it were an order under the hand of a Judge or the Registrar and the seal of the Court.

(*As amended by No.* 25 *of* 1964)

**26.**     Every order of transfer made under this Part shall operate as a stay of proceedings before the court or Judge from which or from whom the proceedings are to be transferred in any cause or matter to which such order is applicable, and the process and proceedings in every such cause or matter, and an attested copy of all entries in the books of the court from which transfer is made shall, where necessary, be transmitted to the court or Judge to which or to whom the same shall be transferred, and such cause or matter shall be continued, heard and determined by such court or Judge.

Effect of order of transfer

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

## PART VII EVIDENCEPART VII

### EVIDENCE

27. (1) In any suit or matter, and at any stage thereof, the Court, either of its own motion or on the application of any party, may summon any person within the jurisdiction to give evidence, or to produce any document in his possession or power, and may examine such person as a witness and require him to produce any document in his possession or power, subject to just exceptions.

*Summoning and compelling attendance of witnesses*

(2) If any person summoned as in subsection (1) provided, having reasonable notice of the time and place at which he is required to attend and after tender of his reasonable travelling expenses to and from the Court, fails to attend accordingly and does not excuse his failure to the satisfaction of the Court, he shall, independently of any other liability, be guilty of a contempt of court, and may be punished therefor, and may be proceeded against by warrant to compel his attendance.

(3) Nothing in this section contained shall be construed so as to make it lawful in any criminal proceeding for any person to refuse or fail to attend as a witness or to give evidence on the ground that his expenses have not first been paid or provided for.

28. If, in any suit or matter, any person, whether appearing in obedience to a summons or brought up under warrant, being required to give evidence, refuses to take an oath or make an affirmation in lieu thereof, or to answer any question lawfully put to him, or to produce any document in his possession or power, and does not excuse his refusal to the satisfaction of the Court, he shall independently of any other liability, be guilty of a contempt of court, and the Court may, by warrant, commit him to prison, there to remain until he consents to take the oath or make an affirmation, or to answer duly, or to produce any such document, as the case may be.

*Refusal to be sworn or to give evidence*

29. Any person present in court, whether a party or not in a cause or matter, may be compelled by the Court to give evidence or to produce any document in his possession or power, in the same manner and subject to the same rules as if he had been duly summoned to attend and give evidence or to produce such document, and may be dealt with under the provisions of section *twenty-eight* for any refusal to obey the order of the Court.

*Evidence of bystander*

30. A Judge may issue a warrant under his hand to bring up any person confined as a prisoner under any sentence or otherwise, to be examined as a witness in any cause or matter depending in the Court, and the gaoler or person in whose charge such prisoner may be shall obey such warrant by bringing up such prisoner in custody and delivering him to an officer of the Court:

*Evidence of prisoners*

Provided that this section shall not apply in any case to which section *sixty-four* of the Prisons Act applies.

*Cap. 97*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**31.** (1)  It shall be lawful for the Court, in civil as well as criminal proceedings, to order and to allow to all persons required to attend or be examined as witnesses such sum of money as the Chief Justice may, by rule made with the concurrence of the Minister responsible for finance, prescribe, as well for defraying the reasonable expenses of such persons as for allowing them a reasonable compensation for their trouble and loss of time.

<div align="right">Allowances to witnesses</div>

(2)  All sums of money allowed under the provisions of this section shall be payable, in civil proceedings, by the party on whose behalf the witness is called, and shall be recoverable as ordinary costs of suit unless the Court shall otherwise order, and in criminal proceedings they shall, where not ordered to be paid by the person convicted or the prosecutor, be paid out of the general revenues of the Republic.

**32.** (1)  A Judge may, in respect of any proceedings in the Court, appoint any person or persons to be a Commissioner or Commissioners for taking affidavits and declarations and receiving production of documents, or for taking and receiving the evidence of witnesses on interrogatories or otherwise.

<div align="right">Commissioners of the Court</div>

(2)  Any order of the Court or of a Judge for the attendance and examination of witnesses or the production of documents before any Commissioner appointed under the provisions of this section and within the jurisdiction of the Court shall be enforced in the same manner as an order to attend and be examined or produce documents before the Court.

**33.**  In any cause or matter, the Court may make such order for inspection by the Court, the parties or witnesses of any real or personal property the inspection of which may be material to the determination of the matter in dispute, and may give such directions with regard to such inspection as to the Court may seem fit.

<div align="right">Inspection</div>

**34.** (1)  The Court may, in any cause or matter in which questions of African customary law may be material to the issue-

<div align="right">Evidence of African customary law and assessors thereof</div>

    (*a*)    call as witnesses thereto chiefs or other persons whom the Court considers to have special knowledge of African customary law;

    (*b*)    call any such chiefs or persons to its assistance as assessors of African customary law;

    (*c*)    consult, if it shall think fit and, to such extent as to it seems proper, give effect to any book or publication which the Court shall consider to be an authority on African customary law.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(2)  It shall be the duty of assessors called under the provisions of subsection (1) to advise the Court on all matters of African customary law which may arise in the cause or matter concerned, and to tender their opinions to the Court on such cause or matter generally, but in reaching its decision the Court shall not be bound to conform to such opinions.

(3)  Assessors called under the provisions of subsection (1) shall be paid such fees and allowances as the Chief Justice may, by rule made with the concurrence of the Minister responsible for finance, determine, and such fees and allowances shall be paid out of the general revenues of the Republic unless the Court, in any particular civil cause or matter, orders that they shall be costs in the proceedings concerned.

**35.**  (1)  Save as hereinafter in this section provided, no person shall be entitled as of right at any time or for any purpose to inspection or a copy of a record of evidence given in any case before the Court, or to a copy of the notes of the Court, save as may be expressly provided by rules of court.

*Record of evidence, etc.*

(2)  Any party to any cause or matter before the Court shall, on payment of such fee as may be prescribed by rules of court, be entitled to a copy of the record of evidence given in such cause or matter.

(3)  The Director of Public Prosecutions shall, without payment of fee, be entitled to the record of evidence given in any criminal proceedings before the Court.

(*As amended by S.I. No.* 63 *of* 1964)

**36.**  (1)  Whenever an oath is required to be taken under the provisions of this or any other law, or in order to comply with any such law, the following provisions shall apply:

*Oaths, etc.*

(*a*)  The person taking the oath shall hold, if a Christian, a copy of the Gospels of the Four Evangelists or of the New Testament, or, if a Jew, a copy of the Old Testament, in his uplifted right hand, or, if he be physically incapable of so doing, he may hold such copy otherwise, or, if necessary such copy may be held before him by the officer administering the oath, and shall say or repeat after such officer the words "I swear by Almighty God that . . ." followed by the words of the oath prescribed by law or by the practice of the court, as the case may be:

Provided that if any person desires to take the oath in the form and manner in which an oath is usually administered in Scotland, he shall be permitted to do so.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(*b*)   If the person taking the oath is neither a Christian nor a Jew, he may take the oath in any manner which he declares to be, or accepts as, binding on his conscience or which is lawful according to any law, and in particular he may do so by raising his right hand and saying or repeating after the officer administering the oath the words "I swear by Almighty God that . . ." followed by the words of the oath prescribed by law or by the practice of the court, as the case may be:

Provided that if the person taking the oath is physically incapable of raising his right hand, he may say or repeat the words of the oath without raising his right hand.

(*c*)   If any person shall express any objection to taking an oath or desires to make an affirmation in lieu thereof, he may make such affirmation without being further questioned as to the grounds of such objection or desire, or otherwise, and in such case there shall be substituted for the words "I swear by Almighty God" aforesaid the words "I do solemnly and sincerely affirm" and such consequential variations of form as may be necessary shall thereupon be made.

(2)   Notwithstanding any other provision contained in this section, any person may be required to make an affirmation in the form specified in paragraph (*c*) of subsection (1) if it is not reasonably practicable to administer an oath to him in the manner appropriate to his religious belief, and for the purposes of this subsection "reasonably practicable" means reasonably practicable without inconvenience or delay.

(3)   Where any oath has been duly administered and taken, the fact that the person to whom such oath was administered had, at the time of taking such oath, no religious belief, or had a religious belief other than that to which the oath taken normally applies, shall not for any purpose affect the validity of such oath.

(4)   For the purposes of this section, "officer" means any person duly authorised by law to administer oaths, and shall include any Assistant Registrar, Deputy Assistant Registrar and official interpreter administering an oath in the presence of a Judge or the Registrar or other person authorised by any law to administer oaths.

(*As amended by No.* 43 *of* 1961)

**37.**    The proceedings in any cause or matter before the Court shall be taken down and recorded in such manner as may be prescribed by rules of court.

Recording o proceedings

(*As amended by No.* 43 *of* 1961)

**38.** (1)   The Court, if it appears to it that a person has been guilty of perjury in any proceeding before it, may, after calling upon such person to show cause why he should not be punished as for a contempt of court, commit him to prison for any term not exceeding six months, with or without hard labour, or fine him any sum not exceeding one hundred penalty units, or impose both such penalties upon him, in each such case as for a contempt of court.

Perjury

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(2)  Any penalty imposed under this section shall be a bar to any other criminal proceedings in respect of the same offence.

(*As amended by Act No.* 13 *of* 1994)


## PART VIII DISTRICT REGISTRIESPART VIII

### DISTRICT REGISTRIES

**39.** (1)  The Chief Justice may, by statutory notice, establish in such places as are specified in such notice, district registries for the Provinces or Districts set out in such notice, from which such writs of summons for the commencement of actions in the Court may be issued, and wherein such other proceedings may be taken, as may be prescribed by rules of court.

Establishment of district registries and appointment of District Registrars

(2)  The Chief Justice may, at any time by statutory notice, vary or revoke any notice issued under the provisions of subsection (1).

(3)  The Chief Justice may appoint any qualified person to be the District Registrar of any district registry.

(4)  Every District Registrar shall be an officer of the Court.

**40.** (1)  In every district registry there shall be used such seal as the Chief Justice may direct.

Seals of district registries

(2)  The seal of the district registry shall be impressed upon every document required by this Act or by rules made thereunder or by any other written law to be so sealed, and all such documents and all exemplifications and copies thereof, purporting to be sealed with the seal of a district registry, shall be received in evidence within Zambia without further proof.

(3)  For the purposes of this section, "seal" means any device capable of making an imprint, whether embossed or otherwise, on paper.

(*As amended by No.* 25 *of* 1964)

**41.**  District Registrars shall have power to administer oaths and shall perform such of the functions of the Registrar with respect to any proceedings in the Court as the Chief Justice may by rule prescribe or as may be directed by any special order of the Court.

Powers of District Registrars

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**42.** (1)  Any party to any proceedings commenced in a district registry may, at any time, apply to the Court or a Judge to remove such proceedings from such district registry to the principal registry or to another district registry, and the Court or Judge may thereupon, if the Court or Judge thinks fit, order that the proceedings be transferred accordingly, and the proceedings and such original documents, if any, as have been filed therein shall, upon receipt of such order, be transmitted by the District Registrar concerned to the principal registry or to such other district registry, and the proceedings shall thenceforth continue in the same manner as if they had been originally commenced in the principal registry or such other district registry, as the case may be. *(Removal of proceedings)*

(2)  The Court or a Judge may order the removal of any proceedings from the principal registry to a district registry, and, in such case, the provisions of subsection (1) shall, *mutatis mutandis*, apply.

PART IX MISCELLANEOUSPART IX

MISCELLANEOUS

**43.**     The Chief Justice may, by statutory instrument, make rules regulating all matters connected with the deposits and fees to be payable in respect of any step taken or thing done in any cause or matter before the Court, including the amount (whether fixed or according to a scale or according to a percentage) of such fees, and the method (whether in money, by revenue stamp or otherwise) and the time of payment of such fees. *(Fees)*

*(2)***44.** (1)  Rules of court may be made, by statutory instrument, under this Act for the following purposes: *(Rules of court)*

*See section 8 of the Evidence Act (Cap. 43).

(a)  for regulating and prescribing the procedure (including the method of pleading) and the practice to be followed in the Court in all causes and matters whatsoever, including matrimonial causes and matters, in or with respect to which the Court has for the time being jurisdiction (including the procedure and practice to be followed in the principal registry and in district registries), and any matters incidental to or relating to any such procedure or practice, including (but without prejudice to the generality of the foregoing provision) the manner in which and the time within which, any applications which under the provisions of this or any other written law are to be made to the Court are to be made;

(b)  for regulating and prescribing the procedure on appeals, other than criminal appeals, from any court or person to the Court, and the procedure in connection with the transfer of proceedings under this Act;

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(c)    for regulating the sittings of the Court and of Judges whether sitting in Court or in chambers, and for regulating and prescribing the vacations to be observed by the Court and the offices and registries thereof, and for providing for the hearing during the vacations of all such applications and such other matters as may require to be immediately or promptly heard;

(d)    for prescribing what part of the business which may be transacted and of the jurisdiction which may be exercised by a Judge in chambers may be transacted or exercised by the Registrar and other officers of the Court;

(e)    for prescribing the forms to be used in connection with any cause or matter before the Court;

(f)    for regulating the expenses of parties and witnesses, their amount, and the method and time of payment thereof;

(g)    for regulating the means by which particular facts may be proved, and the mode in which evidence thereof may be given, in any proceedings or on any application in connection with or at any stage of any procdings;

(h)    for regulating and prescribing the procedure and practice to be followed in any proceedings in the Court under the provisions of the Lands Acquisition Act;    Cap. 189

(i)    for regulating or prescribing any other matter which is to be regulated or prescribed by rules of court under any of the provisions of this Act.

(2)  Where any written law provides for the making of rules of court and the power to make such rules-

(a)    is expressly conferred upon the High Court; or

(b)    is not expressly conferred upon any specified authority or person;

such rules shall be made in the same manner as rules of court under this Act.

(*As amended by S.I. No.* 63 *of* 1964 *and No.* 24 *of* 1968)

**45.**  (1)  Rules of court made under this Act shall be made by a committee, to be known as the High Court Rules Committee and hereinafter referred to as the Committee, which shall consist of-    High Court Rules Committee
Cap. 31

The Chief Justice.

Two Puisne Judges appointed by the Chief Justice.

Two practitioners nominated by the Council established under the provisions of the Law Association of Zambia Act, and appointed by the Chief Justice.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(2)  A practitioner shall not be nominated, or, if nominated shall not be appointed, to the Committee unless-

    (*a*)    he holds a current practising certificate issued under the provisions of the Legal Practitioners Act; and     Cap. 30

    (*b*)    his name has been on the roll of practitioners, kept under the provisions of the said Act, for a period of not less than three years.

(3)  A practitioner appointed to the Committee shall continue to be a member thereof for a period of one year from the date of his appointment:

Provided that-

    (i)    should no practitioner be nominated in sufficient time to allow his appointment to the Committee to become effective before the expiration of the term of office of his predecessor, the latter shall continue in office until his successor is appointed; and

    (ii)    a practitioner shall cease to be a member of the Committee immediately he ceases to hold a valid practising certificate.

(4)  The Chief Justice shall be the chairman of the Committee, shall convene all meetings thereof, and shall have a casting as well as a deliberative vote.

(5)  The quorum for any meeting of the Committee shall be the chairman and two other members.

(6)  Nothing done by the Committee shall be invalid only by reason of any vacancy in the membership thereof or of the absence of any member from Zambia.

(7)  The Committee may transact its business by way of circulation of papers, and in any such case it shall not be necessary to convene a meeting of the Committee, but no business shall be considered to have been completed under this subsection unless and until all members of the Committee for the time being in Zambia have communicated their views thereon to the secretary of the Committee in writing.

(8)  The Chief Justice may appoint the Registrar or any other officer of the Court to be the secretary of the Committee.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**46.**     The High Court Act, Chapter 3 of the 1960 Edition of the Laws, is hereby repealed:

Repeal and savings

     Provided that such repeal shall not affect any appointment made under the provisions of the said Act and any such appointment shall be deemed to have been made under the provisions of this Act.

**47.**     Where, prior to the enactment of this Act, any Act given power to the High Court to make rules of court, any rules of court made by the Chief Justice in purported exercise of any such power shall be, and shall be deemed always to have been, as valid as if they had been made by the High Court in exercise of such power.

Validation of certain rules of court

**SUBSIDIARY LEGISLATION**

HIGH COURT                                                                    CAP. 27

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

RULES MADE UNDER THE HIGH COURT ACT-CHAPTER 3 OF THE 1960 EDITION OF THE LAWS

(*Section* 15 *of the Interpretation and General Provisions Act*)

THE HIGH COURT RULES

Rules by the High Court Rules Committee

*Government Notices*
193 *of* 1933
44 *of* 1936
50 *of* 1937
142 *of* 1943
218 *of* 1944
165 *of*1950
174 *of* 1950
311 *of* 1952
312 *of* 1952
252 *of* 1954
22 *of* 1958
80 *of*1958
93 *of*1958
98 *of* 1958
113 *of* 1958
171 *of* 1958
235 *of* 1958
275 *of* 1958
106 *of* 1959
275 *of* 1959
136 *of* 1960
309 *of* 1960
311 *of* 1960
76 *of* 1962
179 *of* 1964
206 *of* 1964
207 *of* 1964
497 *of* 1964
Act 57 *of* 1964
*Statutory Instruments*
37 *of* 1964
63 *of* 1964
396 *of* 1967
252 *of* 1968
305 *of* 1968
92 *of* 1980
102 *of* 1980
6 *of* 1984
30 *of* 1984
105 *of* 1986
208 *of* 1986
92 *of* 1988
174 *of* 1990
109 *of* 1994
47 *of* 1995
71 *of* 1997
88 *of* 1997

**1.**   These Rules may be cited as the High Court Rules.

Title

**2.**   In these Rules, unless the context otherwise requires-

Interpretation

"District Registry" means a District Registry directed to be established under section *thirty-nine* of the Act;

"legal practitioner" means a practitioner as defined by the Legal Practitioners Act;

Cap. 30

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

"Principal Registry" means the office of the Registrar at Lusaka;

"Probate Registry" means the branch of the Principal Registry that is set aside for the purpose of the exercise of probate jurisdiction;

"proper officer" means the Registrar or any Deputy Registrar, District Registrar or Assistant Registrar and all Clerks to Judges and any other person especially appointed in that behalf by the Registrar;

"Registrar" means the Registrar of the High Court, and includes a Deputy Registrar and a District Registrar;

"Registry" includes the Principal Registry and a District Registry;

"taxing master" means the Registrar of the High Court, a Deputy Registrar or a District Registrar;

"taxing officer" means a taxing master or an Assistant Registrar empowered by rule made under section *seven* of the Act to tax bills of costs.

(*As amended by Nos.* 106 *and* 275 *of* 1959, *No.* 309 *of* 1960, *No.* 76 *of* 1962 *and Act No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

3.   These Rules are divided into the following Orders:                              Orders

| Order | I. | General Forms of Process, Fees, etc. |
| Order | II. | Computation of Time |
| Order | III. | Miscellaneous Provisions |
| Order | IV. | Employment of Barristers and Advocates |
| Order | V. | Evidence |
| Order | VI. | Writs of Summons and Originating Process |
| Order | VII. | Endorsement of Address |
| Order | VIII. | Concurrent Writs |
| Order | IX. | Renewal of Writ |
| Order | X. | Service of Process |
| Order | XI. | Appearance |
| Order | XII. | Default of Appearance |
| Order | XIII. | Leave to Sign Judgment and Defend where Writ Specially Endorsed |
| Order | XIV. | Parties |
| Order | XV. | Particulars of Claim |
| Order | XVI. | Alteration of Parties |
| Order | XVII. | Discontinuance of Suits |
| Order | XVIII. | Amendment |
| Order | XIX. | Orders of Directions |
| Order | XX. | Default of Pleading |
| Order | XXI. | Admissions |
| Order | XXII. | Settlement of Issues |
| Order | XXIII. | Inquiries and Accounts |
| Order | XXIV. | Appearance of Parties |
| Order | XXV. | Arrest of Defendant under Section 10 of Debtors Act |
| Order | XXVI. | Interim Attachment of Property |
| Order | XXVII. | Injunctions, etc. |
| Order | XXVIII. | Equitable Relief, Counter-claim, Set-off |
| Order | XXIX. | Payment into and out of Court and Tender |
| Order | XXX. | Applications and Proceedings in Chambers and in Court |
| Order | XXXI. | Place and Mode of Trial and Setting Down for Trial |
| Order | XXXII. | Recording of Proceedings |
| Order | XXXIII. | Postponement of Hearing |
| Order | XXXIV. | Order of Business |
| Order | XXXV. | Non-attendance of Parties at Hearing |
| Order | XXXVI. | Judgment |
| Order | XXXVII. | Recording of Judgments |
| Order | XXXVIII. | Affiliation and Maintenance of Children Act |
| Order | XXXIX. | Review |
| Order | XL. | Costs |

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

## ORDER I

O. 1

### GENERAL FORMS OF PROCESS. FEES, ETC.

**1.**  The signature of a Judge or the Registrar, as the case may be, on any writ or process shall not be necessary in addition to sealing, unless signature is particularly prescribed by some law or rule of court.

Sealing of process

(*No.* 106 *of* 1959)

**2.**  The forms in the First Schedule, or forms to the like effect, may be used in all matters, causes and proceedings to which they are applicable, with such variations as circumstances may require.

Forms

**3.**  In proceedings for which forms are not provided in the First Schedule or prescribed by any Act or rules or orders of court, the Registrar may, subject to the approval of the Court, from time to time, frame the forms required, using as guides those which may have been provided.

Provision for additional forms

**4.**  The fees specified in the Second Schedule shall be paid by the party at whose instance they are incurred, and may be afterwards recovered as costs of cause, if the Court or a Judge shall so order.  The Court or a Judge may, on account of the poverty of any party, although such party may not have been formally admitted to sue or defend as a pauper, or for other sufficient reasons, dispense, if it or he sees fit, with the payment of any fees.

Fees

**5.**  The court fees or any other fees payable under these Rules shall be paid by stamps, cash, postal or bank certified cheque.

Mode of payment of fees

(*As amended by S.I. Nos.* 71 *and* 88 *of* 1997).

**6.**  The document on which a fee is to be paid shall be the document indicated in the Third Column of the Second Schedule, Parts 1 to 5. The fees shall be paid before the document is presented at the Registry or District Registry concerned, and unless so paid, the docu-ment shall not be accepted.

Acceptance of document on payment of fees

(*As amended by S.I. No.* 71 *of* 1997)

**7.**  The proper officer of the court whose duty it is to receive any document shall ensure that a proper fee is paid on any document before accepting the same.

Duty of officers

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**8.** (1)  When any document not requiring to be paid for is inadvertently paid for or when the fees paid exceed those laid down in the Second Schedule, Parts 1 to 5 inclusive, or the document is not presented to or is not accepted for filing by the Court, the document may at the instance of the party by whom it was so paid for, be cancelled and substituted.

Refund of fees paid in certain cases

(2)  The proper officer of the Court may refund the fees paid on any document cancelled under the provisions of sub-rule (1) to the party who paid the fees:

O. 1. 2

Provided that-

(i)   the application is made to the proper officer of the Court within thirty days of the date of cancellation of such document; and

(ii)  the application is accompanied by the cancelled document which shall be attached by the proper officer of the Court to the voucher in support of the refund and shall henceforth be the property of the Government.

(*As amended by S.I. No.* 71 *of* 1997)

**9.**   *Revoked by S.I. No.* 71 *of* 1997.

**10.**   *Revoked by S.I. No.* 71 *of* 1997.

**11.**   Except as otherwise provided by these Rules, costs shall be allowed to legal practitioners and taxed in accordance with the scale of costs set forth in the Third Schedule.

Scale of costs

(*No.* 165 *of* 1950)

## ORDER II

### COMPUTATION OF TIME

**1.**   Where, by any section of the Act, or any order or rule of court, or any special order, or the course of the Court, any limited time from or after any date or event is appointed or allowed for the doing of any act or the taking of any proceeding, and such time is not limited by hours, the following rules shall apply:

How to be made

(*a*)   The limited time shall not include the day of the date or of the happening of the event, but shall commence at the beginning of the day next following that day.

Commence-ment of a limited time

(*b*)   The act or proceeding must be done or taken at latest on the last day of the limited time.

When act to be done

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(*c*)    When the limited time is less than six days, the following days shall not be reckoned as part of the time, namely, Saturdays, Sundays and any public holidays.

*Saturdays, Sundays and holidays*

(*d*)    When the time expires on one of those days, the act or proceeding shall be considered as done or taken in due time, if it is done or taken on the next day afterwards, not being one of those days.

*Time expiring on Saturday, Sunday or holdiday*

(*As amended by S.I. No. 37 of 1964*)

**2.**    Parties may, by consent, enlarge or abridge any of the times fixed for taking any step, or filing any document, or giving any notice, in any suit.  Where such consent cannot be obtained, either party may apply to the Court or a Judge for an order to effect the object sought to have been obtained with the consent of the other party, and such order may be made although the application for the order is not made until after the expiration of the time allowed or appointed.

*O. 2, 3 Enlargement or abridgement of time*

**3.**    In any cause or matter in which there has been no proceeding for one year from the last proceeding had, the party who desires to proceed shall give one month's notice to the other party of his intention to proceed. A summons on which no order has been made shall not, but notice of trial although countermanded shall be deemed a proceeding within this rule.

*Length of notice after delay of one year*

(*No.* 106 *of* 1959)

**4.**    Summonses may be issued and pleadings may be amended, delivered or filed during the last eleven days of the Michaelmas and Christmas vacations respectively, but pleadings shall not be amended, delivered or filed during any other part of such vacations unless by the direction of the Court or a Judge.

*When pleadings may be delivered in the Michaelmas and Christmas vacations*

(*No.* 309 *of* 1960)

**5.**    Save as in the last preceding rule mentioned, the time of the Michaelmas and Christmas vacations in any year shall not be reckoned in the computation of times appointed or allowed in accordance with these Rules for amending, delivering or filing any pleadings unless otherwise directed by the Court or a Judge.

*Michaelmas and Christmas vacations not generally to be reckoned in time for delivery, etc., of pleadings*

(*No.* 309 *of* 1960)

ORDER III

MISCELLANEOUS PROVISIONS

**1.**    The sittings of the Court for the hearing of causes and matters shall ordinarily be public; but the Court may, for a reason to be specified by it on the minutes, hear any particular cause or matter in the presence only of the parties, with their legal advisers, if any, and the officers of the Court.

*Public or private sittings of Court*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

2.    Subject to any particular rules, the Court or a Judge may, in all causes and matters, make any interlocutory order which it or he considers necessary for doing justice, whether such order has been expressly asked by the person entitled to the benefit of the order or not.

*What orders to be made*

3.    The Registrar may transact all such business and exercise all such authority and jurisdiction in respect of the same as under the Act or these Rules may be transacted or exercise by a Judge at chambers, except in respect of the following proceedings and matters, that is to say:

*Jurisdiction of Registrar O. 3*

(*a*)    All matters relating to criminal proceedings or to the liberty of the subject;

(*b*)    Appeals from District Registrars;

(*c*)    Injunctions;

(*d*)    Reviewing taxation of costs, save as provided in Order XL, rules 3 and 4.

(*As amended by No.* 309 *of* 1960)

4.    The Registrar shall keep an account of all moneys received and all payments made by him in the performance of his duties, and, for the purpose of keeping the said account, shall cause to be opened at a bank, to be approved by the Court, an account to be called "The High Court Account", and payments of money into and out of such account shall be made in such manner and subject to such conditions as the Court may direct.

*Registrar to open and keep banking account*

5.    Causes or matters pending in the Court may, by order of the Court or a Judge, be consolidated, and the Court or a Judge shall give any directions that may be necessary as to the conduct of the consolidated actions.

*Consolidation of causes or matters*

6.    If, in any cause or matter, any accused person, party, witness or other person is unable to speak or understand the English language, the Court or a Judge may direct a fit and proper person to attend and interpret the proceedings so far as may be necessary. Before so interpreting, such person shall swear an oath in the following form:

*Interpreter*

"I swear that I will well and truly interpret and explanation make of all such matters and things as shall be required of me to the best of my skill and understanding. So help me God."

7.    (1)   When any fee has been paid in respect of a document, the officer authorised to receive the fee shall endorse an initial on the document stating the fee paid and the number of the receipt recording the payment.

*Receipts*

(2)   The officer of the Court authorised to receive any fee for any matter or thing done or performed shall, before doing or performing such matter or thing, ensure that the proper fee is paid.

(*As Amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

## ORDER IV

O. 4, 5

### EMPLOYMENT OF BARRISTERS AND ADVOCATES

**1.**    A party suing or defending by a barrister or advocate in any cause or matter shall be at liberty to change his advocate in such cause or matter, without an order for that purpose, upon notice of such change being filed in the office of the Registrar. But, until such notice is filed and a copy served, the former advocate shall be considered the advocate of the party until final judgment, unless allowed by the Court or a Judge, for any special reason, to cease from acting therein; but such advocate shall not be bound, except under express agreement or unless re-engaged, to take any proceedings in relation to any appeal from such judgment.

Change of practitioners during the hearing of a cause or matter

**2.** (1)  When it shall appear to the Court that any civil cause or matter has been commenced or carried on maliciously or without probable grounds, and the party by whom or on whose behalf such cause or matter has been so commenced or carried on has been represented therein by a barrister or advocate who had knowledge of such malice or lack of probable grounds, or if it shall appear that any barrister or advocate has, by any sort of deceit, induced his client to enter into or continue any litigation, every such barrister or advocate shall, on failure of his client to pay any costs which he may be ordered to pay, be liable, if the Court so orders, to pay the amount thereof to the party to whom costs are given. Such failure shall be deemed to have taken place if the client shall have refused or neglected to make payment after a demand has been made on him, although no process of execution may have been issued against him.

Liability to pay costs

(2)  This rule shall not be construed to restrict the liability of any barrister or advocate in respect of the misconduct referred to in sub-rule (1) or any other misconduct for which he would otherwise be punishable.

## ORDER V

### EVIDENCE
I-*Exclusion of Witnesses*

**1.**    On the application of either party, or on its own motion, the Court may order witnesses on both sides to be kept out of court; but this rule does  not extend to the parties themselves or to their professional representatives, although intended to be called as witnesses.

Ordering witnesses out of court

**2.**    The Court may, during any trial, take such means as it considers necessary and proper for preventing communication with witnesses who are within the Court House or its precincts awaiting examination.

Preventing communication with witnesses

II-*Documentary Evidence*

O. 5

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

3.    Entries in books of account, kept in the course of business with such a reasonable degree of regularity as shall be satisfactory to the Court or a Judge, shall be admissible in evidence whenever they refer to a matter into which the Court or a Judge has to inquire, but shall not alone be sufficient evidence to charge any person with liability.

*Entries in books of account*

4.    The Government *Gazette* in Zambia and any Government *Gazette* of any Commonwealth Country may be proved by the bare production of the Government *Gazette*.

*Government Gazettes*

(*As amended by S.I. No.* 63 *of* 1964 *and S.I. No.* 71 *of* 1997)

5.    All Proclamations, Acts of State, whether legislative or executive, nominations, appointments, and other official communications of the Government, appearing in any *Gazette* referred to in the last preceding rule may be proved by the production of such *Gazette*, and shall be *prima facie* proof of any fact of a public nature which they were intended to notify.

*Proof of Proclamations, etc.*

6.    On matters of public history, literature, science or art, the Court or a Judge may refer, if it or he shall think fit, for the purposes of evidence, to such published books, maps or charts as the Court or a Judge shall consider to be of authority on the subject to which they relate.

*Books of science, maps, charts, etc.*

7.    Books printed or published under the authority of the government of a foreign country and purporting to contain the statutes, code or other written law of such country, and also printed and published books of reports of the decisions of the courts of such country, and books proved to be commonly admitted in such courts as evidence of the law of such country, shall be admissible as evidence of the law of such country.

*Foreign law*

8.    All maps made under the authority of any government or of any public municipal body, and not made for the purpose of any litigated question, shall *prima facie* be deemed to be correct, and shall be admitted in evidence without further proof.

*Public maps*

9.    Whenever any book or other document is of such a public nature as to be admissible in evidence on its mere production from the proper custody, and no Act or statute exists which renders its contents provable by means of a copy, any copy thereof or extract therefrom shall be admissible in evidence, if it purports to be signed and certified as a true copy or extract by the officer to whose custody the original is entrusted.

*Examined or certified copies of documents admissible in evidence*

10.    Any person, whether a party or not, in a cause or matter may be summoned to produce a document, without being summoned to give evidence; and, if he cause such document to be produced, the Court or a Judge may dispense with his personal attendance.

*Production of documents without giving evidence*

III-*Affidavits*

O. 5

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**11.**   Before an affidavit is used in any proceeding for any purpose, the original shall be filed in the Court, and the original or an office copy shall alone be recognised for any purpose by the Court or a Judge.

*Affidavits to be filed*

**12.**   An affidavit shall not be admitted which is proved to have been sworn before a person on whose behalf the same is offered, or before his Advocate, or before a partner or clerk of his Advocate.

*Not to be sworn before certain persons*

**13.**   The Court or a Judge may permit an affidavit to be used notwithstanding it is defective in form according to these Rules, if the Court or a Judge is satisfied that it has been sworn before a person duly authorised.

*Defective in form*

**14.**   A defective or erroneous affidavit may be amended and re-sworn, by leave of the Court or a Judge, on such terms as to time, costs or otherwise as seem reasonable.

*Amendment and re-swearing*

**15.**   An affidavit shall not contain extraneous matter by way of objection or prayer or legal argument or conclusion.

*No extraneous matter*

**16.**   Every affidavit shall contain only a statement of facts and circumstances to which the witness deposes, either of his own personal knowledge or from information which he believes to be true.

*Contents of affidavits*

**17.**   When a witness deposes to his belief in any matter of fact, and his belief is derived from any source other than his own personal knowledge, he shall set forth explicitly the facts and circumstances forming the ground of his belief.

*Grounds of belief to be stated*

**18.**   When the belief of a witness is derived from information received from another person, the name of his informant shall be stated, and reasonable particulars shall be given respecting the informant, and the time, place and circumstances of the information.

*Informant to be named*

**19.**   Where any document referred to in an affidavit and exhibited thereto is a handwritten document other than a statement of account, book of account or extract therefrom, there shall also be exhibited therewith a typewritten or printed copy thereof certified in such affidavit to be a true and correct copy of the original.

*Copies of exhibits*

(*No.* 106 *of* 1959)

**20.**   The following rules shall be observed by Commissioners and others before whom affidavits are taken:

*Rules in taking affidavits*

(*a*)   Every affidavit taken in a cause or matter shall be headed in the Court and in the cause or matter.

*To be properly entitled*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

| | | |
|---|---|---|
| (b) | It shall state the full name, trade or profession, residence and nationality of the witness. | Description of witness |
| (c) | It shall be in the first person and divided into convenient paragraphs, numbered consecutively. | O. 5<br>In first person |
| (d) | Any erasure, interlineation or alteration made before the affidavit is sworn shall be attested by the Commissioner, who shall affix his signature or initials in the margin immediately opposite to the interlineation, alteration or erasure. | Erasures, etc., to be attested |
| (e) | Where an affidavit proposed to be sworn is illegible or difficult to read, or is, in the judgment of the Commissioner, so written as to facilitate fraudulent alteration, he may refuse to swear the witness, and require the affidavit to be re-written in an unobjectionable manner. | If improperly written |
| (f) | The affidavit shall be signed by the witness (or, if he cannot write, marked by him with his mark in the presence of the Commissioner). | Witness to sign |
| (g) | The jurat shall be written, without interlineation, alteration or erasure (unless the same be initialed by the Commissioner), immediately at the foot of the affidavit, and towards the left side of the paper, and shall be signed by the Commissioner. | Form of jurat |
| | It shall state the date of the swearing and the place where it is sworn. | Date and place |
| | It shall state that the affidavit was sworn before the Commissioner or other officer taking the same. | In presence of Commissioner |
| | Where the witness is illiterate or blind, it shall state the fact, and that the affidavit was read over (or translated into his own language in the case of a witness not having sufficient knowledge of English), and that the witness appeared to understand it. | Illiterate or blind witness |
| | Where the witness makes a mark instead of signing, the jurat shall state that fact, and that the mark was made in the presence of the Commissioner. | Marksmen |
| | Where two or more persons join in making an affidavit, their several names shall be written in the jurat, and it shall appear by the jurat that each of them has been sworn to the truth of the several matters stated by him in the affidavit. | Joint affidavit |
| (h) | The Commissioner shall not allow an affidavit, when sworn, to be altered in any manner without being re-sworn. | If affidavit altered, to be re-sworn |

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

| | | | |
|---|---|---|---|
| (*i*) | If the jurat has been added and signed, the Commissioner shall add a new jurat on the affidavit being re-sworn; and, in the new jurat, he shall mention the alteration. | New jurat |

(*j*)  The Commissioner may refuse to allow the affidavit to be re-sworn, and may require a fresh affidavit.   *New affidavit*

(*k*)  The Commissioner may take, without oath, the declaration of any person affirming that the taking of any oath whatsoever is, according to his religious belief, unlawful, or who, by reason of immature age or want of religious belief, ought not, in the opinion of the Commissioner, to be admitted to make a sworn affidavit. The Commissioner shall record in the attestation the reason of such declaration being taken without oath.   *Declarations without oath*
*O. 5*

(*l*)  Every certificate on an exhibit referred to in an affidavit signed by the Commissioner before whom the affidavit is sworn shall be marked with the short title of the cause or matter.   *Certificate on exhibit*

(*As amended by No.* 106 *of* 1959)

## IV-*Objections to Evidence*

**21.**   In every case, and at every stage thereof, any objection to the reception of evidence by a party affected thereby shall be made at the time the evidence is offered:   *When to be made*

Provided that the Court may, in its discretion, on appeal, entertain any objection to evidence received in a subordinate court, though not objected to at the time it was offered.

(*As amended by No.* 218 *of* 1944)

**22.**   Where a question proposed to be put to a witness is objected to, the Court or a Judge, unless the objection appears frivolous, shall, if required by either party, take a note of the question and objection, and mention on the notes whether the question was allowed to be put or not and, if put, the answer to it.   *Where question objected to*

**23.**   Where a document is produced and tendered in evidence and rejected by the Court or a Judge, the document shall be marked as having been so tendered and rejected.   *Marking of rejected documents*

## V-*Taking of Evidence*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

24.    In the absence of any agreement between the parties, and subject to these Rules, the witnesses at the trial or any suit shall be examined *viva voce* and in open court; but the Court may at any time, for sufficient reason, order that any particular fact or facts may be proved by affidavit, or that the affidavit of any witness may be read at the hearing or trial, on such conditions as the Court may think reasonable; or that any witness whose attendance in court ought, for some sufficient cause, to be dispensed with be examined by interrogatories or otherwise before an officer of the Court or other person:

*Evidence of witnesses, how taken*

Provided that, where it appears to the Court that the other party *bona fide* desires the production of a witness for cross-examination, and that such witness can be produced, an order shall not be made authorising the evidence of such witness to be given by affidavit.

25.    In any suit, the Court may, in its discretion, if the interests of justice appear absolutely so to require (for reasons to be recorded in the minutes of the proceedings), admit an affidavit in evidence, although it is shown that the party against whom the affidavit is offered in evidence has had no opportunity of cross-examining the person making the affidavit.

*O. 5*
*Admission of affidavits*

26.    The Court or a Judge may, in any suite where it shall appear necessary for the purpose of justice, make any order for the examination, before any officer of the Court or other person, and at any place, of any witness or person, and may order any deposition so taken to be filed in the Court, and may empower any party to any such suit to give such deposition in evidence therein on such terms, if any, as the Court or a Judge may direct.

*Evidence on commission*

27.    Evidence on commission, when not directed to be taken upon interrogatories previously settled, shall be taken, as nearly as may be, as evidence at the hearing of a suit, and then the notes of the evidence shall be read over to the witness and be signed by him. If the witness refuses, the officer of the Court or other person shall add a note of his refusal, and the statement may be used as if he had signed it.

*How to be taken*

28.    Evidence may be taken in like manner, on the application of any person, before suit instituted, where it is shown to the satisfaction of the Court or a Judge on oath that the person applying has good reason to apprehend that a suit will be instituted against him in the Court, and that some person within the jurisdiction at the time of the application can give material evidence respecting the subject of the apprehended suit, but that he is about to leave the jurisdiction, or that, from some other cause, the person applying will lose the benefit of his evidence if it be not at once taken; and the evidence so taken may be used at the hearing, subject to just exceptions:

*Evidence before suit instituted*

Provided always that the Court or a Judge may impose any terms or conditions with reference to the examination of such witness, and the admission of his evidence, as to the Court or a Judge may seem reasonable.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**29.**     Any party desiring to give in evidence any deed or other instrument which shows upon the face of it that it has been duly executed may deliver to the opposite party, not less than four clear days before the return day, a notice in writing specifying the date and nature of and the parties to such deed or instrument, and requiring the opposite party to admit that the same was executed as it purports to have been, saving all just exceptions as to its admissibility, validity and contents; and if, at or before the hearing of the suit, the party so notified shall neglect or refuse to give such admission, the Court or a Judge may adjourn the hearing in order to enable the party tendering such deed or instrument to obtain proof of the due execution thereof, and, upon production of such proof, the Court or a Judge may order the costs of such proof to be paid by the party so neglecting or refusing, whether he be the successful party or not.

*Facilities for proving deed, etc.*
*O. 5, 6*

**30.**     Where the Court or a Judge to which or to whom application is made for the issue of a commission for the examination of a person residing at a place not within Zambia is satisfied that the evidence of such person is necessary, the Court may issue such commission or a letter of request.

*Commission or letter of request*

**31.**     The Court shall not issue any commission or letter of request abroad for the taking of evidence, unless and until the person applying for the issue of such commission or letter of request shall have paid into court by way of deposit, or shall have given approved security for, such sum as the Court or a Judge shall consider sufficient to cover the expenses incurred, or likely to be incurred, in connection with and in consequence of the grant of any such application.

*Not to issue until sum deposited in court to cover cost thereof*

ORDER VI

WRITS OF SUMMONS AND ORIGINATING PROCESS

**1.**  (1)  Except for petitions under the Constitution and Matri-monial Causes Acts and applications for writs of habeas corpus, every action in the Court shall, notwithstanding the provisions of any other written law, be commenced by writ of summons endorsed with or accompanied by a full statement of claim.

*Commencement of proceedings*

(2)   The Court shall not issue any writ of summons which is not endorsed with or accompanied by a full statement of claim.

(3)   The proper officer shall seal with the official seal the writs of summons and the statement of claim where such statement of claim is on a separate sheet and shall return the copies to the person commencing the action.

(*As amended by S.I. No.* 71 *of* 1997)

**2.**     Every writ of summons shall be in the appropriate form as set out in the First Schedule with such variations as circumstances may require.

*Form of writ of summons*

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**3.** Every writ of summons shall bear the date on the day on which it shall be issued, and shall be tested in the name of the Chief Justice or, if the office of the Chief Justice be vacant, in the name of the Judge or other person appointed to perform the functions of the Chief Justice.

*Writs to be tested*

(*No.* 106 *of* 1959 *as amended by No.* 309 *of* 1960, *S.I. No.* 63 *of* 1964 *and S.I. No.* 71 *of* 1997)

**4.** Every writ of summons shall be endorsed with a statement of the nature of the claim made, or of the relief or remedy required and shall, subject to the other provisions of these Rules, state a time (to be fixed by the Registrar) within which appearance must be entered by the party sued or to be served.

*O. 6*
*Endorsement of writ of summons*

(*As amended by S.I. No.* 71 *of* 1997)

**5.** No writ of summons shall be issued unless the proper fees have been paid.

*Payment of fees*

(*As amended by S.I. No.* 71 *of* 1997)

**6.** (1) Whenever the plaintiff's claim is for a debt or liquidated demand only, the endorsement, besides stating the nature of the claim, shall state the amount claimed for debt or in respect of such demand, and for costs respectively, and shall further state that the defendant can pay the amount claimed and costs-

*Endorsement where claim is liquidated*

(*a*) into Court if the plaintiff or one of the two or more co-plaintiffs is resident ouside Zambia or is acting by order or on behalf of a person so resident, or if the defendant is making the payment by order or on behalf of a person so resident; or

(*b*) in all other cases to the plaintiff, his advocate or agent; and that the payment shall be made within the time allowed for appearance, and that upon such payment further proceedings will be stayed:

Provided that where the defendant pays the amount into Court under this rule he shall give notice of the payment to the plaintiff, his advocate or agent, in Form 17 set out in the First Schedule.

(2) The endorsement for costs required by sub-rule (1) shall be as set out in Form 4 in the First Schedule.

(3) The defendant may, notwithstanding a payment under this rule, have the costs taxed, and if more than one-sixth shall be disallowed, the plaintiff's advocate shall pay the costs of taxation.

(*As amended by S.I. No.* 71 *of* 1997)

**7.** Every writ of summons shall be sealed by the proper officer and shall thereupon be deemed to be issued.

*Sealing*

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**8.** The plaintiff or his advocate shall, on presenting any writ or summons for sealing, leave with the proper officer a copy, written or printed or partly written and partly printed of the writ and all the endorsement thereto, and the copy shall be signed by or for the advocate, or by the plaintiff himself if he is proceeding in person.

*Procedure on sealing*

(*As amended by S.I. No.* 71 *of* 1997)

**9.** The proper officer receiving the copy shall file it and an entry of the filing thereof shall be made in a book to be called the Civil Causes Register, which is to be kept in the manner which civil causes registers are now kept, and the action shall be distinguished by the date of the year, the letters and a number, in the manner in which causes are now distinguished in such registers.

O. 6, 7
*Filing and marking*

(*As amended by S.I. No.* 71 *of* 1997)

**10.** Every action shall, upon being commenced, be assigned to a Judge who shall be responsible to monitor its pace and eventually hear the cause.

*Assignment of cause on filing to trial Judge*

(*No.* 106 *of* 1959 *as amended by S.I. No.* 71 *of* 1997)

## ORDER VII

### ENDORSEMENT OF ADDRESS

(*No.* 106 *of* 1959)

**1.** (1) The advocate of a plaintiff suing by an advocate shall endorse upon the writ of summons-

*Where the plaintiff sues by advocate*

(*a*)     the address of the plaintiff;

(*b*)     his own name or firm and his own place of business and the postal address thereof; and

(*c*)     if his place of business and postal address or either of them be more than ten kilometres from the Registry at which the writ is issued, a proper place and postal address or either of them, as the case may require, which shall be not more than ten kilometres from such Registry;

and either of the addresses which are not more than ten kilometres from such Registry shall be his address for service for the purposes of these Rules.

(2) Where any such advocate is only agent of another advocate, he shall, in addition to the matters set out in sub-rule (1), add the name or firm and place of business of the principal advocate.

(*As amended by S.I. No.* 71 *of* 1997)

**2.** (1) A plaintiff suing in person shall endorse upon the writ of summons his place of residence, his postal address and his occupation.

*Where plaintiff sues in person*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(2)  If his place of residence and postal address are not more than ten kilometres from the Registry at which the writ is issued, either of such addresses shall be an address for service for the purposes of these Rules, and if his place of residence and postal address or either of them be more than ten kilometres from such Registry, or if he has no place of residence or postal address, the plaintiff shall also endorse on the writ of summons a proper place and postal address or either of them, as the case may require, which shall not be more than ten kilometres from such Registry and either of the addresses within the limit aforesaid shall in such case be his address for service.

*O.7, 8*

(*As amended by S.I. No. 71 of 1997*)

3.    An address for service shall be an address where notices, pleadings, orders, summonses, warrants and other documents, proceedings and written communications, if not required to be served personally, may be left for or posted to the plaintiff or his advocate, as the case may be.

Address for service

4.    Where notice of a writ of summons is to be served on a defendant in pursuance of Order X, rule 18, the endorsements required by the preceding rules of this Order shall be made both on the writ and on the notice.

Where notice is served in lieu of writ

5.    Where proceedings are commenced otherwise than by writ of summons, the preceding rules of this Order shall apply to the process by which the proceedings are originated as they apply to a writ of summons.

Proceedings not commenced by writ

## ORDER VIII

### CONCURRENT WRITS

(*No. 106 of 1959*)

1.    The plaintiff in any action may, at any time of or at any time during twelve months after the issuing of the original writ of summons, issue one or more concurrent writ or writs, each concurrent writ to bear *teste* of the same day as the original writ, and to be marked with a seal bearing the word "concurrent" and the date of issuing the concurrent writ; and such seal shall be impressed upon the writ by the proper officer:

Concurrent writ, how issued

Provided always that such concurrent writ or writs shall only be in force for the period during which the original writ in such action shall be in force.

2.    A concurrent originating summons may be issued in the same manner, *mutatis mutandis*, as a concurrent writ of summons.

Concurrent originating summons

3.    A writ for service within the jurisdiction may be issued and marked as a concurrent writ with one for service, or whereof notice in lieu of service is to be given, out of the jurisdiction; and a writ for service or whereof notice in lieu of service is to be given, out of the jurisdiction, may be issued and marked as a concurrent writ with one for service within the jurisdiction.

Concurrent writs for service within and without the jurisdiction

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**4.** An originating summons for service within the jurisdiction may be issued and marked as a concurrent originating summons with one for service out of the jurisdiction; and an originating summons for service out of the jurisdiction may be issued and marked as a concurrent originating summons with one for service within the jurisdiction.

*O. 8, 9, 10 Concurrent originating summons for service within and without the jurisdiction*

## ORDER IX

### RENEWAL OF WRIT

(*No.* 106 *of* 1959)

**1.** No original writ of summons shall be in force, for more than twelve months from the day of the date thereof, including the day of such date; but if any defendant therein named shall not have been served therewith the plaintiff may, before the expiration of the twelve months, apply to the Court or a Judge for leave to renew the writ; and the Court or Judge if satisfied that reasonable efforts have been made to serve such defendant, or for other good reasons, may order that the original or concurrent writ of summons be renewed for six months from the date of such renewal inclusive, and so from time to time during the currency of the renewed writ. And the writ shall in such case be renewed by being marked with the seal of the Court and bearing the date of the day, month and year of such renewal; such seal to be impressed upon the writ by the proper officer, upon delivery to him by the plaintiff or his Advocate of a memorandum in Form 12 in the First Schedule, with such variations as circumstances may require; and a writ of summons so renewed shall remain in force and be available to prevent the operation of any statute whereby the time for the commencement of the action may be limited, and for all other purposes, from the date of the issuing of the original writ of summons.

*Original writ in force for 12 months. Renewal seal*

**2.** The production of a writ of summons purporting to be marked with the seal of the Court, showing the same to have been renewed in manner aforesaid, shall be sufficient evidence of its having been so renewed, and of the commencement of the action as of the first date of such renewed writ for all purposes.

*Effect of renewal*

## ORDER X

### SERVICE OF PROCESS

**1.** (1) Personal service of a petition, notice, summons, order or other document, of which service is required may be made by any person.

*Service may be effected by any person*

(2) Any person serving any document shall, on the request of the party served, explain to such party the contents of such document.

*Document to be explained.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(3)  Any person serving a writ of summons or other originating process, default of appearance to which would, under Order X11, entitle the plaintiff to enter final judgment, shall request the party served to acknowledge receipt by signing on the original or other copy of the process or on some other document tendered for the purpose, and the fact of any refusal to sign shall be so endorsed by the person serving.

O. 10
Acknowledgement of service

(*S.I. No.* 37 *of* 1964 *and S.I. No.* 30 *of* 1984)

**2.**  (1)  All writs, notices, pleadings, orders, summonses, warrants and other documents, proceedings and written communications, in respect of which personal service is not requisite, shall be sufficiently served if left at the address for service of the person to be served, as defined by Orders VII and XI, with any person resident at or belonging to such place, or if posted in a prepaid registered envelope addressed to the person to be served at the postal address for service as aforesaid:

Mode and time of service, where not personal

Provided that, where service under this rule is made by registered post, the time at which the document so posted would be delivered in the ordinary course of post shall be considered as the time of service thereof.

(2)  This rule does not apply in the case of documents for which special provisions for service have been made by any written law.

(*As amended by No.* 106 *of* 1959 *S.I. No.* 63 *of* 1964)

**3.**  Where personal service of any writ, notice, pleading, summons, order, warrant or other document, proceeding or written communication is required and it is made to appear to the Court or a Judge that prompt personal service cannot be effected, the Court or a Judge may make such order for substituted or other service, or for the substitution for service of notice by letter, public advertisement or otherwise, as may be just. Every application to the Court or a Judge for an order to be made under this rule shall be supported by an affidavit setting forth the grounds upon which the application is made.

Substituted service

(*As amended by No.* 106 *of* 1959)

**4.**  Where a party, after having sued or appeared in person, has given notice in writing to the opposite party or his advocate, through a advocate, that such advocate is authorised to act in the cause or matter on his behalf, all writs, notices, pleadings, summonses, orders, warrants and other documents, proceedings and written communications, which ought to be delivered to or served upon the party on whose behalf the notice is given, shall thereafter be delivered to or served upon such advocate. Such notice shall contain all the particulars required from an advocate by Order VII or XI, as the case may be.

Service upon advocate of party formerly appearing in person

(*As amended by No.* 106 *of* 1959)

**5.**  Personal service of the writ on the defendant shall not be required where the defendant's advocate undertakes in writing to accept service on behalf of the defendant.

O. 10
Service of writ of summons

(*As amended by No.* 109 *of* 1994)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

6.    Where service is personal, the document to be served shall be delivered to the person to be served himself. Service shall be completely effected by the delivery of a duplicate or attested copy of any document, without the exhibition of any original.

<div align="right">Personal service</div>

7.    Where no appearance has been entered for a party, or where a party or his advocate, as the case may be, has omitted to give an address for service, all writs, notices, pleadings, orders, summonses, warrants and other documents, proceedings and written communications in respect of which personal service is not requisite may be served by filing them with the Registrar.

<div align="right">Service where no appearance or no address for service</div>

8.    An order for service may be varied, from time to time, with respect to the mode of service directed by the order.

<div align="right">Varying order of service</div>

9.    Service in a civil cause shall not be made on Sunday, Good Friday or Christmas Day.

<div align="right">*Dies non*</div>

10.    When the party to be served is in the service of the Government, the Registrar may transmit a duplicate of the document to be served to the head officer of the department in which such party is employed, for the purpose of being served on him, if it shall appear to the Court or a Judge that it may be most conveniently so served, and such head officer shall cause the same to be served on the proper party accordingly.

<div align="right">Service on Government officers</div>

11.    (1)   Where partners are sued in the name of their firm, the writ or other document shall be served either upon any one or more of the partners, or at the principal place within the jurisdiction of the business of the partnership upon any person having, at the time of the service, the control or management of the partnership business there; and such service shall be deemed good service upon the firm.

<div align="right">On partners</div>

(2)   Where a writ is issued against a firm, every person upon whom it is served shall be informed by notice in writing given at the time of such service whether he is served as a partner or as a person having the control or management of the partnership business, or in both characters. In default of such notice, the person served shall be deemed to be served as a partner.

(3)   Service of a writ or other court process on a body corporate other than a company shall be effected on any office bearer.

<div align="right">(*As amended by S.I. No.* 71 *of* 1997)</div>

12.    Where the person on whom service is to be effected is a prisoner in a prison, it shall be sufficient service to deliver the writ or document at the prison to the gaoler or person appearing to be the head officer in charge thereof, who shall cause the same to be served on such prisoner.

<div align="right">O. 10<br>On prisoner</div>

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**13.**    Where the person on whom service is to be effected is employed and dwells in any lunatic or other public asylum or in any prison, it shall be sufficient service to deliver the writ or document to the gatekeeper or lodgekeeper of such asylum or prison, who shall cause the same to be served on such person.

*On person in asylum or prison*

**14.**    Where the suit is against a defendant residing out of but carrying on business within the jurisdiction in his own name, or under the name of a firm, through an authorised agent, and such suit is limited to a cause of action which arose within the jurisdiction, the writ or document may be served by giving it to such agent, and such service shall be equivalent to personal service on the defendant.

*Where defendant resides out of but carries on business within jurisdiction*

**15.**    Service out of the jurisdiction of a writ of summons, originating summons or originating notice of motion, or of a notice of such writ of summons, originating summons or notice of motion may be allowed by the Court or a Judge whenever-

*When service out of the jurisdiction allowed*

(*a*)    The whole subject-matter of the action is land situate within the jurisdiction (with or without rents or profits), or the perpetuation of testimony relating to land within the jurisdiction; or

(*b*)    Any act, deed, will, contract, obligation, or liability affecting land or hereditaments situate within the jurisdiction, is sought to be construed, rectified, set aside, or enforced in the action or matter; or

(*c*)    Any relief is sought against any person domiciled or ordinarily resident within the jurisdiction; or

(*d*)    The action is for the administration of the personal estate of any deceased person, who at the time of his death was domiciled within the jurisdiction, or for the execution (as to property situate within the jurisdiction) of the trusts of any written instrument, of which the person to be served is a trustee, which ought to be executed according to the law of Zambia; or

(*e*)    The action is one brought to enforce, rescind, dissolve, annual or otherwise affect a contract or to recover damages or other relief for or in respect of the breach of a contract-

(i)    made within the jurisdiction; or

(ii)    made by or through an agent trading or residing within the jurisdiction on behalf of a principal trading or residing out of the jurisdiction; or

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(iii)   by its terms or by implication to be governed by Zambian law;    O.10

or it is one brought in respect of a breach committed within the jurisdiction of a contract wherever made, even though such breach was preceded or accompanied by a breach out of the jurisdiction which rendered impossible the performance of the part ofthe contract which ought to have been performed within the jurisdiction; or

(*f*)   The action is founded on a tort committed within the jurisdiction; or

(*g*)   Any injunction is sought as to anything to be done within the jurisdiction, or any nuisance within the jurisdiction is sought to be prevented or removed, whether damages are or are not also sought in respect thereof; or

(*h*)   Any person out of the jurisdiction is a necessary or proper party to an action properly brought against some other person duly served within the jurisdiction; or

(*i*)   The action is by a mortgagee or mortgagor in relation to a mortgage of personal property situate within the jurisdiction and seeks relief of the nature or kind following, that is to say, sale, foreclosure, delivery of possession by the mortgagor, redemption, re-conveyance, delivery of possession by the mortgagee; but does not seek (unless and except so far as permissible under paragraph (e)) any personal judgment or order for payment of any moneys due under the mortgage.

(*No.* 218 *of* 1944 *as amended by S.I. No.* 63 *of* 1964)

**16.**    An application for leave to issue for service out of the jurisdiction a writ of summons, originating summons, or originating notice of motion or a concurrent writ of summons, originating summons or originating notice of motion may be made *ex parte* to the Court or a Judge on deposit of the writ, summons or notice with the Registrar together with an affidavit in support of such application. The affidavit shall state-    Application for leave to serve out of jurisdiction

(*a*)   the grounds upon which the application is made and the facts which bring the plaintiff's case within the class in respect of which service out of the jurisdiction may be allowed;

(*b*)   that the deponent is advised and believes that the plaintiff has a good cause of action or right to relief;

(*c*)   in what place or country the defendant resides or probably may be found;

(*d*)   whether the defendant is a citizen of Zambia or not.

(*No.* 218 *of* 1944 *as amended by S.I. No.* 63 *of* 1964)

**17.**    Substituted service out of the jurisdiction of a writ, summons or notice issued for service within the jurisdiction cannot be ordered but if a concurrent writ, summons or notice for service out of the jurisdiction is issued then substituted service out of the jurisdiction of such concurrent writ, summons or notice may be allowed. A writ, summons or notice issued for service out of the jurisdiction may be ordered to be served by substituted service whether outside the jurisdiction or within the jurisdiction and either with or without the issue of any concurrent writ, summons or notice.    O. 10 Substituted service out of the jurisdiction

(*No.* 218 *of* 1944)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**18.**    Where a writ of summons, originating summons or originating notice of motion is issued for service out of the jurisdiction upon a person not being a citizen of Zambia, notice thereof and not the originating process itself shall be served upon such person.

<div align="right">Service on foreign person in foreign country</div>

(*No.* 218 *of* 1944 *as amended by S.I. No.* 63 *of* 1964)

**19.**    Where the officer of Court or person charged with the service of any writ or document on any person is prevented by the violence or threats of such person, or any other person in concert with him, from personally serving the writ or document, it shall be sufficient to inform the person to be served of the nature of the writ or document, and to leave the writ or document as near such person as is practicable.

<div align="right">Where violence threatened</div>

**20.**    In all cases where service of any writ or document shall have been effected by a bailiff or other officer of Court, a certificate of service in Form 14 in the First Schedule signed by such bailiff or other officer shall, on production, without proof of signature, be *prima facie* evidence of service.

<div align="right">Certificate of service</div>

(*As amended by No.* 106 *of* 1959)

**21.**    In all cases the bailiff or other officer of Court charged with the service of any particular process shall not later than fourteen days after the receipt of the process render a return in Form 16 in the First Schedule to the Court in duplicate and the duplicate thereof shall thereupon be despatched by the proper officer to the party requiring the same to be served, or his Advocates, specifying whether the same has been served and, if not, giving reasons why the same has not been so served.

<div align="right">Return</div>

(*No.* 106 *of* 1959)

**22.**    The person serving a writ of summons shall, within three days at most after such service, endorse on the writ the day of the month and week of the service thereof, otherwise the plaintiff shall not be at liberty (except where service shall have been effected by an officer of the Court appointed under Part VIII of the Act) in case of non-appearance to proceed by default; and every affidavit of service of such writ shall mention the day on which such endorsement was made. This rule shall apply to substituted as well as other service.

<div align="right">Endorsement on service O.10</div>

(*No.* 106 *of* 1959)

**23.**    Where, in any civil or commercial matter pending before a court or tribunal of a foreign county, a letter of request from such court or tribunal for service on any person within the jurisdiction of any process or citation in such matter is transmitted to the Minister responsible for foreign affairs and such Minister considers that it is desirable that effect should be given to the same, the following procedure shall be adopted:

<div align="right">Transmission of letter of request</div>

(*a*)    The letter of request for service shall be accompanied by a translation thereof in the English language, and by two copies of the process or citation to be served and two copies thereof in the English language, and shall be transmitted to the Court by the Permanent Secretary, Ministry of Foreign Affairs;

<div align="right">Translation required</div>

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

| | | |
|---|---|---|
| (*b*) | Service of the process or citation shall be effected by an officer of the Court; | Service by officer of the Court |
| (*c*) | Such service shall be effected by delivering to and leaving with the person to be served one copy of the process to be served and one copy of the translation thereof, in accordance with the rules and practice of the Court regulating service of process; | Service, how to be effected |
| (*d*) | After service has been effected the process server shall return to the Registrar one copy of the process, together with the evidence of service by affidavit of the person effecting the service verified by a person empowered to take oaths, and particulars of charges for the cost of effecting such service; | Report of service to Registrar |
| (*e*) | The particulars of charges for the cost of effecting service shall be submitted to the taxing master of the Court, who shall certify the correctness of the charges or such other amount as shall be properly payable for the cost of effecting service; | Taxing master to certify charges |
| (*f*) | The Registrar shall forward to the Permanent Secretary, Ministry of Foreign Affairs, for transmission to the foreign country concerned, the letter of request for service received from the foreign country together with the evidence of service, with a certificate appended thereto in Form 49 in the First Schedule, with such variations as circumstances may require, duly sealed with the seal of the Court; | Letter of request to be returned to Ministry of Foreign Affairs |
| (*g*) | Upon the application of the Attorney-General, the Court or a Judge may make all such orders for substituted service or otherwise as may be necessary to give effect to the above procedure. | Substituted service |

(*As amended by S.I. No.* 63 *of* 1964)

**24.**    Where, in any civil or commercial matter pending before a court or tribunal in any foreign country with which a Convention in that behalf has been or shall be made and applied to the Republic, a request for service of any document on a person in Zambia is received by the Court from the consular or other authority of such country, the following procedure shall, subject to any special provisions contained in the Convention, be adopted:

O. 10, 11
Service of foreign documents in Zambia

    (*a*)    The service shall be effected by the delivery of the original or a copy of the document, as indicated in the request, and a copy of the translation to the party or person to be served in person by an officer of the Court;

    (*b*)    No court fees shall be charged in respect of this service. The particulars of charges of the officer employed to effect service shall be submitted to the taxing master of the Court, who shall certify the amount properly payable in respect thereof;

    (*c*)  The Registrar shall transmit to the consular or other authority making the request a certificate establishing the fact and the date of service in person, or indicating the reason for which it has not been possible to effect it, and, at the same time, shall notify to the said consular or other authority the amount of the charges certified under paragraph (*b*).

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

ORDER XI
APPEARANCE

(*No.* 106 *of* 1959)

**1.** (1) A defendant shall enter appearance to a writ of summons by delivering to the proper officer sufficient copies of memorandum of appearance in writing dated on the day of their delivery, and containing the name of the defendant's advocate, or stating that the defendant is defending in person. The defendant shall at the same time deliver to the proper officer sufficient copies of the defence and counter claim if any:

Mode of entering appearance

Provided that before delivering the memorandum and defence, the defendant shall be at liberty to apply for further and better particulars of the statement of claim within the period specified for delivery of the memorandum and defence.

(2) A memorandum of appearance not accompanied by a defence shall not be accepted.

(3) The proper officer shall seal the memorandum of appearance and defence and shall return the copies to the person filing them for service upon the plaintiff.

(*As amended by S.I. No.* 71 *of* 1997)

**2.** (1) In the case of a defendant desiring to enter the appearance in person, the defendant may, in lieu of delivering to the proper officer the memorandum of appearance and defence, enter the appearance through the post by sending to the proper officer by pre-paid registered letter-

O. 11
Appearance by post

(*a*) sufficient copies of the memorandum of appearance duly completed;

(*b*) sufficient copies of the defence and counter claim, if any; and

(*c*) two envelopes each sufficiently stamped, one addressed to the plaintiff's advocate or to the plaintiff if he sues in person at the postal address for service, and the other addressed to the postal address of the defendant entering the appearance.

(2) On receipt of these documents the proper officer shall forthwith enter the appearance as of the date of receipt of the memorandum of appearance and defence and shall seal them with the official seal showing the date on which they are sealed and shall post a copy to the defendant:

Provided that no appearance shall be accepted which is received out of time.

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**3.** (1)  A defendant shall, on the day of entering the appearance to a writ of summons, give notice of the appearance to the plaintiff's advocate or if a plaintiff sues in person, to the plaintiff by:

<div style="float:right">Notice of appearance</div>

    (*a*)    leaving copies of the sealed memorandum of appearance and defence at the address given for service: or

    (*b*)    sending the copies of the memorandum of appearance and defence by pre-paid letter directed to the postal address for service and posted on the date of entering the appearance in due course of post.

    (2)  Sub-rule (1) shall not apply to a defendant entering an appearance in person through the post under rule 2.

*(As amended by S.I. No. 71 of 1997)*

**4.** (1)  The advocate of a defendant appearing by advocate shall state in the memorandum of appearance-

<div style="float:right">Defendant's address for service</div>

    (*a*)    his own place of business and the postal address thereof; and

    (*b*)    if his place of business and postal address or either of them be more than ten kilometres from the Registry in which the cause or matter is pending, a proper place and postal address or either of them, as the case may require, which shall be not more than ten kilometres from such Registry;

<div style="float:right">O. 11</div>

and either of the addresses which are not more than ten kilometres from such Registry shall be his address for service for the purposes of these Rules.

    (2)  Where any such advocate is only agent of another advocate, he shall, in addition to the matters set out in sub-rule (1), add the name or firm and place of business of the principal Advocate.

*(As amended by S.I. No. 71 of 1997)*

**5.** (1)  A defendant appearing in person shall state in the memorandum of appearance his place of residence and postal address.

<div style="float:right">When defendant appears in person</div>

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(2)  If his place of residence and postal address are not more than ten kilometres from the Registry in which the cause or matter is pending, either of such addresses shall be an address for service for the purposes of these Rules and if his place of residence and postal address or either of them be more than ten kilometres from such Registry, or if he has no place of residence or postal address, the defendant shall also state in the memorandum of appearance a proper place and postal address or either of them, as the case may require, which shall not be more than ten kilometres from such Registry and either of the addresses within the limit aforesaid shall in such case be an address for service.

*(As amended by S.I. No. 71 of 1997)*

**6.**    If the memorandum does not contain such address it shall not be received; and if any such address shall be illusory or fictitious, the appearance may be set aside by the Court or a Judge, on the application of the plaintiff.

Memorandum irregular, address fictitious

**7.**    An address for service shall be an address where notices, pleadings, orders, summonses, warrants and other documents, proceedings and written communications, if not required to be served personally, may be left for or posted to the defendant or his Advocate, as the case may be.

Address for service

**8.**    The memorandum of appearance shall be in Form 18 in the First Schedule, with such variations as circumstances may require.

Memorandum of appearance

**9.**    Upon receipt of a memorandum of appearance, the proper officer shall forthwith enter the appearance in the Civil Causes Register.

Officer to enter memorandum

**10.**    Where persons are sued as partners in the name of their firm, they shall appear individually in their own names; but all subsequent proceedings shall, nevertheless, continue in the name of the firm.

Appearance of partners

**11.**    Where a writ is served under Order X, rule 11 (2), upon a person having the control or management of the partnership business, no appearance by him shall be necessary unless he is a member of the firm sued.

O. 11
No appearance except by partners

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**12.** Any person served as a partner under Order X, rule 11, but who denies that he was a partner or liable as such at any material time, may enter an appearance stating therein that he does so as "a person served as a partner in the defendant firm, but who denies that he was a partner at any material time". Such appearance as long as it stands shall be treated as an appearance for the firm. If an appearance is so entered (A) the plaintiff may apply to set it aside on the ground that the person entering it was a partner or liable as such, or may leave that question to be determined at a later stage of the proceedings; or (B) the person entering the appearance may apply to set aside the service on him on the ground that he was not a partner or liable as such; or he may at the proper time deliver a defence denying either or both (1) his liability as a partner, (2) the liability of the defendant firm in respect of the plaintiff's claim. An order may, on the application of either party at any time, be made that the questions as to the liability of the person served and the liability of the defendant firm may be tried in such manner and at such time or times as the Court or a Judge may think fit.

*Appearance under protest of person served as partner*

**13.** If two or more defendants in the same action shall appear by the same advocate and at the same time, the names of all the defendants so appearing shall be inserted in one memorandum.

*Defendants appearing by same advocate*

**14.** A advocate not entering an appearance in pursuance of his written undertaking so to do shall be liable to an attachment.

*Advocate not entering appearance*

**15.** A defendant may appear at any time before judgment.

*Time of appearance*

**16.** Any person not named as a defendant in a writ of summons for the recovery of land may, by leave of the Court or a Judge, appear and defend, on filing an affidavit showing that he is in possession of the land either by himself or by his tenant.

*Recovery of land*

**17.** Any person appearing to defend an action for the recovery of land as landlord, in respect of property whereof he is in possession only by his tenant, shall state in his appearance that he appears as landlord.

*Landlord appearing*

**18.** Where a person not named as defendant in any writ of summons for the recovery of land has obtained leave of the Court or a Judge to appear and defend, he shall enter an appearance, according to the foregoing rules of this Order, intituled in the action against the party named in the writ as defendant, and shall forthwith give notice of such appearance to the plaintiff's advocate, or to the plaintiff if he sues in person, and shall in all subsequent proceedings be named as a party defendant to the action.

*Recovery of land, person not named defendant*

**19.** Any person appearing to a writ of summons for the recovery of land shall be at liberty to limit his defence to a part only of the property mentioned in the writ, describing that part with reasonable certainty in his memorandum of appearance, or in a notice intituled in the action and signed by him or his advocate. Such notice shall be served within four days after appearance; and an appearance, where the defence is not limited as above mentioned, shall be deemed an appearance to defend for the whole.

*O. 11, 12 Recovery of land limiting defence*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**20.**    The notice mentioned in rule 19 shall be in Form 19 in the First Schedule, with such variations as circumstances may require.

*Form of notice*

**21.**    A defendant before appearing shall be at liberty, without obtaining an order to enter or entering a conditional appearance, to take out a summons or serve notice of motion to set aside the service upon him of the writ or of notice of the writ, or to discharge the order authorising such service.

*Motion to set aside writ*

**22.**    The parties served with an orginating summons shall, save as otherwise provided, before they are heard, enter appearances, and give notice thereof. A party so served may appear at any time before the hearing of the summons. If he appears at any time after the time limited by the summons for appearance he shall not, unless the Court or a Judge shall otherwise order, be entitled to any further time for any purpose, than if he had appeared according to the summons.

*Appearance to originating summons*

## ORDER XII

### DEFAULT OF APPEARANCE

**1.** (1)  Where the writ of summons is endorsed for a liquidated demand, and the defendant fails, or all the defendants if more than one, the plaintiff may enter final judgment for any sum not exceeding the sum endorsed on the writ together with interest at the rate specified, if any, to the date of the judgment and costs, upon an affidavit or certificate, as the case may be, of due service being filed.

*Liquidated demand endorsed. First Schedule, Form 30*

*(As amended by S.I. No. 71 of 1997)*

(2)  Where the writ of summons is endorsed for a liquidated demand and there are several defendants, of whom one or more appear to the writ, and another or others of them fail to appear, the plaintiff may enter final judgment, as in sub-rule (1), against such as have not appeared and may issue execution upon the judgment without prejudice to his right to proceed with the action against those that have appeared.

*Liquidated demand. Several defendants*

*(As amended by S.I. No. 71 of 1997)*

(3)  Where the writ of summons is endorsed with a claim of pecuniary damages only, or for detention of goods with or without a claim of pecuniary damages, and the defendant fails, or all the defendants, if more than one, fail to appear, the plaintiff may enter interlocutory judgment, and a writ of inquiry shall issue to assess the value of the goods and the damages, or the damages only, as the case may be, in respect of the causes of action disclosed by the endorsement on writ of summons:

*Damages or detention of goods O. 12*

Provided that the Court or a Judge may order particulars to be filed before any assessment of damages, and may order that, instead of a writ of inquiry, the value and amount of damages, or either of them, shall be ascertained in any way which the Court or Judge may direct.

*(As amended by S.I. No. 71 of 1997)*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(4)   Where the writ is endorsed as in the last preceding sub-rule mentioned, and there are several defendants, of whom one or more appear to the writ and another or others of them fail to appear, the plaintiff may sign interlocutory judgment against the defendant or defendants so failing to appear, and the value of the goods and the damages, or either of them, as the case may be, may be assessed, as against the defendant or defendants suffering judgment by default, at the same time as the trial of the action or issue therein against the other defendant or defendants, unless the Court or a Judge shall otherwise direct:

*Damages or detention of goods. Several defendants*

Provided that the Court or a Judge may order that, instead of a writ of inquiry or trial, the value and amount of damages, or either of them, shall be ascertain in any way which the Court or a Judge may direct.

(5)   Where the writ is endorsed with a claim for pecuniary damages only, or for detention of goods with or without a claim for pecuniary damages, and is further endorsed for a liquidated demand, whether specially or otherwise, and any defendant fails to appear to the writ, the plaintiff may enter final judgment for the debt or liquidated demand, interest and costs against the defendant or defendants failing to appear, and interlocutory judgment for the value of the goods and the damages, or the damages only, as the case may be, and proceed as mentioned in such of the preceding sub-rules as may be applicable.

*Damages, detention of goods and liquidated demand*

(6)   In case no appearance shall be entered in an action for the recovery of land within the time limited by the writ for appearance, or if an appearance be entered but the defence be limited to part only, the plaintiff shall be at liberty to enter a judgment that the person whose title is asserted in the writ shall recover possession of the land, or of the part thereof to which the defence does not apply.

*Recovery of land*

(7)   Where the plaintiff has endorsed a claim for mesne profits, arrears of rent, double value, or damages for breach of contract or wrong or injury to the premises claimed, upon a writ for the recovery of land, he may enter judgment as in the last preceding sub-rule mentioned for the land; and may proceed as in the other proceding sub-rules mentioned as to such other claim so endorsed.

*Mense profits O. 12, 13*

(8)   In all actions not otherwise specifically provided for by the other sub-rules, in case the party served with the writ of summons does not appear within the time limited for appearance, upon the filing by the plaintiff of a proper affidavit or certificate of service, the action may proceed as if such party had appeared.

*Default of appearance in actions not otherwise specifically provided for*

(*As amended by S.I. No.* 71 *of* 1997)

(9)   In any action in which the plaintiff is claiming any relief of the nature or kind specified in Order XXX, rule 14, no judgment shall be entered in default of appearance without the leave of the Court or a Judge who may require the application for leave to be supported by such evidence as might be required if relief were being sought on originating summons under Order XXX, rule 14, and may require notice of such evidence to be given to the defendant and to such other person (if any) as the Court or a Judge may think proper.

*Default of appearance to proceedings under O. 30, r. 14*

(*As amended by No.* 218 *of* 1944, *No.* 106 *of* 1959 *and S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**2.**   Where judgment is entered pursuant to the provisions of this Order, it shall be lawful for the Court or a Judge to set aside or vary such judgment upon such terms as may be just.

<div align="right">Setting aside judgment by default</div>

ORDER XIII

LEAVE TO SIGN JUDGMENT AND DEFEND WHERE WRIT SPECIALLY ENDORSED

**1.**   Where the defendant appears to a writ of summons specially endorsed under rule 9 of Order VI, the plaintiff may, on affidavit made by himself, or by any other person who can swear positively to the facts, verifying the cause of action and the amount claimed (if any), and stating that in his belief there is no defence to the action, apply to the Court or a Judge for liberty to enter final judgment for the amount so endorsed, together with interest, if any, or for recovery of the land (with or without rent or mesne profits) or for the delivering up of a specific chattel, as the case may be, and costs. The Court or a Judge may thereupon, unless the defendant by affidavit, by his own *viva voce* evidence or otherwise shall satisfy him that he has a good defence to the action on the merits, or disclose such facts as may be deemed sufficient to entitle him to defend, make an order empowering the plaintiff to enter judgment accordingly.

<div align="right">Summary judgment on specially endorsed writ O. 14</div>

(*As amended by No.* 218 *of* 1944)

**2.**   The application by the plaintiff for leave to enter final judgment under rule 1 shall be made by summons returnable not less than four clear days after service, accompanied by a copy of the affidavit and exhibits referred to therein.

<div align="right">O. 13, 14<br>Four day summons for leave to sign judgment.<br>FirstSchedule, Form 22</div>

**3.**   Where leave, whether conditional or unconditional, is given to defend, the Court or a Judge shall have power to give all such directions as to the further conduct of the action as might be given on a summons for directions under Order XIX, and may order the action to be forthwith set down for trial.

<div align="right">Court may treat summons for directions</div>

**4.** (1)  The costs of and incident to all applications under rule 1 shall be dealt with by the Registrar on the hearing of the application, who shall order by and to whom and when the same shall be paid, or may refer them to the Judge at the trial:

<div align="right">Costs under rule 1</div>

Provided that, in case no trial afterwards takes place, or no order as to costs is made, the costs are to be costs in the cause.

(2)  If the plaintiff makes an application under rule 1 where the case is not within the rule, or where the plaintiff, in the opinion of the Registrar, knew that the defendant relied on a contention which would entitle him to unconditional leave to defend, in any of such cases the application may be dismissed with costs to be paid forthwith by the plaintiff.

<div align="right">Costs of application when same dismissed</div>

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

## ORDER XIV

## PARTIES

**1.**    If any plaintiff sues, or any defendant is sued, in any representative capacity, it shall be expressed on the writ. The Court or a Judge may order any of the persons represented to be made parties either in lieu of, or in addition to, the previously existing parties.

*Suit on behalf of others*

**2.**    Where a person has jointly with other persons an alleged ground for instituting a suit, all those other persons ought ordinarily to be made parties to the suit.

*Joint ground of suit*

**3.**    Where more persons than one have the same interest in one suit, one or more of such persons may be authorised to sue or to defend in such suit for the benefit of or on behalf of all parties so interested.

*Where joint interest, parties may be authorised to sue or defend for others*

**4.**    Where a person has a joint and several demand against two or more persons, either as principals or sureties, it is not necessary for him to bring before the Court as parties to a suit concerning that demand all the persons liable thereto, and he may proceed against any one or more of the persons severally or jointly and severally liable. Where a defendant claims contribution, indemnity or other remedy or relief over against any other person, he may apply to have such person made a party to the suit.

*Joint and several demand*
*O. 14*

**5.**    (1)  If it shall appear to the Court or a Judge, at or before the hearing of a suit, that all the persons who may be entitled to, or claim some share or interest in, the subject-matter of the suit, or who may be likely to be affected by the result, have not been made parties, the Court or a Judge may adjourn the hearing of the suit to a future day, to be fixed by the Court or a Judge, and direct that such persons shall be made either plaintiffs or defendants in the suit, as the case may be. In such case, the Court shall issue a notice to such persons, which shall be served in the manner provided by the rules for the service of a writ of summons, or in such other manner as the Court or a Judge thinks fit to direct; and, on proof of the due service of such notice, the person so served, whether he shall have appeared or not, shall be bound by all proceedings in the cause:

*Non-joinder*

Provided that a person so served, and failing to appear within the time limited by the notice for his appearance, may, at any time before judgment in the suit, apply to the Court or a Judge for leave to appear, and such leave may be given upon such terms (if any) as the Court or a Judge shall think fit. The Court or a Judge upon the application of any party may give directions for service upon a new party of copies of any writ of summons or other document or process and also may give such other directions in relation to the adding of such new party as justice and the circumstances of the case may require.

(2)  The Court or a Judge may, at any stage of the proceedings, and on such terms as appear to the Court or a Judge to be just, order that the name or names of any party or parties, whether as plaintiffs or as defendants, improperly joined, be struck out.

*Misjoinder*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(3)  No suit shall be defeated by reason of non-joinder or misjoinder of parties.

(*As amended by No.* 218 *of* 1944)

**6.**    Claims by the Government against any person may be brought by the Attorney-General or by any officer authorised by law to prosecute such claim on behalf of the Government, as the case may be.

Claims by the Government

**7.**    Any persons claiming or being liable as co-partners may sue or be sued in the name of their respective firms (if any); and any party to an action may, in such case, apply to the Court or a Judge for a statement of the names of the persons who are co-partners in any such firm, to be furnished in such manner and verified on oath or otherwise as the Court or a Judge may direct.

Proceedings by or against partners

**8.**    In case a writ states two or more distinct causes of action by and against the same parties, and in the same rights, the Court or a Judge may, either before or at the hearing, if it appears inexpedient to try the different causes of action together, order that the trials be had separately, and make such order as to adjournment and costs as justice requires.

Distinct causes of action in one writ O. 14, 15, 16

**9.**    In case a writ states two or more distinct causes of action, but not by and against the same parties, or by and against the same parties but not in the same rights, the writ may, on the application of any defendant, be amended or dismissed by the Court or a Judge, as justice may require.

Misjoinder of actions

ORDER XV

PARTICULARS OF CLAIM

**1.**    The Court or a Judge may, on the application of the defendant, order further or better particulars.

Further particulars

(*As amended by S.I. No.* 71 *of* 1997)

**2.**    The plaintiff shall not, at the hearing, obtain a judgment for any sum exceeding that stated in the particulars, except for subsequent interest and the costs of suit, notwithstanding that the sum claimed in the writ for debt or damages exceeds the sum stated in the particulars.

Judgment not to exceed claim

(*As amended by S.I. No.* 71 *of* 1997)

**3.**    Particulars of claim shall not be amended except by leave of the Court or a Judge, but the Court or a Judge may, on any application for leave to amend, grant leave, on its appearing that the defendant will not be prejudiced by the amendment:

Amendment of claim

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Provided that the Court or a Judge may refuse leave or grant it, on such terms as to notice, adjournment or costs as justice requires.

(*As amended by S.I. No.* 71 *of* 1997)

ORDER XVI

ALTERATION OF PARTIES

**1.**    Where, after the institution of a suit, any change or transmission of interest or liability occurs in relation to any party to the suit, or any party to the suit dies or becomes incapable of carrying on the suit, or the suit in any other way becomes defective or incapable of being carried on, any person interested may obtain from the Court or a Judge any order requisite for curing the defect, or enabling or compelling proper parties to carry on the proceedings:

Provided that any person served with such an order may within such time as the Court or a Judge in the order directs apply to the Court or a Judge to discharge or vary the order.

Where change of interest, Court may make order enabling suit to proceed

**2.**    The death of a plaintiff or defendant shall not cause the suit to abate, if the cause of action survive.

O. 16
Death of party not to abate suit, if cause of action survives

**3.**    If there be two or more plaintiffs or defendants, and one of them die, and if the cause of action survive to the surviving plaintiff or plaintiffs alone, or against the surviving defendant or defendants alone, the suit shall proceed at the instance of the surviving plaintiff or plaintiffs, and against the surviving defendant or defendants.

Cause of action surviving to surviving plaintiff or plaintiffs

**4.**    If there be two or more plaintiffs, and one of them die, and if the cause of action shall not survive to the surviving plaintiff or plaintiffs alone, but shall survive to them and the legal representative of the deceased plaintiff jointly, the Court or a Judge may, on the application of the legal representative of the deceased plaintiff, enter the name of such representative in the suit in the place of such deceased plaintiff, and the suit shall proceed at the instance of the surviving plaintiff or plaintiffs, and such legal representative of the deceased plaintiff. If no application shall be made to the Court or a Judge by any person claiming to be the legal representative of the deceased plaintiff, the suit shall proceed at the instance of the surviving plaintiff or plaintiffs; and the legal representative of the deceased plaintiff shall, after notice to appear, be interested in, and shall be bound by the judgment given in the suit, in the same manner as if the suit had proceeded at his instance conjointly with the surviving plaintiff or plaintiffs, unless the Court or a Judge shall see cause to direct otherwise.

Cause of action surviving to surviving plaintiff and legal representative of deceased plaintiff

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

5.    In case of the death of a sole plaintiff, or sole surviving plaintiff, the Court or a Judge may, on the application of the legal representative of such plaintiff, enter the name of such representative in the place of such plaintiff in the suit, and the suit shall thereupon proceed; if no such application shall be made to the Court or a Judge within what it or he may consider a reasonable time by any person claiming to be the legal representative of the deceased sole plaintiff or sole surviving plaintiff, it shall be competent to the Court or a Judge to make an order that the suit shall abate, and to award to the defendant the reasonable costs which he may have incurred in defending the suit, to be recovered from the estate of the deceased sole plaintiff or surviving plaintiff; or the Court or a Judge may, if it or he thinks proper, on the application of the defendant, and upon such terms as to costs as may seem fit, make such order for bringing in the legal representative of the deceased sole plaintiff or surviving plaintiff, and for proceeding with the suit in order to reach a final determination of the matters in dispute, as may appear just and proper in the circumstances of the case.

*Death of sole or surviving plaintiff*

6.    If any dispute arise as to who is the legal representative of a deceased plaintiff, it shall be competent to the Court or a Judge either to stay the suit until the fact has been duly determined in another suit, or to decide, before the hearing of the suit, who shall be admitted to be such legal representative for the purpose of prosecuting the suit.

*Dispute as to legal representative*

7.    If there be two or more defendant, and one of them die, and the cause of action shall not survive against the surviving defendant or defendants alone, and also in case of the death of a sole defendant or sole surviving defendant, where the action survives, the plaintiff may make an application to the Court or a Judge specifying the name, description and place of abode of any person whom the plaintiff alleges to be the legal representative of such defendant, and whom he desires to be made the defendant in his stead; and the Court or a Judge shall thereupon enter the name of such representative in the suit in the place of such defendant, and shall issue an order to him to appear on a day to be therein mentioned to defend the suit; and the case shall thereupon proceed in the same manner as if such representative had originally been made a defendant and had been a party to the former proceedings in the suit.

*O. 16, 17*
*Death of one of several defendants or of a sole surviving defendant*

8.    The bankruptcy of the plaintiff, in any suit which the assignee or trustee might maintain for the benefit of the creditors, shall not be a valid objection to the continuance of such suit, unless the assignee or trustee shall decline to continue the suit and to give security for the costs thereof, within such reasonable time as the Court or a Judge may order; if the assignee or trustee neglect or refuse to continue the suit and to give such security within the time limited by the order, the defendant may, within eight days after such neglect or refusal, plead the bankruptcy of the plaintiff as a reason for abating the suit.

*Bankruptcy of plaintiff*

ORDER XVII

DISCONTINUANCE OF SUITS

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**1.**    If, before the date fixed for the hearing, the plaintiff desires to discontinue any suit against all or any of the defendants, or to withdraw any part of his alleged claim, he shall give notice in writing of discontinuance or withdrawal to the Registrar and to every defendant as to whom he desires to discontinue or withdraw. After the receipt of such notice, such defendant shall not be entitled to any further costs, with respect to the matter so discontinued or withdrawn, than those incurred up to the receipt of such notice, unless the Court or a Judge shall otherwise order; and such defendant may apply *ex parte* for an order against the plaintiff for the costs incurred before the receipt of such notice and of attending the Court or a Judge to obtain the order. Such discontinuance or withdrawal shall not be a defence to any subsequent suit. If, in any other case, the plaintiff desires to discontinue any suit or to withdraw any part of his alleged claim, or if a defendant desires to discontinue or withdraw his counter-claim or any part thereof, such discontinuance or withdrawal may, in the discretion of the Court or a Judge, be allowed on such terms as to costs and as to any subsequent suit and otherwise as to the Court or a Judge may seem just.

*Discontinuance of suit*

**2.**    If any subsequent suit shall be brought before payment of the costs of a discontinued suit, for the same or substantially the same cause of action, the Court or a Judge may order a stay of such subsequent suit until such costs shall have been paid.

*O. 17, 18, 19*
*Stay of subsequent suit*

## ORDER XVIII

### AMENDMENT

**1.**    The Court or a Judge may, at any stage of the proceedings, order any proceedings to be amended, whether the defect or error be that of the party applying to amend or not; and all such amendments as may be necessary or proper for the purpose of eliminating all statements which may tend to prejudice, embarrass or delay the fair trial of the suit, and for the purpose of determining, in the existing suit, the real question or questions in controversy between the parties, shall be so made. Every such order shall be made upon such terms as to costs or otherwise as shall seem just.

*Under what circumstances*

## ORDER XIX

### ORDER OF DIRECTIONS

**1.**    The Court or trial Judge shall, not later than fourteen days after appearance and defence have been filed, give directions with respect to the following matters:

*Order of directions*

(*a*)    reply and defence to counter claim, if any;

(*b*)    discovery of documents;

(*c*)    inspection of documents;

(*d*)    admissions;

(*e*)    interrogatories; and

(*f*)    place and mode of trial:

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Provided that the period for doing any of these acts shall not exceed 14 days.

**2.** Notwithstanding rule 1, the Court may, for sufficient reason, extend the period within which to do any of the acts specified in rule 1.

*Liberty to apply*

(*As amended by No.* 71 *of* 1997)


## ORDER XX

### DEFAULT OF PLEADING

*O. 20, 21*

**1.** If the plaintiff fails to deliver a defence to the counter claim within the time allowed for that purpose by the order for directions, the defendant may, at the expiration of such time, enter final judgment or interlocutory judgment, as the case may be.

*Default of plaintiff in delivering defence to counter claim*

(*As amended by S.I. No.* 71 *of* 1997)


**2.** In probate actions, if any defendant defaults in filing a memorandum of appearance and defence, the action may proceed to trial, notwithstanding the default

*Probate action*

(*As amended by S.I. No.* 71 *of* 1997)


**3.** Any judgment by default, whether under this Order of under any of these Rules, may be set aside by the Court or a Judge, upon such terms as to costs or otherwise as the Court or Judge may think fit.

*Setting aside judgment by default*

(*As amended by S.I. No.* 71 *of* 1997)


**4.** In proceedings against the Government, no judgment for the plaintiff shall be entered in default of pleading without the leave of the Court or a Judge, and any application for the leave shall be made by notice of motion or summons served not less than seven days before the return day.

*Proceedings against the Government*

(*As amended by S.I. No.* 71 *of* 1997)


## ORDER XXI

### ADMISSIONS

**1.** Any party to a suit may give notice, by his own statement or otherwise, that he admits the truth of the whole or any part of the case stated or referred to in the writ of summons, statement of claim, defence or other statement of any other party.

*Notice of admissions*

**2.** Any party may call upon any other party to admit, saving just exceptions, any document or fact.

*Notice to admit*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

3.    In case of refusal or neglect to admit after notice, the costs of proof of the document or fact shall be paid by the party refusing or neglecting to admit, whatever be the result of the suit, unless the Court or a Judge is of opinion that the refusal or neglect to admit was reasonable.

<div align="right">Costs on refusal to make reasonable admissions</div>

4.    If the plaintiff and defendant shall agree as to the terms and conditions on which judgment shall be entered, the Court or a Judge, unless it or he sees good reason to the contrary, shall enter judgment on such terms and conditions.

<div align="right">Judgment by consent</div>

5.    If any defendant shall sign a statement admitting the amount claimed in the summons or any part of such amount, the Court or a Judge, on being satisfied as to the genuineness of the signature of the person before whom such statement was signed, and unless it or he sees good reason to the contrary, shall, in case the whole amount is admitted, or in case the plaintiff consents to a judgment for the part admitted, enter judgment for the whole amount or the part admitted, as the case may be, and, in case the plaintiff shall not consent to judgment for the part admitted, shall receive such statement in evidence as an admission without further proof.

<div align="right">O. 21, 22, 23 Admission by defendants</div>

6.    A party may apply, on motion or summons, for cancelled judgment on admissions where admissions of facts or part of a case are made by a party to the cause or matter either by his pleadings or otherwise.

<div align="right">Application on admissions</div>

*(As amended by S.I. No. 71 of 1997)*

## ORDER XXII

### SETTLEMENT OF ISSUES

1.    The parties shall, on setting down the action for trial, settle the issues in writing by stating the questions in controversy between them and stating the questions of law on admitted facts and questions of disputed fact, or questions partly of law and partly of fact except that this rule shall not apply where the parties appear in person.

<div align="right">Settlement of issues</div>

*(As amended by S.I. No. 71 of 1997)*

2.    At any time before the decision of the case, if it shall appear to the Court necessary for the purpose of determining the real question or controversy between the parties, the Court may amend the issues or frame additional issues, on such terms as it shall seem fit.

<div align="right">Amendment of framing of additional issues</div>

*(As amended by S.I. No. 71 of 1997)*

## ORDER XXIII

### INQUIRIES AND ACCOUNTS

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

1.    In any civil cause or matter in which all parties interested who are under no disability consent thereto, and also, without such consent, in any civil cause or matter requiring any prolonged examination of documents or accounts or any scientific or local examination which cannot, in the opinion of the Court or a Judge, conveniently be made by the Court in the usual manner, the Court or a Judge may, at any time, on such terms as it or he may think proper, order any question or issue of fact, or any question of account arising therein, to be investigated or tried before a referee, to be agreed on between the parties or appointed by the Court or a Judge.

*Questions of fact or of account may be investigated by referee*

2.    Where an order has been made under rule 1, the Court or a Judge shall furnish the referee with such part of the proceedings and such information and detailed instructions as may appear necessary for his guidance, and shall direct the parties, if necessary, to attend upon the referee during the inquiry. The instructions shall specify whether the referee is merely to transmit the proceedings which he may hold on the inquiry, or also to report his own opinion on the point referred for his investigation.

*O. 23*
*Instructions to referee*

3.    The Court or a Judge may, at any stage of the proceedings, direct any necessary inquiries or accounts described in rule 1 to be made or taken, notwithstanding that it may appear that there is some special or further relief sought for or some special issue to be tried, as to which it may be proper that the cause or matter should proceed in the ordinary manner.

*Interim inquiries or accounts*

4.    The referee may, subject to the order of the Court or a Judge, hold the inquiry at or adjourn it to any place which he may deem most convenient, and have any inspection or view which he may deem expedient for the disposal of the controversy before him. He shall, so far as practicable, proceed with the inquiry *de die in diem.*

*General powers of referee*

5.    Subject to any order to be made by the Court or a Judge ordering the inquiry, evidence shall be taken at any inquiry before a referee, and the attendance of witnesses may be enforced by subpoena; and every such inquiry shall be conducted in the same manner, as nearly as circumstances will admit, as trials before a Judge, but not so as to make the tribunal of the referee a public court of justice.

*Evidence*

6.    Subject to any order as mentioned in the last preceding rule, the referee shall have the same authority in the conduct of any inquiry as a Judge when presiding at any trial.

*Referee's authority in the inquiry*

7.    Nothing in these Rules contained shall authorise any referee to commit any person to prison or to enforce any order by attachment or otherwise; but the Court may, in respect of matters before a referee, make any order of attachment or commitment it may consider necessary.

*Limitation in certain particulars*

8.    The referee may, before the conclusion of any inquiry before him, or by his report under the reference, submit any question arising therein for the decision of the Court, or state any facts specially.

*Referee may report questions or facts specially*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**9.**    The proceedings and report in writing of the referee shall be received in evidence in the case, unless the Court may have reason to be dissatisfied with them, and the Court shall have power to draw such inferences from the proceedings or report as shall be just.

*Effect of report by referee*

**10.**    The Court shall have power to require any explanations or reasons from the referee, and to remit the cause or matter, or any part thereof, for further inquiry or consideration to the same or any other referee, as often as may be necessary, and shall pass such ultimate judgment or order as may appear to be right and proper in the circumstances of the case.

*Powers of Court*
*O. 23, 24, 25*

## ORDER XXIV

### APPEARANCE OF PARTIES

**1.**    In every civil cause or matter pending before the Court, in case it shall appear, to the satisfaction of the Court or a Judge, that any plaintiff or defendant who may not be represented by counsel or advocate is prevented by some good or sufficient cause from attending the Court in person, the Court or a Judge may, in its or his discretion, permit any other person who shall satisfy the Court or a Judge that he has authority in that behalf to appear for such plaintiff or defendant.

*Court may permit party to appear by proxy*

**2.**    Any person doing any act or taking any proceeding in the name or on behalf of another person, not being lawfully authorised thereunto, and knowing himself not to be so authorised, shall be guilty of a contempt of court.

*Proceeding without authority*

## ORDER XXV

(*No.* 218 *of* 1944)

### ARREST OF DEFENDANT UNDER SECTION 10 OF DEBTORS ACT

**1.**    An order to arrest under section *ten* of the Debtors Act shall be made upon affidavit and *ex parte*; but the defendant may at any time apply to the Court or a Judge to rescind or vary the order or to be discharged from custody, or for such other relief as may be just.

*Form of application and order to arrest.*
*Cap. 77*

**2.**    It shall be lawful for the Court or a Judge before making the order to arrest, to require the plaintiff to deposit in Court such sum as the Court or a Judge may think sufficient for the costs of arresting the defendant and of conveying him to prison.

*Costs of arrest*

**3.**    An order to arrest shall before delivery to the Sheriff be endorsed with the plaintiff's address for service as required by Order VII.

*Endorsement on order to arrest*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

4.    The security to be given by the defendant may be a deposit in Court of the amount mentioned in the order, or a bond to the plaintiff by the defendant and two sufficient sureties (or with the leave of the Court or a Judge either one surety or more than two), or, with the plaintiff's consent any other form of security. The plaintiff may, within four days after receiving particulars of the names and addresses of the proposed sureties, give notice that he objects thereto, stating in the notice the particulars of his objections. In such case the sufficiency of the security shall be determined by the Registrar who shall have power to award costs to either party. It shall be the duty of the plaintiff to obtain an appointment for that purpose, and unless he do so within four days after giving notice of objection, the security shall be deemed sufficient.

*Security by defendant*
*O. 25, 26*

5.    The money deposited, and the security, and all proceedings thereon, shall be subject to the order and control of the Court or a Judge.

*Control of the Court*

6.    Unless otherwise ordered, the costs of and incidental to an order of arrest shall be costs in the cause.

*Costs*

7.    Upon payment into Court of the amount mentioned in the order, a receipt shall be given; and upon receiving the bond or other security, a certificate to that effect shall be given, signed or attested by the plaintiff's advocate if he have one, or by the plaintiff, if he sue in person. The delivery of such receipt or a certificate to the Sheriff or other officer executing the order, shall entitle the defendant to be discharged out of custody.

*Completion of security and discharge from custody*

(*As amended by S.I. No.* 71 *of* 1997)

8.    The Sheriff or other officer named in an order to arrest shall, within two days after the arrest, endorse on the order the true date of such arrest.

*Date of arrest*

9.    The expenses incurred for the subsistence in prison of the person so arrested shall be paid by the plaintiff in the action in advance. The Court or a Judge shall fix whatever allowance it or he shall think sufficient for such subsistence or *per diem*. The amount so disbursed may be recovered by the plaintiff in the suit, unless the Court or a Judge shall otherwise order. The Court or a Judge may release the person so imprisoned on failure by the plaintiff to pay the subsistence money, or in the case of serious illness, order his removal to hospital. During the period of such person's stay in hospital, the subsistence allowance shall be paid by the plaintiff, unless the Court or a Judge shall see fit, in any case, to order otherwise.

*Cost of subsistence of person arrested*

ORDER XXVI

INTERIM ATTACHMENT OF PROPERTY

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

1.  If the defendant, in any suit for an amount or value of fifty thousand kwacha or upwards, with intent to obstruct or delay the execution of any decree that may be passed against him, is about to dispose of his property, or any part thereof, or to remove any such property from the jurisdiction, the plaintiff may apply to the Court or a Judge, either at the time of the institution of the suit, or at any time thereafter until final judgment, to call upon the defendant to furnish sufficient security to fulfil any decree that may be made against him in the suit, and, on his failing to give such security, to direct that any property, movable or immovable, belonging to the defendant, shall be attached until the further order of the Court or a Judge.

*In what cases*
*O. 26*

(*As amended by S.I. No.* 71 *of* 1997)

2.  The application shall contain a specification of the property required to be attached and the estimated value thereof, so far as the plaintiff can reasonably ascertain the same; and the plaintiff shall, at the time of making the application, declare that, to the best of his information and belief, the defendant is about to dispose of or remove his property with such intent as aforesaid.

*Application for attachment*

3.  If the Court or a Judge, after making such investigation as it or he may consider necessary, shall be satisfied that the defendant is about to dispose of or remove his property, with intent to obstruct or delay the execution of the decree, it shall be lawful for the Court or a Judge to order the defendant, within a time to be fixed by the Court or a Judge, either to furnish security, in such sum as may be specified in the order, to produce and place at the disposal of the Court, when required, the said property, or the value of the same, or such portion thereof as may be sufficient to fulfil the decree, or to appear and show cause why he should not furnish security. The Court or a Judge may also, in the order, direct the attachment, until further order, of the whole or any portion of the property specified in the application.

*Form of order*

4.  If the defendant fail to show such cause, or to furnish the required security within the time fixed by the Court or a Judge, the Court or a Judge may direct that the property specified in the application, if not already attached, or such portion thereof as shall be sufficient to fulfil the decree, shall be attached until further order. If the defendant show such cause, or furnish the required security, and the property specified in the application, or any portion of it, shall have been attached, the Court or a Judge shall order the attachment to be withdrawn.

*Where defendant fails to show cause or give security. First Schedule, Form 29*

5.  The attachment shall not affect the rights of persons not parties to the suit, and, in the event of any claim being preferred to the property attached before judgment, such claim shall be investigated in the manner prescribed for the investigation of claims to property attached in execution of a decree.

*Rights of third parties not to be affected*

6.  In all cases of attachment before judgment, the Court or a Judge shall, at any time, remove the same on the defendant furnishing security as hereinbefore required together with security for the costs of the attachment.

*Removal of attachment*

ORDER XXVII

*O. 27*

INJUNCTIONS, ETC.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**1.**   In any suit in which it shall be shown, to the satisfaction of the Court or a Judge, that any property which is in dispute in the suit is in danger of being wasted, damaged or alienated by any party to the suit, it shall be lawful for the Court or a Judge to issue an injunction to such party, commanding him to refrain from doing the particular act complained of, or to give such order, for the purpose of staying and preventing him from wasting, damaging or alienating the property, as to the Court or a Judge may seem meet, and, in all cases in which it may appear to the Court or a Judge to be necessary for the preservation or the better management or custody of any property which is in dispute in a suit, it shall be lawful for the Court or a Judge to appoint a receiver or manager of such property, and, if need be, to remove the person in whose possession or custody the property may be from the possession or custody thereof, and to commit the same to the custody of such receiver or manager, and to grant to such receiver or manager all such powers for the management or the preservation and improvement of the property, and the collection of the rents and profits thereof, and the application and disposal of such rents and profits, as to the Court or a Judge may seem proper.

> To stay waste, damage or alienation Appointment of receiver

**2.**   It shall be lawful for the Court or a Judge, on the application of any party to a suit, to make any order for the sale by any person named in such order, and in such manner and on such terms as to the Court or a Judge may seem desirable, of any goods, wares or merchandise, the right to which is in dispute in the suit, which may be of a perishable nature, or likely to depreciate from keeping, or which, for any other just and sufficient reason, it may be desirable to have sold at once.

> Orders for sale of perishable goods

**3.**   It shall be lawful for the Court or a Judge, upon the application of any party to a suit, and upon such terms as may seem just, to make any order for the detention, preservation or inspection of any property being the subject of such suit, and, for all or any of the purposes aforesaid, to authorise any person or persons to enter upon or into any land or building in the possession of any party to such suit; and, for all or any of the purposes aforesaid, to authorise any samples to be taken, or any observations to be made or experiments to be tried, which may seem necessary or expedient for the purpose of obtaining full information or evidence.

> Detention and inspection of property in dispute

**4.**   In any suit for restraining the defendant from the committal of any breach of contract or other injury, and whether the same be accompanied by any claim for damages or not, it shall be lawful for the plaintiff, at any time after the commencement of the suit, and whether before or after judgment, to apply to the Court or a Judge for an injunction to restrain the defendant from the repetition or the continuance of the breach of contract or wrongful act complained of, or the committal of any breach of contract or injury of a like kind arising out of the same contract, or relating to the same property or right, and such injunction may be granted by the Court or a Judge on such terms as to the duration of the injunction, keeping an account, giving security or otherwise, as to the Court or a Judge shall seem reasonable and just:

> Orders to restrain breaches of contract or tort O. 27, 28

Provided that any order for an injunction may be discharged, varied or set aside by the Court or a Judge, on application made thereto by any party dissatisfied with such order.

**5.**   The Court or a Judge may, in every case, before granting an injunction or order as aforesaid, direct such reasonable notice of the application for the same to be given to the opposite party, as it or he shall see fit.

> Notice of application

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**6.**   A Judge may, on application or on his own motion pursuant to an undertaking as to damages, order an assessment of damages arising out of discharged injunction found to have been unjustified, and that the damages shall be assessed by the Registrar.

*Order for assessment of damages*

(*As amended by S.I. No.* 71 *of* 1997)

**7.**   (1)   Without prejudice to the provisions of any other rule, the Court on an application by a party to a marriage shall have jurisdiction to grant an injunction containing one or more of the following provisions, namely-

*Injunctions*

    (*a*)   a provision restraining the other party to a marriage from molesting the applicant; or

    (*b*)   a provision restraining the other party from molesting a child living with the applicant whether or not any other relief is sought in the proceedings.

    (2)   The provisions of sub-rule (1) shall apply to a man and woman who are living with each other in the same household as husband and wife as it applies to the parties to a marriage and any reference to a marital home shall be construed accordingly.

(*As amended by S.I. No.* 71 *of* 1997)

ORDER XXVIII

EQUITABLE RELIEF, COUNTER-CLAIM, SET-OFF

**1.**   Every suit implies an offer to do equity in the matter thereof, and admits of any equitable defence.

*Equitable defence*

**2.**   The plaintiff may obtain any such equitable relief as the facts stated and proved entitle him to, though not specifically asked.

*Equitable relief*

**3.**   A defendant in an action may set off, or set up by way of counter-claim against the claim of the plaintiff, any right or claim, whether such set-off or counter-claim sound in damages or not, and such set-off or counter-claim shall have the same effect as a statement of claim in a cross-action so as to enable the Court to pronounce a final judgment in the same action, both on the original and on the cross-claim. But the Court or a Judge may, if, in its or his opinion, such set-off or counter-claim cannot be conveniently disposed of in the pending action, or ought not to be allowed, refuse permission to the defendant to avail himself thereto.

*Counter-claim. Set-off O. 28, 29*

ORDER XXIX

PAYMENT INTO AND OUT OF COURT AND TENDER

(*No.* 218 *of* 1944)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**1.** (1)  In any action for a debt or damages the defendant may at any time after appearance upon notice to the plaintiff pay into Court a sum of money in satisfaction of the claim or (where several causes of action are joined in one action) in satisfaction of one or more of the causes of action:

> Provided that with a defence setting up tender before action the sum of money alleged to have been tendered must be brought into Court.

(2)  Where the money is paid into Court in satisfaction of one or more of several causes of action the notice shall specify the cause or causes of action in respect of which payment is made and the sum paid in respect of each such cause of action unless the Court or a Judge otherwise order.

(3)  The notice shall state whether liability is admitted or denied and receipt of the notice shall be acknowledged in writing by the plaintiff within three days.

*Payment into Court*

**2.** (1)  Where money is paid into Court under rule 1 the plaintiff may within twenty-one days of the receipt of the notice of payment into Court or, where more than one payment into Court has been made, within twenty-one days of the receipt of the notice of the last payment into Court, accept the whole sum or any one or more of the specified sums in satisfaction of the claim or in satisfaction of the cause or causes of action to which the sum or sums relate, by giving notice to the defendant to that effect and thereupon he shall be entitled to receive payment of the accepted sum or sums in satisfaction aforesaid.

*Plaintiff may take money out of Court*

(2)  Payment shall be made to the plaintiff or on his written authority to his advocate, and thereupon proceedings in the action or in respect of the specified cause or causes of action, as the case may be, shall be stayed.

(3)  If the plaintiff accepts money paid into Court in satisfaction of his claim, or if he accepts a sum or sums paid in respect of one or more specified causes of action, and gives notice that he abandons the other cause or causes of action he may, after four days from payment-out and unless the Court or a Judge otherwise order, tax his costs incurred to the time of payment into Court, and forty-eight hours after taxation may sign judgment for his taxed costs.

*O. 29*

(4)  A plaintiff in an action for libel or slander who takes money out of Court may apply by summons to a Judge in chambers for leave to make in open Court a statement in terms approved by a Judge. The statement must be confined to clearing the character and reputation of the plaintiff and must not attack the defendant or any other person.

(5)  This rule does not apply to Admiralty action or to an action or cause of action in which a defence of tender before action is pleaded.

*(As amended by S.I. No. 71 of 1997)*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**3.**  If the whole of the money in Court is not taken out under rule 2, the money remaining in Court shall not be paid out except in satisfaction of the claim or specified cause or causes of action in respect of which it was paid in and in pursuance of an order of the Court or a Judge, which may be made at any time before, at or after trial.

*Money remaining in Court*

**4.**  (1)  Money may be paid into Court under rule 1 by one or more of several defendants sued jointly or in the alternative, upon notice to the other defendant or defendants.

*Several defendants*

(2)  If the plaintiff elects within twenty-one days after receipt of notice of payment into Court to accept the sum or sums paid into Court, he shall give notice to that effect to each defendant.

(3)  Thereupon all further proceedings in the action or in respect of the specified cause or causes of action, as the case may be, shall be stayed, and the money shall not be paid out except in pursuance of an order of the Court or a Judge dealing with the whole costs of the action or cause or causes of action, as the case may be.

**5.**  A plaintiff or other person made defendant to a counterclaim may pay money into Court in accordance with the foregoing rules, with the necessary modifications.

*Counterclaim*

**6.**  Except in an action to which a defence of tender before action is pleaded or in which a plea under the Libel Acts, 1843 and 1845, of the United Kingdom, has been filed, no statement of the fact that money has been paid into Court under the preceding rules of this Order shall be inserted in the pleadings and no communication of that fact shall at the trial of any action be made to the Judge or assessors until all questions of liability and amount of debt or damages have been decided, but the Judge shall, in exercising his discretion as to costs, take into account both the fact that the money has been paid into Court and the amount of such payment.

*Non-disclosure at trial of payment into Court*

**7.**  (1)  In any cause or matter in which money or damages is or are claimed by or on behalf of an infant or a person of unsound mind suing either alone or in conjunction with other parties, no settlement or compromise or payment or acceptance of money paid into Court, whether before or at or after the trial shall, as regards the claims of any such infant or person of unsound mind, be valid without the approval of the Court or a Judge.

*O. 29*
*Money recovered by infant or person of unsound mind or by widow under Fatal Accidents Acts*

(2)  No money (which expression for the purposes of this rule includes damages) in any way recovered or adjudged or ordered or awarded or agreed to be paid in any such cause or matter in respect of the claims of any such infant or person of unsound mind, whether by verdict or by settlement, compromise payment, payment into Court or otherwise, before or at or after the trial shall be paid to the plaintiff or to the next friend of the plaintiff or to the plaintiff's advocate unless the Court or a Judge shall so direct.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(3)  All money so recovered or adjudged or ordered or awarded or agreed to be paid shall be dealt with as the Court or a Judge shall direct and the said money or any part thereof may be so directed to be paid into Court and to be invested or otherwise dealt with there as may be ordered from time to time.

(4)   The direction referred to in sub-rule (3) may include any general or special directions that the Court or a Judge may think fit to give, including (without prejudice to the generality of the above provision) directions as to how the money is to be applied or dealt with and as to any payment to be made either directly or out of the amount paid into Court to the plaintiff or to the next friend in respect of moneys paid or expenses incurred or for maintenance or otherwise for or on behalf of or for the benefit of the infant or person of unsound mind or otherwise or to the plaintiff's advocate in respect of taxed costs or of the certified difference between party and party and advocate and client costs.

(5)   The provisions of this rule shall also apply to all actions in which damages are claimed or recovered by or on behalf of or adjudged or ordered or awarded or agreed to be paid to an infant or person of unsound mind under the Fatal Accidents Acts, 1846 to 1908, of the United Kingdom. Where such proceedings are taken by or for the benefit of more than one person and the amount recovered is to be divided amongst such persons, the Judge shall divide and apportion the share to be paid to each of the said persons and the amount so apportioned shall be specified in the order or judgment made or directed in the Court.

(6)  Nothing in this rule shall prejudice the lien of a advocate for costs.

(7)   The costs of the plaintiff, or, if more than one, of all the plaintiffs in any such cause or matter or incident to the claims therein or consequent thereon shall be taxed by the Registrar, or, if such cause or matter is proceeding in a District Registry by the District Registrar, as between party and party and as between advocate and client, and the Registrar or District Registrar shall certify the respective amounts of the party and party and advocate and client costs, and the difference (if any) and the proportion of such difference (if any) payable respectively by any adult party to the cause or matter and by or out of the moneys of any party who is an infant or person of unsound mind, and no costs other than those so certified shall be payable to the advocate for any plaintiff in the cause or matter.

O.29, 30

(8)   This rule shall apply to the case of a counter-claim by an infant or a person of unsound mind, the expression plaintiff, plaintiff's advocate and next friend being read as applying to a defendant setting up the counter-claim or his guardian *ad litem*.

This rule shall apply to the case of a lunatic so found by inquisition, the expression next friend or guardian *ad litem* being read if necessary as applying to the committee.

(9)   Money paid into Court or securities purchased under the provisions of this rule, and the dividends or interest thereon, shall be sold, transferred, or paid out to the party entitled thereto, pursuant to the order of the Court or a Judge.

(*As amended by S.I. No. 71 of 1997*)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

## ORDER XXX

APPLICATIONS AND PROCEEDINGS IN CHAMBERS AND IN COURT

(*No.* 218 *of* 1944)

I-*Applications in Chambers*

**1.** Every application in chambers shall be made by summons.

(*As amended by S.I. No.* 71 *of* 1997)

Application to be by summons

**2.** The summons shall be in Form 21 set out in the First Schedule, with such variations as circumstances may require, and shall be addressed to all the persons on whom it is to be served.

(*As amended by S.I. No.* 71 *of* 1997)

Form of summons

**3.** Every summons shall be served two clear days before return thereof, unless in any case it shall be otherwise ordered:

Provided that in case of summonses for time only, the summons may be served on the day previous to the return day.

(*As amended by S.I. No.* 71 *of* 1997)

Service of summons

**4.** Where any of the parties to a summons fail to attend, whether upon the return of the summons, or at any time appointed for the consideration or further consideration of the matter, the Judge may proceed *ex parte*, if, considering the nature of the case, he think it expedient so to do; no affidavit of non-attendance shall be required or allowed, but the Judge may require such evidence of service as he may think just.

O. 30 Proceeding ex parte where party fails to attend

**5.** Where the Judge has proceeded *ex parte*, such proceedings shall not in any manner be reconsidered in the Judge's chambers, unless the Judge shall be satisfied that the party failing to attend was not guilty of wilful delay or negligence; and in such case the costs occasioned by his non-attendance shall be in the discretion of the Judge, who may fix the same at the time, and direct them to be paid by the party or his advocate before he shall be permitted to have such proceeding reconsidered, or make such other order as to such costs as he may think just.

Reconsideration of ex parte proceeding. Costs

**6.** Where a proceeding in chambers fails by reason of the non-attendance of any party, and the Judge does not think it expedient to proceed *ex parte*, the Judge may order such an amount of costs (if any) as he shall think reasonable to be paid to the party attending by the absent party or by his advocate personally.

Costs thrown away by non-attendance of party

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**7.**    Where matters in respect of which summonses have been issued are not disposed of upon the return of the summons, the parties shall attend from time to time without further summons, at such time or times as may be appointed for the consideration or further consideration of the matter.

*Further attend-ance where summonses not fully disposed of*

**8.**    In every cause or matter where any party thereto makes any application at chambers, either by way of summons or otherwise, he shall be at liberty to include in one and the same application all matters upon which he then desires the order or directions of the Court or Judge; and upon the hearing of such application it shall be lawful for the Court or Judge to make any order and give any directions relative to or consequential on the matter of such application as may be just; and such application may, if the Judge thinks fit, be adjourned from chambers into Court, or from Court into chambers.

*What matters to be included in the same summons*
*Adjournment into Court or into chambers*

**9.**    If any matter appears to the Registrar proper for the decision of a Judge, the Registrar may refer the same to a Judge and the Judge may either dispose of the matter or refer the same back to the Registrar with such directions as he may think fit.

*Reference by Registrar to Judge*

**10.** (1)  Any person affected by any decision, order or direction of the Registrar may appeal therefrom to a Judge at chambers. Such appeal shall be by notice in writing to attend before the Judge without a fresh summons, within seven days after the decision, order or direction complained of, or such further time as may be allowed by a Judge or the Registrar. Unless otherwise ordered, there shall be at least one clear day between service of the notice of appeal and the day of hearing. An appeal from the decision, order or direction of the Registrar shall be no stay of proceedings unless so ordered by a Judge or the Registrar.

*Appeal from Registrar*
*O. 30*

(2)  Any person affected by any decision, order or direction of an Assistant Registrar may appeal therefrom to the Registrar. Such appeal shall be by notice in writing to attend before the Registrar without a fresh summons, within seven days after the decision, order or direction complained of, or such further times as may be allowed by the Registrar or Assistant Registrar. Unless otherwise ordered there shall be at least one clear day between service of the notice of appeal and the day of hearing. An appeal from the decision, order or direction of an Assistant Registrar shall be no stay of proceedings unless so ordered by the Registrar or Assistant Registrar.

*Appeal from Assistant Registrar*

(3)  An appeal from the decision, order or direction of the Registrar on appeal from a decision, order or direction of an Assistant Registrar shall lie to a Judge in accordance with the provisions of sub-rule (1).

*Further appeal from Registrar*

*(As amended by No. 309 of 1960)*

(4)  An appeal from the decision or order of the Registrar on assessment of damages shall lie to the Supreme Court; and

*(As amended by S.I. No. 71 of 1997)*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

11.    The business to be disposed of in chambers shall consist of the following matters, in addition to the matters which under any other rule or by statute or by the law and practice for the time being observed in England and applicable to Zambia may be disposed of in chambers:

Business to be disposed of in chambers

(*a*)    Applications for time to plead, for leave to amend pleadings, for discovery and production of documents, and generally all applications relating to the conduct of any cause or matter;

(*b*)    An application by any person claiming to be interested under a deed, will or other written instrument for the determination of any question of construction arising under the instrument and for a declaration of the rights of the person interested;

(*c*)    An application by any person claiming any legal or equitable right, in a case where the determination of the question whether he is entitled to the right depends upon a question of construction of a statute, for the determination of such question of construction and for a declaration as to the right claimed;

(*d*)    All proceedings in the Court under the Trustee Act, 1893, or under the Land Transfer Act, 1897, of the United Kingdom;

(*e*)    Applications as to the guardianship and maintenance or advancement of infants;

O. 30

(*f*)    Applications connected with the management of property;

(*g*)    Applications for or relating to the sale by auction or private contract of property, and as to the manner in which the sale is to be conducted, and for payment into Court and investment of the purchase money;

(*h*)    All applications for the taxation and delivery of bills of cost and for the delivery by any Advocate of deeds, documents and papers;

(*i*)    All matters which under any other rule or statute were formerly allowed to be commenced by originating summons;

(*j*)    Such other matters as a Judge may think fit to dispose of in chambers.

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**12.** The executors or administrators of a deceased person or any of them and the trustees under any deed or instrument or any of them, and any person claiming to be interested under the trust of any deed or instrument in the relief sought as creditor, devisee, legatee, next of kin, or heir-at-law of a deceased person or as *cestui que trust* or as claiming by assignment or otherwise under any such creditor or other person as aforesaid may take out an originating summons for such relief of the nature or kind following, as may be specified in the summons and as the circumstances may require, that is to say, the determination, without an administration by the Court of the estate or trust, of any of the following questions or matters so far as the same arise in the course of the administration or performance of such estate or trust:

<div style="float:right">Originating summons to deal with matters arising out of trusts</div>

    (*a*)   any question affecting the rights or interests of the person claiming to be creditor, devisee, legatee, next of kin, or heir-at-law, or *cestui que trust*;

    (*b*)   the ascertainment of any class of creditors, legatees, devisees, next of kin, or others;

    (*c*)   the furnishing of any particular accounts by the executors or administrators or trustees, and the vouching (when necessary) of such accounts;

    (*d*)   the payment into Court of any money in the hands of the executors or administrators or trustees;

    (*e*)   directing the executors or administrators or trustees to do or abstain from doing any particular act in their character as such executors or administrators or trustees;

    (*f*)   the approval of any sale, purchase, compromise, or other transaction;

    (*g*)   the determination of any question arising in the administration of the estate or trust.

<div style="float:right">O. 30</div>

**13.** Any of the persons named in the last preceding rule may in like manner apply for and obtain an order for-

<div style="float:right">Order for administration of estate of deceased, and of trust</div>

    (*a*)   the administration of the personal estate of the deceased;

    (*b*)   the administration of the real estate of the deceased;

    (*c*)   the administration of the trust;

    (*d*)   any act to be done or step to be taken which the Court could have ordered to be done or taken if any such administration order as aforesaid had previously been made.

**14.** Any mortgagee or mortgagor, whether legal or equitable, or any person entitled to or having property subject to a legal or equitable charge, or any person having the right to foreclosure or redeem any mortgage, whether legal or equitable, may take out as of course an originating summons, returnable in the chambers of a Judge for such relief of the nature or kind following as may by the summons be specified, and as the circumstances of the case may require; that is to say-

<div style="float:right">Originating summons for foreclosure</div>

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Payment of moneys secured by the mortgage or charge;

Sale;

Foreclosure;

Delivery of possession (whether before or after foreclosure) to the mortgagee or person entitled to the charge by the mortgagor or person having the property subject to the charge or by any other person in, or alleged to be in possession of the property;

Redemption;

Reconveyance;

Delivery of possession by the mortgagee.


## II-*Applications in Court*


**15.**    Where any application is authorised to be made to the Court or a Judge, such application, if made to a Judge in Court, shall be made by motion.

*Application by motion*

**16.**    Unless the Court or a Judge give special leave to the contrary, there must be at least four clear days between the service of a notice of motion and the day named on the notice for hearing the motion.

*Length of notice of motion*

**17.**    There shall be served with the notice of motion a copy of any affidavit on which the party moving intends to rely at the hearing of such motion.

*Copy of affidavit to be served with notice*

**18.**    If, at the hearing of the motion, the Court or a Judge shall be of opinion that any person to whom notice has not been given ought to have or to have had such notice, the Court or a Judge may either dismiss the motion, or adjourn the hearing thereof in order that such notice may be given, upon such terms as to the Court or a Judge may seem fit.

*O. 30, 31*
*Where all parties not served*

**19.**    The plaintiff may, by leave of the Court or a Judge, cause any notice of motion to be served upon a defendant with the writ of summons.

*Service with writ of summons*

**20.**    Oral evidence shall not be heard in support of any motion unless by leave of the Court or a Judge.

*Oral evidence*

**21.**    In addition to or in lieu of affidavits, the Court or a Judge may, if it or he thinks expedient, examine any witness *viva voce*, or receive documents in evidence, and may summon any person to attend to produce documents, or to be examined or cross-examined, in like manner as at the hearing of a suit.

*Evidence in addition to or in lieu of affidavits*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**22.** Such notice as the Court or a Judge, in each case according to the circumstances, considers reasonable shall be given to the persons summoned, and to such persons (parties to the cause or matter or otherwise interested) as the Court or a Judge considers entitled, to inspect the documents to be produced, or to examine the persons summoned, or to be present at their examination, as the case may be.

Notice to parties

**23.** The evidence of a witness, on examination, shall be taken in like manner, as nearly as may be, as at the hearing of a suit.

Evidence, how taken

**24.** Upon the hearing of any motion, the Court or a Judge may, on such terms as it or he may deem fit, allow any affidavit to be used, although such affidavit has not been served on the opposite side with the notice of motion.

Affidavit not filed with notice of motion

ORDER XXXI

PLACE AND MODE OF TRIAL AND SETTING DOWN FOR TRIAL

(*No.* 275 *of* 1959)

**1.** (1) Except where an order for summary trial has been made, an order for directions in every action shall determine the place and mode of trial, but any order under this rule may be varied by a subsequent order of the Court or a Judge at any time at or before the trial.

Place and mode of trial

(2) In any action described under sub-rule (1), different questions, whether of fact or law, may be ordered to be tried at different places or by different modes of trial and one or more questions may be ordered to be tried before the others.

(3) The references in this Order to the summons for directions include references to any summons or application to which the provisions of Order XIX are applicable, with or without modifications.

O. 31

(*As amended by S.I. No.* 71 *of* 1997)

**2.** (1) Every order made in an action commenced by writ of summons, which provides for the mode of trial, shall provide for a period within which the plaintiff is to set down the action for trial.

Time within which to set down

(2) Where the plaintiff does not, within the period fixed under sub-rule (1), set the action down for trial, the defendant may set the action down for trial or may apply to the Court or a Judge to dismiss the action for want of prosecution, and on the hearing of any such application, the Court or a Judge may order the action to be dismissed accordingly or may make such other order as the Court or a Judge may seem just.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(3)  Every order in an action described in sub-rule (1) which provides for the mode of trail shall contain an estimate of the length of the trial.

(*As amended by S.I. No.* 71 *of* 1997)

**3.** (1)  In order to set down for trial an action commenced by writ of summons, the party setting it down shall deliver to the proper
officer a request that the action may be set down for trial at the place specified in the order made on the summons for directions, together with two bundles (one for the use of the Judge and the other, which may be a carbon copy, to serve as the record) each consisting of one copy each of the following documents:

Lodging documents when setting down for trail

(*a*)    the writ;

(*b*)    all the pleadings (including affidavits ordered to stand as pleadings);

(*c*)    all inter-locutory orders, together with one copy of any requests or orders for particulars and one copy of any particulars given;

(*d*)    any interrogatories with the answers thereto;

(*e*)    copies of settled issues under Order XXII; and

(*f*)    any other documents likely to be required by the Judge and not otherwise referred to in this sub-rule.

(2)  Each of the bundles referred to in sub-rule (1) shall-

(*a*)    be bound up in book form in chronological order;

(*b*)    have the pages thereof serially numbered;

(*c*)    contain a complete index of the contents therof; and

(*d*)    have endorsed on a backsheet thereon the title of the action together with the names, addresses and telephone numbers of the advocates for the parties, or, in the case of a party who has no advocate, of the party himself.

O. 31

(3)  The original bundles referred to in sub-rule (1) (which shall serve as the record) shall bear the receipt number of the fees paid on setting down such action for trial.

(4)  Where a new trial becomes necessary in the case of action commenced by a writ of summons, the procedure for the setting down the action for the new trial shall be that specified in sub-rule (1), (2) and (3) except that-

(*a*)    the bundle referred to in sub-rule (1) (which is to serve as the record) shall be bespoken from the person in whose custody it is and sent to the proper officer; and

(*b*)    there shall be delivered, along with the request that the action be set down, a backsheet with the title of action thereon, and the names, addresses and telephone numbers of the advocates for the parties, or, in the case of a party who has no advocate, of the party himself, duly endorsed with the amount of the fee payable on setting down the action for the new trial.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(5)  In this rule, "proper officer" means-

(*a*)  in relation to an action to be set down at the Principal Registry for trial, the Registrar, Deputy Registrar, or the Assistant Registrar in charge of civil actions;

(*b*)  in relation to an action to be set down at a District Registry for trial, the District Registrar or the Assistant Registrar in charge of civil actions.

(*As amended by S.I. No. 71 of 1997*)

**4.**    Except for cases involving constitutional issues or the liberty of an individual or an injunction or where the trial Judge considers the case to be unsuitable for referral, every action may, upon being set down for trial, be referred by the trial Judge for mediation and where mediation fails the trial Judge shall summon the parties to fix a hearing date. The referral order shall be in form 28A in the First Schedule.

(*As amended by S.I. No. 71 of 1997*)

Reference to mediation

**5.**    There shall be kept by the mediation officer or proper officer a list of mediators who have been trained and certified by the court to act in this capacity with the field or fields of bias or experience indicated against each of their names. The mediators shall be of not less than seven years working experience in their respective fields.

(*As amended by S.I. No. 71 of 1997*)

List of mediators

**6.**    The mediator shall sign for and collect from the mediation office or proper officer the record referred to under sub-rule (3) of rule 3 of this Order.

(*As amended by S.I. No. 71 of 1997*)

O. 31
Collection of records by mediator

**7.**    The mediator shall, soon after collecting the record, contact the parties and give them the date, time and venue of the mediation and shall, not more than sixty days from the date of collecting the record, complete the mediation process.

(*As amended by S.I. No. 71 of 1997*)

Conductor of mediator

**8.**    The parties shall appear in person at the mediation. If they are represented, their advocates shall accompany them. If a party is a corporation, partnership, governmental agency, or entity other than an individual, an officer or director of sufficient rank to settle the matter shall attend.

(*As amended by S.I. No. 71 of 1997*)

Appearance before mediator

**9.**    At the commencement of the mediation, the mediator shall read and explain to the parties the statement of understanding on the role of the mediator in form 28B in the First Schedule set out in the Appendix to these Rules, and shall require the parties to sign the form.

(*As amended by S.I. No. 71 of 1997*)

Statement of understanding on role of mediator

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**10.**    The mediator shall not be required to keep a record of the mediation proceedings and any document prepared by the mediator during the proceedings shall, where the mediation fails, be destroyed at the end of the mediation process in the presence of the parties. Statements made during mediation are confidential and privileged, and shall not be used as evidence in any matter. The mediator shall not communicate with any trial Judge about the mediation.

*Record of mediation*

*(As amended by S.I. No. 71 of 1997)*

**11.**    (1)  If the mediation fails, the mediator shall not more than ten days after the close of the mediation proceedings, return the record to the mediation office or proper officer with a report in form 28C in the First Schedule to these Rules, stating that the mediation has failed.

*Return of records to mediation office or proper officer*

(2)  The mediation officer or proper officer shall, not more than seven days after receipt of the report referred to in sub-rule (1), submit the record to the trial Judge who shall, not more than fourteen days after receipt of the record from the mediation officer or proper officer summon the parties in terms of rule 5.

*(As amended by S.I. No. 71 of 1997)*

**12.**    A mediation settlement in form 28D in the First Schedule to these Rules shall be signed by the parties and the mediator and registered under Order XXXVII, rule 1, and shall have the same force and effect for all purposes as a judgement, order or decision and be enforced in the like manner.

*Registration of Mediation Settlement O. 31, 32*

*(As amended by S.I. No. 71 of 1997)*

**13.**    There shall be paid to the mediator a mediation fee as agreed between the parties and the mediator which shall be paid by the parties in equal proportions at the time of lodging documents for trial:

*Mediator fee*

Provided that where the parties and the trial judge fail to agree on the fee, the fee shall be referred to the trial judge for determination.

*(As amended by S.I. No. 71 of 1997)*

**14.**    No appeal shall lie against a registered mediated settlement.

*No appeal against settlement*

*(As amended by S.I. No. 71 of 1997)*

ORDER XXXII

*(No. 76 of 1962)*

RECORDING OF PROCEEDINGS

**1.**    In this Order, unless the context otherwise requires-

*Interpretation*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

"official shorthand writer", "official recording apparatus operator" and "official transcriber" mean a shorthand writer, a recording apparatus operator and a transcriber regularly employed by the Judicature, as the case may be;

"record of proceedings" means a record made in terms of rule 2 or 3;

"recording apparatus" includes any mechanical, electrical, magnetic, electronic or other apparatus whereby speech may be recorded in a form capable of subsequent audible reproduction;

"Registrar" includes Deputy Registrar, District Registrar, Assistant Registrar and Deputy Assistant Registrar;

*(3)"shorthand" includes palantyping or any other system of visible recording of words, other than longhand writing, authorised by the order of the Chief Justice for the recording of proceedings in accordance with this Order;

* Palantype, Pitman's shorthand and Gregg's shorthand authorised by G.N. No. 77 of 1962

"shorthand writer" includes an operator of palantype or other authorised apparatus whereby words may be recorded in shorthand;

"transcriber" means a person who-

(*a*) operates any apparatus for the audible reproduction of a record of proceedings made by recording apparatus; or

*Palantype, Pitman's shorthand and Gregg's shorthand authorised by G.N. No. 77 of 1962.

(*b*) reads any shorthand record of proceedings and transcribes such record into a typewritten or other longhand copy of such record.      O. 32

(*As amended by S.I. No.* 71 *of* 1997)

**2.** (1)  In every cause or matter a record of the oral evidence shall, at the discretion    Recording of evidence
of the presiding Judge or Registrar, be made in longhand by the presiding Judge or
Registrar or in shorthand by such Judge or Registrar or by an official or other shorthand
writer, or by means of recording apparatus.

(2)  No formal direction by the presiding Judge or Registrar as to the manner of
making such record shall be required, except where such record is to be made in
shorthand or by means of recording apparatus by a person other than the presiding Judge
or Registrar or an official shorthand writer or official recording apparatus operator.

(3)  Every such record made in longhand or shorthand shall be made in the English
language:

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Provided that the presiding Judge or Registrar may direct that the whole or any part of the evidence shall be recorded as well in any other language employed by a witness.

(4)  Every such record made in longhand or in shorthand by a person other than the presiding Judge or Registrar shall be verbatim showing separately each question and the answer thereto.

(5)  Every such record made in longhand or in shorthand by a person other than the presiding Judge or Registrar shall be certified by the writer or shorthand writer who made it to be a true record and such certificate shall be signed and dated by the person who shall make it.

(6)  Every such record made by means of recording apparatus shall be labelled and made secure in the manner directed by the Registrar, by the recording apparatus operator who made it.

(7)  (*a*)  Unless the presiding Judge or Registrar shall otherwise direct, every record of evidence made in shorthand shall be placed in the docket containing the papers relating to the case of which it is a record.

(*b*)  Every record of evidence made by means of recording apparatus, together with any notes thereon, made by a recording apparatus operator shall be filed in accordance with directions given by the Registrar.

**3.**     In every cause or matter, any part of the proceedings other than the oral evidence may, at the discretion of the presiding Judge or Registrar, be recorded in the manner set out in the last preceding rule in so far as the same is applicable, or by the presiding Judge or Registrar making a note in longhand or shorthand, of that part of the proceedings not so recorded. | Recording of proceedings O. 32

**4.**  (1)  No transcript shall be made of a record of proceedings made in shorthand or by means of recording apparatus except by the direction of the presiding Judge or the Registrar: | Transcription of record of proceedings

Provided that such direction shall not be required where application is made-

(i)     by the Attorney-General for a copy of the record of any criminal proceedings;

(ii)    by the Attorney-General for a copy of the record of any matrimonial proceedings; or

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

    (iii)    by any party to a cause or matter for a copy of the record of the proceedings in such cause or matter;

or where it is necessary for a transcript of the whole or any part of such record to be made for incorporation in a record of appeal for an appeal to the Supreme Court of Zambia in accordance with the rules of that Court.

    (2)  Every record of proceedings which shall be transcribed shall be certified by the transcriber to be a true and correct transcript and such certificate shall be signed and dated by the person who shall make it. A transcript so certified shall, subject to any amendment by the presiding Judge or Registrar, be deemed to be correct, and shall constitute part of the records of the Court.

<div align="center">(<em>As amended by S.I. No.</em> 63 <em>of</em> 1964 <em>and S.I. No.</em> 71 <em>of</em> 1997)</div>

    **5.**  (1)  Application may be made by any person to the Registrar for a transcript to be made of the record of the proceedings in any cause or matter and for a copy of such transcript, or for a copy of any transcript thereof previously made, and he shall state his reasons for such application. The Registrar may, subject to the directions of the presiding Judge, and shall, if the applicant was a party to the cause or matter, authorise the making of a transcript of such proceedings and the supply to the applicant of a copy thereof, or the supply of a copy of any previously existing transcript of such evidence, in either case upon payment of the prescribed fees by the applicant, except where the applicant shall be exempted from the payment of such fees as hereinafter provided. A party who was not exempted from the payment of such fees, shall pay the prescribed fee for making such transcript as well as the fee for the copy.

*Supply of copies of transcript and fees therefor*

    (2)  Any party to any criminal cause or matter at whose request a transcript of the record of proceedings therein is made and a copy thereof supplied, or a copy of any transcript of such proceedings previously made is supplied for the purpose of an appeal to the Supreme Court of Zambia, and who is a poor appellant within the meaning of the Legal Aid Act, shall be totally, or partially, exempted from payment of the prescribed fees for the making of the transcript or the supply of a copy thereof, or of any previously existing transcript, or both, according to the total or partial exemption of payment of fees of the Supreme Court granted to such party in accordance with the Legal Aid Act.

*O.32, 33
Cap. 34
Cap. 34*

<div align="center">(<em>As amended by S.I. No.</em> 63 <em>of</em> 1964 <em>and S.I. No.</em> 71 <em>of</em> 1997)</div>

    **6.**  (1)  Every official shorthand writer, official recording apparatus operator or official transcriber shall be deemed to be an officer of the Court and shall, before entering on his duties, take before the Registrar an oath or affirmation in the appropriate form prescribed in the Fourth Schedule.

*Oaths*

    (2)  Every shorthand writer, recording apparatus operator or transcriber, other than an official shorthand writer, official recording apparatus operator or official transcriber, shall be a person approved by the presiding Judge or Registrar for employment in recording or transcribing the proceedings in a particular cause or matter and shall for that purpose be deemed to be an officer of the Court. Every such shorthand writer, recording apparatus operator or transcriber shall, before entering on his duties, take before the Registrar an oath or affirmation in the appropriate form prescribed in the Fourth Schedule.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

## ORDER XXXIII

### POSTPONEMENT OF HEARING

**1.**    The Court may postpone the hearing of any civil cause or matter, on being satisfied that the postponement is likely to have the effect of better ensuring the hearing and determination of the questions between the parties on the merits, and is not made for the purpose of mere delay. The postponement may be made on such terms as to the Court seem just.

*In what cases*

**2.**    Where such an application is made on the grounds of the absence of a witness, the Court shall require to be satisfied that his evidence is material, and that he is likely to return and give evidence within a reasonable time.

*Absence of witness*

**3.**    Where an application is made for the purpose of enabling the party applying to obtain the evidence of a witness resident out of the jurisdiction, the Court shall require to be satisfied that the evidence of the witness is material, and that he is permanently residing out of the jurisdiction, or does not intend to come within the jurisdiction within a reasonable time.

*Witness out of jurisdiction*

## ORDER XXXIV

*O. 34, 35*

### ORDER OF BUSINESS

**1.**    Subject to the provisions of the Act and these Rules, the Court may, in its discretion, appoint any day or days, from time to time, for the hearing of causes and matters, as circumstances require.

*Days of sittings*

(*As amended by No.* 309 *of* 1960)

**2.**    Subject to special arrangements for any particular day, the business of the day shall be taken, as nearly as circumstances permit, in the following order:

*Order of business at sittings*

(*a*)    Judgments standing over for delivery;

(*b*)    *Ex parte* motions;

(*c*)    Motions on notice, and arguments on showing cause against orders;

(*d*)    Civil causes and matters for hearing.

The above shall be taken in the order in which they stand in the lists, unless the Court sees fit to vary the order.

## ORDER XXXV

### NON-ATTENDANCE OF PARTIES AT HEARING

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**1.**   Where a civil cause on the cause list has been called, if neither party appears, the Court shall, unless it sees good reason to the contrary, strike the cause out of the cause list.

*Non-appearance of both parties*

**2.**   If the plaintiff does not appear, the Court shall, unless it sees good reason to the contrary, strike out the cause (except as to any counter-claim by the defendant), and make such order as to costs, in favour of any defendant appearing, as seems just:

*Of plaintiff*

Provided that, if the defendant shall admit the cause of action to the full amount claimed, the Court may, if it thinks fit, give judgment as if the plaintiff had appeared.

**3.**   If the plaintiff appears, and the defendant does not appear or sufficiently excuse his absence, or neglects to answer when duly called, the Court may, upon proof of service of notice of trial, proceed to hear the cause and give judgment on the evidence adduced by the plaintiff, or may postpone the hearing of the cause and direct notice of such postponement to be given to the defendant.

*Of defendant*

**4.**   Where the defendant to a cause which has been struck out under rule 2 has a counter-claim, the Court may, on due proof of service on the plaintiff of notice thereof, proceed to hear the counter-claim and give judgment on the evidence adduced by the defendant, or may postpone the hearing of the counter-claim and direct notice of such postponement to be given to the plaintiff.

*Counter-claim where plaintiff does not appear*
*O. 35, 36*

**5.**   Any judgment obtained against any party in the absence of such party may, on sufficient cause shown, be set aside by the Court, upon such terms as may seem fit.

*Setting aside of judgment made in absence of party*

**6.**   Any civil cause struck out may, by leave of the Court, be replaced on the cause list, on such terms as to the Court may seem fit.

*Relisting of cause struck out*

## ORDER XXXVI

### JUDGMENT

**1.**   The decision or judgment in any suit shall be delivered in open court, unless the Court otherwise directs.

*Delivery of judgment*

**2.**   If the Court reserves judgment at the hearing, parties to the suit shall be served with notice to attend and hear judgment, unless the Court, at the hearing, states the day on which judgment will be delivered, in which case there shall be no further notice.

*Notice when reserved*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

3.    All parties shall be deemed to have notice of the decision or judgment, if pronounced at the hearing, and all parties served with notice to attend and hear judgment shall be deemed to have notice of the judgment when pronounced.

*When parties deemed to have notice*

4.    A minute of every judgment, whether final or interlocutory, shall be made, and every such minute shall be a decree of the Court, and shall have the full force and effect of a formal decree. The Court or a Judge may order a formal decree to be drawn up on the application of either party.

*Minute of judgment: its effect. First Schedule, Form 33*

5.    If the defendant shall have been allowed to set off any demand or counter-claim against the claim of the plaintiff, the judgment shall state what amount, if any, is due to the plaintiff, and what amount, if any, is due to the defendant, and shall be for the recovery of any sum which shall appear to be due to either party. The judgment with respect to any sum awarded to the defendant shall have the same effect and be subject to the same rules as if such sum had been claimed by the defendant in a separate suit against the plaintiff.

*Where set-off allowed*

6.    A person directed by a decree or order to pay money or do any other act is bound to obey the decree or order without any demand for payment or performance, and, if no time is therein expressed, he is bound to do so immediately after the decree or order has been made (except as to costs, the amount whereof may require to be ascertained by taxation), unless the time shall be enlarged by any subsequent order.

*Decree to be obeyed without demand*

7.    The Court or a Judge, at the time of making any judgment or order, or at any time afterwards, may direct the time within which the payment or other act is to be made or done, reckoned from the date of the judgment or order, or from some other point of time, as the Court or a Judge thinks fit.

*O. 36, 37*
*Court may direct time for payment or performance*

8.    Where a judgment or order is for a sum of money, interest shall be paid thereon at the average of the short-term deposit-rate per annum prevailing from the date of the cause of action or writ as the court or judge may direct to the date of judgment

*Rate of interest*

(*As amended by S.I. No.* 71 *of* 1997)

9.    Where any judgment or order directs the payment of money, the Court or a Judge may, for any sufficient reason, order that the amount shall be paid by installments, with or without interest. The order may be made at the time of giving judgment, or at any time afterwards, and may be rescinded or varied upon sufficient cause, at any time. The order shall state that, upon the failure of any installment, the whole amount remaining unpaid shall forthwith become due:

*Payment by installments and stay of execution*

Provided that where there is a default in paying any one installment, there shall be no order for stay of execution on the balance.

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**10.** Except as provided for under rule 9, the Court or Judge may, on sufficient grounds, order stay of execution of judgment.

*Register of execution*

(*As amended by S.I. No.* 71 *of* 1997)


## ORDER XXXVII

### RECORDING OF JUDGMENTS

(*No.* 309 *of* 1960)


**1.** Every judgment entered at any Registry of the High Court for a fixed or liquidated sum of money shall be recorded by the proper officer in the Judgments Register which shall be kept there. Any other judgment or order shall be recorded in the Civil Causes Register.

*Register of judgments*

**2.** Subject as hereinafter provided by this rule, every Judgments Register and the Judgments Section of every Civil Causes Register shall be open for personal inspection during the hours in which a Registry is open to the public.

*Judgment Registers open to inspection*

**3.** Where it is desired to make a personal search of the Judgments Register or of the Judgments Section of the Civil Causes Register for entries against a named person, the applicant shall first lodge at the Registry in which a search is to be made a form of application in the prescribed form and shall pay the fees prescribed.

*Individual searches First Schedule, Form 50*

**4.** When it is desired to make general searches, during any calendar year, of the Judgments Register in any Registry of the High Court for entries against any number of unspecified judgment debtors, the applicant shall first apply to the Registrar of the High Court in the prescribed form and, on payment of the prescribed fee, the Registrar of the High Court shall issue or cause to be issued to such applicant a form of permit in the prescribed form. The production of such form of permit signed by the Registrar shall be sufficient authority to make general searches of the Judgments Registers kept in each Registry during the period specified in such permit and at times when such Registers are open for public inspection.

*O. 37, 38 General searches First Schedule, Forms 51 and 52*

**5.** Where any judgment entered in a Judgments Register or a Civil Causes Register has been set aside, varied or reversed, the Registrar shall insert or cause to be inserted in the Judgments Register or Civil Causes Register, as the case may be, a note to that effect against the record of such judgment.

*Judgments set aside, varied or reversed*

**6.** Where any judgment entered in a Judgments Register or a Civil Causes Register has been wholly satisfied or complied with, the Registrar shall, on an application in writing made by any party to the action in which the judgment was entered, and upon proof of the satisfaction thereof, insert or cause to be inserted in the Judgments Register or Civil Causes Register, as the case may be, a note to that effect against the record of such judgment.

*Judgments satisfied*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

ORDER XXXVIII

(*No.* 309 *of* 1960)

THE AFFILIATION AND MAINTENANCE OF CHILDREN ACT

I-INTERPRETATION

**1.**   In this Order, unless the context otherwise requires-

Interpretation.

"the Act" means the Affliation and Maintenance of Children Act

Cap. 64

"proper officer" means-

(*a*)    in the case of the High Court, the officer designated by the Registrar for the purposes of the provision of the Act in which the expression occurs: and

(*b*)    in the case of a subordinate court, the clerk of that court;

"register" means the register kept for the purposes of the Act.

(*As amended by S.I. No.* 71 *of* 1997

II-PROCEDURE UNDER PART V OF THE ACT

O. 38

**2.**   (1)  An application for the registration of a maintenance order in a subordinate court may be made-

Registration of orders

(*a*)    on the making of the maintenance order, or an order varying the maintenance order; or

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(*b*)   at any time by lodging with the proper officer an affidavit by the applicant, together with a copy thereof, stating-

    (i)   the address and occupation of the person liable to make payments under the order;

    (ii)   the date of service of the order on the person liable to make payments thereunder or, if the maintenance order has not been served, the reason why service has not been effected;

    (iii)   the reason why registration of the order in a magistrate's court is desired;

    (iv)   the amount of any arrears due to the applicant under the order;

    (v)   that the order is not already registered under the Act; and

    (vi)   whether any proceedings are pending, or any writ, warrant or other process is in force, for the enforcement of the order.

(2)  Where the application is granted-

(*a*)   the applicant shall, if he has not already done so, lodge with the proper officer a certified copy of the maintenance order;

(*b*)   no proceedings shall be begun, and no writ, warrant or other process shall be issued for the enforcement of the maintenance order before the registration of the order or before the expiration of fourteen days from the grant of the application, whichever first occurs;

(*c*)   the proper officer shall, on being satisfied within the said period of fourteen days that no such proceedings or process begun or issued before the grant of the application remain pending or in force, submit a certified copy of the order endorsed with the note that the application has been granted, together with a copy of any affidavit lodged under sub-rule (1), to the clerk of the subordinate court for the District in which the person liable to make payments under the order appears to be;

(*d*)   on receipt of notice that the order has been duly registered in the subordinate court, the proper officer shall enter particulars of the registration in the court minutes.

(3)  On receipt of a certified copy of a subordinate court order sent to him pursuant to the Act, the proper officer shall cause the order to be registered in the High Court by filing the copy and making an entry in the register, and shall send notice to the clerk of the subordinate court that the order has been duly registered.

O. 38

(*As amended by S.I. No.* 71 *of* 1997)

**3.**  (1)  Where the High Court makes an order varying or discharging an order registered in a subordinate court, the proper officer shall send a certified copy of the original order to the clerk of the subordinate court.

Variation or discharge of registered order

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(2)   Where a certified copy of an order varying a High Court order registered in a subordinate court is received from the clerk of the subordinate court, the proper officer shall file the copy and enter particulars of the variation in the places in which particulars of the registration are required by paragraph (*a*) sub-rule (2), rule 2 to be entered.

(3)   Where a subordinate court varies or refuses to vary a High Court order registered in the subordinate court, an appeal from the variation or refusal shall lie to a Judge of the High Court, and shall be heard by the Judge in chambers or in a court as he shall direct.

(4)   Where a certified copy of an order varying or discharging a subordinate court order registered in the High Court is received from the clerk of the subordinate court, the proper officer shall-

(*a*)    file the copy; and

(*b*)    enter particulars of the variation or discharge in the register.

(*As amended by S.I. No.* 71 *of* 1997)

**4.** (1)  If a person entitled to receive payments under an order registered in the High Court desires the registration to be cancelled, he may give notice under sub-section (1) of *twenty-four* of the Act by notifying the proper officer.

Cancellation of registration

(2)   Where the High Court, on varying or discharging an order registered in a subordinate court, decides to give notice under sub-section (2) of the section *twenty-four* of the Act, the proper officer shall endorse the notice on the certified copy referred to in sub-rule  (1) of rule 3.

(3)  Where notice is given under section *twenty-four* of the Act in respect of an order registered in the High Court, the proper officer, on being satisfied by an affidavit by the person entitled to receive payments under the order that no process for the enforcement of the order issued before the giving of the notice remains in force, shall-

(*a*)    cancel the registration by entering particulars of the notice in the register; and

O. 38

(*b*)    send notice of the cancellation to the clerk of the subordinate court by which the order was made, stating that the cancellation is in consequence of a notice given under subsection (1) of section *twenty-four*.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(4)   Where notice is received from the clerk of a subordinate court that the registration of an order in the High Court has been cancelled, the proper officer shall enter particulars of the cancellation in the places in which particulars of the registration are required by paragraph (*a*), sub-rule (2) of rule 2.

(*As amended by S.I. No.* 71 *of* 1997)

**5.** (1)   An application for an attachment of earnings order by a person entitled to receive payments under a maintenance order shall be made to the Court or a Judge by summons and the respondent to the application (in this Part called the defendant) shall be the person liable to make payments under the maintenance order.

Application for attachment of earnings order

(2)   Where a maintenance order has been registered and has been entered under its cause number and title, any application for an attachment of earnings order shall be made by summons.

(3)  The summons shall be supported by an affidavit by the applicant stating-

(*a*)    particulars of the maintenance order;

(*b*)    the date of the service of the maintenance order on the defendant or, if the maintenance order has not been served, the reason why service has not been effected;

(*c*)    the amount of any arrears due to the applicant under the maintenance order;

(*d*)    particulars of any proceedings which have been taken for the enforcement of the maintenance order;

(*e*)    the name and address of any person believed to be the defendant's employer;

(*f*)    any of the following particulars relating to the defendant as are known to the applicant:

(i)    his full name and address;

(ii)   his age;

(iii)  his place of work;

(iv)  the nature of his work;

(*g*)    any other facts relevant to the means of the defendant as are known to the applicant.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(4)  Unless otherwise directed, the summons, together with a copy of the affidavit in support, shall be served on the defendant, either by way of personal service or by post letter sent to the address shown on the original order or the last known address of the defendant, at least fourteen days before the return date; and the defendant may, within ten days after service, file an affidavit in answer and in that case shall deliver a copy of his affidavit to the applicant within twenty-four hours after filing it.

*(As amended by S.I. No.* 71 *of* 1997)

**6.**  An order made under sub-section (1) of section *thirty-four* of the Act (which empowers the Court to order a defendant to give particulars for the purpose of enabling him to be identified) may specify any of the particulars referred to in paragraph (*f*), sub-rule (3) of rule 5 and an attachment of earnings order shall contain such of those particulars as are known to the Court.

*(As amended by S.I. No.* 71 *of* 1997)

**7.**  (1)  An attachment of earnings order shall be in Form 34 set out in the First Schedule and when drawn up by the applicant or his advocate four copies thereof shall be furnished.

(2)  The Court shall cause a copy of every attachment of earnings order and of every order varying or discharging such an order to be served on the defendant and on the person to whom the attachment of earnings order is directed.

(3)  Service on a person other than a corporation shall be effected by sending the copy of the order to him at his last known place of residence or postal address, or, where he is the person to whom the attachment of earnings order is directed, at his place of business or the postal address thereof.

(4)  Service on a corporation shall be effected by sending the copy of the Order to the registered office of the corporation, or, if the corporation has no registered office, to any place where it resides or carries on business:

Provided that where the corporation has requested that any communication relating to the defendant or to the class or description of persons to which he belongs shall be directed to the corporation at a particular address, service may be effected at that address instead of at the registered office of the corporation or a place where it resides or carries on business.

*(As amended by S.I. No.* 71 *of* 1997)

**8.**  Where an attachment of earnings order ceases to have effect and the related maintenance order-

O. 38

Particulars

Form and service of order

Notice of cessation of order

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(*a*)   was made by the High Court and is not registered in a subordinate court under the Act;

(*b*)   was made by a subordinate court and is registered in the High Court under the Act; or

(*c*)   has ceased to be registered in the High Court under section *thirty-two* of the Act;

the proper officer shall give notice of the cessation to the person to whom the order was directed.

*(As amended by S.I. No.* 71 *of* 1997)

**9.** (1)   The officer to whom payment is directed to be made under an attachment of earnings order made by the High Court shall give notice where the arrears under the related maintenance order have been discharged by sending the notice in form 35 set out in the First Schedule to the person to whom he is required to pay sums received under the attachment of earnings order and to the defendant.

(2)   Where notice is given under sub-rule (1), the defendant may apply within fourteen days after the date of the notice, for an order discharging or varying the attachment of earnings order; and such an application shall be made to the Court or a Judge by summons returnable not less than four days after service on the person in whose favour the attachment of earnings order was made.

*(As amended by S.I. No.* 71 *of* 1997)

**10.** (1)   A person to whom an attachment of earnings order made by the High Court is directed shall give notice under sub-section (4) of section *thirty-three* of the Act (which relates to cases in which such a person is not the defendant's employer) by sending a notice in Form 36 in the First Schedule to the proper officer.

(2)   Where, on receipt of a notice under sub-rule (1), the Court discharges the attachment of earnings order in pursuance of sub-section (3) of section *thirty-two* of the Act, the Court shall cause the person in whose favour the order was made to be notified of the discharge.

*(As amended by S.I. No.* 71 *of* 1997)

**11.**   Where an attachment of earnings order has been made by the High Court, an application under subsection (1) of section *thirty-five* of the Act (which enables the Court to determine whether payments of a particular class or description are earnings) by the person to whom the order is directed by the defendant or by the person in whose favour the order was made (in this rule called the parties to the order) shall be made to the Court or a Judge by summons returnable not less than four days after service on the parties to the order other than the applicant.

*(As amended by S.I. No.* 71 *of* 1997)

O. 38

Appropriate variation

Notice of non-employment of defendant

Application for determination whether payments are earnings

ORDER XXXIX

REVIEW

O. 39, 40

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**1.**    Any Judge may, upon such grounds as he shall consider sufficient, review any judgment or decision given by him (except where either party shall have obtained leave to appeal, and such appeal is not withdrawn), and, upon such review, it shall be lawful for him to open and rehear the case wholly or in part, and to take fresh evidence, and to reverse, vary or confirm his previous judgment or decision:

Power of review

    Provided that where the judge who was seised of the matter has since died or ceased to have jurisdiction for any reason, another judge may review the matter.

(*As amended by S.I. No.* 71 *of* 1997)

**2.**    Any application for review of any judgment or decision must be made not later than fourteen days after such judgment or decision. After the expiration of fourteen days, an application for review shall not be admitted, except by special leave of the Judge on such terms as seem just.

Application within 14 days

**3.**    The application shall not of itself operate as a stay of execution unless the Judge so orders, and such order may be made, upon such terms as to security for performance of the judgment or decision or otherwise as the Judge may consider necessary. Any money in court in the suit shall be retained to abide the result of the motion or the further order of the Judge.

Application not a stay of proceedings

ORDER XL

COSTS

**1.**    Under the denomination of costs is included the whole of the expenses necessarily incurred by either party on account of any cause or matter, and in enforcing the decree or order made therein, such as the expenses of summoning and of the attendance of the parties and witnesses, and of procuring copies of documents, the fees of court, or the remuneration of referees or mediator.

What included in costs

(*As amended by S.I. No.* 71 *of* 1997)

**2.**    All questions relating to the amount of costs shall, unless summarily determined by the Court, be referred to a taxing officer, and, after notice of taxation to the parties, be ascertained by him.

How amount of costs determined

(*No.* 309 *of* 1960)

**3.** (1)  Any party to any taxation proceedings who is dissatisfied with the allowance or disallowance in whole or in part of any item by a taxing officer, or with the amount allowed by a taxing officer in respect of any item, may apply to the taxing officer to review his decision in respect of that item.

Application to taxing officer for review
O. 40

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(2)  An application under this rule for review of a taxing officer's decision may be made at any time within fourteen days after that decision or such shorter period as may be fixed by the taxing officer:

Provided that no application under this rule for review of a decision in respect of any item may be made after the signing of the taxing officer's certificate dealing finally with that item.

(3)  Every applicant for review under this rule shall at the time of making his application deliver to the taxing officer objections in writing specifying by a list the items or parts of items the allowance or disallowance of which, or the amount allowed in respect of which, is objected to and stating concisely the nature and grounds of the objection in each case, and shall deliver a copy of the objections to each other party (if any) who attended on the taxation of those items or to whom the taxing officer directs that a copy of the objections shall be delivered.

(4)  Any party to whom a copy of the objections is delivered under this rule may, within fourteen days after delivery of the copy to him or such shorter period as may be fixed by the taxing officer, deliver to the taxing officer answers in writing to the objections stating concisely the grounds on which he will oppose the objections, and shall at the same time deliver a copy of the answers to the party applying for review and to each other party (if any) to whom a copy of the objections has been delivered or to whom the taxing officer directs that a copy of the answers shall be delivered.

(*No.* 309 *of* 1960)

**4.**  (1)  Where an application is made under the last foregoing rule for a review of a decision of an Assistant Registrar empowered to tax bills of costs, the review shall be carried out by a taxing master; but, save as aforesaid, a review under the last foregoing rule shall be carried out by the taxing master to whom the taxation was originally assigned.

*Review by taxing master*

(2)  On reviewing any decision in respect of any item, a taxing master may receive further evidence and may exercise all the powers which he might exercise on an original taxation in respect of that item, including the power to award costs of and incidental to the proceedings before him; and any costs awarded by him to any party may be taxed by him and may be added to or deducted from any other sum payable to or by that party in respect of costs.

(3)  A taxing master who has reviewed a decision in respect of any item shall issue his certificate accordingly and, if requested to do so by any party to the proceedings before him, shall state in his certificate or otherwise in writing by reference to the objections to that decision the reasons for his decision on the review, and any special facts or circumstances relevant to it.

*O. 40*

(*No.* 309 *of* 1960)

**5.**  (1)  Any party who is dissatisfied with the decision of a taxing master to allow or to disallow any item in whole or in part on review under the two last foregoing rules, or with the amount allowed in respect of any item by a taxing master on any such review, may apply to a Judge for an order to review the taxation as to that item or part of an item.

*Review of taxing master's certificate by a Judge*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(2)  An application under this rule for review of a taxing master's decision in respect of any item may be made at any time within fourteen days after the taxing master's certificate in respect of that item is signed, or such longer time as the taxing master at the time when he signs the certificate, or the Court at any time, may allow.

(3)  An application under this rule shall be made by summons and shall, except where the Judge thinks fit to adjourn into court, be heard in chambers.

(4)  Unless the Judge otherwise directs, no further evidence shall be received on the hearing of an application under this rule, and no ground of objection shall be raised which was not raised on the review by the taxing master but, save as aforesaid, on the hearing of any such application the Judge may exercise all such powers and discretion as are vested in the taxing master in relation to the subject-matter of the application.

(5)  On an application under this rule the Judge may make such order as the circumstances require, and in particular may order the taxing master's certificate to be amended or, except where the dispute as to the item under review is as to amount only, order the item to be remitted to the same or another taxing master for taxation.

(*No.* 309 *of* 1960)

**6.**    The cost of every suit or matter and of each particular proceeding therein shall be in the discretion of the Court or a Judge; and the Court or a Judge shall have full power to award and apportion costs, in any manner it or he may deem just, and, in the absence of any express direction by the Court or a Judge, costs shall abide the event of the suit or proceeding:

*Costs in discretion of Court*

Provided that the Court shall not order the successful party in a suit to pay to the unsuccessful party the costs of the whole suit; although the Court may order the successful party, notwithstanding his success in the suit, to pay the costs of any particular proceeding therein.

**7.**    The Court or a Judge may, on the application of any defendant, if it or he sees fit, require any plaintiff in any suit, either at the commencement or at any time during the progress thereof, to give security for costs to the satisfaction of the Court or a Judge, by deposit or otherwise, or to give further or better security, and may require any defendant to give security, or further or better security, for the costs of any particular proceeding undertaken in his interest.

*O. 40, 41 Security for costs*

**8.**    Where the Court or a Judge orders costs to be paid, or security to be given for costs by any party, the Court or a Judge may, if it or he thinks fit, order all proceedings by or on behalf of that party in the same suit or proceeding, or connected therewith, to be stayed until the costs are paid or security given accordingly, but such order shall not supersede the use of any other lawful method of enforcing payment.

*Stay of proceedings pending payment or security for costs*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

9.   The Court or a Judge may order any costs to be paid out of any fund or property to which a suit or matter relates.

*Costs out of fund in suit*

10.   Upon taxation of costs, the taxing officer may, in determining the remuneration to be allowed, have regard, subject to any rule of court, to the skill, labour and responsibility involved. If, on having regard to the said matters, the taxing officer considers that there are special reasons why costs in excess of those laid down in the Schedule to the Practitioners (Costs) Order should be allowed in any cause or matter, he may, in respect of any particular application made or business done, allow such costs as seem to him reasonable.

*Discretion of taxing officer*
*S.I. No. 88 of 1980*

(*As amended by No.* 165 *of* 1950, *No.* 309 *of* 1960, *No.* 206 *of* 1964 *and No.* 92 *of* 1980)

11.   In taxation of costs between party and party, nothing shall be allowed in respect of fees paid to the Court beyond what was necessary having regard to the amount recovered on judgment.

*Taxation*

12.   A reference to a page in any provision relating to costs shall mean a sheet of A4 size.

*Definition of page*

(*As amended by S.I. No.* 105 *of* 1986 *and S.I. No.* 174 *of* 1990)

## ORDER XLI

### ENFORCEMENT OF ORDERS

1.   Any order of the Court or a Judge made in any civil cause or matter may be enforced in the same manner as a decree to the same effect.

*Orders in general*

2.   Any interlocutory order may be enforced by any of the methods applicable thereto by which a final order is enforceable.

*Interlocutory orders*

3.   If any party fails to comply with any order to answer interrogatories, or for discovery or inspection of documents, he shall be liable to attachment. He shall also, if a plaintiff, be liable to have his action dismissed for want of prosecution, and, if a defendant, to have his defence, if any, struck out, and to be placed in the same position as if he had not defended, and the party interrogating or requiring discovery or inspection of documents may apply to the Court or a Judge for an order to that effect, and an order may be made accordingly.

*O. 41, 42*
*Non-compliance with order for discovery*

(*No.* 106 *of* 1959)

4.   Interlocutory orders may also be enforced either in accordance with the provisions of Order XX (wherever applicable) or according to the following provisions:

*Staying proceedings and judgment by default*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

If a plaintiff in a suit makes default or fails in fulfilling any interlocutory order, the Court may, if it thinks fit, stay further proceedings in the suit until the order is fulfilled, or may give a judgment of non-suit against such plaintiff, with or without liberty of bringing any other suit on the same grounds of action, or may make such other order on such terms as to the Court shall seem fit;

If a defendant in any suit makes such default or failure, the Court may give judgment by default against such defendant, or make such other order as to the Court may seem just:

Provided that any such judgment by default may be set aside by the Court, upon such terms as to costs or otherwise as the Court may think fit.

(*As amended by No.* 106 *of* 1959)

ORDER XLII

EXECUTION

**1.** All property whatsoever, real or personal, belonging to a party against whom execution is to be enforced, and whether held in his own name or by another party in trust for him or on his behalf (except the wearing apparel and bedding of himself or his family and the tools and implements of his trade, if any, to the value of five hundred Kwacha or, in the case of a farmer, one million Kwacha) is liable to attachment and sale in execution of the decree.

*Property liable to execution. First Schedule Forms 41 and 43-47*

(*As amended by No.* 235 *of* 1958 *and S.I. No.* 71*of* 1997)

**2.** In the case of a judgment registered under the provisions of Part V of the Service of Process and Execution of Judgments Act, the form of a writ of execution shall be varied as follows:

*Form of writ of execution for use under the Service of Process and Execution of Judgments Act. Cap. 79 O. 42*

For the words "which said sum of money and interest were lately before the High Court for Zambia," etc., there shall be substituted the words "which said sum of money and interest were lately in .......... (describing the Court in which judgment was obtained)," etc., "and which judgment has been duly registered in the High Court for Zambia pursuant to Part V of the Service of Process and Execution of Judgments Act, and the further sum of K          for the costs of the said registration;"

and any warrant issued under any such writ of execution shall be varied in a similar manner.

(*No.* 275 *of* 1959)

**3.** On any levy on the property of any person to satisfy an order or judgment of Court for the payment of money, the real property of such person shall only be sold if the personal property is insufficient.

*Personal property first to be realised*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

4.   In any proceedings by way of elegit any inquisition shall be conducted without oath by the Sheriff, Deputy Sheriff or Under-Sheriff, sitting without a jury, but he may in his discretion sit with assessors, and shall have all the powers of the Court for the summoning of such assessors and payment of their proper fees and expenses, and the High Court may at the request of any party to any such proceedings issue subpoenas for the attendance of witnesses, for payment of whose fees and expenses the Sheriff, Deputy Sheriff or Under-Sheriff may at his discretion make provision by order against any party to such proceedings.

*Proceedings by way of elegit*

(*No.* 235 *of* 1958)

5.   (1)   Except by express leave of the Court or a Judge, a writ of execution in respect of a final judgment entered in default of appearance pursuant to the provisions of Order XII shall be issued only if, and shall not be issued unless-

*Issue of writ of execution*

(*a*)   a copy of the default judgment entered has been served on the defendant in accordance with the provisions of Order X; and

(*b*)   a period of seven days has elapsed since the date of service of the default judgment on the defendant.

(2)   In every case, the writ of execution shall not be issued, except by express leave of the Court or a Judge, until three days after the day of the date of the order or judgment, but if the Court or a Judge sees it fit, it or he may order immediate execution.

(*As amended by S.I. No.* 30 *of* 1984)

6.   No sale of goods taken in execution shall be made until the end of five days next after such goods were seized, unless such goods are perishable, or on the request of the party whose goods are seized. Where the property seized is of a value estimated to exceed fifty thousand kwacha, the sale shall be advertised at least once in a newspaper circulating in the district where the sale is to take place.

*Procedure on execution O. 42*

(*As amended by S.I. No.* 71 *of* 1997)

7.   (1)   In all cases the Sheriff, Under-Sheriff, bailiff or other person charged with the execution of any particular process shall render a return in Form 16 in the First Schedule within seven days after the execution thereof, whether in whole or in part, or after any payment to avoid such execution, specifying the extent to which such process shall have been executed or payment made, and, in the event of the same not being fully executed or payment in full not having been made at the expiration of the first and each succeeding month thereafter, he shall render a return in similar form specifying the reason or reasons why such execution is so incomplete.

*Return of writ*

(2)   Where the Sheriff, Under-Sheriff, bailiff or other person is charged with the execution of a warrant of commitment or committal, he shall render a return of due execution within seven days after the same shall have been carried into effect or payment or part payment made in lieu, and, in the event of the same not having been carried into effect or payment made as aforesaid at the expiration of fourteen days from the date of receipt thereof and each succeeding fourteen days thereafter, he shall render a return specifying the reason or reasons for such non-execution.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(3)   Any return required to be rendered under the foregoing sub-rules shall be rendered to the Court in duplicate, and the duplicate thereof shall thereupon be despatched by the proper officer to the party's Advocate or to the party himself if he is acting in person, as the case may be, who has required such process or warrant to be executed.

(*No.* 106 *of* 1959)

**8.**     When the Sheriff, Under-Sheriff, bailiff or other person is charged with the levying of an execution, he shall not enter into mere walking possession, nor delay the execution with a view to taking walking possession only, unless and until the person against whom such execution has been issued signs a request and authority for walking possession in Form 42 in the First Schedule.

Walking possession

(*No.* 106 *of* 1959)

**9.**     A writ of execution if unexecuted shall remain in force for one year only from its issue, unless renewed in the manner hereinafter provided; but such writ may, at any time before its expiration, by leave of the Court or a Judge, be renewed by the party issuing it for one year from the date of such renewal, and so on from time to time during the continuance of the renewed writ, either by being marked with a seal of the Court bearing the date of the day, month and year of such renewal, or by such party giving a written notice of renewal to the Sheriff, signed by the party or his advocate, and bearing the like seal of the Court; and a writ of execution so renewed shall have effect, and be entitled to priority, according to the time of the original delivery thereof.

Renewal of writ
O. 42

(*No.* 106 *of* 1959)

**10.**     The production of a writ of execution, or of the notice renewing the same, purporting to be marked with such seal as in the last preceding rule mentioned, showing the same to have been renewed, shall be sufficient evidence of its having been so renewed.

Evidence of renewal

(*No.* 106 *of* 1959)

**11.**     The Registrar may, at any time, take the direction of the Court or a Judge as to any application for execution, and, in the meanwhile, refuse to issue the writ.

Registrar may apply to Court for direction

**12.**     In the case of negotiable instruments or debts due to the judgment debtor and the like, the Registrar shall, when in doubt as to the mode of attachment, take the direction of the Court or a Judge.

Reference to Court for direction

**13.**     Where property attached is in the hands of a third party, notice of the attachment shall be served on such party, and, where such property consists of debts or of shares in a company, notice of the attachment shall be given to the debtor or to the company.

Attachment of property in the hands of other persons

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**14.**    Where directions have been given under rule 12, the Court shall have power to summon and examine all such persons as parties and witnesses respectively as it may consider necessary, and shall make such order releasing the property from the attachment, allowing or disallowing the claims of the third parties, and giving directions as to the costs of such inquiry, as it shall think fit, and such order shall be conclusive against all parties with notice thereof.

*Power to summon witnesses, etc.*

(*As amended by No.* 235 *of* 1958)

**15.**    Property in the custody or under the control of any public officer in his official capacity shall be liable to attachment in execution of a decree with the consent of the Attorney-General, and property *in custodia legis* shall be liable to attachment by leave of the Court or a Judge. In such cases, the order of attachment must be served on such public officer, or on the Registrar, as the case may be.

*Property in the custody of a public officer or in custodia legis*

**16.**    The Court may, at any time, issue a summons to the judgment debtor calling on him to appear and be examined respecting his ability to satisfy the judgment, as to the existence and value of his property and of any debts owing to him; and the judgment debtor may be examined as to the same upon oath.

*Power to examine judgment debtor as to means*

**17.**    The Court may also examine any other party or witness it may think fit respecting the matters mentioned in the last preceding rule, and may make interim orders, if necessary, for the preservation of any property available towards the discharge of the decree.

*Power to examine other witnesses*

ORDER XLIII

INTERPLEADER

(*No.* 218 *of* 1944)

O. 43

**1.**    Relief by way of interpleader may be granted:

(*a*)    Where the person seeking relief (in this Order called the application) is under liability for any debt, money, goods or chattels, for or in respect of which he is or expects to be, sued by two or more parties (in this Order called the claimants) making adverse claims thereto;

(*b*)    Where the applicant is a Sheriff or other officer charged with the execution of process by or under the authority of the Court, and claim is made to any money, goods or chattels taken or intended to be taken in execution under any process, or to the proceeds or value of any such goods or chattels by any person other than the person against whom the process is issued.

*When relief by interpleader granted*

**2.**    The applicant must satisfy the Court or a Judge by affidavit or otherwise-

(*a*)    that the applicant claims no interest in the subject-matter in dispute, other than for charges or costs; and

(*b*)    that the applicant does not collude with any of the claimants; and

(*c*)    that the applicant is willing to pay or transfer the subject-matter into Court or to dispose of it as the Court or a Judge may direct.

*Matters to be proved by applicant*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**3.** The applicant shall not be disentitled to relief by reason only that the titles of the claimants have not a common origin, but are adverse to and independent of one another.

*Adverse titles of claimants*

**4.** Where the applicant is a defendant in an action, application for relief may be made at any time after service of the writ of summons.

*When application to be made by a defendant*

**5.** The applicant may take out a summons calling on the claimants to appear and state the nature and particulars of their claims, and either to maintain or relinquish them.

*Summons by applicant*

**6.** If the application is made by a defendant in an action, the Court or a Judge may stay all further proceedings in the action.

*Stay of action*

**7.** If a claimant, having been duly served with the notice of the application, does not appear on the return day or having appeared neglects or refuses to comply with any order made after his appearance, the Court or a Judge may make an order declaring him, and all persons claiming under him, forever barred against the applicant, and persons claiming under him, but the order shall not affect the rights of the claimants as between themselves.

*Failure of claimant to appear or to obey order*
*O. 43, 44, 45*

**8.** If the claimants appear at the hearing of the application, the Court or a Judge may order either that any claimant be made a defendant in any action already commenced in respect of the subject-matter in dispute in lieu of or in addition to the applicant, or that an issue between the claimants be stated and tried, and in the latter case may direct which of the claimants is to be plaintiff, and which defendant.

*Order to be made at hearing of application*

**9.** The Court or a Judge may, in or for the purposes of any interpleader proceedings, give all such directions for the disposal of any issue including the delivery of any pleadings and other matters and may make all such orders as to costs as may be just and reasonable.

*Incidental orders and costs*

## ORDER XLIV

(*No.* 98 *of* 1958)

PROCEDURE ON APPLICATIONS UNDER COMPANIES ACT

**1.** The Rules of the Supreme Court of England in force immediately prior to the coming into effect of the Companies Act, 1948, of the United Kingdom, and the general practice therein as regards the procedure on applications under the Companies Act, 1929, of the United Kingdom, shall apply as far as circumstances may permit to all applications made under the Companies Act or any Act in amendment or substitution thereof, except if and so far as any such Act otherwise provides.

*Procedure*
*Cap. 388*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

ORDER XLV

REFERENCE TO ARBITRATION

**1.** If the parties to a suit are desirous that the matters in difference between them in the suit, or any of such matters, should be referred to the final decision of one or more arbitrator or arbitrators, they may apply to the Court or a Judge, at any time before final judgment, for an order of reference; and the Court or a Judge may, on such application, make an order of reference accordingly.

Order of reference

**2.** The arbitrators shall be nominated by the parties in such manner as may be agreed upon between them. If the parties cannot agree with respect to the nomination of the arbitrators, or if the persons nominated by them shall refuse to accept the arbitration, and the parties are desirous that the nomination shall be made by the Court or a Judge, the Court or a Judge shall appoint the arbitrators.

Appointment of arbitrators

**3.** The Court or a Judge shall, by an order under the seal of the Court, refer to the arbitrators the matters in difference in the suit which they may be required to determine, and shall fix such time as it or he may think reasonable for the delivery of the award, and the time so fixed shall be specified in the order.

O. 45
Form of order of reference

**4.** If the reference be to two or more arbitrators, provision shall be made in the order for a difference of opinion among the arbitrators, by the appointment of an umpire, or by declaring that the decision shall be with the majority, or by empowering the arbitrators to appoint an umpire, or otherwise as may be agreed upon between the parties; or, if they cannot agree, as the Court or a Judge may determine.

Appointment of umpire where necessary

**5.** When a reference is made to arbitration by an order of the Court or a Judge, the same process to the parties and witnesses whom the arbitrators or umpire may desire to have examined shall issue as in ordinary suits, and persons not attending in compliance with such process, or making any other default, or refusing to give their testimony, or being guilty of any contempt of the arbitrators or umpire during the investigation of the suit, shall be subject to the like disadvantages, penalties and punishments, by order of the Court, on the representation of the arbitrators or umpire, as they would incur for the same offences in suits tried before the Court.

Enforcing attendance of witnesses

**6.** When the arbitrators shall not have been able to complete the award within the period specified in the order, from want of the necessary evidence or information, or other good and sufficient cause, the Court or a Judge may, from time to time, enlarge the period for delivery of the award, if it or he shall think proper. In any case in which an umpire shall have been appointed, it shall be lawful for him to enter on the reference in lieu of the arbitrators, if they shall have allowed their time, or their extended time, to expire without making an award, or shall have delivered to the Court, or to the umpire, a notice in writing stating that they cannot agree:

Extension of time for making award

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Provided that an award shall not be liable to be set aside only by reason of its not having been completed within the period allowed by the Court or a Judge, unless on proof that the delay in completing the award arose from misconduct of the arbitrators or umpire, or unless the award shall have been made after the issue of an order by the Court or a Judge superseding the arbitration and recalling the suit.

**7.**    If, in any case of reference to arbitration by an order of the Court or a Judge, the arbitrators or umpire shall die, or refuse to act or become incapable of acting, it shall be lawful for the Court or a Judge to appoint a new arbitrator or arbitrators, or umpire, in the place of the person or persons so dying, or refusing to act or becoming incapable of acting. Where the arbitrators are empowered, by the terms of the order of reference, to appoint an umpire, and do not appoint an umpire, any of the parties may serve the arbitrators with a written notice to appoint an umpire; and, if, within seven days after such notice shall have been served, no umpire be appointed, it shall be lawful for the Court or a Judge, upon the application of the party having served such notice as aforesaid, and upon proof to its or his satisfaction of such notice having been served, to appoint an umpire. In any case of appointment under this rule, the arbitrators or umpire so appointed shall have the like power to act in the reference as if their names had been inserted in the original order of reference.

*Power of Court in case of death, incapacity or refusal to act*
*O. 45*

**8.**    The award shall contain a conclusive finding, and may not find on the contingency of any matter of fact being afterwards substantiated or deposed to. It shall comprehend a finding on each of the several matters referred.

*Finding to be positive*

**9.**    It shall be lawful for the arbitrators or umpire, upon any reference by an order of the Court or a Judge, if they think fit, and if it is not provided to the contrary, to state their award as to the whole or any part thereof in the form of a special case for the opinion of the Court.

*Special case for opinion of Court*

**10.**    The Court may, on the application of either party, modify or correct an award where it appears that a part of the award is upon matters not referred to the arbitrators, if such part can be separated from the other part, and does not affect the decision on the matter referred; or where the award is imperfect in form, or contains any obvious error which can be amended without affecting such decision.

*Court may modify or correct award*

**11.**    The Court may also, on the application of either party, make such order as it thinks just respecting the costs of the arbitration, if any question arise respecting such costs or their amount, and the award contain no sufficient provision concerning them.

*Power as to costs*

**12.**    In any of the following cases, the Court shall have power to remit the award, or any of the matters referred to arbitration, for consideration by the arbitrators or the umpire, upon such terms as it may think proper, that is to say:

*Power of Court to remit award for reconsideration*

(*a*)    If the award has left undetermined some of the matters referred to arbitration, or if it has determined matters not referred to arbitration;

(*b*)    If the award is so indefinite as to be incapable of execution;

(*c*)    If an objection to the legality of the award is apparent upon the face of the award.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**13.**    No award shall be liable to be set aside except on the ground of perverseness or misconduct of the arbitrator or umpire. Any application to set aside an award shall be made within fifteen days after the publication thereof.

*Setting aside award*

**14.**    If no application shall have been made to set aside the award, or to remit the same or any of the matters referred for reconsideration, or if the Court shall have refused any such application, either party may file the award in Court, and the award shall thereupon have the same force and effect for all purposes as a judgment.

*Filing award: effect of O. 45, 46*

ORDER XLVI

PROBATE AND ADMINISTRATION

I-*General*

**1.**    When it appears that any paper of a deceased person dying within the jurisdiction, being or purporting to be testamentary, is in the possession or under the control of any person, the Court or a Judge may, in a summary way, whether a suit or proceeding for probate or administration is pending or not, order him to produce the paper.

*Court may order production*

**2.**    Where it appears that there are reasonable grounds for believing that any person has knowledge of any paper being or purporting to be testamentary (although it is not shown that the paper is in his possession or under his control), the Court or a Judge may, in a summary way, whether a suit or proceeding for probate or administration is pending or not, order that he be examined respecting the same orally or on interrogatories, and that he do attend for that purpose, and, after examination, that he do produce the paper.

*Examination respecting testamentary papers*

**3.**    The Court may, of its own motion or on the application of any person claiming an interest under a will, give notice to the executors, if any, therein named, to come in and prove the will or to renounce probate, and they, or some one of them, shall, within fourteen days after notice, come in and prove or renounce accordingly.

*Notice to executor to come in and prove*

**4.**    Suits respecting probate or administration shall be instituted and carried on, as nearly as may be, in the like manner as suits in respect of ordinary claims.

*Form of suits*

**5.**    Where the whole estate of a person, whether testate or intestate, shall not exceed in value the sum of five hundred thousand kwacha, the husband, widow or next of kin, residing within the jurisdiction, may apply to the Registrar personally, or by letter, and the Registrar shall prepare the necessary papers to lead a grant of probate or letters of administration, as the case may be, to the estate of the deceased.

*Small estates*

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**6.**    The Registrar shall refuse to proceed with the application if he has reason to believe the estate exceeds the sum of five hundred thousand kwacha.

*Registrar may refuse application*

(*As amended by S.I. No.* 71 *of* 1997)

II-*Custody of Wills*

*O. 46, 47*

**7.**    Any person may, in his lifetime, deposit for safe custody in the Court his own will, sealed up under his own seal and the seal of the Court, and may, notwithstanding the provisions of rule 9, at any time withdraw such will.

*Testator may deposit will*

(*As amended by S.I. No.* 37 *of* 1964)

**8.**    Every original will of which probate or administration with will annexed is granted shall be filed and kept in the registry of the Court, in such manner as to secure at once the due preservation and convenient inspection of the same. A copy of every such will, and of the probate and administration, shall be preserved in the registry.

*Custody of wills of which probate granted*

**9.**    No original will shall be delivered out for any purpose without the direction in writing of the Court. An exemplification of the probate or administration with the will annexed may be obtained from the Court.

*Wills not given out without order of Court*

ORDER XLVII

CIVIL APPEALS

I-*Leave to Appeal*

**1.** (1)  Every appellant shall give security to the satisfaction of the subordinate court (hereinafter in this Order called "the court below"), either by deposit or by bond in Form 48 in the First Schedule, for payment of all such costs as may be awarded to any respondent by the Court. He shall also pay into the court below the amount of the expense of making up and transmission to the Court of the record of appeal. He shall also give notice of the appeal to all parties directly affected by the appeal, and to such others, as respondents, as the court below thinks fit to direct. If security, payment and notice are so given and made within one month after the application for conditional leave to appeal, and if application for final leave to appeal be filed in the court below not later than seven days after the expiration of such month, then and not otherwise the court below shall give final leave to appeal:

*Conditions of appeal*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Provided that-

(i)     the court below, in its discretion, may extend the time for the fulfilment of the conditions of appeal, or of the application for final leave to appeal;

(ii)    the court below may, in its discretion, on account of the poverty of an appellant, although such appellant may not have been formally admitted to sue or defend as a pauper, dispense with such security for costs.

(2)  Leave to appeal, if granted by the Court, under rule 4, shall be granted, *mutatis mutandis*, in accordance with the provisions of sub-rule (1).

O. 47

## II-*Limitation of Time for Appeals*

**2.**    After fourteen days from the date of any interlocutory decision, application for leave to appeal shall not be entertained.

From interlocutory orders

**3.**    After one month from the date of a final judgment or decision, application for conditional leave to appeal shall not be entertained by the court below.

From final judgments by leave of the court below

**4.**    After three months from the date of a final judgment or decision, application for conditional leave to appeal shall not be entertained by the Court.

From final judgments by leave of the Court

## III-*Execution or Suspension of Judgment Pending Appeal*

**5.**    An appeal shall not operate as a stay of execution or of proceedings under the judgment or decision appealed from, except so far as the court below or the Court may order, and no intermediate act or proceeding shall be invalidated, except so far as the court below may direct.

Appeal not to operate as stay of execution

## IV-*Grounds of Appeal*

**6.**    The appellant shall, within seven days after obtaining final leave to appeal, file in the court below the grounds of his appeal, and shall cause a copy of such grounds of appeal to be served on the respondent.

Grounds of appeal to be filed

**7.**    On the appellant failing to file the grounds of appeal within the prescribed time, he shall be deemed to have abandoned the appeal, unless the court below or the Court shall see fit to extend the time.

Effect of failure to file grounds of appeal

**8.**    The appellant may, at any time, by leave of the Court, amend or add to the grounds of his appeal.

Amendment of grounds of appeal

## V-*Transmission of Record*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

9.    On the expiration of fourteen days after final leave to appeal has been given, the court below shall, without the application of any party, make up the record of appeal, which shall consist of the writ of summons, the pleadings (if any), certified copies of all documents admitted as evidence or tendered as evidence and rejected, the notes of the evidence, the judgment or order of the court below and the grounds of appeal. The record of appeal, when completed, shall be forwarded to the Registrar.

*Contents of record of appeal*

10.    The court below shall not, except for some special cause, take upon itself the charge or the transmission of original letters or documents produced in evidence. These shall be returned to the parties producing them, and the parties must be prepared to produce the originals, if required by the Court, before or at the hearing of the appeal.

*O. 47*
*Production of original letters or documents*

VI-*Proceedings in the Court*

11.    After the record of appeal has been transmitted, until the appeal is disposed of, the Court shall be in possession of the whole proceedings as between the parties to the appeal. Every application in the proceedings shall be made to the Court, and not to the court below, but any application may be made through the court below:

*Control by Court while appeal pending*

Provided that, in cases of urgency, the court below may make any interim order to prevent prejudice to the claim of any party pending an appeal, but every such order may be discharged or varied by the Court.

12.    The Court may, where necessary, require security for costs or for performance of the orders to be made on appeal, in addition to what the court below has thought fit to direct, and may make any interim order or grant any injunction which the court below is authorised to make or grant, and which may be necessary.

*Additional security*

13.    If the appeal is from an interlocutory order, the Court shall not cause notice to be given to the parties of the day when the appeal shall be disposed of, unless, in the special circumstances, it thinks fit to do so; but, where a party to the appeal notifies to the Court his desire to attend, he shall be at liberty to do so, and to be heard, at such time as the Court directs.

*Notice to parties in interlocutory appeals*

14.    If the appeal is from a final judgment or decision, the Registrar shall give notice of the date of hearing, through the court below, to the parties to the appeal.

*Notice to parties in appeals from final judgments*

15.    (1)  If the appellant fails to appear, in person or by professional representative, when his appeal is called on for hearing, the appeal shall, on proof of service upon him of the notice of the hearing, stand dismissed with costs.

*Failure of appellant to appear*

(2)    When an appeal has been dismissed owing to the non-appearance of the appellant or his professional representative, the Court may, if it thinks fit, and on such terms as to costs or otherwise as it may deem just, direct the appeal to be re-entered for hearing.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**16.**    If the respondent fails to appear, in person or by professional representative, when the appeal is called on for hearing, the Court shall, on proof of the service upon him of notice of the hearing, proceed to hear the appeal *ex parte.*

*Failure of respondent to appear*

**17.**  (1)  Notwithstanding anything in rules 15 and 16 contained, if any party to the appeal is desirous that the appeal should be disposed of without his attendance, either in person or by his professional representative, he shall notify the court below, and the court below shall so inform the Registrar at the time of transmitting the record; and thereupon, if the Court sees fit, it may determine the appeal in the absence of that party.

*O. 47*
*Hearing in absence of parties*

(2)  If any party so notifies the court below, it shall not be necessary for the Registrar to give him notice of the date of hearing in accordance with rule 14.

**18.**    It is not open, as of right, to any party to an appeal to adduce new evidence in support of his original case; but, for the furtherance of justice, the Court may, where it thinks fit, allow or require new evidence to be adduced. A party may, by leave of the Court, allege any facts essential to the issue that have come to his knowledge after the decision of the court below, and adduce evidence in support of such allegations.

*New evidence on appeal*

**19.**    No interlocutory order from which there has been no appeal shall operate so as to bar or prejudice the Court from giving such decision upon the appeal as may seem just.

*Interlocutory order not to prejudice decision on appeal*

**20.**    The Court may, from time to time, make any order necessary for determining the real question in controversy in the appeal, and may amend any defect or error in the record of appeal, and may direct the court below to inquire into and certify its finding on any question which the Court thinks fit to determine before final judgment in the appeal, and, generally, shall have as full jurisdiction over the whole proceedings as if the proceedings had been instituted and prosecuted in the Court as a court of first instance, and may rehear the whole case, or may remit it to the court below to be reheard, or to be otherwise dealt with as the Court directs.

*General powers of Court*

**21.**    The Court shall have power to give any judgment and make any order that ought to have been made, and to make such further or other orders as the case may require, including any order as to costs. These powers may be exercised by the Court, notwithstanding that the appellant may have asked that part of a decision may be reversed or varied, and also be exercised in favour of all or any of the respondents or parties, although such respondents or parties may not have appealed from or complained of the decision.

*Power of Court to give any decision or make any order*

VII-*Enforcement of Judgments, Decrees or Orders on Appeal*

**22.**    Any judgment, decree or order given or made by the Court may be enforced by the Court or by the court below, according as the Court may consider most expedient and may direct.

*Execution to be as directed by the Court*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**23.**    When the Court directs any judgment, decree or order to be enforced by the court below, a certificate under seal of the Court and the hand of the presiding Judge setting forth the judgment, decree or order of the Court shall be transmitted by the Registrar to the court below, and the latter shall enforce the judgment, decree or order made by the Court in the terms of the certificate.

<div align="right">O. 47, 48<br>Execution by court<br>below in terms of<br>certificate</div>

## VIII-*Fees Payable*

**24.**    The fees prescribed in Part 2 of the Second Schedule shall be charged in respect of the matters to which they are respectively assigned, and shall be paid to the Registrar or the court below, as the case may be. The Court or the court below may, on account of the poverty of any party, although such party may not have been formally admitted to sue or defend as a pauper, or for other sufficient reasons, dispense, if it sees fit, with payment of any fees.

<div align="right">Fees</div>

## IX-Ex Parte *Orders*

**25.**    An appeal does not lie, except by special leave of the Court or of the court below, from an order made *ex parte.* Any person aggrieved by such an order may apply, by motion on notice to the other party, to the court by which it was made to vary or discharge it, and an appeal lies from the decision on that application in like manner as from other orders or decisions.

<div align="right">*Ex parte* orders</div>

## ORDER XLVIII

### PROCEEDINGS IN DISTRICT REGISTRIES

**1.**    In any action the plaintiff wherever resident may issue a writ  out of any District Registry.

<div align="right">Writs or other process<br>may be issued out of<br>any District Registry</div>

<div align="right">(*As amended by S.I. No.* 71 *of* 1997)</div>

**2.**    Causes or matters commenced in a District Registry shall be instituted as causes or matters in that Registry and shall be serially numbered in that Registry.

<div align="right">Title of causes or<br>matters commenced in<br>a District Registry.</div>

<div align="right">(*As amended by S.I. No.* 71 *of* 1997)</div>

**3.**    (1)    Where a cause or matter is proceeding in a District Registry, all proceedings, except where by the Act or by these Rules it is otherwise provided, or the Court or a Judge shall otherwise order, shall be recorded in the District Registry including the entry of final judgment.

<div align="right">Proceedings to be in a<br>District Registry</div>

(2)  Every final judgment and every order for an account, by reason of the default of the defendant, or by consent, shall be entered in the District Registry in the proper book, in the same manner as a like judgment or order in an action proceeding in Lusaka would be entered in the Principal Registry.

<div align="right">O. 48</div>

<div align="right">(*As amended by S.I. No.* 71 *of* 1997)</div>

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

4.    Where the writ of summons issues out of a District Registry and the plaintiff is entitled to enter interlocutory judgment under any of the rules of Order XII, or where the cause or matter is proceeding in the District Registry and the plaintiff is entitled to enter interlocutory judgment under any of the rules of Order XX, the interlocutory judgment, and, when damages shall have been assessed, final judgment, shall be entered in the District Registry, unless the Court or a judge shall otherwise order.

*Entry of interlocutory judgment in a District Registry*

(*As amended by S.I. No.* 71 *of* 1997)

5.    Where a cause or matter is proceeding in a District Registry, all writs of execution for enforcing any judgment or order therein, and all summonses under the Debtors Act, shall issue from the District Registry, and all costs shall be taxed in the District Registry, unless the Court or a judge shall otherwise direct.

*Writs of execution. Cap. 77*

(*As amended by S.I. No.* 71 *of* 1997)

6.    Where a cause or matter is proceeding in a District Registry, proceedings relating to the following matters:

*Proceedings necessary or incidental to judgment*

(*a*)    leave to issue or renew writs of execution;

(*b*)    examination of judgment debtors for garnishee purposes or under Order XLII, rule 16;

(*c*)    garnishee orders;

(*d*)    charging orders *nisi*; and

(*e*)    interpleader orders;

shall, unless the Court or a Judge shall otherwise order, be taken in the District Registry.

7.    Every application to a District Registrar shall be made in the same manner in which applications in chambers are directed to be made by these Rules.

*Mode of application*

(*As amended by S.I. No.* 71 *of* 1997)

8.    If any matter appears to the District Registrar proper for a decision of a Judge, the District Registrar may refer the same to a Judge, and the judge may either dispose of the matter or refer the same back to the District Registrar with such directions as he may think fit.

*Reference to judge*

(*As amended by S.I. No.* 71 *of* 1997)

9.    An appeal shall lie from the decision, order or direction of a District Registrar in any cause or matter as provided for under rule 10 of Order XXX in the same circumstance and except as hereinafter provided, subject to the same incidents as if the decision, order or direction was made or given by the Registrar in that cause or matter, and the provisions of these Rules with respect to appeals and, in particular, rule 10 of Order XXX shall apply accordingly.

*Appeal from a District Registrar 0.48, 49*

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**10.**    Every District Registrar and other officer of a District Registry shall be subject to the orders and directions of the Court or a Judge, as fully as any other officer of the Court, and every proceeding in a District Registry shall be subject to the control of the Court or a Judge, as fully as a like proceeding in the Principal Registry.

*Control by court or judge*

(*As amended by S.I. No.* 71 *of* 1997)

**11.**    Where under the provisions of the Act, a cause or matter is removed from a District Registry to the Principal Registry or to another District Registry, the party on whose application the order for removal was made shall give to the other party notice of an address for service and a postal address for service, both within twelve kilometres from the Principal or District Registry, as the case may be, to which the cause or matter is removed in all respects as if the writ of summons or other originating process or the appearance had been originally issued or entered in the Principal Registry or in such District Registry, as the case may be.

*Address for service in case of removal*

(*As amended by S.I. No.* 71 *of* 1997)

**12.**    Where a cause or matter is proceeding in a District Registry, all pleadings and other documents required to be filed shall be filed in the District.

*Filing in District Registry*

(*As amended by S.I. No.* 71 *of* 1997)

**13.**    No affidavit or record of the Court shall be taken out of a District Registry without the order of a Judge or of the District Registrar, and no subpoena for the production of any such document shall be issued.

*Affidavit, etc., not to be taken out of District Registry*

(*As amended by S.I. No.* 71 *of* 1997)

**14.**    The forms contained in the First Schedule shall, as far as they are applicable, be used in or for the purpose of the District Registries, with such variations as circumstances require.

*Forms to be used*

(*As amended by S.I. No.* 71 *of* 1997)

ORDER XLIX

(*No.* 309 *of* 1960)

SITTINGS AND VACATIONS

**1.**    The sittings of the Court in Lusaka, Ndola, Kitwe, Kabwe, Mongu, Livingstone, Chipata and Kasama shall be four in every year, that is to say, the Hilary sittings, the Easter sittings, the Trinity sittings, and the Michealmas sittings. The Hilary sittings shall commence on 10th January and terminate on Thursday before Easter; the Easter sittings shall commence on Monday Easter week, and terminate on the Friday before Whit-Sunday; Trinity sittings commence on Tuesday after Whitsun week and terminate on the 22nd August; and the Michaelmas sittings shall commence on the 1st October and terminate on the 10th December.

*Sittings of the Court O.* 49

(*As amended by S.I. No.* 92 *of* 1988)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**2.** The sittings of the several offices of the Court at the Principal and District Registries shall extend over the whole of the four periods between vacations.

Sittings of Court offices

**3.** (1) The vacations to be observed in the several courts and offices of the High Court shall be four in every year, that is to say, the Easter Vacation, the Whitsun vacation, the Michaelmas vacation and the Christmas vacation. The Easter vacation shall commence on Good Friday and terminate on Easter Tuesday; the Whitsun vacation shall commence on the Saturday before Whit Monday and shall terminate on the Tuesday after Whit Sunday; the Michaelmas Vacation shall commence on the 8th August and shall terminate on the 6th September; and the Christmas Vacation shall commence on 11th December and terminate on the 9th January.

Vacation in courts and offices. Trial in Michaelmas and Christmas vacations

(2) (*a*) All such applications as required to be immediately or promptly heard shall be heard in vacation by a Vacation Judge.

(*b*) Any party to a cause or matter may at any time before the end of the said vacation in any year apply by summons to a judge for any order that the cause or matter shall be tried or heard during that vacation, and if the Judge is satisfied that there is urgent need for the trial or hearing to take place in the said vacation he may make an order accordingly and fix a date for the trial or hearing.

(*As amended by S.I. No.* 92 *of* 1988)

(3) Any party may at any time after the 17th August in any year and before the close of the Michaelmas vacation in that year apply by summons to a Vacation Judge for the said Michaelmas vacation, or in the absence of such a Judge to a Judge in chambers, for the trial or hearing of any such cause or matter during the said Michaelmas vacation, and such Judge may make an order for the trial or hearing of such cause or matter during the Michaelmas vacation accordingly and fix the date of trial; and any party may at any time after the 5th December in any year and before the close of the Christmas vacation commencing in that year apply by summons to a Vacation Judge for the said Christmas vacation, or, in the absence of such a Judge, to a Judge in chambers, for the trial or hearing of any such cause or matter during the said Christmas vacation, and such Judge may make an order for the trial or hearing of such cause or matter during the Christmas vacation accordingly and fix the date of trial:

Provided that no order for such trial or hearing shall be made unless the Judge is satisfied that there is urgent need for the trial or hearing of the cause or matter during the Michaelmas or Christmas vacation, as the case may be.

O. 49

(4) The Court or a Judge dealing with an application under Order XIII, rule 3, may, if satisfied that there is urgent need for the trial of the action during the next ensuing Michaelmas or Christmas vacation, as appropriate, order that the trial shall take place in the said Michaelmas or Christmas vacation and shall refer the matter to the Vacation Judge in chambers, or, in the absence of such a Judge, to a Judge in chambers, to fix the date of trial.

(5) Revoked by *S.I. No.* 92 *of* 1988

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(*As amended by S.I. No.* 63 *of* 1964; *and S.I No.* 92 *of* 1988)

**4.**    The days of the commencement and termination of each sitting and vacation shall be included in such sitting and vacation respectively.

First and last days inclusive

**5.**    The several offices of the Court in the Principal and District Registries shall be open on every day of the year except on Saturdays, Sundays, public holidays and such other days as the Chief Justice may direct in respect of all the offices of the Court or any particular office.

Days on which offices are to be closed

(*As amended by S.I. No.* 37 *of* 1964)

**6.**    Subject to any order of the Chief Justice, the offices of the Court in the Principal and District Registries shall be open to the public on weekdays, other than Saturdays, as follows:

Office hours

(*a*)    during term from 9 a.m. until 12 noon, and from 2 p.m. to 3 p.m.; and

(*b*)    during vacation from 9 a.m. to 12 noon.

(*S.I. No.* 37 *of* 1964)

**7.**    The Chief Justice may, from time to time, appoint a Vacation Judge or Vacation Judges for the hearing in Lusaka Ndola, Livingstone, Kitwe, Kabwe, Mongu and Kasama during vacation, of all such applications as may require to be immediately or promptly heard. In default of any appointment of a Vacation Judge for Lusaka or Ndola, as the case may be, the Puisne Judge present thereat who was last appointed a Judge of the Court shall be Vacation Judge.

Appointment of Vacation Judges

**8.**    A Vacation Judge may hear and dispose of all causes, matters and other business ordered to be tried or heard during vacation and all causes, matters and other business specified in rule 3 (4). Any other Judge may sit in vacation for any Vacation Judge or where no Vacation Judge has been appointed for Lusaka and other places as the case may be.

Sittings of Vacation Judges

**9.**    In the interval between the close of any sittings and the commencement of the next sittings, and whenever a Judge is away from his chambers for any reason, the judgments or orders of any Judge may be prosecuted at the chambers of any other Judge by his permission; and in case the prosecution thereof shall not be completed during the interval, the prosecution may be continued at the chambers of the same Judge if and so far as he shall think fit.

O. 49, 50
Prosecution of judgments or orders between sittings

**10.**    Any interval between the sittings of the Court not included in a vacation, shall, so far as the disposal of business by the Vacation Judges is concerned, be deemed to be a portion of the vacation.

Interval between sittings and vacations

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

ORDER L

RECOVERY OF COSTS BY LEGAL PRACTITIONERS

**1.**   In this Order, unless the context otherwise requires-

"fees" include charges and disbursements;

"practitioner" included barrister, Advocate and Notary Public, and the executor, administrator and assignee of a barrister, Advocate or Notary Public.

*Interpretation*

**2.**   No practitioner shall commence any suit for the recovery of any fees for any business done by him until the expiration of one month after he shall have delivered to the party to be charged therewith or sent by registered letter to or left for him at his office, place of business, dwelling-house or last known place of abode a bill of such fees, such bill either being signed by such practitioner (or, in the case of a partnership, by any of the partners, either in his own name or in the name of the partnership) or being enclosed in or accompanied by a letter signed in like manner referring to such bill.

*Bill to be sent before suit*

**3.**   Upon the party to be charged applying to the Court or a Judge, within such month as in the last preceding rule mentioned, it shall be lawful for the Court or a Judge to refer the bill and the demand of the practitioner to be taxed and settled by the taxing master of the Court, and the Court or a Judge shall restrain such practitioner from commencing any suit touching such demand pending such reference.

*Party charged may apply to Court or Judge to tax bill*

**4.**   In case no application shall be made within one month, as in the last preceding rule provided, it shall be lawful for such reference as aforesaid to be made, either upon the application of the practitioner making the demand, or upon the application of the party to be charged, with such directions and subject to such conditions as the Court or Judge making the reference shall think proper, and the Court or a Judge may restrain such practitioner from commencing or prosecuting any suit touching such demand pending such reference, upon such terms as shall be thought proper.

*Where no application to tax made within one month*

**5.**   No such reference as aforesaid shall be directed, upon application made by the party to be charged, after judgment shall have been obtained in any suit for the recovery of the demand of such practitioner as aforesaid, or after the expiration of twelve months after any bill as aforesaid shall have been delivered, sent or left as aforesaid, except under special circumstances to be proved to the satisfaction of the Court or a Judge to which or to whom application for such reference shall be made.

*O. 50*
*When application not to be granted*

**6.**   Upon any reference as aforesaid, if either the practitioner or the party to be charged, having due notice, shall refuse or neglect to attend the taxation, the taxing master may proceed to tax and settle the bill and demand *ex parte.*

*Non-attendance of party at taxation*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

7.     If, on any reference as aforesaid, the party to be charged shall attend on taxation, the cost of the reference shall (except as in rule 8 provided) be paid according to the event of such taxation: that is to say, if such bill, when taxed, be less by a sixth part than the bill delivered, sent or left, then such practitioner shall pay such costs, and if such bill, when taxed, shall not be less by a sixth part than the bill delivered, sent or left, then the party to be charged making such application or so attending shall pay such costs.

*Costs of taxation*

8.     Every order to be made for any reference as aforesaid shall direct the taxing master to certify what shall be found to be due to or from such practitioner in respect of the bill and demand referred, including the costs of the reference.

*Form of order to be made. Special cases*

Provided that-

(i)     the taxing master may certify specially any circumstances relating to such bill or reference, and the Court or a Judge may make any such order as it or he may think right respecting the costs of such reference;

(ii)     where any reference is made under rule 5, the Court or a Judge may, if it or he thinks fit, give any special directions relative to the cost of such reference.

9.     It shall not in any case be necessary in the first instance for any practitioner, in proving a compliance with these Rules, to prove the contents of the bill he may have delivered, sent or left, but it shall be sufficient to prove that a bill for fees signed in the manner provided or enclosed in or accompanied by such letter as provided was duly delivered, sent or left.

*Proof of compliance with rules*

10.     Upon the completion of the taxation of any bill referred as aforesaid, the taxing master shall submit to the Court or a Judge the result of his taxation, including costs, and the amount so submitted shall be final and conclusive as to the amount of the bill and costs:

*Completion of taxation*

Provided that the Court or a Judge may, in its or his discretion, review any such taxation. And it shall be lawful for the Court or a Judge to order that judgment be entered for the amount submitted, unless the retainer is disputed, or to make such other order therein as the Court or a Judge may deem proper.

*O. 50, 51*

11.     It shall be lawful for the Court or a Judge to make an order for the delivery by any practitioner of any bill of fees for business done by him.

*Court or Judge may order delivery of bill*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**12.**    It shall be lawful for the Court or a Judge to authorise any practitioner to commence a suit for the recovery of his fees against the party chargeable therewith, and also to refer his bill of fees and the demand of the practitioner thereupon to be taxed and settled by the taxing master of the Court, although one month shall not have expired from the delivery of such bill, on proof, to the satisfaction of the Court or a Judge, that there is probable cause for believing that the party chargeable is about to leave Zambia or to become a bankrupt or to take any other steps or to do any other act which, in the opinion of the Court or a Judge, would tend to defeat or delay such practitioner in obtaining judgment.

*Where practitioner may begin suit within month of delivery of bill*

**13.**    All applications made under these Rules to refer any bill to be taxed and settled shall be by summons in the matter of the practitioner concerned.

*Applications to be by motion*

(*As amended by No.* 218 *of* 1944)


ORDER LI

AGENCY ALLOWANCE

(*No.* 218 *of* 1944)


**1.**   Where a advocate or barrister (hereinafter called a country advocate) is either-

*When agency allowance to be paid*

   (*a*)   engaged in a cause or matter proceeding in the Registry of the Court and has no place of business within ten kilo-metres from such Registry; or

   (*b*)   engaged in a cause or matter proceeding in a District Registry of the Court and has no place of business within ten kilometres from such District Registry; or

   (*c*)   engaged in a cause or matter proceeding in the Registry of the Supreme Court of Zambia and has no place of business within ten kilometres of such Registry;

and entrusts such cause or matter to another advocate or barrister (hereinafter called an agent) who has a place of business within the said ten kilometres limit from such Registry, District Registry or Registry of the Supreme Court of Zambia, as the case may be, the agent shall pay or credit to the country advocate such sums by way of agency allowance as are hereinafter mentioned and prescribed.

O. 51, 52

**2.**   The agent shall pay or credit to the country advocate in respect of the profit cost charges of the agent for work entrusted to him as an agent by such country advocate one-third of all such profit cost charges except such parts of the same charges as have been earned by appearance as an advocate in Court or in chambers.

*Amount of agency allowance*

**3.**    No agency allowance shall arise or accrue in respect of conveyancing or subordinate court work or any other business which is not proceeding either in the High Court or the Supreme Court.

*No allowance except in High Court and SupremeCourt of Zambia*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**4.** No advocate or barrister shall under any circumstances give agency allowance to or accept agency allowance from any person who is not admitted to practise in Zambia as a barrister or advocate and who has no *bona fide* office or place of business therein.

<div style="float:right">No allowance except to practitioners admitted to practise in Zambia</div>

ORDER LII

PROCEEDINGS BY AND AGAINST THE STATE

(*No.* 396 *of* 1967)

**1.** (1) These Rules apply to civil proceedings to which the State Proceedings Act applies and to which the State is a party, subject to the following rules of this Order and without prejudice to any rules made under the Constitution.

<div style="float:right">Application and interpretation.<br>Cap. 71<br>Cap. 1</div>

(2) In this Order, unless the context otherwise requires-

"order against the State" means any order (including an order for costs) made in any civil proceedings by or against the State, or in connection with any arbitration to which the State is a party, in favour of any person against the State or against a public officer as such;

"order" includes a judgment, decree, rule, award or declaration.

**2.** (1) In the case of a writ which begins civil proceedings against the State, the endorsement of claim required by Order VI, rule 4, shall include a statement of the circumstances in which the State's liability is alleged to have arisen and as to the officers concerned.

<div style="float:right">Particulars to be included in the endorsement of claim</div>

(2) If in civil proceedings against the State the Attorney-General considers that the writ does not contain a sufficient statement as required by this rule, he may, before the expiration of the time limited for appearing, apply to the plaintiff by notice for a further and better statement containing such information as may be specified in the notice.

(3) Where the Attorney-General has given a notice under this rule, the time limited for appearing shall not expire until four days after the Attorney-General has notified the plaintiff in writing that he is satisfied with the statement supplied in compliance with the notice or four days after the Court has, on the application of the plaintiff by summons served not less than seven days before the return day, decided that no further information as to the matters referred to in sub-rule (1) is reasonably required.

<div style="float:right">O. 52</div>

**3.** (1) Order X shall not apply in relation to the service of any process by which civil proceedings against the State are begun.

<div style="float:right">Service on the State</div>

(2) Personal service of any document required to be served on the State for the purpose of or in connection with any civil proceedings is not requisite; but where the proceedings are by or against the State, service shall be effected in accordance with the provisions of section *thirteen* of the State Proceedings Act-

<div style="float:right">Cap. 71</div>

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(*a*)   by leaving the document at the office of the officer of the Attorney-General's Chambers having the conduct of the proceedings or, if a legal practitioner is acting for the State in the proceedings, at the office of such legal practitioner; or

(*b*)   by posting it in a prepaid registered envelope addressed to such officer or such legal practitioner at his postal address, provided that the time at which the document so posted would be delivered in the ordinary course of post shall be considered as the time of service thereof; or

(*c*)   if no such officer has the conduct of the proceedings or if no such legal practitioner is acting, by leaving the document at the Attorney-General's Chambers in Lusaka or Ndola.

**4.** (1)  Notwithstanding Order XXVIII, rule 3, a person may not in any proceedings by the State make any counter-claim or plead a set-off if the proceedings are for the recovery of, or the counter-claim or set-off arises out of a right or claim to repayment in respect of, any taxes, duties or penalties.

*Counter-claim and set-off*

(2)  Notwithstanding Order XXVIII, rule 3, no counter-claim may be made, or set-off pleaded, without the leave of the Court, by the State in proceedings against the State, or by any person in proceedings by the State.

(3)  Any application for leave under this rule shall be by summons.

**5.**   No application against the State shall be made for summary judgment either under Order XIII, rule 1, or otherwise:

*Summary judgment*

Provided that a plaintiff may apply by summons for an order that the proceedings be put into a list kept for the trial of short causes.

**6.** (1)  A third party notice for service on the State shall not be issued without the leave of the Court, and the application for the grant of such leave shall be made by summons, and the summons shall be served on the plaintiff and on the Attorney-General.

*O. 52 Third party notices*

(2)  Leave to issue such a notice shall not be granted unless the Court is satisfied that the Attorney-General is in possession of all such information as he reasonably requires as to the circumstances in which it is alleged that the liability of the State has arisen and as to the officers concerned.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**7.** (1)  In any civil proceedings to which the State is a party any order of the Court made under the powers conferred by section *twenty-five* of the State Proceedings Act shall be construed as not requiring the disclosure of the existence of any document the existence of which it would, in the opinion of a Minister, be injurious to the public interest to disclose.

*Discovery and interrogatories. Cap. 71*

(2)  Where in any such proceedings an order of the Court directs that a list of documents made in answer to an order for discovery against the State shall be verified by affidavit, the affidavit shall be made by such officer as the Court may direct.

(3)  Where in any such proceedings an order is made under the said section *twenty-five* for interrogatories to be answered by the State, the Court shall direct by what officer the interrogatories are to be answered.

**8.** (1)  Actions against the State to perpetuate the testimony of witnesses may be instituted in any case in which the State is alleged to have an interest or estate in the honour, title, dignity or office or property in question.

*Evidence*

(2)  For the avoidance of doubt, it is hereby declared that any powers exercisable by the Court in regard to the taking of evidence are excercisable in proceedings by or against the State as they are exercisable in proceedings between private persons.

**9.**    An application under the proviso to subsection (1) of section *twenty-one* of the State Proceedings Act for a direction that a separate certificate shall be issued under that subsection with respect to the costs (if any) ordered to be paid to the applicant, may be made to the Court *ex parte* without summons.

*Execution and satisfaction of orders. Cap. 71*

**10.**    Every application to the Court for an order under section *twenty-four* of the State Proceedings Act restraining any person from receiving money payable to him by the State and directing payment of the money to the applicant or some other person must be made by summons served at least four days before the return day on the Attorney-General and, unless the Court otherwise orders, on the person to be restrained or his legal practitioner; and the application shall be supported by an affidavit setting out the facts giving rise to it and, in particular, identifying the particular debt from the State in respect of which it is made.

*Attachment of debts, etc. 0. 52 Cap. 71*

**11.**    An application such as is referred to in section *twenty-six* (2) of the State Proceedings Act may be made to the Court at any time before trial by motion or summons, or may be made at the trial of the proceedings.

*Applications under section 26 (2) of the State Proceedings Act. Cap. 71*

FIRST SCHEDULE

*Sch. 1*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(O. 1, r. 2)

(*No.* 252 *of* 1968)

LIST OF FORMS

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

1.      General Title of Writs and Other Documents in a Suit.
2.      Writ of Summons for Principal Registry. (O. 6, r. 2.)
3.      Writ of Summons for District Registry. (O. 6, r. 2.)
4.      Specially Endorsed Writ for Principal Registry. (O. 6, r. 2.)
5.      Specially Endorsed Writ for District Registry. (O. 6, r. 2.)
6.      Originating Summons for Principal Registry. (O. 6, r. 2.)
7.      Originating Summons for District Registry. (O. 6, r. 2.)
8.      Originating Summons not Inter Partes for Principal Registry. (O. 6, r. 2.)
9.      Originating Summons not Inter Partes for District Registry. (O. 6, r. 2.)
10.     Originating Summons Under Order VI, Rules 2 and 6. (O. 6, rs. 2 and 6.)
11.     Originating Notice of Motion. (O. 6, r. 2.)
12.     Praecipe of Renewed Writ of Summons. (O. 9, r. 1.)
13.     Notice of Service on Manager of Partnership. (O. 10, r. 11.)
14.     Certificate of Service. (O. 10, r. 20.)
15.     Affidavit of Service.
16.     Debit and Advice Note. (O. 42, r. 7.)
17.     Notice of Payment into Court. (O. 6, r. 10.)
18.     Memorandum of Appearance. (O. 11, r. 8.)
19.     Notice Limiting Defence. (O. 11, r. 20.)
20.     Search.
21.     Summons (General Form).
22.     Summons under Order XIII. (O. 13, r. 2.)
23.     Summons for Directions. (O. 19, r. 1.)
24.     Praecipe of Subpoena. (S. 27 of the Act.)
25.     Summons to a Witness. (S. 27 of the Act.)
26.     Subpoena Duces Tecum. (S. 27 of the Act.)
27.     Warrant for Prisoner to Give Evidence. (S. 30 of the Act.)
28.     Notice of Hearing.
28A.    Referral Order (O. 31, r. 4)
28B.    Statement of Understanding: The Role of the Mediator (O. 31, r. 9)
28C.    Mediator's Report (O. 31, r. 11)
28D.    Mediation Settlement (O. 31, r. 12)
29.     Warrant to Attach Property before Judgment. (O. 26, r. 4.)
30.     Judgment (Default of Appearance). (O. 12, r. 1.)
31.     Judgment (Default of Defence). (O. 20.)
32.     Order (General Form).
33.     Formal Decree. (O. 36, r. 4.)
34.     Attachment of Earnings Order. (O. 38, r. 7.)
35.     Notice of Intention to Vary Attachment of Earnings Order. (O. 38, r. 9.)
36.     Notice of Non-employment of Defendant. (O. 38, r. 10.)
37.     Warrant of Attachment.
38.     Warrant of Arrest and Commitment.
39.     Certificate after Trial.
40.     Praecipe of Fieri Facias.
41.     Writ of Fieri Facias. (O. 42, r. 1.)
42.     Request and Authority to Under-Sheriff. (Walking Possession.) (O. 42, r. 8.)
43.     Praecipe of Elegit (or Re-Elegit). (O. 42, r. 1.)
44.     Writ of Elegit. (O. 42, r. 1.)
45.     Return to Elegit. (O. 42, r. 1.)
46.     Elegit for the Residue after a Fieri Facias. (O. 42, r. 1.)
47.     Writ of Re-Elegit. (O. 42, r. 1.)
48.     Bond for Costs on Appeal. (O. 47, r. 1.)
49.     Certificate of Service of Foreign Process. (O. 10, r. 23.)
50.     Request to Search Judgments Register or Judgments Section of the Civil Causes Register. (Individual Search.) (O. 37, r. 3.)
51.     Application for Permit for General Searches in Judgments Registers (against Unspecified Number of Names). (O. 37, r. 4.)
52.     Permit for General Searches in Judgments Registers (against Unspecified Number of Names). (O. 37, r. 4.)
53.     Fee Sheet (Probate). (Sch. 2, Part 4.)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 1

GENERAL TITLE OF WRITS AND OTHER DOCUMENTS IN A SUIT

Republic of Zambia

(a).........................................................

IN THE HIGH COURT FOR ZAMBIA

(AT THE                                    DISTRICT REGISTRY) (b)

19 .......... H ......... No ......... (c)

Between

Plaintiff

.................................................

and

.................................................     Defendant

or

In the matter of: (d)

NOTES:  (a)  Here insert description of document.
         (b)  Delete if inapplicable.
         (c)  Here put in the year, letters and number. In an action commenced in the Principal Registry at Lusaka the
              letters shall be HP. In actions commenced in the Ndola, Livingstone or Kitwe District Registry respectively
              the letters shall be HN, HL or HK respectively.
         (d)  If the action is for administration the writ must be headed In the matter of the Estate of A.B., deceased'.

         If it is a debenture holder's action the writ must be headed In the matter of the company', and in a Probate
         action (not District Registry) In the Estate of A.B., deceased'. A Writ of Summons claiming administration of
         a trust or settlement may be entitled 'In the matter of the (trust or settlement)'.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 2

REPUBLIC OF ZAMBIA

WRIT OF SUMMONS

(*For issue from the Principal Registry*)
(*General Title*)

To

of

You are commanded in the President's name that within                                              days after the service of this writ on you, inclusive of the day of such service, you do cause an appearance to be entered for you in an action at the suit of                                                  ; and take notice that in default of your so doing the plaintiff may proceed therein, and judgment may be given in your absence.
Witness The Honourable .................................................................................................................................................

*Chief Justice of Zambia*

Dated the                                              day of                                                              in the year of Our Lord One Thousand Nine Hundred and

MEMORANDUM TO BE SUBSCRIBED ON THE WRIT

Notes:    (1)    This writ is to be served within twelve calendar months from the date
thereof, or, if renewed, within six calendar months from the date of the last renewal, including the day of such date, and not afterwards.
(2)    The defendant (*or* defendants) may appear hereto by entering an appearance (*or* appearances) either personally or by Advocate at the Principal Registry, High Court for Zambia, Lusaka.
(3)    A defendant appearing personally may, if he desire, enter his appearance by post and the appropriate forms may be obtained from any High Court Registry or from any Subordinate Court office. The forms, when completed, should be sent in triplicate by registered letter addressed to The Registrar, P.O. Box 50067, Lusaka', so as to reach him within the time stated above.

ENDORSEMENTS TO BE MADE ON THE WRIT BEFORE ISSUE THEREOF

The plaintiff's claim is for

This writ was issued by

of*(4)                                                        whose address for service is at and whose postal address for service is at                                agent                                                                              for

of                                                                                    , Advocate for the

said plaintiff who resides at †(5)

ENDORSEMENTS TO BE MADE WITHIN THREE DAYS AFTER SERVICE
This writ was served by me at

on the defendant                                                        on the                                                day

of                                        , 19                .

(Signed)
(Address)

  * Here insert both actual and postal addresses.
  † Mention the city or town and also the name of the street and number of the house of the plaintiff's residence, if any.

(*As amended by SI. No* 105 *of* 1986 *and S.I. No.* 174 *of* 1990)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 3

REPUBLIC OF ZAMBIA                                                                    Sch. 1

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

WRIT OF SUMMONS

(*For issue from a District Registry*)
(*General Title*)

To

of

You are commanded in the President's name that within                    days after the service of this writ on you, inclusive of the day of such service, you do cause an appearance to be entered for you in an action at the suit of                    ; and take notice that in default of your so doing the plaintiff may proceed therein, and judgment may be given in your absence.

Witness The Honourable.....................................................................................................................................................

*Chief Justice of Zambia*

Dated the            day of                    in the year of Our Lord One Thousand Nine Hundred and.

## MEMORANDUM TO BE SUBSCRIBED ON THE WRIT

Notes:  (1)  This writ is to be served within twelve calendar months from the date thereof, or, if renewed, within six calendar months from the date of the last renewal, including the day of such date, and not afterwards.

(2)  The defendant (or defendants) may appear hereto by entering an appearance (or appearances) either personally or by Advocate at the above-mentioned District Registry of the High Court for Zambia.

(3)  A defendant appearing personally may, if he desire, enter his appearance by post and the appropriate forms may be obtained from any High Court Registry or from any Subordinate Court office. The forms, when completed, should then be sent in triplicate by registered letter addressed to the District Registrar, so as to reach him within the time stated above.

## ENDORSEMENTS TO BE MADE ON THE WRIT BEFORE ISSUE THEREOF

The plaintiff's claim is for

This writ was issued by

of*(6)                                                      whose address for service

is at                                                          and whose postal address

for service is at                            agent            for

of                                                      , Advocate for the

said plaintiff who resides at †(7)

## ENDORSEMENT TO BE MADE WITHIN THREE DAYS AFTER SERVICE

This writ was served by me at

on the defendant                                        on the    day

of                        , 19          .

Endorsed the                    day of                19          .

(Signed)

(Address)

* *Here insert both actual and postal addresses.*
† *Mention the city or town and also the name of the street and number of the house of the plaintiff's residence, if any.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

SPECIALLY ENDORSED WRIT

(*For issue from the Principal Registry*)
(*General Title*)

To

of

You are commanded in the President's name that within                                                    days

after the service of this writ on you, inclusive of the day of such service, you do cause an appearance to be entered for you

in an action at the suit of ;                                                                                                           and

take notice that in default of your so doing the plaintiff may proceed therein, and judgment may be given in your absence.

Witness The Honourable ...........................................................................................................................................................

*Chief Justice of Zambia*

Dated the        day of                              in the year
of Our Lord One Thousand Nine Hundred and

MEMORANDUM TO BE SUBSCRIBED ON THE WRIT

Notes:   (1)   This writ is to be served within twelve calendar months from the date thereof, or, if renewed, within six
calendar months from the date of the last renewal, including the day of such date, and not afterwards.

(2)   The defendant (or defendants) may appear hereto by entering an appearance (or appearances) either
personally or by Advocate at the Principal Registry, High Court for Zambia, Lusaka.

(3)   A defendant appearing personally may, if he desire, enter his appearance by post and the appropriate
forms may be obtained from any High Court Registry or from any Subordinate Court office. The forms,
when completed, should be sent in triplicate by registered letter addressed to The Registrar, P.O. Box
50067, Lusaka, so as to reach him within the time stated above.

SPECIAL ENDORSEMENT
Statement of Claim

The plaintiff's claim is

PARTICULARS

(Signed) ........................................................................

And the sum of K                                            and for each kilometre (if any) (*or* such sum as may be
allowed on taxation) for costs, and also, in case the plaintiff obtains an order for substituted service,
the further sum of K                                            (*or* such sum as may be allowed on taxation).
If the amount claimed be paid to the plaintiff or his Advocate or agent within the time allowed above for entering an
appearance to this writ, further proceedings will be stayed.

Provided that if it appears from the endorsement of the writ that the plaintiff is resident outside the Republic or is acting
by order or on behalf of a person so resident, proceedings will only be stayed if the amount claimed is paid into Court
within the said time and notice of such payment is given to the plaintiff, his Advocate or agent.

This writ was issued by
of*(8)                                                                                                        whose address for service

is at

and whose postal address

for service is at                                            agent              for

of                                                                                          , Advocate              for the

said plaintiff who resides at †(9)

ENDORSEMENT TO BE MADE WITHIN THREE DAYS AFTER SERVICE

This writ was served by me at

on the defendant                                            on the                                                    day

of                                            , 19

Endorsed the        day of      , 19

(Signed)

(Address)

* Here insert both actual and postal addresses.
† Mention the city or town and also the name of the street and number of the house of the plaintiff's residence, if any.

(*As amended by S.I No.* 105 *of* 1986 *and S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 5

REPUBLIC OF ZAMBIA                                    Sch. 1

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia
SPECIALLY ENDORSED WRIT

(*For issue from a District Registry*)
(*General Title*)

To

of

You are commanded in the President's name that within                                         days
after the service of this writ on you, inclusive of the day of such service, you do cause an appearance to be entered for you
in an action at the suit of                                                                                                                    ; and
take notice that in default of your so doing the plaintiff may proceed therein, and judgment may be given in your absence.
Witness The Honourable ......................................................................................................................................................

*Chief Justice of Zambia*

Dated the                                                    day of                                                    in the year
of Our Lord One Thousand Nine Hundred and

MEMORANDUM TO BE SUBSCRIBED ON THE WRIT

NOTES: (1)  This writ is to be served within twelve calendar months from the date thereof, or, if renewed, within six
calendar months from the date of the last renewal, including the day of such date, and not afterwards.
(2)  The defendant (or defendants) may appear hereto by entering an appearance (or appearances) either
personally or by Advocate at the above-mentioned District Registry of the High Court for Zambia, Lusaka.
(3)  A defendant appearing personally may, if he desire, enter his appearance by post and the appropriate
forms may be obtained from any High Court Registry or from any Subordinate Court office. The forms,
when completed, should then be sent in triplicate by registered letter addressed to the District Registrar,
P.O. Box so as to reach him within the time stated above.

SPECIAL ENDORSEMENT
Statement of Claim

The plaintiff's claim is

PARTICULARS
(Signed) ........................................................................
And the sum of K                                                and for each kilometre (if any) (*or* such sum as may be
allowed on taxation) for costs, and also, in case the plaintiff obtains an order for substituted service, the further sum of
K                                                                                          (*or* such sum as may be allowed on taxation).
If the amount claimed be paid to the plaintiff or his Advocate or agent within the time allowed above for entering an
appearance to this writ, further proceedings will be stayed.

Provided that if it appears from the endorsement of the writ that the plaintiff is resident outside the Republic or is acting
by order or on behalf of a person so resident, proceedings will only be stayed if the amount claimed is paid into Court
within the said time and notice of such payment is given to the plaintiff, his Advocate or agent.

This writ was issued by
of*(10)                                                                                                whose address for service

is at                                                                                                and whose postal address

for service is a                                                agent                        for

of                                                                                          , Advocate                        for the

said plaintiff who resides at†(11)

ENDORSEMENT TO BE MADE WITHIN THREE DAYS AFTER SERVICE

This writ was served by me at
on the defendant                                                            on the                                                day

of                                                , 19

Endorsed the                                                    day of                                    19              .

(Signed)

(Address)

* Here insert both actual and postal addresses.
† Mention the city or town and also the name of the street and number of the house of the plaintiff's residence, if any.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

H.C. Civ. 6    Sch. 1

ORIGINATING SUMMONS

(*For issue from the Principal Registry*)
(*General Title*)

Let

of                                                                                  within                days

after service of this summons on him, inclusive of the day of such service, cause an appearance to be entered for him to

this summons, which is issued on the application of                    of                    who claims to be*(12)

for the determination of the following questions:†(13)

Dated the                              day of                                        19      .

This summons was taken out by

of ‡(14)

whose address for service is at                                                        and whose

postal address for service is at                                      , Advocate          for the

plaintiff who resides at                                                                          .

The defendant may appear hereto by entering appearance either personally or by Advocate at the Principal Registry, High Court for Zambia, Lusaka.

NOTES: (1)  If the defendant does not enter appearance within the time and at the place above mentioned such order will be made and proceedings may be taken as the Judge may think just and expedient.

(2)  A person appearing personally may, if he desire, enter his appearance by post and the appropriate forms may be obtained from any High Court Registry or from any Subordinate Court office. The forms, when completed, should be sent in triplicate by registered letter addressed to The Registrar, P.O. Box 50067, Lusaka, so as to reach him within the time stated above.

\* *State the nature of the claim.*
† *State the questions.*
‡ *Here insert both actual and postal addresses.*

(*As amended by S.I. No.* 105 *of* 1986)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 7

REPUBLIC OF ZAMBIA

ORIGINATING SUMMONS

(*For issue from a District Registry*)
(*General Title*)

Let

of          within          days

after service of this summons on him, inclusive of the day of such service, cause an appearance to be entered for him to

this summons, which is issued on the application of                          of

who claims to be*(15)

for the determination of the following questions:†(16)

Dated the                          day of                          19          .

This summons was taken out by

of‡(17)

whose address for service is at                          and whose

postal address for service is at                          , Advocate          for the

plaintiff who resides at

The defendant may appear hereto by entering appearance either personally or by Advocate at the above-mentioned District Registry of the High Court for Zambia.

NOTES: (1)  If the defendant does not enter appearance within the time and at the place above mentioned, such order will be made and roceedings may be taken as the Judge may think just and expedient.

(2)  A person appearing personally may, if he desire, enter his appearance by post and the appropriate forms may be obtained from any High Court Registry or from any Subordinate Court office. The forms, when completed, should then be sent in triplicate by registered letter addressed to the District Registrar, P.O. Box                          so as to reach him within the time stated above.

\* *State the nature of the claim.*
† *State the questions.*
‡ *Here insert both actual and postal addresses.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

H.C. Civ. 8    Sch. 1

ORIGINATING SUMMONS NOT INTER PARTES

(*For issue from the Principal Registry*)

IN THE HIGH COURT FOR ZAMBIA

19........ HP......... No.........

In the matter of
In the matter of*(18)

LET

of                                                                                      within        days
of the service of this summons on him, inclusive of the day of such service, cause an appearance to be entered for him to
this summons, which is issued upon the application of
                                                of

for an order that†(19)

Dated the                                      day of 19      .

This summons was taken out by
of‡(20)
whose address for service is at                                                                      and whose
postal address for service is at                                                      , Advocate        for the
above named.

The respondent may appear hereto by entering appearance either personally or by Advocate at the Principal Registry,
High Court for Zambia, Lusaka.

NOTES:  (1)    If the respondent does not enter appearance within the time and at the place above mentioned, such order
               will be made and proceedings taken as the Judge may think just and expedient.

        (2)    A person appearing personally may, if he desire, enter his appearance by post and the appropriate forms
               may be obtained from any High Court Registry or from any Subordinate Court office. The forms, when
               completed, should be sent in triplicate by registered letter addressed to "The Registrar, P.O. Box 50067
               Lusaka", so as to reach him within the time stated above.

*  *Specify statute or as the case may be.*
†  *State the object of the application.*
‡  *Here insert both actual and postal addresses.*

(*As amended by S.I. No.* 105 *of* 1986)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 9    Sch. 1

REPUBLIC OF ZAMBIA

ORIGINATING SUMMONS NOT INTER PARTES

(*For issue from a District Registry*)

IN THE HIGH COURT FOR ZAMBIA
AT THE                                                    DISTRICT REGISTRY

19.......... H......... No..........

In the matter of
In the matter of*(21)

LET
of                                                                                          within        days
of the service of this summons on him, inclusive of the day of such service, cause an appearance to be entered for him to this summons, which is issued upon the application of
                                                         of
for an order that†(22)
Dated the                                          day of                                          19        .

This summons was taken out by
of‡(23)
whose address for service is at                                                              at and whose
postal address for service is at,                                          Advocate        for the
above named.

The respondent may appear hereto by entering appearance either personally or by Advocate at the above-mentioned District Registry of the High Court for Zambia.

NOTES:  (1)    If the respondent does not enter appearance within the time and at the place above mentioned, such order
               will be made and proceedings taken as the Judge may think just and expedient.

        (2)    A person appearing personally may, if he desire, enter his appearance by post and the appropriate forms
               may be obtained from any High Court Registry or from any Subordinate Court office. The forms, when
               completed, should then be sent in triplicate by registered letter addressed to The District Registrar, P.O.
               Box          , so as to reach him within the time stated above.

* *Specify statute or as the case may be.*
†*State the object of the application.*
‡ *Here insert both actual and postal addresses.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 10    Sch. 1

REPUBLIC OF ZAMBIA

ORIGINATING SUMMONS UNDER ORDER VI, RULES 2 AND 6

IN THE HIGH COURT FOR ZAMBIA
(AT THE                                                    DISTRICT REGISTRY*(24))
                                                           19......... H.......... No...........

In the matter of†(25)

    LET
of
attend before                                                       in Chambers at the High Court,
                       on the                          day of                      19        ,
at            o'clock in the                        noon, on the hearing of an application on the part of
                for‡(26)

    Dated the        day                of 19        .

    This summons was taken out by
of**(27)                                                              whose address for service
is at                                                  and whose postal address for service is at
                          , Advocate for the above named.

NOTE: It will not be necessary for you to enter an appearance, but if you do not attend either in person, or by your
       Advocate, at the time and place above mentioned, such order will be made and proceedings taken as the Judge
       may think just and expedient.
*Delete if inapplicable.
† As the case may be.
‡ State relief sought.
** Here insert both actual and postal addresses.

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 11    Sch. 1

REPUBLIC OF ZAMBIA

ORIGINATING NOTICE OF MOTION

IN THE HIGH COURT FOR ZAMBIA

(AT THE                                      DISTRICT REGISTRY*(28))

19.......... H............ No...........

In the matter of

and

In the matter of†(29)

BETWEEN                                                                      Applicant

and

Respondent

   TAKE NOTICE that the High Court for Zambia will be moved at
on          the          day of
19          at          o'clock in the                              noon, or so soon thereafter as
counsel can be heard, by the above-named applicant for an order that
and that the costs of this application be

   Dated at                    the day                              of          19      .

(*Advocate for the Applicant*)

   This notice of motion is filed by the applicant who resides at
(*Or* This notice of motion is filed by                    of
whose address for service is                                    , Advocate for the applicant,
who resides at

To ........................

NOTE: It will not be necessary for you to enter an appearance but if you do not attend either in person or by your
      Advocate, at the time and at the place above mentioned, such order will be made and proceedings taken as the
      Court may think just and expedient.

*Delete if inapplicable.*
† *Specify statute, if any.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

H.C. Civ. 12    Sch. 1

PRAECIPE OF RENEWED WRIT OF SUMMONS

(*General Title*)

SEAL in pursuance of order dated the                                        day of
                                    19                a renewed writ of summons in this action,
endorsed as follows:*(30)

Dated the                                                  day of                              19        .
      (Signed)
      (Address)

(*Advocate for the Plaintiff*)

\* *Copy original writ and the endorsements.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

H.C. Civ. 13

NOTICE OF SERVICE ON MANAGER OF PARTNERSHIP

(*General Title*)

TAKE NOTICE that the writ served herewith is served on you as the person having control or management of the partnership business of the above-named defendant firm of
(and also as a partner in the said firm *(31)).

*Under-Sheriff/Bailiff* †(32)

*If the person served with the writ is served in the two capacities of manager and partner, the clause should be left standing. If he is served as manager only it should be struck out.*

†*Delete if inapplicable.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

CERTIFICATE OF SERVICE

(*General Title*)

I, (*a*)
of
do hereby certify and say as follows:
    1.  That I am (*b*)                                      duly appointed for
the District of                            within the jurisdiction of this Honourable
Court.

    [2. (*c*) (*l*) That I did on the              day of
19, at (*d* )

    (*e*)      (i)     personally serve           , the above-named defendant,

           (ii)    personally serve, the proprietor of the above-named defendant
                 firm of

           (iii)   personally serve          , a partner of the above-named
                 defendant firm of

           (iv)   being the principal place of business of the above-named defendant partnership within the jurisdiction of
                 this Honourable Court, personally serve
                 , the person having at the time of such service the control or management of the said
                 partnership business there (*see* paragraph 5 below),

       *or* (v)
with a true copy of the writ of summons in this action which appeared to me to have been regularly issued out of the High
Court for Zambia (at the
District Registry (*l*)) against the above-named defendant (*or* defendants) at the suit of the above-named plaintiff
(*or* plaintiffs) and which was dated the the suit of the above-named plaintiff (*or* plaintiffs) and which was dated
 the                                 day               of 19   .]

*or*

    [2. (*l*) That I did on the             day
of 19     , serve the above-named defendant with a true copy of the writ of summons in this action, which appeared to
me to have been regularly issued out of the High Court for Zambia (at the District Registry (*l*)) against the above-named
defendant at the suit of the above-named plaintiff (*or* plaintiffs) and which was dated the
day of 19    , by leaving the same at (*g*)
      , which is the registered office of the defendant company.]

    3.  That at the time of the said service the writ and the copy thereof were subscribed and endorsed in the manner and
form prescribed by the Rules of the said Court.

    4.  That I did on the day of             19   , endorse on the said writ the day of the month and the week of
the said service.

    5.  (*l*)  That I did at the time of the said service deliver to the person so served as aforesaid a notice in writing that the
said writ of summons was served upon him as the person having control or management of the partnership business of the
said defendant firm.

    Dated the                         day of                                   19      .
                                             *Under-Sheriff/Bailiff*

This certificate was filed
by: .............................................
.............................................
.............................................
.............................................
*Advocate(s) for the* ....................

           NOTES:  All erasures, interlineations or alterations should be initialed immediately
                     opposite the erasure, interlineation or alteration.

    (*a*)    Full name and address of officer.

    (*b*)    Title, e.g. Under-Sheriff or Bailiff.

    (*c*)    Use alternative para. 2 for service on limited company.

    (*a*)    Place of service-full address should be given.

    (*e*)    Delete whichever inapplicable. These are the examples most commonly met.

    (*l*)    Delete if inapplicable.

    (*g*)    Address of registered office.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. CIV. 15

REPUBLIC OF ZAMBIA

Sch. 1

AFFIDAVIT OF SERVICE

(*General Title*)

I, (*a*)

of

hereby make oath and say as follows:

1. That I am (*b*)

[2. (*c*) (*l*). That I did on the                day of

19      , at (*o*)

   (*e*)  (i)    personally serve                                        , the above-named defendant,

          (ii)     personally serve, the proprietor of the above-
named defendant firm of,

          (iii)    personally serve, a partner of the above-named
defendant firm of ,

          (iv)    being the principal place of business of the above-named defendant partnership within the jurisdiction of
this Honourable Court, personally serve
, the person having at the time of such service the control or management of the said
partnership business there (*see* paragraph 5 below),

       *or* (v)

with a true copy of the writ of summons in this action which appeared to me to have been regularly issued out of the High
Court for Zambia (at the
District Registry (*l*)) against the above-named defendant (*or* defendants) at the suit of the above-named plaintiff (*or*
plaintiffs) and which was dated the
day of      19      .]

[2. (*l*)  That I did on the                day of

19      , serve the above-named defendant with a true copy of the writ of summons in this action, which appeared to me to
have been regularly issued out of the High Court for Zambia (at the District Registry (*l*)) against the above-named
defendant at the suit of the above-named plaintiff (*or* plaintiffs) and which was dated the
day of            19      , (by leaving the same at (*g*)
,) *or* (by sending the same by post on the            day of            19      , in a prepaid letter or envelope
addressed to the company at (*l*) (*g*),)
which is the registered office of the defendant company.]

   3.  That at the time of the said service the writ and the copy thereof were subscribed and endorsed in the manner and
form prescribed by the Rules of the said Court.

   4.  That I did on the                          day of                          19      ,
endorse on the said writ the day of the month and the week of the said service.

   [5.  (*l*)  That I did at the time of the said service deliver to the person so served as aforesaid a notice in writing that the
said writ of summons was served upon him as the person having control or management of the partnership business of the
said defendant firm.]

SWORN by the said
at
on the            day of            19      .

         }      ....................................................

BEFORE ME

     *Commissioner for Oaths*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

NOTES:  All erasures, interlineations or alterations should be initialed by the Commissioner immediately opposite the erasure, interlineation or alteration.

(*a*)   Full name and address of deponent.

(*b*)   Profession or occupation and nationality, e.g. Clerk in the employ of x.y. Advocate and Barrister.

(*c*)   Use alternative para. 2 for service on limited company.

(*d*)   Place of service-full address should be given.

(*e*)   Delete whichever inapplicable. These are the examples most commonly met.

(*f*)   Delete if inapplicable.

(*g*)   Address of registered office.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Sch. 1

H.C. Civ. 16
S.C. Civ. 12

*Civil Cause No.*................

REPUBLIC OF ZAMBIA

DEBIT AND ADVICE NOTE

(*For use by the Sheriff and his Officers*)

In the Court

In the matter between

Plaintiff

and

Defendant

| *(33)SERVICE ONLY | *(34)EXECUTION ONLY |
|---|---|
| The Sheriff does not require a copy | A copy must be sent to the Sheriff |

| | | | | |
|---|---|---|---|---|
| *(35)Service of the Writ/Summons/ | | | | K    n |
| Judgment Summons/Notice/ : | *(36)Seizure/Arrest .. | .. | | ......... |
| *(37)(a)           was effected:†(38) | Total kilometres | | | |
| *(39)(b)           has failed:‡(40) | (if appropriate) | .. | .. | ......... |
| | Commission | .. | .. | ......... |
| | Haulage... . | .. | .. | ......... |
| *(41)(c)           has not yet been effected | Labour . . | .. | .. | ......... |
| and a further attempt will | Auctioneer | .. | .. | ......... |
| be made:**** | Advertising | .. | .. | ......... |
| | Total      . | .. | .. | K |

DETAILS OF REPORT OR RETURN:

The following fees are due from and
owing by you in respect thereof;
kindly forward them immediately.

K       n

Service (only if effected)
Total kilometres
(if appropriate)

Total  .              ..      ..          K

| To the Advocates for the Plaintiff: | (Signed)................................................................. |
|---|---|
| Messrs................................................................ | (Name)................................................................... |
| (Address) P.O. Box No......................................... | (Address)............................................................... |
| ............................................................................... | ............................................................................... |
| c.c. The Court named in the Heading. | (Date) |

\* *Delete whichever inapplicable.*
† *Insert date and place of service, person served and capacity.*
‡ *Set out reasons with particulars and dates.*

(*As amended by S.I. No.* 105 *of* 1986)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 17    Sch. 1

REPUBLIC OF ZAMBIA

NOTICE OF PAYMENT INTO COURT

(*General Title*)

TAKE NOTICE that the sum of K                    has been paid into Court pursuant to Rules of Court and the Exchange Control Regulations (Cap. 593), being the amount of K

due      to*(42)

{ from

of                    in respect of

the said†(43)                    being

(i)      *(44)a resident outside the Republic;

*or*

(ii)      *(45)a person acting by order or on behalf of a person resident outside the Republic;

together with*(46)

less*(47)   } the sum of K                costs.

Dated the                day of                19        .

(Signed)

(*Advocate        for* †(48)

―――――――
RECEIPT

Received the above sum of                    kwacha                                        ngwee

K                    into Court for the above credit.

Dated the                day of                19        .

*Assistant Registrar*

* *Delete as required* .
† *Plaintiff or Defendant.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

H.C. Civ. 18

MEMORANDUM OF APPEARANCE

(*General Title*)

Enter an appearance for (*full names*) in this action.

Dated at  the                    day of              19        .

_____

## PART A

(*This Part is only for use where a defendant desires to appear without a Advocate.*)

(Signed).................................

My residential address is ......................................................................................................................................................

My postal address is ...........................................................................................................................................................

*Defendant in person*

   *(49) As my residential address is more than ten kilometres from the Registry concerned, I give the following as an address within ten kilometres thereof at which documents can be left for me.

...................................................................................................................................................................................................

   *(50) As my postal address is more than ten kilometres from the Registry concerned, I give the following as a postal address within ten kilometes thereof to which documents may be posted to me:

   ...............................................................................................................................................................................................

_____

## PART B

(*This Part is only for use where a defendant appears by Advocate.*)

(Signed

*Advocate       for*

Business address

Postal address

whose address for service is *(51)

whose postal address for service is *(52)

Agents for                              of

   * *Delete if inapplicable.*


DIRECTIONS FOR THE GUIDANCE OF DEFENDANTS IN PERSON WHO DESIRE TO ENTER APPEARANCE        Sch. 1

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

*Section* X below should be followed where a defendant intends to attend himself at the Registry.

*Section* Y below should be followed where a defendant wishes to appear by post.

### Section X. *Personal Appearance by a Defendant*

1. The Memorandum of Appearance must be completed in *duplicate*. (O. XI, r. 1.)

2. Fill in the full title and number of the action by copying the heading from the writ served on you.

3. Insert your full name in the blank space provided after the words "*Enter an appearance for*". Observe that if a defendant is sued in the firm name, e.g. *Smith and Co.*, appearance must be in the name of the partner or partners so appearing, as an appearance in the name of a firm cannot be accepted. Further, a limited company can only appear by Advocate.

4. Date the forms.

5. Complete the information required in and sign Part A. Delete Part B.

6. Attend in person at the Registry or District Registry in which the action is proceeding and deliver both copies to the Registry Officer.

7. On the same day as appearance is entered, deliver or send by post to the plaintiff's Advocate, or the plaintiff if he is suing in person, the duplicate memorandum returned to you by the Registry Officer. (The address at or to which to deliver or send the memorandum is on the writ.) (O. XI, r. 3 (1).)

8. The appearance should be entered within the time stated for so doing on the writ and if not so entered the plaintiff will be entitled to proceed by default and judgment may be given without further notice to you.

### Section Y. *Personal Appearance by Post*

1. The Memorandum of Appearance must be completed in *triplicate*. (O. XI, r. 2.)

2. Fill in the full title and number of the action by copying the heading from the writ served on you.

3. Insert your full name in the blank space provided after the words "*Enter an appearance for*". Observe that if a defendant is sued in the firm name, e.g. *Smith and Co.*, appearance must be in the name of the partner or partners so appearing, as an appearance in the name of a firm cannot be accepted. Further, a limited company can only appear by Advocate.

4. Date the forms.

5. Complete the information required in and sign Part A. Delete Part B.

6. Send all three copies, when completed, without fee by prepaid registered post to the address stated in Note 3 on the front page of the writ (Note 2 in the case of an originating summons), at the same time enclosing two stamped addressed envelopes, one to the plaintiff's Advocates, or to the plaintiff if he sues in person, at the postal address shown on the document served on you and the other to yourself at your postal address for service. (O. XI, r. 2.)

7. The forms must be posted so as to be delivered at the Registry or District Registry concerned before the time allowed for appearance (as shown on the first page of the writ) has expired. If the forms are not so delivered, the plaintiff will be entitled to proceed by default and judgment may be given without further notice to you.

8. If the forms, when received, are incorrect or incomplete, then appearance cannot be entered and the action may proceed as in 7 above. The time for appearance *cannot be extended* .

―――――――

If you do not employ a Advocate you are advised to refer to Order XI of the High Court Rules for all requirements relating to the entry of appearance.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 19    Sch. 1

REPUBLIC OF ZAMBIA

NOTICE LIMITING DEFENCE

(*General Title*)

TAKE NOTICE that the (above-named) defendant
limits his defence to part only of the property mentioned in the writ of summons, namely, to *(53)

Dated the                    day of                  19       .

(Signed)
of
Agent for
of
*Advocate for the above-named defendant.*

To
*The plaintiff's Advocates.*
* *Describe the part.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 20

REPUBLIC OF ZAMBIA

SEARCH

(*General Title*)

SEARCH FOR

Dated the                    day of                    19        .

(Signed)
(Address)
Agent for
Advocate for

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 21

REPUBLIC OF ZAMBIA

SUMMONS (GENERAL FORM)

(*General Title*)

Let all parties concerned attend before                                                                    in Chambers,
on the                              day of  19                    at                                    o'clock in the                            noon
on the hearing of an application on the part of

Dated at                              this                      day of  19          .
This Summons was taken out by
of                                              Advocate(s) for the
To                    of                                      and to his Advocate(s).

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 22

REPUBLIC OF ZAMBIA

SUMMONS UNDER ORDER XIII

(*General Title*)

   UPON READING the affidavit of
let all parties concerned attend the Deputy/District/Registrar in Chambers, on the
day of                                    19        at                                    o'clock in the
noon on the hearing of an application on the part of the plaintiff that he be at liberty to sign final judgment
against                                                            for
and costs.

   Dated the  day of                                    19        .
To

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

SUMMONS FOR DIRECTIONS

(*General Title*)

Let all parties concerned attend the Assistant/Deputy/District/Registrar in Chambers, on the
                                day of                19        at                o'clock
in the                                   noon on the hearing of an application on the part of                        to show cause why an order for
directions should not be made in this action as follows:

Pleadings
Discovery
Inspection
Setting down for trial
Place of trial
Mode of trial
Liberty to either party to apply
That the costs of this application be costs in the cause.

Dated at                          the                          day of

This summons was taken out at                          by
Advocate for the plaintiff.

To the defendant(s) and to                          his (their) Advocate(s).

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 24

REPUBLIC OF ZAMBIA

PRAECIPE OF SUBPOENA

(*General Title*)

Seal a writ of subpoena          on behalf of the
directed to                                , returnable

Dated the              day of              19      .

(Signed)
(Address)
*Advocate for*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

H.C. Civ. 25

SUMMONS TO A WITNESS

(*Subpoena ad Testificandum*)

(*General Title*)

To

    You are commanded in the President's name to attend before the High Court for Zambia at                              on the day of            19      at the hour of  in the                   noon and so from day to day until the above cause is tried, to give evidence on behalf of the plaintiff (*or* defendant).

WITNESS The Honourable................................................................................................................................................................

*Chief Justice of Zambia*

    Dated the                                          day of                        in the year of Our Lord One Thousand Nine Hundred and

    Notice (strike out if inapplicable): Notice will be given to you of the day on which your attendance will be required.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 26    Sch. 1

REPUBLIC OF ZAMBIA

SUBPOENA DUCES TECUM

(*General Title*)

To

   You are commanded in the President's name to attend before the High Court for Zambia at
on the                    day of                           19      at the hour of                    in the  noon and so from day to day until
the above cause is tried, to give evidence on behalf of the plaintiff (*or* defendant) and also to bring with you and produce at
the time and place aforesaid

WITNESS The Honourable ................................................................................................................................................................................
*Chief Justice of Zambia*

   Dated the                                         day of                                                in the year of Our Lord
One Thousand Nine Hundred and

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 27

REPUBLIC OF ZAMBIA

WARRANT FOR PRISONER TO GIVE EVIDENCE

(*General Title*)

To the Officer in Charge of the Prison at

You are commanded to have                                                        , a prisoner under your
custody, before the High Court for Zambia at                                    on                        the
            day of                    next at              o'clock in the              noon, to give evidence in the
above-named cause, and immediately after he has there and then given his evidence to return.

Issued at                              the                        day of                        19
                                                                            *Chief Justice/Judge*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 28

REPUBLIC OF ZAMBIA

IN THE HIGH COURT FOR ZAMBIA

(AT THE    DISTRICT REGISTRY*(54))

19........ H........ No........

BETWEEN

................................................................................................................ Plaintiff/Petitioner/Applicant

and

........................................................................................................ Defendant/Respondent

and

.................................................................................................... /Co-Respondent

and

.................................................................................................    ...............................

NOTICE OF HEARING

TAKE NOTICE that the above cause will be heard and determined by the High Court for Zambia at ................................. on ................ the ..................... day of ................. 19 .... at the hour of .......... o'clock in the ........ noon.

Judge .............................................................................................................................................................

Court No. .......................................................................................................................................................

Dated the ....................................... day of ............................., 19.......

..................................................

*Deputy Assistant Registrar*

To:

.............................................................................................. Advocates for Plaintiff/Petitioner/Applicant

.................................................................................................Advocates for Defendant/Respondent

.................................................................................................Advocates for .............../Co-Respondent

................................................................................................. Advocates for ....................

c.c. to:    Notice Board
           Assistant Registrar
           File

NOTE:  This form should be used whenever a date is fixed *other* than by a *Summons* or by Mention or by adjournment the date of which is mentioned in open court.

   *Delete if inapplicable.*

(*As amended by S.I. No.* 71*of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REFERRAL ORDER - 0.XXX1 r4
(Order XXX1 Rule 4)

Sch. 1

FORM 28A

Cause No.     /     /

IN THE HIGH COURT FOR ZAMBIA

Holden at.......................................................

BETWEEN:

PLAINTIFF(S)

DEFENDANT(S)

*To*: THE MEDIATION OFFICER

Having satisfied myself that this action is ready for trial I hereby refer it for mediation.

Please assign a mediator to mediate and ensure that the mediator collects the record from your office immediately. Failure to do so will amount to contempt of Court.

Dated the                          day of                          ...........................

...................................................
*Trial Judge*

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

STATEMENT OF UNDERSTANDING: THE ROLE OF THE MEDIATOR -
0.XXX1 r 9
FORM 28B

Cause No.     /     /

IN THE HIGH COURT FOR ZAMBIA

Holden at........................................................

BETWEEN:

PLAINTIFF(S)

DEFENDANT(S)

My name is..................................................................................................................

I have been assigned to mediate your case. I will serve as a neutral party to help you resolve you dispute. I will not act as an advocate for any party.

This mediation is strictly confidential. No party shall be bound by anything said or done in mediation unless a settlement is reached. If a settlement is reached, the agreement shall be reduced to writing and, when signed, shall be binding upon all parties to the agreement. Each party agrees not to request that, I, the mediator testify against the other party, nor ask me or the other party to testify regarding statements made in mediation.

Please sign below to acknowledge that you have read and/or understand this statement.

.................................................................                    ....................................................................
                *Plaintiff(s)*                                                            *Defendant(s)*

.................................................................                    ....................................................................
            *Plaintiff's Advocate*                                                    *Defendant's Advocate*

.................................................................                    ....................................................................
                *Mediator*                                                                 *Date*

(*As amended by S.I. No.* 71*of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

MEDIATOR'S REPORT - 0.XXX1 r 11

FORM 28C

Sch. 1

Cause No.     /     /

IN THE HIGH COURT FOR ZAMBIA

Holden at.......................................................

BETWEEN:

PLAINTIFF(S)

DEFENDANT(S)

TO: THE MEDIATION OFFICER

I...................................................................................................having been designated as mediator in this action and having conducted mediation between the parties do hereby report that the parties have failed to reach a settlement. In terms of the above rule you are required within 7 days of your receiving this report to remit the record herewith to the trial judge.

Dated the                                   day of                                                          ...........................

....................................................
*Mediator's Signature*

(*As amended by S.I. No.* 71 *of* 1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

MEDIATION SETTLEMENT - 0.XXX1 r 12

FORM 28D

Cause No.     /     /

IN THE HIGH COURT FOR ZAMBIA

Holden at.......................................................

BETWEEN:

PLAINTIFF(S)

DEFENDANT(S)

We, the undersigned parties to this action have agreed to settle our disputes/differences as follows:

Dated the                                      day of                              ...........................

..............................................................          ..............................................................
                    *Plaintiff(s)*                                                          *Defendant(s)*

..............................................................          ..............................................................
              *Plaintiff's Advocate*                                            *Defendant's Advocate*

..............................................................          ..............................................................
                    *Mediator*                                                    *Mediator's Full Name*

(*As amended by S.I. No.* 71*of*1997)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 29    Sch. 1

REPUBLIC OF ZAMBIA

WARRANT TO ATTACH PROPERTY BEFORE JUDGMENT

(*General Title*)

To The Sheriff of Zambia and his Bailiffs.

WHEREAS it has been shown to the satisfaction of this Court that
of                                                          , the defendant in the above suit, with intent
to obstruct or delay the execution of any decree which may be passed against him therein, is about to dispose of or
remove out of the jurisdiction of the Court his goods and chattels:

You are hereby commanded to seize, attach and take into your hands the movable and immovable property of the
defendant (*or* certain property specified to the value of K              ), and to hold the same until the further order of the
Court; and you are also commanded forthwith after the execution of this writ to return the same into the Court, with the
place, time and particulars of execution endorsed thereon.
Dated the              day of                          19      .

................................................
*Chief Justice/Judge*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 30

REPUBLIC OF ZAMBIA

JUDGMENT

(*Default of Appearance*)

(*General Title*)

Dated at                          the                          day of                          19        .

The defendant not having appeared to the writ of summons herein, it is this day adjudged that the plaintiff recover against the said defendant K                          and K                          costs (*or* costs to be taxed).

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 31

REPUBLIC OF ZAMBIA

JUDGMENT

(*Default of Defence*)

(*General Title*)

Dated at  the                    day of                    19        .

The defendant not having delivered any defence, it is this day adjudged that the plaintiff recover against the said defendant K                    and K                    costs (*or* costs to be taxed).

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 32

REPUBLIC OF ZAMBIA

ORDER (GENERAL FORM)

IN THE HIGH COURT FOR ZAMBIA

(AT THE                    DISTRICT REGISTRY*(55))

19......... H........ No.........

†(56) Judge (*or* Registrar)                    in Chambers.

BETWEEN

Plaintiff

and

Defendant

UPON HEARING                                and UPON READING the affidavit(s)

of

filed herein.

IT IS ORDERED

and that the costs of this application be

Dated the                    day of                    19    .

This Order was taken up by                    of ,

Advocates for the                    .

To:

*Delete if inapplicable.

† Insert name of Judge or Registrar.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 33    Sch. 1

REPUBLIC OF ZAMBIA

FORMAL DECREE

(*General Title*)

It is decreed in the above suit that the above-named plaintiff do recover from the above-named defendant the sum of K together with K                              for costs, and the said defendant is hereby ordered to pay the sum of K forthwith (*or* by the following instalments).

Dated the                    day of                    19    .

Debt      . .        . .    K
Costs     . .        . .    K

*Judge/Deputy/District/Registrar*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

H.C. Civ. 34

ATTACHMENT OF EARNINGS ORDER

IN THE HIGH COURT FOR ZAMBIA

(AT THE ........................................ DISTRICT REGISTRY*(57))

19......... H........ No.........

In the matter of AFFILIATION AND MAINTENANCE OF CHILDREN (Cap. 55)

BETWEEN**(58)

.................................................................................................

and

.................................................................................................

WHEREAS ................................................................................................................ .
aged ...................... years and who works at ................................................................................. as a
........................................................................................... (hereinafter called "the defendant") is required
under a maintenance order made on the ...................... day of ........................................................................ ,
19....... by the High Court for Zambia†(59) to make payment of...................... a week  to ...........................;

AND WHEREAS on the application of the said ..............................................................................................
it appears that at the time the application was made there was due under the maintenance order and unpaid an amount
equal to not less than four of the weekly payments required by the order (*or if the maintenance order is not for weekly
payments*, not less than two of the payments required by the order), and that earnings fall to be paid by.........................
to ........................ the defendant.

IT IS HEREBY ORDERED that the said ...........................................................................................................
do make payments out of those earnings in accordance with the Affiliation and Maintenance of Children Act to
the‡(60)........................................ Registrar of the High Court at‡(61) ............................... for transmission to the said  .

AND IT IS FURTHER ORDERED that for the purposes of calculating the said payments the normal deduction rate shall
be ..................................................................................................................................... a week†(62)  and
that the protected earnings rate shall be ............................... a week.†(63)

Dated at ..................................................................................... this ...................... day of ...................... , 19 ........

To ...............................................................................
of ...............................................................................
And to ...............................................................................
of ...............................................................................
NOTE:  This Order does not come into force until one week after service on the
        said ...............................................................................
   * *Delete if inapplicable.*
   † *Or as the case may be..*
   ‡ *Insert "District" where applicable and full postal address.*
  ** *Full title.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 35    Sch. 1

REPUBLIC OF ZAMBIA

NOTICE OF INTENTION TO VARY ATTACHMENT OF EARNINGS ORDER

IN THE HIGH COURT FOR ZAMBIA

(AT THE                              DISTRICT REGISTRY*(64))

19......... H........ No.........

In the matter of AFFILIATION AND MAINTENANCE OF CHILDREN (Cap. 64)

BETWEEN**(65)

...................................................................................................
and
...................................................................................................

 WHEREAS by an attachment of earnings order dated the ..................................................................
day of ............. , 19 ..... ., ...................................................................................... was required,
out of the earnings falling to be paid by him to................................................................... to make payment to me
in or towards satisfaction of the payments due to ................................................................... under a maintenance
order made by the High Court for Zambia,†(66)  ..................................................................................................
on the ........................ day of ....................., 19........ ;

AND WHEREAS it appears that-

(a)    the aggregate of the payments made for the purposes of the maintenance order exceeds the aggregate of the payments required by that order; and

(b)    the normal deduction rate specified by the attachment of earnings order exceeds the rate of payments required by the maintenance order; and

(c)    no proceedings for the variation or discharge of the attachment of earnings order are pending:

TAKE NOTICE that unless the said ....................................................................... applies to the High Court for Zambia, within fourteen days after the date of this notice, for an order discharging the attachment of earnings order or varying it in some other manner, the Court will make an order varying the attachment of earnings order by reducing the normal deduction rate to the rate of payments required by the maintenance order or to such lower rate as the Court thinks fit having regard to the amount of the excess mentioned in paragraph (a) of this notice.

Dated at ......................................................................... this .................. day of ......................., 19........

(Signed)‡(67) ...................................................................

(Designation) ...................................................................

To ............................................................................
of ............................................................................
And to ....................................................................
of ............................................................................
 * Delete if inapplicable.
 † Or as the case may be.
 ‡ To be signed by the officer of the High Court to whom payments under the attachment of earnings order are to be made.
 ** Full title.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

<div align="right">H.C. Civ. 36    Sch. 1</div>

REPUBLIC OF ZAMBIA

NOTICE OF NON-EMPLOYMENT OF DEFENDANT

IN THE HIGH COURT FOR ZAMBIA
(AT THE                    DISTRICT REGISTRY*(68))

<div align="right">19......... H.......... No..........</div>

In the matter of AFFILIATION AND MAINTENANCE OF CHILDREN (Cap. 64)

BETWEEN

†(69).........................................................................
and
.........................................................................

NOTICE

WHEREAS by an attachment of earnings order made by the above-named court on the ....... day of .................. I was directed to make payment to the‡(70) ...............................................................................................Registrar of the High Court at‡(71) out of earnings falling to be paid by me to the defendant .................... :

I hereby give notice under section 12 (4) of theAffiliation and Maintenance of Children Act that on no occasion during the period of four weeks immediately preceding the§(72) .................day of......................................., 19..........., was I the defendant's employer within the meaning of that Act.

‖(73) (Signed).......................................................................

To:  The Registrar of the High Court (*or* the District Registrar of the High Court)
at .........................................
    * *Delete if inappicable.*
    †*Title as in attachment of earnings order.*
    ‡ *Please insert "District" where applicable and full postal address.*
    § *Please insert date of service of attachment of earnings order or such later date as may be appropriate.*
    ‖ *To be signed by the person to whom the attachment of earnings order was directed.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 37

REPUBLIC OF ZAMBIA

WARRANT OF ATTACHMENT

(*General Title*)

To The Sheriff of Zambia and his Bailiffs.

You are required to attach                                              of ,
so as to have him before this Court at , there to answer, as well touching a contempt which he is alleged to have committed, as also such other matters as shall be there laid to his charge, and further to perform and abide such order as the Court shall make in this behalf. And bring this writ with you.

Dated at  the                              day of                              19     .

*Chief Justice/Judge*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

H.C. Civ. 38

WARRANT OF ARREST AND COMMITMENT

(*General Title*)

To the Sheriff of Zambia and his Bailiffs.

WHEREAS by an order bearing date the                    day of
19        , it was ordered that                    of
should stand committed to prison (and be kept to labour) for
months/days for contempt of this Court:

YOU ARE THEREFORE COMMANDED in the President's name forthwith to arrest the said
               of                    , and him safely deliver to the officer in charge of the
prison at                    , there to be imprisoned and kept to labour for  months/days
from the date of the arrest under this warrant.

  Dated at                    the            day of            19      .

*Chief Justice/Judge*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

<div align="right">H.C. Civ. 39    Sch. 1</div>

<div align="center">REPUBLIC OF ZAMBIA

CERTIFICATE AFTER TRIAL

(*General Title*)</div>

I certify that the above cause was tried before the Honourable
in Court at  on the ...................... day(s)
of ................................, 19 ...... , and occupied the time of the Court as follows:

First day, from............................................................    to................................................
            from............................................................    to................................................
Second day, from.......................................................    to................................................
            from............................................................    to................................................
Third day, from...........................................................    to................................................
            from............................................................    to................................................
Fourth day, from.........................................................    to................................................
            from............................................................    to................................................
Fifth day, from............................................................    to................................................
            from............................................................    to................................................
Sixth day, from...........................................................    to................................................

The judgment was delivered on the ............................................................................... day of ..........................,
19...... , and occupied the time of the Court as follows:
            from............................................................    to................................................

*(74)The Judge directed that judgment should be entered for the .......................................................................
........................... as follows:
            ...............................................................................................................................................
            ...............................................................................................................................................
            ...............................................................................................................................................
            ...............................................................................................................................................

*or* *(75)A certified copy of the written judgment of ...........................................................................................
is annexed hereto.

Dated at                           this .......................... day of .................. , 19......

<div align="right">....................................................
*Deputy Assistant Registrar*</div>

* *Delete as appropriate.*
Original to successful party.
Copies to other parties and the Assistant Registrar.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 40

REPUBLIC OF ZAMBIA


PRAECIPE OF FIERI FACIAS

(*General Title*)

Seal a writ of *fieri facias* directed to the Sheriff of Zambia and his Bailiffs against
of  upon a judgment
(*or* order) dated the          day of 19        , for the sum of
K        and K          costs and interest.

Endorsed to levy K                and interest thereon at K        per annum from theday of          19        ,
and K              costs of execution.

*Advocate for*

(*As amended by No.* 305 *of* 1968 *and by S.I. No.* 105 *of* 1986)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

WRIT OF FIERI FACIAS

(*General Title*)

To the Sheriff of Zambia and his Bailiffs

You are hereby commanded in the President's name that of the goods and chattels of you cause to be made the sum of K          and also interest thereon at the rate of K          per annum from the *(76)  day of          19          , which said sum of money and interest were lately before the High Court for Zambia in a certain action wherein          is plaintiff and          defendant by a judgment (*or* order) of the said Court bearing date the day of 19          , adjudged (*or* ordered) to be paid by the said          to the said          together with certain costs in the said judgment (*or* order) mentioned and which costs have been taxed and allowed by the Taxing Master of the said Court at the sum of K          as appears by the certificate of the said Taxing Master dated the          day of 19

AND THAT of the goods and chattels of the said you further cause to be made the said sum of K          (costs) together with interest thereon at the rate of K          per centum per annum from the*(77) day of  19          , and that you have that money before the said Court immediately after the execution hereof to be paid to the said          in pursuance of the said judgment (*or* order). And in what manner you shall have executed this writ make appear to the said Court immediately after the execution thereof. And have there then this writ.

WITNESS The Honourable...................................................................................................................................................
*Chief Justice of Zambia*

Dated the          day of          in the year of Our Lord One Thousand Nine Hundred and

  * *Day of decree or order, or day on which money is directed to be paid, or day from which interest is directed by the order to run, as the case may be.*

*(As amended by S.I. No. 105 of 1986 and S.I. No. 174 of 1990)*

ENDORSEMENT

Levy K  and K          for costs of execution, etc., and also interest on K          at K          per centum per annum from the          day of          19          until payment; besides Sheriff's commission, officer's costs of levying and all other legal incidental expenses.

This writ was issued by          of          , Advocate for who resides at

The          is a          and resides at in the District of          .

*(As amended by No. 305 of 1968)*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 42    Sch. 1
S.C. Civ. 28

REPUBLIC OF ZAMBIA

REQUEST AND AUTHORITY TO UNDER-SHERIFF

(Walking Possession)

IN THE HIGH COURT FOR ZAMBIA, AT THE
..........................District Registry.*(78)

IN THE SUBORDINATE COURT (CLASS              )

.......................................................................................*  19.......    (H.....-........

......................................................................................... { .....S...-........

BETWEEN ..................................................................................................................................... Plaintiff
and ......................................................................................................................................... Defendant

To the Under-Sheriff and Bailiffs.

I hereby request that you will not leave a Possession Man on my premises in close possession of the goods listed overleaf which you have seized under the above writ/warrant*(79) of execution.

If this convenience is allowed to me, I undertake, pending the withdrawal or satisfaction of the writ/warrant*(80)-

    (*a*)    not to remove the said goods or any portion thereof nor to permit their removal by any person unauthorised by you in that behalf;

    (*b*)    to inform any Sheriff's Officer or other person who may enter my premises for the purpose of levying any other execution or distress that you are already in possession of my goods under the above writ/warrant*(81);

    (*c*)    to notify you immediately at your office of the visit of any such Sheriff's Officer or other person for the purpose of levying as aforesaid.

And I authorise you, or any of you, pending the withdrawal or satisfaction of the above writ/warrant*, to re-enter my premises at any time and as often as you may consider necessary for the purpose of inspecting the said goods or completing the execution of the writ/warrant*(82).

Dated this                              day of                              19    .

*Judgment Debtor*

NOTE: A copy of this form must be left with the debtor.

* *Delete whichever inapplicable.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

<div align="right">H.C. Civ. 43</div>

PRAECIPE OF ELEGIT (OR RE-ELEGIT)

(*General Title*)

Seal a Writ of Elegit (or Re-Elegit) directed to the Sheriff of Zambia against ............................................................. the above-named defendant of..........................................................................................................for not paying to........................................................................................................................... the above-named plaintiff the sum of K......... together with interest thereon on the .......................................................................................... day of ................., 19............ and the sum of K.......... for costs with interest thereon at the rate of K........ per centum per annum.

JUDGMENT (*or* Order) dated the ...................................................................................... day of.................19.......

(Taxing Master's certificate dated the .......................................................................................day of ........................ 19 .......)

<div align="right">
............................................................<br>
*Advocates for*.......................................<br>
whose address for service is at<br>
............................................................<br>
............................................................
</div>

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

WRIT OF ELEGIT

(*General Title*)

To the Sheriff of Zambia.

          WHEREAS lately in the High Court for Zambia in a certain action or matter there depending intituled....................................wherein ...................................................................................................................... is plaintiff and ........................................................................................... defendant by a judgment (*or* order) of the said Court made in the said action and bearing date the......................day of ..................19....... it was adjudged (*or* ordered) that ........................................................................................................................................................................................ should pay unto ..........................................................................................the sum of K ........together with interest thereon after the rate of K........per centum per annum from the ....................................................................... day of ............19....... together also with certain costs as in the said judgment (*or* order) mentioned and which costs have been taxed and allowed by the Taxing Master of the said Court at the sum of K.............as appears by the certificate of the said Taxing Master dated the ........................................................................................................................................................................... day of..........19...... .

     AND afterwards the said ..... came into the said Court and according to the statute in such case made and provided chose to be delivered to him all such lands, tenements, rents and hereditaments in your bailwick as the said . or anyone in trust for him was seised or possessed of on the ................... day of .......................................................... in the year of Our Lord .............. or at any time afterwards or over which the said ............................................... on the ............ day of ................................................................................................. 19........ or at any time afterwards had any disposing power which he might without the assent of any other person exercise for his own benefit to hold the said lands, tenements, rents and hereditaments respectively, according to the nature and tenure thereof to him and to his assigns until the said two several sums of K....... and K.......... together with interest upon the said sums at the rate of K........... per centum per annum from the said ................................................................................... day of ............ 19...... shall have been levied or sooner paid. Therefore you are commanded that without delay you cause to be delivered to the said.................................... by a reasonable price and extent all such lands, and tenements, rents and hereditaments in your bailwick as the said ................................................... or any person or persons in trust for him was or were seised or possessed of on the said ................................................................................ day of ......... 19 ....... or at any time afterwards or over which the said..................on the said ............... day of .................... 19....... or at any time afterwards had any disposing power which he might without the assent of any other person exercise for his own benefit to hold the said lands, tenements, rents and here-ditaments respectively, according to the nature and tenure thereof to him and to his assigns until the said two several sums of K......... and K......... together with interest as aforesaid shall have been levied or sooner paid. And in what manner you shall have executed this Writ make appear to the High Court aforesaid immediately after the execution thereof under your seal. And have there then this Writ.

WITNESS The Honourable ...........................................................................................................................................

*Chief Justice of Zambia*

   Dated the ....................................................................... day of ........................ in the year of Our Lord One Thousand Nine Hundred and .............................

....................................................................
*Registrar*

*Receipt under Section 26, Sale of Goods Act*, 1893.

   The above writ was delivered to me at ......................................................... o'clock in the ............... noon on the ................... day of........... , 19 .........

....................................................................
*Sheriff*

NOTE:  Also under section 7 (2) of the Sheriffs Act (Cap. 37), a Sheriff at the request of a person delivering a writ to him
        for execution shall give a receipt for that writ stating the day of its delivery.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 45    Sch. 1

REPUBLIC OF ZAMBIA

FORMS OF RETURN

(*General Title*)

(1) RETURN TO ELEGIT THAT DEFENDANT HAS NO LANDS, ETC.

The within named defendant hath not nor hath any person in trust for him any lands, tenements, rents or hereditaments within my bailiwick whereof I can cause to be levied K........... and interest K........... within mentioned or any part thereof as I am within commanded.

The answer of

................................................................................
*Sheriff* (Seal)

(2) RETURN WHERE THE DEFENDANT HAS LANDS, ETC

The answer of

*Sheriff to Wit.*

That the within named defendant on the ......................................................................................... day of ............... in the year of Our Lord One Thousand Nine Hundred and ........................................................................ was (or is) seised in the following lands within my bailiwick viz:
which said lands I the said ........................... on the......................day of.......................... to hold according to the nature and tenure thereof to him and his assigns according to the form of the statutes in such case made and provided until the said several sums of K........ and K........ in the said writ mentioned together with interest upon the same as therein also mentioned shall have been levied.

................................................................................
*Sheriff* (Seal)

Filed as of record together with the Sheriff's Inquisition the ............................................................................... day of .............19 ....... .

................................................................................
*Registrar*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

H.C. Civ. 46

ELEGIT FOR THE RESIDUE AFTER A FIERI FACIAS

(*General Title*)

To the Sheriff of Zambia

Whereas lately in the High Court for Zambia in a certain action (*or* matter) there depending intituled................ wherein ............................. is plaintiff and ........................................ defendant by a judgment (*or* order) of the said Court made in the said action (*or* matter) and bearing date the .............................................................. day of ........., 19...... , it was adjudged (*or* ordered) that .................................................................................................................................................... should pay unto ....................................................................... the sum of K ......... together with interest thereon after the rate of K ........ per centum per annum from the ....................................................... day of ........, 19....., together also with certain costs as in the said judgment (*or* order) mentioned and which costs have been taxed and allowed by the Taxing Master of the said Court at the sum of K ....... as appears by the certificate of the said Taxing Master dated the  day of ......................, 19...... .

AND whereupon by a Writ you were lately commanded that of the goods and chattels of the said  in your bailiwick you should cause to be made the sum of K ......... and also interest thereon at the rate of K ......... per centum per annum from the .........................................................................day of ................ 19...., together with the said costs in the said judgment (*or* order) mentioned, taxed and allowed as aforesaid with interest thereon at the rate of K ....... per centum per annum from the ............................................................................ day of ............., 19 ... ., and that you should have that money and interest before the said Court immediately after the execution thereof to be paid to the said ................................................................................................................................ in pursuance of the said judgment (*or* order) and that in what manner you should have executed that Writ you should make appear to the said Court immediately after the execution thereof having there then that Writ of Fieri Facias and you on the  day of ........... , 19.... , made return to the said Writ of Fieri Facias that (here recite return);

AND afterwards the said .............................................................. came into the said Court and according to the statute in such case made and provided chose to be delivered to him until the sum of K ........ residue of the said K ........ and interest aforesaid, should be thereof levied all lands, tenements, rents and hereditaments in your bailiwick as the said ....................................................................................... or anyone in trust for him was seised or possessed of on the ................................................................................................................................................................. day of 19 ......., or at any time afterwards or over which the said ....................................................................... on the .................... day of ..............., 19....... , had any disposing power which he might without the assent of any other person exercise for his own benefit to hold the said lands, tenements, rents and hereditaments respectively, according to the nature and tenure thereof to him and to his assigns until the said sum of K........... (or the several sums of K........... and K..........) together with interest as aforesaid shall have been levied or sooner paid. And in what manner you shall have executed this Writ make appear to the said Court under your seal immediately after the execution thereof. And have there then this Writ.

WITNESS The Honourable ............................................................................................................................................

*Chief Justice of Zambia*

Dated the ....................................................................................................... day of ................. in the year of Our Lord One Thousand Nine Hundred and .......................

..........................................................................
*Registrar*

*Receipt under Section 26, Sale of Goods Act*, 1893.

The above writ was delivered to me at ....................................................................... o'clock in the .............. noon on the ....................... day of .......................... , 19........ .

..........................................................................
*Sheriff*

NOTE: Also under section 7 (2) of the Sheriffs Act (Cap. 37), a Sheriff at the request of a person delivering a writ to him for execution shall give a receipt for that writ stating the day of its delivery.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 47

REPUBLIC OF ZAMBIA

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

WRIT OF RE-ELEGIT

(*General Title*)

To the Sheriff of Zambia

Whereas lately in the High Court for Zambia in a certain action (*or* matter) there depending intituled ............................ wherein...................................... is plaintiff and ...............................................defendant by a judgment (*or* order) of the said Court made in the said action (*or* matter) and bearing date the ...................................................... day of ........... , 19 .........., it was adjudged (*or* ordered) that ............................................................................................ should pay unto ...................................................................................................... the sum of K .......... together with interest thereon after the rate of K ....... per centum per annum from the ................................................................................................ day of ...................................................................................... ,19 ....... ., together also with certain costs as in the said judgment (*or* order) mentioned and which costs have been taxed and allowed by the Taxing Master of the said Court at the sum of K ........... as appears by the certificate of the said Taxing Master dated the ............................... day of ...................... ., 1 9........... .

AND afterwards the said ........................................................................................ came into the said Court and according to the statute in such case made and provided chose to be delivered to him all such lands, tenements, rents and hereditaments in your bailiwick as the said ........................................................................................................................................ . or anyone in trust for him was or were seised or possessed of on the ................................................................... day of............................................................................ in the year of Our Lord ..................... or at any time afterwards or over which the said ............................................................... on the said ............. day of ............ , 19....... , or at any time afterwards had any disposing power which he might without the assent of any other person exercise for his own benefit to hold to him the said lands, tenements, rents and hereditaments respectively according to the nature and tenure thereof until the several sums specified together with interest as aforesaid should have been levied.

AND in pursuance of the Writ of Elegit dated the ................................................................................ day of ................. , 19..... , you were commanded without delay to cause the same to be delivered accordingly until the said several sums together with interest as aforesaid should have been levied or sooner paid.

AND you on the ...... day of ......, 19...., did make return to the said High Court for Zambia a certain inquisition indented taken before you by ................................................................................................................................ on the .................................... last past whereby it was found (here recite finding)

AND because the said Court is now given to understand that the said ....................................................................... at the time of giving the judgment aforesaid and (*or*) afterwards had and still hath divers other lands, tenements, rents and hereditaments in your bailiwick besides those which are mentioned in the return above set forth, which said other lands, tenements, rents and hereditaments, the said ........................................................... ought also to have in execution for the more speedy recovery of the said K .......... and K ............ interest aforesaid;

THEREFORE the said ........................................................................................ hath humbly besought the said Court that he may so have them, according to due course of law:

THEREFORE you are commanded that you cause to be delivered to the said ................................................................. in the presence of the said ......................................................................................... to be warned on that occasion if he will attend, all the other lands, tenements, rents and hereditaments of the said ............................... in your bailiwick, as well as those before extended in execution, for the payment of the said several sums of K ........ and K ........ and interest aforesaid to hold to the said ............................................................... , and his assigns according to the nature and tenure thereof, according to the form of the statute aforesaid until the said several sums of K ........ and K ........ and interest aforesaid shall be thereof fully levied:

AND in what manner you shall have executed this Writ make appear to the Court aforesaid immediately after the execution thereof under your Seal:

AND have there then this Writ.
WITNESS The Honourable .............................................................................................................................

*Chief Justice of Zambia*

Dated the ............................................................................................. day of ......................... in the year of Our Lord One Thousand Nine Hundred and ........................

..................................................................

*Registrar*

*Receipt under Section 26, Sale of Goods Act*, 1893.

The above writ was delivered to me at .........................................................................o'clock in the ....................... noon on the ..................... day of .............. , 19 .......

..................................................................

*Sheriff*

NOTE: Also under section 7 (2) of the Sheriffs Act (Cap. 37), a Sheriff at the request of a person delivering a writ to him for execution shall give a receipt for that writ stating the day of its delivery.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 48

REPUBLIC OF ZAMBIA

BOND FOR COSTS ON APPEAL

(*General Title*)

KNOW ALL MEN BY THESE PRESENTS, that we

of ,

of ,                                                              and

of ,

are jointly and severally held and firmly bound to

of                                  , in the sum of                                      kwacha of lawful money,

to be paid to the said                                                      , his executors, administrators or

assigns, for which payment well and truly to be made, we bind ourselves, and each of us for himself, in the whole, our and

every of our heirs, executors and administrators, firmly by these presents. Sealed with our seals.

   Dated the                              day of                                      , in the year of Our Lord

One Thousand Nine Hundred and  .

   WHEREAS a suit is now depending in the court below at                              wherein the said

is plaintiff, and the said

is defendant;

   And whereas a judgment was given by the court below therein on the

day of                  19        for the said                      , and the said

has applied for leave to appeal from the said judgment;

   And whereas it is by law provided that the party appealing shall give security to the satisfaction of the court below for all

such costs as may be awarded to any respondent by the Court;

   And whereas the above-named                                  and ,

at the request of the said                                              , have agreed to enter into

this obligation for the purposes aforesaid:

   Now the condition of this obligation is such, that if the above-bounden

and                                              , any or either of them, shall pay unto the said                          , his

executors, administrators or assigns, the costs of the said appeal as the Court shall order, then this obligation shall be

void, otherwise shall remain in full force.

                                                                                    (L.S.)

   Signed, sealed and delivered)                                               (L.S.)

       in the presence of)          }                                         (L.S.)

                                                                                    *Registrar*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 49

REPUBLIC OF ZAMBIA

CERTIFICATE OF SERVICE OF FOREIGN PROCESS

I,                                                                                  , Registrar of the High Court for Zambia, hereby
certify that the documents annexed hereto are as follows:

(1)  The original letter of request for service of process from the court or tribunal at
in the matter of                                                                  *versus*
, and

(2)  The process received with such letter of request, and

(3)  The evidence of service upon the person named in such letter of request with a verification of a Commissioner for
Oaths.

And I certify that such service so proved and the proof thereof are such as are required by the law and the practice of
this Court regulating the service of legal process and the proof thereof.

And I certify that the cost of effecting such service as duly certified by the taxing master of the Court amounts to the sum
of K

Dated at                    the                    day of                    19

*Registrar*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 50

REPUBLIC OF ZAMBIA

REQUEST TO SEARCH JUDGMENTS REGISTER OR JUDGMENTS SECTION OF THE CIVIL CAUSES REGISTER
(INDIVIDUAL SEARCH)

In the High Court for Zambia.
(At the ........................... .District Registry.)*(83)
To the (District)*(84) Registrar.

I desire to make personal search in the Judgments Register/Judgments Section of the Civil Causes Register†(85)  at your Registry for the record of any entries against the following:

(State the names)

.................................................................................................................................................................................................................
.................................................................................................................................................................................................................
.................................................................................................................................................................................................................

For the fees, I attach hereunder K.............................‡(86)

(Signed)   ...............................................................................
(Address) ...............................................................................
              ...............................................................................
(Date)     ...............................................................................

```
ZAMBIA REVENUE STAMPS
To Be Affixed Here
```

* *Delete if inapplicable.*
† *Delete whichever is inapplicable.*
‡ *10n for every name searched against.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 51

REPUBLIC OF ZAMBIA

APPLICATION FOR PERMIT FOR GENERAL SEARCHES IN JUDGMENTS REGISTERS (AGAINST
UNSPECIFIED NUMBER OF NAMES)

*To*: The Registrar of the High Court,
P.O. Box RW.50067,
Lusaka.

⌈                              ⌉
                    Address and Date
⌊                              ⌋

I/We hereby make application for the issue to me/us of ........................................................................*(87)
permit(s) for the purpose of making general searches against any number of unspecified judgment debtors in the
Judgments Registers in the Principal and District Registries of your Court and Subordinate Courts.

For the purpose I/we enclose herewith K..........................................................................................in payment
of the fees therefor in respect of the year ending the 31st December, 19 ....... .

I/We understand and agree that it is a condition of the grant of any permit hereby applied for that the Government or any
of its servants or agents will not in any event be liable for any misstatement whatsoever contained in any entry in any
Register whether the same be due to negligence or not.

In addition I/we hereby agree to indemnify the Government and any of its servants or agents against all actions resulting
from the making of any entry in any Register or the publication thereof.

The above permits should be made in favour of the following persons respectively, specimens of whose signatures are
set out below:

†(88)................................................................          ‡(89)...........................................................................
..........................................................................          ...........................................................................
..........................................................................          ...........................................................................
..........................................................................          ...........................................................................
..........................................................................          ...........................................................................
                                                        (Signed) ...........................................................................

\* *State number required.*
† *State name or names.*
‡ *Speciment signatures.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

REPUBLIC OF ZAMBIA

H.C. Civ. 52

PERMIT FOR GENERAL SEARCHES IN JUDGMENTS REGISTERS (AGAINST UNSPECIFIED NUMBER OF NAMES)

High Court for Zambia,
Lusaka.

*To*:  The Deputy Registrar,
       All District Registrars,
       Assistant Registrars, and
       Clerks of Court.

This is to certify that ...................................................................................................... (a specimen of whose signature is affixed hereto) is for the year ending the 31st day of December, 19 ......, hereby authorised to search for entries against any number of unspecified judgment debtors in the Judgments Registers at any Registry of the High Court for Zambia or courts subordinate thereto, the prescribed fees having been paid to me.

Dated at Lusaka the ................... day of ................ , 19.......

...........................................................................
*Registrar of the High Court*

NOTE: This permit is issued subject to the conditions and to the right of indemnity contained, mentioned or referred to in the application made by ........................................................................................................................................ and dated the................................................................................ day of ................ , 19..... , being an application for a permit for general searches to be made in the Judgments Registers of the Principal and District Registries of the High Court for Zambia, or courts subordinate thereto.

...........................................................................
*Specimen Signature*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

H.C. Civ. 53    Sch. 1

REPUBLIC OF ZAMBIA

FEE SHEET

From    ...................................................................................

...................................................................................

...................................................................................

(Dated)............................................................19......

*To*:  The Registrar,
(Probate Registry),
High Court,
P.O. Box RW50067,
Lusaka.

Sir,

PROBATE FEES

The attached application (or as the case may be) is forwarded for necessary action.

I attach hereto stamps to the value of K                                           made up as follows:

| No. | Item | Amount of Fee | |
|-----|------|-----|-----|
|     |      | K   | n   |
|     |      |     |     |

The Grant (or as the case may be) should be forwarded to:

...................................................................................

...................................................................................

...................................................................................

Yours faithfully,

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

SECOND SCHEDULE

(*Order 1, Rule 4*)

PART I

GENERAL FEES APPLICABLE TO ALL DIVISIONS OTHER THAN PROBATE NON-CONTENTIOUS AND WHERE OTHERWISE SPECIFICALLY LAID DOWN AND IN ADDITION TO OTHER FEES LAID DOWN SPECIFICALLY IN OTHER COURTS UNLESS THE CONTEXT OTHERWISE REQUIRES

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

| No. | | Fee units | Document to be receipted |
|---|---|---|---|
| 1. | On sealing a writ of summons or originating application of any matter | 167 | The filed copy |
| 2. | On sealing a concurrent or renewed writ of summons or concurrent originating summons | 17 | The praecipe |
| 3. | On sealing any amendment | 17 | The filed copy |
| 4. | On sealing a summons in chambers (including a summons for directions or notice for further directions) | 50 | The summons or notice |
| 5. | On filing an interlocutory notice of motion or application not specifically provided for | 50 | The filed notice or application |
| 6. | On sealing a third party notice | 50 | The filed copy |
| 7. | On sealing a commission or letter of request for the examination of witness abroad | 50 | The praecipe of undertaking |
| 8. | On the examination of a witness before an officer of the Court (including the examination of a Judgment debtor) or each half hour or part thereof | 83 | The order or praecipe |
| | NB-Where the officer is required to take the examination away from his office his reasonable travelling and other expenses are also payable. | | |
| 9. | On filing deposition: each deposition | 17 | The filed copy |
| 10. | On an application for copies of the notes of Judge for the use of the Supreme Court of Zambia per page or part thereof | 17 | The application |
| 11. | On sealing a writ of subpoena for each witness | 17 | The praecipe |
| 12. | On sealing a writ of subpoena for each witness | 17 | The filed copy |
| 13. | On filing an affidavit | 17 | The filed document |
| 14. | On filing a certificate of service | 17 | The filed document |
| 15. | (a) On personal individual search in the Judgments Registers or in the Judgments Section of the Civil Causes Register for every name | 17 | The search form |
| | (b) On personal general searches in the Judgments Registers for unspecified number of names in any calendar year, in any registry of the High Court | 1,111 for a year or part thereof | In cash, payable to the Registrar of the High Court |
| | (c) On a search for appearance of any other search (including an inspection) not otherwise provided for | 11 | The search praecipe |

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

| No. | | Fee units | Document to be receipted |
|---|---|---|---|
| 16. | For a certificate of appearance of a pleading affidavit or proceeding having been entered, filed or taken or the negative thereof, unless otherwise provided | 17 | The certificate |
| 17. | On entering or sealing an order made in Chambers | 22 | The order |
| 18. | On entering or sealing an order of reference under O.XX | 44 | The order |
| 19. | On sealing or approving an advertisement, or any other document or deed (other than Judgment or orders) | 33 | The filed copy |
| 20. | On entering or setting down any cause or matter for hearing in Court, except where otherwise provided | 111 | The filed copy or record |
| 21. | On entering or sealing a judgment, decree or order given, directed or made in the trial, hearing or further consideration or a cause or matter in court (other than a matrimonial cause or judgment summons) per day or part thereof | 111 | The judgment decree or order |
| 22. | On hearing a judgment summons | 69 | The order |
| 23. | On entering or sealing any other judgment or order | 44 | The judgment or order |
| 24. | On sealing or filing a writ of execution (including a writ of attachment) | 44 | The praecipe |
| 25. | On filing a case stated | 44 | The case |
| 26. | On taking an account of monies received by a person liable to account for the same for every K1,500 or fraction of K1,500 of the amount received | 11 | The certificate |
| 27. | On taking an account of monies due to any person for every K1,500 or fraction of the amount found to be due | 11 | The certificate |
| 28. | On an inquiry as to damages for every K1,500 or fraction of K1,500 of the amount certified | 11 | The certificate |
| 29. | For copies of documents or proceedings per page or part thereof | 17 | The office copy |
| 30. | For certifying a copy as an office copy and in addition if under seal | 22 | The office copy |
| 31. | On filing any notice not specifically provided for | 22 | The filed copy |
| 32. | On the taxation of a bill of costs for every K1,500 or fraction of K1,500 allowed | 11 | The bill |
| 33. | Application (including registration) to register a judgment when no fee is provided by the ordinance or Act providing for registration | 44 | The certificate of judgment |

PART II

APPEALS

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

| | | | |
|---|---|---|---|
| 34. | On filing application for leave to appeal to the court | 44 | The notice |
| 35. | On leave being granted to appeal to the Court | 44 | The order |
| 36. | On every bond | 44 | The filed copy |
| 37. | On hearing any appeal other than a criminal appeal per day or part thereof | 17 | The judgment |

Sch. 2

PART III                                                                                    Sch. 2

DIVORCE AND MATRIMONIAL CAUSES

| No. | | Fee units | Document to be receipted |
|---|---|---|---|
| 38. | On presenting and filing a petition | 250 | The petition |
| 39. | On amending a petition | 22 | The praecipe |
| 40. | On filing an answer or reply | 28 | The filed copy |
| 41. | On application for ancillary relief | 44 | The application |
| 42. | On filing affidavit in answer to application for ancillary relief or affidavit in reply thereto on filing particulars | 17 | The filed affidavit |
| 43. | On setting down and hearing per day or part of the day | 167 | |
| 44. | On filing notice of application to make decree absolute | 44 | The certificate |
| 45. | On sealing a copy of a decree nisi or absolute | 44 | The filed copy |
| | NB-The fees listed in this part are in addition to the original fees listed at Part I hereto unless the consent specifically required otherwise. | | |

PART IV

PROBATE (NON-CONTENTIOUS)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

| No. | Grants | Fee units |
|---|---|---|
| 46. | On probate or letter of administration with or without the will annexed: | |
| | If the gross estate does not exceed K30,000 | 139 |
| | If the gross estate exceeds K30,000 but does not exceed K300,000 | 167 |
| | If the gross estate exceeds K300,000 | 222 |
| *Subsequent Grants* | | |
| 47. | For any second or subsequent grant in respect of the same deceased person | The same as on the previous grant |
| 48. | For every duplicate or triplicate probate or letters of administration with or without the will annexed | 44 |
| *Resealing* | | |
| 49. | For resealing a grant under the Probates (Resealing) Act | 167 |
| 50. | Statutory Advertisements in Zambia Government *Gazette* | 167 |
| *Alterations in Grants, etc* | | |
| 51. | For noting on a grant that the deceased died domiciled in Zambia, if not so noted when the grant was issued (inclusive fee) | 44 |
| 52. | For amending a grant (including Registrar's order, etc) | 83 |
| 53. | And in addition, if a new bond is required | 11 |
| 54. | For revocation of a grant (including Registrar's order, etc) | 50 |
| 55. | For impounding a grant, or releasing an impounded grant (inclusive fee) | 50 |
| 56. | For noting on a grant and the record the addition of a personal representative (including filing the affidavit) | 44 |
| 57. | For noting on record that an executor to whom power was reserved has renounced (inclusive fee) | 44 |
| 58. | For the preparation of a memorandum under the Inheritance (Family Provisions) Act, 1938 (as applied to Zambia), photocopy thereof, and for noting the grant and filing the order (inclusive fee) | 17 |
| *Caveats* | | |
| 59. | For the entry of subduction of a caveat | 11 |
| 60. | For a warning to a caveat | 22 |
| 61. | For service of warning by post | 83 |

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Sch. 2

| No. | Grants | Fee units |
|---|---|---|
| *Citations and Advertisements* | | |
| 62. | For settling abstract of citation for advertisement, or other advertisement | 83 |
| 63. | For settling and sealing a citation (inclusive fee) | 83 |
| *Deposit of Wills* | | |
| 64. | For depositing a will of a deceased person in the Probate Registry for safe custody on renunciation of executor (inclusive fee) | 44 |
| 65. | For obtaing a will brought in a subpoena on application for grant | 28 |
| 66. | For depositing in the Probate Registry for safe custody the will of a living person (inclusive fee) | 44 |
| *Searches and Inspections* | | |
| 67. | For search for a document filed in the Probate Registry or other authorised place of deposit including inspection of registered copy of the will or the original will (if unregistered) or any other document | 11 |
| 68. | For inspecting an original will that has been registered in addition to the fee for search | 11 |
| 69. | (*a*)  For search for a will or letters of administration or other document on behalf of the party applying for a search | 17 |
| | (*b*)  For every year or part of a year | 17 |
| 70. | For photocopy or extract of a will deposited in the Probate Registry or other authorised place of deposit; | |
| | For each photocopy or extract: | |
| | (*a*)  if of A4 size | 44 |
| | (*b*)  if over A4 size | 83 |
| 71. | For a photocopy of probate or letters of administration | 44 |
| 72. | For a photocopy of the record of the resealing in Zambia of a grant | 44 |
| 73. | For a typewritten copy or extract of a document filed or deposited in Probate Registry or other authorised place of deposit per page or part thereof | 17 |
| 74. | For collating a copy with the original document including the Registrar's certificate in verification thereof per page or copy | 17 |
| 75. | For Registrar's certificate in verification of a photocopy | 22 |
| 76. | For impressing the seal of the Court on a copy | 28 |
| 77. | For an exemplification, in addition to the fees for engrossing and collating | 83 |
| 78. | For engrossing and collating will etc per page or part thereof | 17 |
| 79. | For examining and sending by post a plain copy or a will | 83 |
| *Miscellaneous* | | |
| 80. | For production by an officer of the Court of books or documents in any Court of Law or elsewhere where an officer has to remain in attendance for each day or part of a day on which he so attends in addition to necessary expenses | 167 |
| 81. | For taxing a bill of costs, inclusive of Registrar's certificate | The same fee as payable in an action |
| 82. | For a summons, order on summons motion and order on motion | The same fee as payable in action |
| 83. | (i)  For Registrar's order | 22 |
| | (ii)  For filing a document | 11 |
| | (iii)  For a certificate or minute under the hand of the Registrar or Judge | 22 |
| | Note: This fee is not payable when the filing of the certificate or minute is included in a proceeding for which another fee is payable | |
| 84. | For Registrar's fiat on refusing probate (inclusive fee) | 83 |
| 85. | For perusing and settling oaths, affidavits or other documents: | |
| | For any one document settled | 44 |
| | For any number of additional documents in the same case, a further inclusive fee of | 44 |

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Sch. 2

PART V

BANKRUPTCY OR INSOLVENCY

| No. | | Fee units | Document to be receipted |
|---|---|---|---|
| 86. | On every receiving order | 83 | |
| 87. | On every other order | 44 | |
| 88. | On every attendance at meeting of creditors | 83 | |
| 89. | On every proof of debt tendered where the amount exceeds K100,000 | 22 | The original proof |
| 90. | On every declaration of inability to pay debts | 44 | The filed copy |
| 91. | On every bankruptcy notice | 22 | The filed copy |
| 92. | On every bankruptcy petitioning | 417 | The filed copy |
| 93. | On every application for Order of discharge (including hearing fee) | 206 | |
| 94. | On each creditor notified, (expenses of advertising shall be lodged in cash with Official Receiver on the application) | 83 | In cash |
| 95. | On each notice by the Official Receiver to a creditor of a first or any other meeting or any sitting of the Court | 83 | |
| 96. | On every application to the Court to approve a composition, a fee computed at the following rates on the gross amount of composition, that is, K800 on every K30,000 or fraction of K30,000 up to K1,500,000 and K400 on every K30,000 or fraction of K30,000 beyond K1,500,000 | - | The filed copy |
| 97. | On every application to the court to prove a scheme or arrangement, a fee computed on the gross amount of the estimated assets at similar rates as for a composition | - | The filed copy |
| 98. | On the net assets realised or brought to credit by the Official Receiver whether acting as interim receiver, receiver or trustee, and on the net assets realised by trustee to administer a debtor's property under a composition or scheme, a percentage according to the following scale: | | |
| | On the first K3,000,000 or fraction thereof | 10 | per cent |
| | On the next K4,500,000 or fraction thereof | 9 | per cent |
| | On the next K750,000 or fraction thereof | 8 | per cent |
| | On the next K1,500,000 or fraction thereof | 7.5 | per cent |
| | On all further sums | 2.5 | per cent in cash |
| 99. | On the amount distributed in dividend by the Official Receiver when acting as trustee under adjudications scheme or orders of administration of the property of a deceased insolvent, a percentage according to the following scale: | | |
| | On the first K3,000,000 or fraction thereof | 10 | per cent |
| | On the next K4,050,000 or fraction thereof | 7.5 | per cent |
| | On the next K6,000,000 or fraction thereof | 5 | per cent |
| | On all further sums | 2.5 | per cent in cash |

*Application for Discharge of Trustees*

| 100. | On passing liquidation accounts where the net assets for distribution- | | |
|---|---|---|---|
| | (*a*)  do not exceed K300,000 or fraction therof | 22 | |
| | (*b*)  exceed K300,000 but do not exceed K900,000 | 44 | |
| | (*c*)  exceed K900,000 but do not exceed K1,500,000 | 67 | |
| | (*d*)  exceed K1,500,000 but do not exceed K3,000,000 | 122 | |
| | (*e*)  exceed K3,000,000 for every additional K300,000 or part thereof | 206 | In cash |
| 101. | On application for release | 22 | The filed copy |
| 102. | On order of release | 22 | The filed copy |

PART VI

FEES, ETC ON EXECUTION AND SERVICE

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

| No. | (All these fees are payable in cash) | Fee units |
|---|---|---|
| 103. | For an arrest by Sheriff's officer | 83 |
| 104. | For seizure by Sheriff's officer | 83 |
| 105. | For travelling allowance to effect arrest or seizure per kilometre | 11 |
| 106. | For man, or when necessary, man in possession, the sum actually and reasonably paid. | |
| 107. | For removal of goods or animals to a place of safe keeping when necessary and for warehousing or taking charge of same when removed, the sum actually and reasonably paid. | |

Sch. 2

| No. | Grants | Fee Units |
|---|---|---|
| 108. | For advertising and giving publicity to the sale, printing catalogues, bills and notices and distributing and posting same, the sum actually and reasonably paid. | |
| 109. | On sale under writ or warrant, 10 per centum of the amount realised or of the amount due under the writ or warrant whichever is the less. | |
| 110. | For commission to the auctioneer on sale to include inventory and valuation compiling catalogue and preparing for sale, 10 per centum of the amount due under the writ or warrant, whichever is the less. | |
| 111. | Where execution is withdrawn, satisfied or stopped after seizure, but before sale, 2.5 per centum of the amount due under the writ or warrant. | |
| 112. | For commission on the auctioneer where execution is withdrawn, satisfied or stopped after he had been instructed to sell to include inventory valuation compiling catalogue and preparing for sale, 5 per centum of the amount due under the writ or warrant. | |
| 113. | For commission on obtaining possession under writ of possession, 5 per centum of gross realised value. | |
| 114. | Fee for service of a summons, order or other process of the Court by a bailiff or messenger: | |

|  | | |
|---|---|---|
| | (i) not more than three kilometres from the office of the bailiff or messenger (as case may be) | 44 |
| | (ii) more than three kilometres from such office- | |
| | (*a*) fee | 44 |
| | (*b*) actual out-of-pocket expense (other than sustenance) to be receipted | |

*Miscellaneous*

| No. | | Fee units |
|---|---|---|
| 115. | Registration of documents | 278 |
| 116. | Per page transcript of record | 6 |

(*As amended by S.I. No.* 88 *of* 1997)

SECTION 7 (1)-THE HIGH COURT (JURISDICTION OF REGISTRARS) RULES

*Government Notice*
293 *of* 1960

*Rules by the Chief Justice*

**1.** These Rules may be cited as the High Court (Jurisdiction of Registrars) Rules.

Title

**2.** The Registrar and Deputy Registrars of the High Court shall for all the purposes of the winding-up of companies have the same jurisdiction, powers and duties as have Registrars in Bankruptcy of the High Court of England under the English Companies (Winding-up) Rules, 1929.

Jurisdiction in winding-up of companies

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

SECTION 7 (2)-THE HIGH COURT (JURISDICTION OF ASSISTANT REGISTRARS) RULES

*Rules by the Chief Justice*

*Government Notice*
310 *of* 1960
*Statutory Instrument*
63 *of* 1964

**1.**     These Rules may be cited as the High Court (Jurisdiction of Assistant Registrars) Rules.

Title

**2.**   In these Rules, unless the context otherwise requires-

Interpretation

"assistant registrar" means an officer appointed substantively to the office of assistant registrar of the Court and shall include any person lawfully performing the functions of that office if the Chief Justice shall have directed that these Rules shall apply to him while performing such functions;

"registrar" means in relation to causes or matters proceeding and bills of costs to be taxed in the Principal Registry, the Registrar and a Deputy Registrar, and in relation to causes or matters proceeding and bills of costs to be taxed in a District Registry, a District Registrar.

**3.**     An assistant registrar shall, subject to the provisions of this rule, have the powers of a registrar to hear applications in chambers in the Court in respect of the following matters, that is to say:

Applications in chambers

(*a*)     to renew a writ of summons;

(*b*)     to issue a third party notice;

(*c*)     to add as a party the husband, personal representative or trustee of a party, or a successor in interest to a party;

(*d*)     to amend proceedings before service thereof;

(*e*)     for directions on a summons for directions or notice for further directions;

(*f*)     for payment out of Court;

(*g*)     to renew a writ of execution;

(*h*)     to enlarge time;

(*i*)     to make orders by the consent of all parties:

Provided that-

(i)     a registrar may reserve to himself the hearing of any particular application or class of applications in chambers;

(ii)     in hearing applications in chambers, the assistant registrar shall act under the supervision of the registrar and shall have regard to any directions given to him by the registrar;

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(iii)  if any party before the commencement of the hearing of the application objects to its being heard by the assistant registrar, the application shall be transferred for hearing to the list of the registrar at the Principal or District Registry as appropriate;

(iv)  an appeal from the decision of an assistant registrar made under this rule shall lie in accordance with the provisions of Order XXX, rule 10, of the High Court Rules.

4.   An assistant registrar shall, subject to the provisions of this rule, have power as taxing officer to tax bills of costs as between party and party where the total amount of the bill or bills under any order or reference does not exceed four hundred kwacha and bills of costs as between advocate and client where the amount of the bill or bills does not exceed three hundred kwacha, exclusive of the increase prescribed by the Legal Practitioners (Costs) Order:

*Taxation of costs*
*Cap. 30*

Provided that-

(i)  bills for taxation as between a Advocate and his client shall be taxed by a registrar;

(ii)  a registrar may reserve for taxation by himself any particular case or class of cases;

(iii)  in taxing bills the assistant registrar shall act under the supervision of the registrar and shall have regard to any directions which may be given to him by the registrar;

(iv)  if any party before the commencement of the taxation objects to the bill or any part of it being taxed by the assistant registrar, the bill or the part to which the objection relates shall be taxed by the registrar at the Principal or District Registry as appropriate;

(v)  where a party who is dissatisfied with the allowance or disallowance of the whole or any part of any items in a bill taxed by an assistant registrar as taxing officer in pursuance of these Rules makes application for a review in accordance with the provisions of Order XL, rules 3 and 4, of the High Court Rules, such application shall be made to the registrar at the Principal or District Registry as appropriate.

**5.**   An assistant registrar is hereby empowered-

*Miscellaneous powers*

(*a*)  to certify office copies and certified copies of judgments, decrees and orders of the Court and to affix the seal of the Court thereto:

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Provided that this power shall not extend to the certification of copies of judgments in accordance with the Foreign Judgments (Reciprocal Enforcement) Rules;

Cap. 76

(b)    to sign a certificate of taxation in respect of any taxation which has taken place before himself;

(c)    to conduct the examination as to the means of a judgment debtor in accordance with Order XLII, rule 16, of the High Court Rules;

(d)    to make inquiry into the means of a poor appellant to the Supreme Court in accordance with the provisions of the Legal Aid Act.

Cap. 34

(*As amended by S.I. No.* 63 *of* 1964)

SECTION 8-THE DUTIES AND FUNCTIONS OF ASSISTANT REGISTRARS AND DEPUTY ASSISTANT REGISTRARS DIRECTIONS

*Directions by the Chief Justice*

*Government Notices*
292 *of* 1960
9 *of* 1961
23 *of* 1961
497 *of* 1964

**1.**    These Directions may be cited as the Duties and Functions of Assistant Registrars and Deputy Assistant Registrars Directions.

Title

**2.**    In these Directions, unless the context otherwise requires-

Interpretation

(a)    "civil cause" means any civil proceeding in whatever manner commenced and, without prejudice to the generality of the foregoing, includes a matrimonial cause and any bankruptcy or company matter;

(b)    any reference to any officer of the High Court by title means the person appointed to the office concerned under the provisions of the Act, and includes any person lawfully performing the functions of such office and, to the extent that any person is empowered to exercise part only of such functions, such person.

**3.**    The duties and functions of the Assistant Registrar at each registry of the High Court shall, in addition to any other duties and functions imposed by any written law or by any Judge, the Registrar, a Deputy Registrar or District Registrar of the High Court, be as follows:

Duties and functions of Assistant Registrars

*A. With regard to civil causes generally.*

(i)    To issue all writs and originating process.

(ii)    To verify all Court fees.

(iii)    To record the entry of appearance to writs and originating process.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(iv)  To keep and maintain a Civil Causes Register (including an alphabetical index thereto) in which the following particulars shall be entered in their respective columns:

      (*a*)  the cause number;

      (*b*)  the names of the parties;

      (*c*)  the particulars of the case;

      (*a*)  the date of appearance (if any); and

      (*e*)  subsequent proceedings and remarks.

(v)  To keep and maintain a Divorce Register (including an alphabetical index thereto) in which the following particulars shall be entered in their respective columns:

      (*a*)  the cause number;

      (*b*)  the date of presentation of petition;

      (*c*)  the names of the parties;

      (*a*)  the relief claimed and grounds;

      (*e*)  the date(s) of appearance(s);

      (*f*)  the date of the Registrar's certificate;

      (*g*)  the date of *decree nisi*;

      (*h*)  the date of decree absolute; and

      (*i*)  remarks.

(vi)  To issue all interlocutory proceedings (in the case of application to a Judge, after obtaining a hearing date from the Deputy Assistant Registrar).

(vii)  To file affidavits, accounts, notices and other documents relating to civil proceedings.

(viii)  To check papers lodged prior to setting down for trial, and to pass the two bundles of the pleadings to the Deputy Assistant Registrar to the Judge before whom the case will be m entioned.

(ix)  To seal all judgments, decrees and orders.

(x)  To keep and maintain a Civil Judgments Register of all judgments of the Court for a debt or liquidated demand in chronological order in which the following particulars shall be entered in their respective columns:

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

    (*a*)   the date of the judgment;

    (*b*)   the cause number;

    (*c*)   the names of the parties;

    (*a*)   the particulars of the judgment;

    (*e*)   the amount of the judgment;

    (*f*)   the costs; and

    (*g*)   remarks.

(xi)    To accept bills of costs for taxation.

(xii)    To issue writs of execution, judgment summonses and other process to enforce the judgments and orders of the Court.

(xiii)    To have the custody of the Court Seal and all civil files.

*B. With regard to appeals in civil causes from inferior courts.*

(xiv)    In the case of a civil appeal from an inferior court, to check that the rules and any court orders relating to such appeal have been complied with; and thereafter to pass the appeal record to the Deputy Assistant Registrar.

(xv)    To keep and maintain a Civil Appeals Register (including an alphabetical index thereto) in which the following particulars shall be entered in their respective columns:

    (*a*)   the cause number;

    (*b*)   the names of the appellant and respondent;

    (*c*)   the court from which the appeal is brought;

    (*a*)   the date lodged;

    (*e*)   the date and result of the appeal; and

    (*f*)   any subsequent proceedings and remarks.

*C. With regard to appeals in civil causes to the*
*Supreme Court of Zambia*

(xvi)    To perform the duties of the Registrar of the High Court in connection with the lodging of a civil appeal to the Supreme Court of Zambia and the certification of the appeal record thereof.

*D. With regard to bankruptcy causes.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(xvii)   To receive and check all bankruptcy petitions, notices and other documents and to pass them to the Registrar in Bankruptcy for attention or signature.

(xviii)  To keep and maintain a Registrar of Bankruptcy Notices in which the following particulars shall be entered in their respective columns:

      (*a*)   number of notice;

      (*b*)   name of debtor;

      (*c*)   name of creditor;

      (*a*)   date when filed;

      (*e*)   name of legal practitioner; and

      (*f*)   result of notice.

(xix)    To keep and maintain a Registrar of Bankruptcy Petitions in which the following particulars shall be entered in their respective columns:

      (*a*)   number of petition;

      (*b*)   (i)   name of debtor;

           (ii)  residence and description of debtor;

      (*c*)   date of filing petition;

      (*a*)   (i)   name of petitioning creditor;

           (ii)  residence and description of petitioning creditor;

      (*e*)   name of legal practitioner;

      (*f*)   act of bankruptcy alleged;

      (*g*)   date of dismissal of petition;

      (*h*)   date of receiving order; and

      (*i*)   name of Registrar.

(xx)     To keep and maintain a Register of Receiving Orders in Bankruptcy in which the following particulars shall be entered in their respective columns:

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(*a*) (i)  name of debtor;

    (ii)  residence and description of debtor;

(*b*) (i)  number of petition;

    (ii)  date of filing petition;

(*c*) (i)   number of receiving order;

    (ii)  date of receiving order;

    (iii)  date of discharge or recission of order;

(*d*) date of public examination;

(*e*) date of approval of composition or scheme;

(*f*) (i)  date of adjudication order;

    (ii)  date of annulment of adjudication order;

(*g*) (i)   name and address of trustee;

    (ii)  date of appointment of trustee;

    (iii)  date of release of trustee;

(*h*) (i)   date of hearing application for discharge of bankruptcy;

    (ii)  date of order for discharge of bankrupt;

    (iii)  nature of order for discharge of bankrupt;

(*i*) proceedings consolidated or transferred;

(*j*) date of order for summary administration;

(*k*) date of order for administration of deceased debtor' estate; and

(*l*) Registrar.


*E. With regard to maintenance orders and enforcement .*


(xxi)  To register maintenance orders under the Affliation and Maintenance of Children Act, and to perform the duties of the proper officer of the High Court under the Affiliation and Maintenance of Children Act..    Cap. 64
Cap. 64


(xxii)  To keep and maintain a Registrar of Maintenance Orders registered under the Act (including an alphabetical index thereto) in which the following particulars shall be entered in their respective columns:    Cap. 64


    (*a*) the cause number;

    (*b*) the names of the parties;

    (*c*) the address of the defendant in Zambia;

    (*d*) details of the order;

    (*e*) the name of the original Court;

    (*f*) the date of registration;

    (*g*) name of person through whom payments are to made; and

    (*h*) further action.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(xxiii)  To keep and maintain a Register of Orders registered under the Affiliation and Maintenance of Children Act (including an alphabetical index thereto) in which the following particulars shall be entered in their respective columns:

    Cap. 64

        (*a*)   cause number;

        (*b*)   complainant's name and address;

        (*c*)   complainant's Advocates and address;

        (*a*)   defendant's name and address;

        (*e*)   defendant's Advocates and address;

        (*f*)   name of Court making order, and cause number assigned by that Court;

        (*g*)   date of order;

        (*h*)   date of registration;

        (*i*)   details of order;

        (*j*)   date of any order for variation or discharge or notice of cancellation;

        (*k*)   nature of order or notice;

        (*i*)   date of receipt;

        (*n*)   folio number of Court order on cause file.

*F. With regard to judgments of other courts.*

(xxiv)  To register judgments under the Service of Process and Execution of Judgments Act.

    Cap. 79

(xxv)  To keep and maintain a Register of Judgments registered under the Service of Process and Execution of Judgments Act (including an alphabetical index thereto in the name of the judgment debtor) in which the following particulars shall be entered in their respective columns:

    Cap. 79

        (*a*)   the cause number;

        (*b*)   the date of registration;

        (*c*)   the names of the parties;

        (*a*)   the name and address of the party against whom judgment is given;

        (*e*)   the date of the judgment or decree;

        (*f*)   the abstract of judgment, and amount and interest (if any);

        (*g*)   the costs;

        (*h*)   the name of the original court and reference; and

        (*i*)   the particulars of any execution thereon.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

*G. With regard to the registration at the Principal Registry of foreign judgments and of miscellaneous deeds.*

(xxvi)  To register judgments under the Foreign Judgments (Reciprocal Enforcement) Act.  Cap. 76

(xxvii)  To keep and maintain a Register of Judgments registered under the Foreign Judgments (Reciprocal Enforcement) Act (including an alphabetical index thereto in the name of the judgment debtor), in which the following particulars shall be entered in their respective columns:  Cap. 76

    (*a*)  the cause number;

    (*b*)  the date of the order for registration;

    (*c*)  the date of the registration;

    (*d*)  the name, title, trade or business and usual or last known place of abode or business of the judgment debtor and judgment creditor;

    (*e*)  the amount for which the judgment is signed;

    (*f*)  the name of the original court;

    (*g*)  any special directions as to registration and/or execution thereon; and

    (*h*)  particulars of any execution thereon.

(xxviii)  To keep and maintain a Register or Arbitration Awards in which the following particulars shall be entered in their respective columns:

    (*a*)  number;

    (*b*)  names of parties;

    (*c*)  name of arbitrator;

    (*d*)  date of award;

    (*e*)  details of award;

    (*f*)  date of filing; and

    (*g*)  remarks.

(xxix)  To keep and maintain a Register of Deeds of Arrangement (including an alphabetical index thereto in the name of the debtor) in which the following particulars shall be entered in their respective columns:

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(a)   number of entry;

(b)   the date of the deed;

(c)   the name, address and description of the debtor, the place or places where his business was carried on at the date of the execution of the deed, the title of the firm or firms under which the debtor carried on business, and the name and address of the trustee (if any) under the deed;

(d)   a short statement of the nature and effect of the deed, and of the composition in the kwacha payable thereunder;

(e)   the date of registration; and

(f)   the amount of property and liabilities included under the deed, or estimated by the debtor.

(*As amended by No.* 9 *of* 1961)

4.   In default of any appointment or in the absence of an Assistant Registrar at the Principal Registry or at any District Registry of the High Court-

Division of duties in absence of Assistant Registrar

(a)   the duties set out in sub-paragraph C (xvi) of paragraph 3 (relating to the lodging of civil appeals to the Supreme Court of Zambia) shall be performed by the Registrar, Deputy Registrar or District Registrar, as the case may be; and

(b)   all other duties set out in the said paragraph 3 shall be performed by the clerk for the time being in charge of the civil registry at such Principal or District Registry, as the case may be.

(*As amended by No.* 23 *of* 1961)

5.   The duties and functions of a Deputy Assistant Registrar of the High Court shall, in addition to any other duties and functions imposed by any written law or by the Judge to whom he is attached or the Registrar of the High Court, be as follows:

Duties and functions of Deputy Assistant Registrars

*A. With regard to criminal trials.*

(i)   To act as Clerk of Sessions and in particular to perform the duties imposed upon the Registrar of the High Court by sections *two hundred and forty-one, two hundred and forty-seven* and *two hundred and forty-eight* of the Criminal Procedure Code and to receive the documents referred to in sections *two hundred and forty-five* and *two hundred and forty-nine* of that Code.

Cap. 88

(ii)   To enter for trial all criminal causes.

(iii)   To keep and maintain a Criminal Trials Register (including an index thereto) in which the following particulars shall be entered in their respective columns:

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(*a*)   the number of the trial;

(*b*)   the name of the prosecutor;

(*c*)   the name of the defendant;

(*o*)   the name of the committing magistrate, designation of his court and the date of committal;

(*e*)   particulars of the crime or offence charged;

(*f*)   particulars of the crime or offence for which the information is filed;

(*g*)   the date of hearing;

(*h*)   the judgment of the court;

(*i*)   the sentence; and

(*j*)   remarks including the place of trial and name of trial Judge, date of notice of any appeal to the Supreme Court of Zambia and the result of any such appeal.

(iv)   To prepare Cause Lists and issue Notices of Trial.

(v)   To prepare Warrants of Commitment and other prescribed forms relating to criminal trials.

(vi)   To take custody of exhibits and to dispose thereof after completion of the trial, subject to the provisions of rules 33 and 45 of the Supreme Court Rules.                                                                                  Cap. 25

(vii)   To keep and maintain the Criminal Causes Exhibits Register which shall contain the following particulars:

(*a*)   the number of the cause;

(*b*)   the title of the cause;

(*c*)   particulars of the exhibits received showing against each the number or letter allocated in the subordinate court;

(*o*)   the number or letter allocated to each exhibit in the High Court; and

(*e*)   particulars of the ultimate disposal of each exhibit.

(viii)   To supervise payment of counsel under the Legal Aid Act.                                    Cap. 34

(ix)   To file all documents connected with the trial and at the end of each calendar year to place the files of cases disposed of in the Court Record Room.

*B. With regard to criminal appeals from subordinate courts.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(x)    To enter criminal appeals for hearing.

(xi)   To keep and maintain the Criminal Appeals Register (including an alphabetical index thereto) in which the following particulars shall be entered in their respective columns:

   (*a*)   the number of the appeal;

   (*b*)   the name of the appellant;

   (*c*)   the name of the respondent;

   (*d*)   the name of the magistrate and designation of the court below from which the appeal is made and the date of conviction therein;

   (*e*)   particulars of the offence for which conviction was recorded in the court below;

   (*f*)   the subject-matter of the appeal (i.e., against conviction or sentence or both);

   (*g*)   date of hearing the appeal;

   (*h*)   the judgment of the court; and

   (*i*)   remarks, including the place of appeal and the name or names of the Judge or Judges who heard the appeal, the date of notice of any further appeal to the Supreme Court of Zambia and the result of any such further appeal.

(xii)  To receive the documents referred to in section *three hundred and twenty-three* of the  Criminal Procedure Code. <span>Cap. 88</span>

(xiii) To prepare hearing notices and forward documents as required by section *three hundred and twenty-six* of the Criminal Procedure Code. <span>Cap. 88</span>

(xiv)  To prepare certificates of the results of appeals.

(xv)   To take custody of exhibits and to dispose thereof after completion of the appeal, subject to the provisions of rules 33 and 45 of the Supreme Court Rules. <span>Cap. 25</span>

(xvi)  To maintain the Criminal Causes Exhibits Register in the form prescribed in sub-paragraph (vii).

(xvii) To supervise payment of counsel under the Legal Aid Act. <span>Cap. 34</span>

(xviii) To file all documents connected with the appeal and at the end of each calendar year to place the files of appeals disposed of in the Court Record Room.

*C. With regard to the revision of subordinate court criminal proceedings.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(xix)   To keep and maintain the Criminal Returns Register which shall contain the following particulars:

        (*a*)   the name of each subordinate court from which returns are to be made;

        (*b*)   the date of receipt by the Deputy Assistant Registrar of each monthly return.

(xx)   To call for all outstanding criminal returns from subordinate courts on the fifteenth day of each calendar month.

(xxi)   To keep and maintain the Criminal Revision Register (including an alphabetical index thereto) in which the following particulars shall be entered in their respective columns:

        (*a*)   serial number of the revision;

        (*b*)   subordinate court case number;

        (*c*   designation of the subordinate court;

        (*d*)   name of magistrate and date of conviction by him;

        (*e*)   name of the accused;

        (*f*)   particulars of the charge;

        (*g*)   sentence of the subordinate court;

        (*h*)   result of the revision; and

        (*i*)   remarks.

(xxii)   To call for criminal case records from subordinate courts as directed by the Judge to whom he is attached.

(xxiii)   To prepare certificate of decision or order on revision.

(xxiv)   To return original subordinate court records on disposal of the revision and to file remaining documents relating thereto.

(xxv)   At the end of each calendar year to place the files of all revision cases disposed of in the Court Record Room.

*D. With regard to appeals in criminal causes to the Supreme Court*

(xxvi)   To receive notices of intention to appeal and applications for leave to appeal, subject to the provisions of section *eighteen* of the Supreme Court of Zambia Act.   Cap. 25

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(xxvii)  To set down notices of motion for leave to appeal for hearing by a Judge.

(xxviii)  To prepare and submit the record in accordance with rule 31 of the Supreme Court Rules.

(xxix)  To submit copies of a case stated in accordance with section *twenty* of the Supreme Court of Zambia Act.                                    Cap. 25

(xxx)  To receive copies of the judgments of the Supreme Court and file them in the appropriate High Court trial or appeal record docket.

(xxxi)  On dismissal of an appeal where a capital sentence has been pronounced, to forward requisite documents to the Capital Sentences Review Committee, and the Judge's Report to the President.

*E. With regard to civil causes.*

(xxxii)  Five days before Motions Day to prepare a Cause List, post it on the notice-boards and distribute to practitioners concerned. As to interlocutory proceedings held on other days, to prepare and issue notices of hearing immediately the date of hearing has been fixed.

(xxxiii)  To check all interlocutory orders before submission to the Judge.

(xxxiv)  Not less than three days before the date of trial to pass the Judge's bundle of pleadings (Order XXXI, rule 4, of the High Court Rules) to the trial Judge.

(xxxv)  During the course of the trial to administer oaths, to record the times of commencement and ending of the hearing on each day and to maintain the Civil Causes Exhibits Register (including an alphabetical index thereto) in which the following particulars shall be entered in their respective columns:

(*a*)  cause number;

(*b*)  title of cause;

(*c*)  description of exhibit;

(*d*)  exhibit number;

(*e*)  name of party by whom produced;

(*f*)  name of witness proving the exhibit;

(*g*)  date of handing exhibit to the Assistant Registrar; and

(*h*)  signature of Assistant Registrar.

(xxxvi)  After judgment to hand all exhibits to the Assistant Registrar and obtain his receipt therefor in the Civil Causes Exhibits Register.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(xxxvii) Where the Judge gives judgment *ex tempore* to make a note of the judgment. Where a judgment is written before delivery to examine and certify a copy thereof.

(xxxviii) After judgment to draw up and issue a Certificate after Trial containing the following particulars:

      (*a*)   title of cause;

      (*b*)   name of trial Judge;

      (*c*)   date of hearing;

      (*d*)   time occupied by the hearing on each day;

      (*e*)   date of judgment and time occupied in delivering judgment;

      (*f*)   (i)  particulars of judgment; or

           (ii) reference to certified copy of written judgment.

(xxxix) To issue the original Certificate after Trial to the successful party, copies to other parties and a copy to the Assistant Registrar.

*F. General.*

(xl)    To maintain the Judge's Court Diary.

(xli)   To act as Marshal when on circuit.

*G. Additional duties of Deputy Assistant Registrar to the Chief Justice.*

(xlii)   To receive and file statistical returns from subordinate courts and the High Court Registries.

(xliii)  To call for all outstanding monthly statistical returns on the fifteenth day of each calendar month.

(xliv)  To collate statistical returns and draft consolidated returns for the annual Departmental Reports.

(xlv)   To keep the Rolls of Legal Practitioners, Notaries Public and persons admitted under section *thirty-eight* of the Legal Practitioners Act.    Cap. 30

(xlvi)  To maintain the file in duplicate of judgments of the Court in appeals from Local Courts and to supply one copy of the file to Judges on circuit as required.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

SECTION 19 (3)-CLERKS OF SESSIONS

*Appointments by the Chief Justice*

*Government Notice*
296 *of* 1960

**1.**    When a Judge of the High Court has been named as the Judge who will hold any particular Session of the High Court, the Deputy Assistant Registrar to such Judge shall be Clerk of Sessions in respect of that Session.

**2.**    In default of an appointment under paragraph 1 in respect of any particular Session, the senior of the Deputy Assistant Registrars at Lusaka or Ndola, as the case may be, shall be the Clerk of Sessions in respect thereof until an appointment under paragraph 1 takes effect.

SECTION 31-THE WITNESSES AND ASSESSORS ALLOWANCES RULES

*Rules by the Chief Justice with the concurrence of the Minister responsible for Finance*

*Government Notice*
179 *of* 1964
*Statutory Instrument*
63 *of* 1964
120 *of* 1980
208 *of* 1986
177 *of* 1990

**1.**    These Rules may be cited as the Witnesses and Assessors Allowances Rules.

Title

**2.**    In these Rules, unless the context otherwise requires-

Interpretation

"Judge" means the judge presiding at the proceedings in question;

"witness" includes an interpreter who attends and interprets at any civil proceedings other than an interpreter employed by Government.

**3.**    Witnesses and assessors who have duly attended at or for the proceedings at the instance of either or any party or the Court shall be entitled to allowances and expenses, unless the Judge or the Taxing Master shall for sufficient reason disallow the allowances or expenses of any such witness or assessor.

Persons entitled

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**4.** (1)  The allowances for witnesses and assessors shall be as follows:     <span style="float:right">Amounts</span>

| Class of persons | | | | Minimum sum payable per day K | Maximum sum payable per day K |
|---|---|---|---|---|---|
| Professional persons, owners directors or managers of businesses and expert witnesses | .. | .. | | 250 | 500 |
| Clerks, artisans and persons of similar status | .. | .. | .. | .. | 150 | 350 |

      Provided that the sum payable shall not, unless otherwise ordered by the Judge or Taxing Master exceed the sum of K75 per day if the witness has lost no wages or earnings or other income in attending the proceedings or the period during which he has been away from home or in respect of which he has lost wages, earnings or other income by reason of his attendance does not exceed four hours.

| Others | .. | .. | .. | .. | .. | 120 | 250. |
|---|---|---|---|---|---|---|---|

<div style="text-align:right">(<em>As amended by S.I. No.</em> 120 <em>of</em> 1980, <em>No.</em> 208 <em>of</em> 1986 <em>and S.I. No.</em> 177 <em>of</em> 1990)</div>

      (2)  The above-mentioned allowances will be paid during the time for which a witness or assessor is necessarily detained and for the time reasonably occupied in travelling.

      (3)  No additional allowance will be paid merely because the witness or assessor attends in respect of more than one case on the same day.

      (4)  If in the opinion of the Judge or Taxing Master to whom a claim has been submitted in terms of rule 4 (1) or 5-

        (*a*)  a strict adherence to the above scales in any particular case would result in hardship, he may at his discretion increase the amounts payable; or

        (*b*)  a reduction in any of the allowances provided for by this rule is justified in any particular case, he may at his discretion reduce or disallow the amounts payable.

**5.** (1)  In addition to any sum to which a witness or assessor may be entitled under     <span style="float:right">Travelling expenses</span>
the last preceding rule, all witnesses and assessors provided for in rule 3 shall also be entitled to be reimbursed in respect of any expenses actually and reasonably incurred in travelling to and from the Court, and for necessary accommodation and subsistence.

      (2)  If in the opinion of the Judge or Taxing Master to whom a claim has been submitted for the reimbursement of expenses, the sums expended and claimed exceed what is reasonable, he may in his discretion reduce or disallow the amounts payable.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(3)  If any witness or assessor travels by his own motor vehicle or motor cycle he may claim travelling expenses at the rate of forty ngwee per kilometre and twenty ngwee per kilometre respectively.

**6.**  In the event of costs or witnesses' fees being allowed against any party other than the Government, any allowances payable under these Rules may, at the discretion of the Judge or Taxing Officer, be allowable in respect of public officers on production of a certificate signed by or upon the authority of the Permanent Secretary, Ministry of Finance, setting out the cost incurred and the apportioned part of the public officer's salary in respect of time necessarily absent from duty in respect of attendance at or travelling to or from Court or any reasonable or necessary waiting time in connection with the proceedings.

Witnesses who are public officers

(*As amended by S.I. No.* 63 *of* 164, *No.* 120 *of* 1980, *No.* 208 *of* 1986)

SECTION 41-THE HIGH COURT (DISTRICT REGISTRARS) RULES

*Rules by the Chief Justice*

*Government Notice* 294 *of* 1960

**1.**  These Rules may be cited as the High Court (District Registrars) Rules.

Title

**2.**  A District Registrar shall perform all the functions of the Registrar with respect to any cause or matter (including any cause or matter relating to bankruptcy or to the winding-up of a company) which is proceeding in the District Registry to which he has been appointed, other than functions relating to probate or the registration of foreign judgments.

Functions of District Registrars

SECTIONS 44 AND 45-THE HIGH COURT (INCOME TAX APPEALS) RULES

*Rules by the High Court Rules Committee*

*Statutory Instrument* 203 *of* 1968

**1.**  These Rules may be cited as the High Court (Income Tax Appeals) Rules.

Title

**2.**  In these Rules, unless the context otherwise requires-

Interpretation

"the Act" means the Income Tax Act;

Cap. 323

"Board" means the Tax Review Board;

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

"Clerk" means the clerk to the Board upon whom a memorandum of appeal has been served for the purposes of the Tax Review Board Regulations.

Cap. 323

**3.** (1)  Any party to an appeal to the Board under the provisions of section *one hundred and nine* of the Act desiring to appeal to the High Court shall within thirty days of the date of issue of the order containing the decision of the Board give notice of appeal as hereinafter provided.

Notice of appeal

(2)  The notice of appeal shall be intituled in the proceedings from which it is intended to appeal and shall be filed in triplicate with the Registrar of the High Court, who shall after sealing each copy, forward one copy of the notice of appeal to the Clerk, and return the second copy of the notice of appeal to the appellant or his legal practitioner for service in accordance with the provisions of these Rules.

(3)  Subject to the provisions of section *one hundred and eleven* of the Act, an appellant may appeal from the whole or any part of the decision of the Board. The notice of appeal shall be substantially in Form 1 of the Schedule and shall set forth concisely and under distinct heads, without argument or narrative, the grounds of appeal which shall be numbered consecutively.

(4)  The notice of appeal shall contain the name and address for service of the Clerk and the address for service of the respondent or his legal practitioner.

(5)  The notice of appeal shall within fourteen days of the filing thereof be served by the appellant on the respondent or his legal practitioner.

**4.** (1)  The record of appeal shall be prepared by the Clerk and shall be bound in book form with an outside cover of stout paper and may, if long, be in more than one volume. The title of the appeal shall appear on the outside cover. A record of appeal shall be paged consecutively throughout and every fifth line shall be indicated by numbering in the unbound portion of the margin.

Preparation of record

(2)  The Clerk shall within thirty days after receiving the notice of appeal forwarded to him in accordance with the provisions of rule 3 prepare and forward the record together with one copy thereof to the Registrar of the High Court and shall also at the same time forward one copy of the record each to the appellant and to the respondent.

**5.**  The record of appeal shall be certified as correct by the Clerk and shall contain-

Contents of record of appeal

(*a*)    a complete index;

(*b*)    the notice of appeal to the High Court;

(*c*)    the notice of cross-appeal (if any);

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(*a*)    the memorandum of appeal and its accompanying documents, statement of facts, assessment and other notices served upon the Clerk in accordance with the provisions of rule 10 of the Tax Review Board Regulations;

Cap. 323

(*e*)    the minutes of the proceedings before the Board;

(*f*)    any statement of facts agreed by the parties for the purpose of an appeal to the Board;

(*g*)    all documents admitted as evidence or tendered as evidence and rejected, other than documents already included in paragraph (*a*);

(*h*)    the order setting forth the decision of the Board.

**6.**    Such fees shall be payable in respect of the appeal as shall be prescribed.

Prescribe fees

**7.**    On any appeal to the High Court the appellant shall not without the leave of the High Court put forward any ground of appeal other than those set out in the notice of appeal but the High Court in deciding an appeal shall not be confined to the grounds put forward by the appellant:

Restriction on grounds of appeal

Provided that the High Court shall not allow an appeal on any ground not stated in the notice of appeal unless the respondent has had an opportunity of contesting the appeal on that ground.

**8.**    (1)  An appellant may at any time withdraw an appeal by filing with the Registrar of the High Court and the Clerk a notice to the effect that he does not intend further to prosecute the appeal.

Withdrawal of appeal

(2)   Where a notice is filed in accordance with the provisions of sub-rule (1), the appeal shall be deemed to have been dismissed without further order by the High Court but, failing agreement between the parties, the appeal shall remain on the list for the purpose of hearing any issue as to costs or other matters outstanding between the parties.

(3)   The preparation of the record shall not be affected by the withdrawal of the appeal where a notice of cross-appeal has been filed unless the respondent also withdraws his cross-appeal.

**9.**    A Judge of the High Court may at any time upon application order security or further security for costs to be given and may order security to be given for the payment of past costs relating to the matters in question in the appeal and may make compliance with any such order a condition precedent to the entertainment of any appeal.

Security for costs

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**10.**    Where a respondent to an appeal intends, upon the hearing of the appeal, to contend that the judgment of the Board should be varied, he shall within fourteen days of the service upon him of the notice of appeal give notice of cross-appeal and the provisions of rule 3 so far as applicable shall apply *mutatis mutandis* to the notice of cross-appeal as if it were a notice of appeal.

Cross-appeal

**11.**    A Judge of the High Court may for sufficient reason extend the time for doing anything under these Rules.

Extension of time

**12.**    The Registrar of the High Court shall cause notice of the date, time and place of the hearing of an appeal to be served upon the appellant and respondent or their legal practitioners.

Notice of hearing

**13.**    When at the time set down for hearing an appeal, there is no appearance for the appellant, the High Court may strike out the appeal or may proceed to determine it after hearing the respondent or his legal practitioner present at the appeal, or may adjourn it on such terms as it thinks fit. Where there is no appearance for the respondent, the High Court may either hear the appeal or adjourn it upon such terms as it thinks fit.

Non-appearance

SCHEDULE

(*Rule* 3)

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

FORM 1

IN THE HIGH COURT FOR ZAMBIA

BETWEEN:

Appellant

and

Respondent

IN THE MATTER OF:

NOTICE OF APPEAL

Take notice that ..................... (name of appellant) ...........................................................................
being dissatisfied with the judgment of the Tax Review Board given at ...........................................................
on the ......................day of ..................., 19........ appeals to the High Court against the whole judgment or against such
part or parts of the said judgment as decides
that .................................................................................... (set out) ........................... upon the following grounds:

(1)  .............................................................................................................................................. .

(2)  .............................................................................................................................................. .

etc.  ..............................................................................................................................................

The Respondent's address for service is ............................................................................................... .

The name of the Clerk is ........................................................................................... and his address for
service is ........................

Dated at ....................................................................... this .......................... day of........................., 19.......

*Appellant (or his legal practitioner*)

*Address for service* ...........................................................
...........................................................................

To the Registrar of the High Court

Filed at ....................................................... this ............................. day of ....................., 19........
...........................................................................
*Registrar of the High Court*

SECTIONS 44 AND 45-THE HIGH COURT (APPEALS)
(GENERAL) RULES

*Statutory Instrument*
6 *of* 1984

*Regulations by the Chief Justice*

**1.**   These Rules may be cited as the High Court (Appeals) (General) Rules.

Title

**2.**   In these Rules, unless the context otherwise requires-

Interpretation

"Registrar" means the Registrar of the High Court;

"tribunal" means any board, authority (whether consisting of one person or more),
tribunal or other body (including a Minister) which is empowered by any
written law to determine matters of judicial or quasi-judicial nature and from
the decision of which an appeal lies to the High Court.

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**3.** (1)  Any person desiring to appeal to the High Court from a decision of a tribunal shall, within thirty days of the date of the issue of the order containing such decision, give notice of appeal as hereinafter provided.

*Notice of appeal*

(2) The notice of appeal shall-

(*a*)    be in form H.C. (A) (G) 1 set out in the Schedule hereto;

(*b*)    be intituled in the proceedings from which it is intended to appeal;

(*c*)    set out the name and address for service of the tribunal and of the respondent, if any, or of the legal representative of such respondent; and

(*d*)    set forth concisely and under distinct heads, without argument or narrative, the grounds of appeal, which shall be numbered consecutively.

(3) Four copies of the duly completed notice of appeal shall be filed with the Registrar who shall, after sealing each copy, forward one such copy to the tribunal and return two such copies to the appellant or his legal representative.

(4) If there is a respondent to the appeal, the appellant shall serve one sealed copy of the notice of appeal on such respondent, or his legal representative, within twenty-one days of the filing thereof.

**4.**    At the time of filing the notice of appeal, the appellant shall pay to the Registrar such fees in respect thereof as the Chief Justice may from time to time determine.

*Fees*

**5.** (1)  The appellant shall prepare the record of appeal which shall be bound in book form with an outer cover of stout paper and may, if extensive, be in more than one volume.

*Record of appeal*

(2) The tribunal shall make available to the appellant copies of all relevant documents which are necessary for the purpose of preparing the record of appeal and which are in the exclusive possession of the tribunal.

(3) The record of appeal shall bear the title of the appeal on the outer cover, each page shall be consecutively numbered throughout and every fifth line of each page shall be numbered in the unbound portion of the margin.

(4) The record of appeal shall contain-

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

(*a*)     a list of its contents;

(*b*)     the notice of appeal;

(*c*)     the notice of cross appeal (if any);

(*d*)     any affidavits filed before the tribunal;

(*e*)     the record of proceedings before the tribunal;

(*f*)     all documents tendered in evidence before the tribunal, whether admitted in evidence or not;

(*g*)     the order setting forth the decision of the tribunal; and

(*h*)     any other affidavits, exhibits, documents or other relevant material.

(5) The appellant shall forward to the tribunal the record of appeal, and such number of copies thereof as the Registrar may determine, and the tribunal shall, if satisfied in that behalf, certify as correct the record of appeal and each copy thereof forwarded to it.

(6) The appellant shall, within thirty days of receiving the certified copies referred to in sub-rule (5), forward-

(*a*)     to the registrar the record of appeal and such number of copies thereof as the Registrar may determine; and

(*b*)     one copy thereof to the respondent, if any.

**6.** (1)  The appellant may, in the notice of appeal, appeal from the whole or any part of the decision of the tribunal.

Grounds of appeal

(2) Without the leave of the High Court, the appellant shall not, during the hearing of the appeal, advance any ground of appeal other than those set out in the notice of appeal.

(3) In deciding the appeal, the High Court shall not be confined to the grounds advanced by the appellant:

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

Provided that the High Court shall not allow an appeal on any ground not set out in the notice of appeal unless the tribunal and the respondent, if any, had had an opportunity of contesting the appeal on that ground.

**7.** (1)  The appellant may withdraw the appeal at any time by filing with the Registrar a notice of withdrawal in form H.C. (A) (G) 2 set out in the Schedule.

Withdrawal of appeal

(2) The appellant shall serve a sealed copy of the notice of withdrawal on the tribunal and on the respondent, if any, within fourteen days of such sealing.

(3) Where a notice of withdrawal is filed in accordance with sub-rule (1), the appeal shall be deemed to have been dismissed without further order by the High Court but, failing agreement between the parties, the appeal shall remain on the list for the purpose of hearing any issue as to costs or other matters outstanding between the parties.

**8.**    A Judge of the High Court may at any time upon application order security or further security for costs to be given and may order security to be given for the payment of past costs relating to the matters in question in the appeal and may make compliance with any such order a condition precedent to the continuation of any appeal.

Security for costs

**9.**    Where a respondent to an appeal intends, upon the hearing of the appeal, to contend that the decision of the tribunal should be varied, he shall within twenty-one days of the service upon him of the notice of appeal give notice of cross-appeal and the provisions of rule 3 shall apply, *mutatis mutandis*, to the notice of cross-appeal.

Cross-appeal

**10.**    A Judge of the High Court may, for sufficient reason shown in form H.C. (A) (G) 3, extend the time for doing anything under these Rules.

Extension of time

**11.**    The Registrar shall cause notice of the date, time and place of the hearing of an appeal to be served upon the tribunal, the appellant and the respondent, if any, or on their legal representatives.

Notice of hearing

**12.**    If at the time set down for the hearing of an appeal-

Non-appearance

(*a*)    there is no appearance for the appellant, the High Court may strike out the appeal or may proceed to determine it after hearing the respondent or his legal representative present at the hearing, or may adjourn the hearing on such terms as it thinks fit;

(*b*)    there is no appearance for the respondent, the High Court may either hear the appeal or adjourn it upon such terms as it thinks fit.

**13.**    The High Court may, at the request of any party, summon any person to attend, produce documents or be examined or cross-examined, in the matter to which the appeal relates.

Attendance of witnesses

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**14.** (1)  If in the opinion of the High Court a notice of appeal discloses only grounds of appeal which are frivolous or vexatious, the High Court may dismiss the appeal summarily without calling on any person to attend the hearing of such appeal.

<div align="right">Frivolous or vexatious appeals</div>

(2) The Registrar shall send a copy of an order made under subsection (1) to the tribunal, the appellant and the respondent, if any, or to their legal representatives.

**15.**     Except as specifically provided in these Rules, the High Court Rules shall apply, *mutatis mutandis*, to an appeal under these Rules.

<div align="right">Application of High Court Rules</div>

SCHEDULE

(*Rules* 3(2), 7(1) *and* 10)

FORMS

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**Form H.C. (A) (G) 1**

REPUBLIC OF ZAMBIA

IN THE HIGH COURT FOR ZAMBIA

BETWEEN:

Appellant

and

Respondent

IN THE MATTER OF:

Appeal from the judgment or decision of ..................................................................................................
delivered on ...........................................................................

NOTICE OF APPEAL

Take notice that ........................................................................................... (*name of Appellant*)................
.........................................................................................................being dissatisfied with the judgment or decision
of ....................................................................................... given at .............................................................
on the ...................................................................................... day of .............................................., 19.......
appeals to the High Court against the whole judgment or decision or against such part or parts thereof as decides that
........................................................................... (set out) .......................................................... upon the following grounds:

(1) ............................................................................................................................................................

(2) ............................................................................................................................................................

etc ............................................................................................................................................................

The Respondent's address for service is ...........................................................................

The name of the tribunal is ............................................................................................... and its address
for service is ..............................................................................................................................................

Dated at ....................................................................... this ................................ day of ............................, 19.......

.............................................................................

*Appellant* (*or his legal representative*)

Address for service ...............................................

.............................................................................

To the Registrar of the High Court

Filed at ................................................................ this ................................ day of ............................, 19.......

.............................................................................

*Registrar of the High Court*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**Form H.C. (A) (G) 2**

REPUBLIC OF ZAMBIA

IN THE HIGH COURT FOR ZAMBIA

BETWEEN:

Appellant

and

Respondent

IN THE MATTER OF:

Appeal from the judgement or decision of ......................................................................................................
delivered on ............................................................................................................

NOTICE OF WITHDRAWAL

Take notice that .................................................................................................................... (*name of Appellant*)
hereby withdraws his appeal in the matter hereinbefore set out.

Dated at ...........................................................................this .............................. day of .............................., 19.......

......................................................................................

*Appellant* (*or his legal representative*)

Address for service ....................................................

......................................................................................

To the Registrar of the High Court

Filed at ............................................................. this .............................. day of .............................., 19.......

......................................................................................

*Registrar of the High Court*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**Form H.C. (A) (G) 3**

REPUBLIC OF ZAMBIA

IN THE HIGH COURT OF ZAMBIA

Between:

Appellant

and

Respondent

IN THE MATTER OF:

Appeal from the judgment or decision of ............................................................................................................
delivered on ..........................................................................................................

NOTICE OF APPLICATION FOR EXTENSION OF TIME

Take notice that ............................................................................................................ (*name of applicant/
respondent*) in the appeal hereinbefore set out hereby applies for an extension of time within which to ................................
........................................................................................ for the reasons and upon the grounds next following:

(1) Reasons for being out of time:

............................................................................................................................................

............................................................................................................................................

(2) Grounds for an extension:

............................................................................................................................................

............................................................................................................................................

Dated at ................................................................................. this ................................ day of ........................., 19.......

............................................................................................

*Appellant* (*or his legal representative*)

Address for service ....................................................

............................................................................................

To the Registrar of the High Court

Filed at ................................................................................. this .................................... day of ........................., 19.......

............................................................................................

*Registrar of the High Court*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia
## Endnotes

**1 (Popup - Popup)**
30th March, 1972.

**2 (Popup - Popup)**
See section 8 of the Evidence Act (Cap. 43.)

**3 (Popup - Popup)**
Palantype, Pitman's shorthand and Gregg's shorthand authorised by G.N. No. 77 of 1962

**4 (Popup - Popup)**
*Here insert both actual and postal addresses.*

**5 (Popup - Popup)**
*Mention the city or town and also the name of the street and number of the house of the plaintiff's residence, if any.*

**6 (Popup - Popup)**
*Here insert both actual and postal addresses.*

**7 (Popup - Popup)**
*Mention the city or town and also the name of the street and number of the house of the plaintiff's residence, if any.*

**8 (Popup - Popup)**
*Here insert both actual and postal addresses.*

**9 (Popup - Popup)**
*Mention the city or town and also the name of the street and number of the house of the plaintiff's residence, if any.*

**10 (Popup - Popup)**
*Here insert both actual and postal addresses.*

**11 (Popup - Popup)**
*Mention the city or town and also the name of the street and number of the house of the plaintiff's residence, if any.*

**12 (Popup - Popup)**
*State the nature of the claim.*

**13 (Popup - Popup)**
*State the questions.*

**14 (Popup - Popup)**
*Here insert both actual and postal addresses.*

**15 (Popup - Popup)**
*State the nature of the claim.*

**16 (Popup - Popup)**
*State the questions.*

**17 (Popup - Popup)**
*Here insert both actual and postal addresses.*

**18 (Popup - Popup)**
*Specify statute or as the case may be.*

**19 (Popup - Popup)**
*State the object of the application.*

**20 (Popup - Popup)**
*Here insert both actual and postal addresses.*

**21 (Popup - Popup)**
*Specify statute or as the case may be.*

**22 (Popup - Popup)**
*State the object of the application.*

**23 (Popup - Popup)**
*Here insert both actual and postal addresses.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**24 (Popup - Popup)**
*Delete if inapplicable.*
**25 (Popup - Popup)**
*As the case may be.*
**26 (Popup - Popup)**
*State relief sought.*
**27 (Popup - Popup)**
*Here insert both actual and postal addresses.*
**28 (Popup - Popup)**
*Delete if inapplicable.*
**29 (Popup - Popup)**
*Specify statute, if any.*
**30 (Popup - Popup)**
*Copy original writ and the endorsements.*
**31 (Popup - Popup)**
*If the person served with the writ is served in the two capacities of manager and partner, the clause should be left standing. If he is served as manager only it should be struck out.*
**32 (Popup - Popup)**
*Delete if inapplicable.*
**33 (Popup - Popup)**
*Delete whichever inapplicable.*
**34 (Popup - Popup)**
*Delete whichever inapplicable.*
**35 (Popup - Popup)**
*Delete whichever inapplicable.*
**36 (Popup - Popup)**
*Delete whichever inapplicable.*
**37 (Popup - Popup)**
*Delete whichever inapplicable.*
**38 (Popup - Popup)**
*Insert date and place of service, person served and capacity.*
**39 (Popup - Popup)**
*Delete whichever inapplicable.*
**40 (Popup - Popup)**
*Set out reasons with particulars and dates.*
**41 (Popup - Popup)**
*Delete whichever inapplicable.*
**42 (Popup - Popup)**
*Delete as required .*
**43 (Popup - Popup)**
*Plaintiff or Defendant.*
**44 (Popup - Popup)**
*Delete as required .*
**45 (Popup - Popup)**
*Delete as required .*
**46 (Popup - Popup)**
*Delete as required .*
**47 (Popup - Popup)**
*Delete as required .*
**48 (Popup - Popup)**
*Plaintiff or Defendant.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

**49 (Popup - Popup)**
*Delete if inapplicable.*

**50 (Popup - Popup)**
*Delete if inapplicable.*

**51 (Popup - Popup)**
*Delete if inapplicable.*

**52 (Popup - Popup)**
*Delete if inapplicable.*

**53 (Popup - Popup)**
*Describe the part.*

**54 (Popup - Popup)**
*Delete if inapplicable.*

**55 (Popup - Popup)**
*Delete if inapplicable.*

**56 (Popup - Popup)**
*Insert name of Judge or Registrar.*

**57 (Popup - Popup)**
*Delete if inapplicable.*

**58 (Popup - Popup)**
*Full title.*

**59 (Popup - Popup)**
*Or as the case may be..*

**60 (Popup - Popup)**
*Insert "District" where applicable and full postal address.*

**61 (Popup - Popup)**
*Insert "District" where applicable and full postal address.*

**62 (Popup - Popup)**
*Or as the case may be..*

**63 (Popup - Popup)**
*Or as the case may be..*

**64 (Popup - Popup)**
*Delete if inapplicable.*

**65 (Popup - Popup)**
*Full title.*

**66 (Popup - Popup)**
*Or as the case may be.*

**67 (Popup - Popup)**
*To be signed by the officer of the High Court to whom payments under the attachment of earnings order are to be made.*

**68 (Popup - Popup)**
*Delete if inapplicable.*

**69 (Popup - Popup)**
*Title as in attachment of earnings order.*

**70 (Popup - Popup)**
*Please insert "District" where applicable and full postal address.*

**71 (Popup - Popup)**
*Please insert "District" where applicable and full postal address.*

**72 (Popup - Popup)**
*Please insert date of service of attachment of earnings order or such later date as may be appropriate.*

**73 (Popup - Popup)**

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

The Laws of Zambia

*To be signed by the person to whom the attachment of earnings order was directed.*

**74 (Popup - Popup)**
*Delete as appropriate.*

**75 (Popup - Popup)**
*Delete as appropriate.*

**76 (Popup - Popup)**
*Day of decree or order, or day on which money is directed to be paid, or day from which interest is directed by the order to run, as the case may be.*

**77 (Popup - Popup)**
*Day of decree or order, or day on which money is directed to be paid, or day from which interest is directed by the order to run, as the case may be.*

**78 (Popup - Popup)**
*Delete whichever inapplicable.*

**79 (Popup - Popup)**
*Delete whichever inapplicable.*

**80 (Popup - Popup)**
*Delete whichever inapplicable.*

**81 (Popup - Popup)**
*Delete whichever inapplicable.*

**82 (Popup - Popup)**
*Delete whichever inapplicable.*

**83 (Popup - Popup)**
*Delete if inapplicable.*

**84 (Popup - Popup)**
*Delete if inapplicable.*

**85 (Popup - Popup)**
*Delete whichever is inapplicable.*

**86 (Popup - Popup)**
*10n for every name searched against.*

**87 (Popup - Popup)**
*State number required.*

**88 (Popup - Popup)**
*State name or names.*

**89 (Popup - Popup)**
*Speciment signatures.*

Copyright Ministry of Legal Affairs, Government of the Republic of Zambia

EXHIBIT 3

B1/2000/2631

Neutral Citation Number: [2001] EWCA Civ 127

IN THE SUPREME COURT OF JUDICATURE

COURT OF APPEAL (CIVIL DIVISION)

ON APPEAL FROM THE CLERKENWELL COUNTY COURT

(His Honour Judge Colthart)

Royal Courts of Justice

Strand

London WC2

Tuesday, 23rd January 2001

B e f o r e :

LORD JUSTICE THORPE

LORD JUSTICE BUXTON

- - - - - - - - - -

CARMELITA NANGLEGAN

- v -

ROYAL FREE HAMPSTEAD NHS TRUST

- - - - - - - - - -

(Computer Aided Transcript of the Stenograph Notes of Smith Bernal Reporting Limited

190 Fleet Street, London EC4A 2AG

Telephone No: 0171-421 4040

Fax No: 0171-831 8838

Official Shorthand Writers to the Court)

- - - - - - - - - -

MR. A. GRANVILLE STAFFORD (instructed by Messrs Pattinson & Brewer, London, WC1) appeared on behalf of the Appellant/Claimant.

MR. T. LORD (instructed by Messrs Browne Jacobson, Kingsway) appeared on behalf of the Respondent/Defendant.

- - - - - - - - - -

JUDGMENT

1.      LORD JUSTICE THORPE: It seems that on 3rd May 1996 Carmelita Nanglegan sustained an accident whilst at work at the Royal Free Hospital where she was employed by the Royal Free Hampstead NHS Trust. She instructed a solicitor, Mr. Matthews. It was necessary for proceedings to be issued within the three year period allowed by the statute. May 3rd 1999 was in fact a bank holiday, so the claim squeaked in by issue on the following day, 4th May 1996. There was then a period of four months within which the claim had to be served on the Royal Free Hospital NHS Trust.

2.      It seems that there had been prior correspondence between Mr Matthews and the insurance company acting for the Trust. The insurers notified Mr. Matthews' firm that they were instructing solicitors, Browne Jacobson, to accept service. On 5th July Browne Jacobson wrote to Mr. Matthews' firm confirming that they were instructed to accept service.

3.      Prior to completion of the preparation of the particulars of claim, it was necessary for Mr. Matthews to obtain expert evidence in the form of a medical report. He did not instruct the specialist until 9th August. The specialist examined the claimant on the 18th and managed to issue a report in writing on the same day. On 31st August Mr. Matthews relied on his secretary to serve the claim on the defendant. Instead of serving on Browne Jacobson the particulars were addressed to the Chief Executive, the Royal Free Hospital, Pond Street, NE2 2BB. Assuming that it was open to the claimant to serve the defendant direct, first of all, it was not the Royal Free Hospital but the NHS Trust that was the proper defendant. But of far greater significance is that for the correct post code of NW3 2QG, the sender had selected or invented the thoroughly inaccurate post code, namely NE2 2BB.

4.      It seems that Mr. Matthews was quitting the office for a holiday commencing Saturday, 4th September. On the eve he went through a number of files in which he anticipated some sort of activity during his fortnight's holiday. One of the selected files was this and, as he said in a subsequent affidavit, his inspection of the file led him to the discovery that the proceedings had been inadvertently served on the defendants rather than their nominated solicitors. He said that once he had appreciated the mistake, he left a taped message for his secretary to telephone Browne Jacobson to explain what had happened. It seems that on the following Monday his secretary duly dispatched the claim to Browne Jacobson and that it was received on the following day. Not surprisingly, they took the view that the claim had not been properly served within the four month period provided by the rules. On 13th September they issued a notice of application, by which they sought an order that there had not been valid service of proceedings in accordance with the Civil Procedure Rules 1999. They further took the point that the claimant had elected to sue the wrong defendant.

5.      That application was fixed to come before the district judge on 15th November. Three days before the fixture, Mr. Matthews' firm issued a notice of application seeking orders (1) that there be leave to rectify the description of the defendant, and (2) that time for service of the particulars of claim be extended retrospectively to 10th September. The district judge reached the conclusion that the purported service did

not comply with the rules but she exercised a discretion, which she found under rule 7.6, to extend time to save the claim. The defendant successfully appealed to His Honour Judge Colthart, all this in the Clerkenwell County Court. On 11th February 2000 he held that the purported service did not comply with the rules, although on a different ground to that which the district judge had found, but, in considering the application under rule 7.6, he reached the reverse conclusion and brought the case to a summary end. The claimant sought permission which was granted on 26th September, largely because the court felt that it would be desirable to clarify the difference of view between the district judge and the circuit judge as to whether the purported service failed, by virtue of rule 6.4, as the district judge had found, or by virtue of rule 6.5 , as the circuit judge had found. It is now conceded and agreed between counsel that rule 6.4, which is a rule specifically dealing with personal service, is of no application to this case. Accordingly, we have only to consider Mr. Granville Stafford's submission, that the effect of rule 7.5 and rule 6.5 in conjunction is that a claimant has effectively an option, either to serve on solicitors who have been nominated for service, or, alternatively, to serve on the defendant himself, provided the document to be served is the claim form.

6.      Mr. Granville Stafford placed considerable emphasis on rule 7.5. The heading to the rule is "Service of a Claim Form". Paragraph (1) of the rule states:

"After a claim form has been issued, it must be served on the defendant."

7.      That, he says, is a rule of general application, and it replicates the old law, whereby the requirement was always service on a defendant and that service on nominated solicitors was a technical breach of the practice only validated by judicial decision. He then placed great reliance on rule 6.5(5).

8.      In order to understand and determine his submission, it is necessary to set out this rule in its entirety to the conclusion of the fifth paragraph. It reads as follows:

"(1) Except as provided by section 111 of this Part (service out of the jurisdiction) a document must be served within the jurisdiction.

(2) A party must give an address for service within the jurisdiction.

(3) Where a party -

(a) does not give the business address of his solicitor as his address for service; and

(b) resides or carries on business within the jurisdiction,

he must give his residence or place of business as his address for service.

(4) Any document to be served -

(a) by first class post;

(b) by leaving it at the place of service;

(c) through a document exchange;

(d) by fax or other means of electronic communication,

must be sent or transmitted to, or left at, the address for service given by the party to be served.

(5) Where -

(a) a solicitor is acting for the party to be served; and

(b) the document to be served is not the claim form;

the party's address for service is the business address of his solicitor.

(Rule 6.13 specifies when the business address of a defendant's solicitor may be the defendant's address for service in relation to the claim form)."

9.    So, says Mr. Granville Stafford, it is plain that there is one regime for the service of the claim form and a different regime for the service of any subsequent documents within the case. He says that it is easy enough to understand why the rules have been so drafted. The obligation on the claimant to give an address for service arises at the earliest stage when he completes his claim form, for on the reverse of the form and at its foot is a box to be completed with the claimant's or claimant's solicitor's address, to which documents or payments should be sent. However, he stresses that the defendant's first opportunity comes when he completes the response pack form which accompanies the claim duly served upon him. Accordingly, as he submits, it would be quite inappropriate for rules to require service of the initial claim form otherwise than on the defendant himself, who has had no preliminary opportunity to comply with the requirement under paragraph (2) to give an address for service. Once he has had that opportunity and accordingly made compliance with his obligation under paragraph (2), then, thereafter, any document within the proceedings is to be served on the business address of his solicitor. That argument did not appeal to Judge Colthart, who held that the obligation was primarily stated by paragraph (4), namely, any document to be served by first class post must be sent to the address for service given by the party to be served.

10.    The comprehension of rule 6.5 is not easy at a first reading, and I have reached this conclusion, that despite the powerful submissions that Mr. Granville Stafford has advanced, the primary obligation is on a party to give an address for service, and that once there has been compliance with that obligation, ordinarily speaking, service will be at the address given. Paragraph (3) seems to give to a party a choice. If he has not elected to give the business address of his solicitor as his address for service, he may instead give either the address of his residence or, alternatively, the address of his place of business if he carries on business within the jurisdiction. But the general obligation created by paragraph (2), and the election created by paragraph (3), is then to some extent confined by the terms of paragraph (5). So if a party has elected to give either the address of his residence or the address of his place of business as his address for service, the intervention of paragraph (5) requires service of any document, other than the claim form,

upon the solicitor acting on his behalf in the case, even if his address has not been specifically given as the address for service. It seems to me that this is a rational construction of the somewhat complex provision. There may be cases in which the first intimation that the defendant has of his involvement in litigation is the receipt of the claim form at what will ordinarily be either his residence or his place of business. But there will be many, many cases in which there will have been protracted correspondence prior to the issue of proceedings, and I suspect that cases such as this, in which the defendant elects to give his address for service and nominates his solicitor to accept service shortly after the issue of the  proceedings and well within the four months allowed for service, will be common. In that event, it seems to me right that paragraph (4) should require service upon that nominated solicitor. There will be many instances in which a defendant does not want service either at his residence or at his place of business. It seems to me right that he should be in a position to nominate, at a very early stage, solicitors to accept service on his behalf, and the obligation must then be on the claimant to use that nomination. Accordingly, I am satisfied that the judge was right to hold as he did in his judgment:

> "It has been argued that that interpretation is wrong because of the wording of 6.5(5) ... Mr Granville Stafford has argued that in effect means that you cannot serve a claim form on a solicitor. That seems to me to be not the appropriate interpretation of the rules. It would render an awful lot of actions incorrectly commenced. All I take that rule to mean is that once you get past the claim form stage then the address for service is deemed to be the business address of the solicitor.  So for those reasons therefore it seems to me that, in this case, there was a mandatory requirement upon the claimant to serve at the address of the solicitors, that being the address for service given by the party to be served under 6.5(4)."

11.    The judge went on to consider the rival application for an extension of time. He held that the claimant had not satisfied either of the requirements to be found in rule 6.7(6), which reads so far as is material:

> "(3) If the claimant applies for an order to extend the time for service of the claim form after the end of the  period specified. . . the court may make such an order only if -

> > (b) the claimant has taken all reasonable steps to serve the claim form but has been unable to do so;  and,

> > (c) in either case, the claimant has acted promptly in making the application."

12.    The judge held that the claimant had not taken all reasonable steps but had been unable to serve and, further, that the claimant had not acted promptly in making the application.

13.    Mr. Granville Stafford has endeavoured to run an argument which I do not think was really run in front of the judge, that he did not have to get to paragraph 7.6 since this was a case of irregular service rather than no service at all. So, says Mr. Granville Stafford, the provisions of rule 6.1 , alternatively 6.8, are there to save the proceedings from premature end. Rule 6.1 provides:

> "The rules in this Part apply to the service of documents, except where. . .

(b) the court orders otherwise."

14.    Accepting for the moment that that seems to be widely drawn, I come on to rule 6.8 which is headed "Service by an alternative method". It is plain to me that 6.8 is written to provide regulation of those cases in which there has to be some alternative service, and has no application at all to the questions raised by this appeal. It seems to me that it would be quite wrong to allow the claimant to place any reliance or to derive any benefit from the terms of rule 6.1. This court has made plain in the decision in Venos v Marks and Spencer Plc (unreported, 8th June 2000), that rule 7.6(3) is very plain in its meaning and must be equally plainly applied. It is only necessary for me to cite a short passage from the judgment of May LJ at paragraph 20, when he said:

> "The meaning of rule 7.6(3) is plain. The court has power to extend the time for serving the claim form after the period after its service has run out 'only if' the stipulated conditions are fulfilled. That means that the court does not have power to do so otherwise. The discretionary power in the rules to extend time periods - rule 3.1(2)(a) - does not apply because of the introductory words. The general words of Rule 3.10 cannot extend to enable the court to do what rule 7.6(3) specifically forbids, nor to extend time when the specific provision of the rules which enables extensions of time specifically does not extend to making this extension of time. What Mr Vinos in substance needs is an extension of time - calling it correcting an error does not change its substance. Interpretation to achieve the overriding objective does not enable the court to say that provisions which are quite plain mean what they do not mean, nor that the plain meaning should be ignored."

15.    That prescription is recognized by Mr. Granville Stafford, but it seems to me that his alternative endeavour to rely on rules 6.1 and 6.8 are even weaker in their prospect than the endeavour that was made by Mr. Venos. Any consistent application of the general principles identified by the court in Venos v Marks and Spencer require the summary rejection of that argument.

16.    It only remains to consider Mr Granville Stafford's last submission, namely that the judge was wrong to have reached the conclusions which he did on the facts of the case as to the application of rule 7.6(3)(b) and (c). The judge, in reviewing the circumstances, noted what seems to have been a course of brinkmanship throughout, namely the issue of the claim on the very last day of the limitation period, followed by a period of three months inactivity before the forensic consultant was instructed, followed by the seemingly dilatory dispatch of the papers to the hospital on 31st August. The judge then considered what Mr. Matthews had done on Friday, the 3rd. He made some seemingly fairly charitable interpretation of the evidence which he had himself given. It is apparent to any objective reviewer that what Mr. Matthews could have done, and should have done on 3rd September, when he discovered the mistake and when he was still within time, was simply to have faxed the particulars of claim to Browne Jacobson. Against that chronology, I do not see how it can possibly be said with any degree of conviction that the provisions of rule 7.6(3)(b) had been satisfied. That rule is clearly intended to cover cases where the person endeavouring to effect service has taken all reasonable steps, but his reasonable efforts have been frustrated by some near insuperable difficulty or obstacle. All we have here is a history of either incompetent or dilatory practice, a history that seems to have more than one chapter.

17.    Finally, in my opinion the judge was right to say that the claimant had equally failed to clear the hurdle presented in rule 7.6(3)(c). As I have already recited, although the claimant was aware that no indulgence was to be given, by 13th September at the latest, no step was taken until two months had elapsed and only when the hearing before the district judge was upon him. It seems to me that the whole purpose of these rules is to ensure that those who have claims that merit judicial determination take the steps that are required of them by the rules, and in this instance all that I see is a catalogue of what seems to me to be risk taking on the part of the claimant, and it seems to me entirely fair in those circumstances that the judge should have arrived at the conclusion that he did, strictly perhaps  not in the exercise of the discretion, but more in determining that the rules precluded him from the exercise of the discretion. For all those reasons I would dismiss the appeal.

18.    LORD JUSTICE BUXTON: I agree. The structure of rule 6.5,  with which we are concerned in this appeal, is at first sight not entirely easy to elucidate, but on reflection I conclude that that is principally because this rule, as all the rules, has to address both a situation where a party is acting by a solicitor and a situation where a party is acting in person. That, in my judgement, explains why in 6.5.3 there appears to be a choice given to a party as to whether he should give as his address for service the business address of his solicitor or the address of his place of residence, and why in 6.5.4  the service of a document is said to be required at the address for service given by the party, whatever it might be within the rules.

19.    We then, however, come to 6.5.5,  which lays down a specific rule when a solicitor is acting for the party to be served. When that is the case, the address for service is required to be the business address of the solicitor, as far as I can see, whether or not that has  been specified by the party as his address for service under the preceding rules. A similar limitation is provided by Part 6.4  with regard to personal service, because where a solicitor is authorised to accept service on behalf of the party, the document must be served on that solicitor, even when the regime is one addressing personal service. As I understand it, the regime in Part 6.5.5 is a novelty or an innovation in the Civil Procedure Rules which has no exact parallel in the former rules of the Supreme Court or the County Court Rules. The reason is, in my judgement, clear. It is that when solicitors are involved, it is regarded by the rule-maker, if I may say so rightly regarded, as being most likely to advance the objective of the rules in getting actions dealt with promptly and in proper form if all documents are sent to the solicitors without intervention and possible loss or misunderstanding on the part of the lay client. All that, in my judgement, on reflection (I have had to reflect on it) is a clear explanation of why the rule is structured as it is.

20.    It is also clear why there is exempted from the provisions of 6.5 Part 5 the situation where the document to be served is a claim form. That is plainly because, where the document to be served is a claim form, it may not be established at that stage that the party, who may or may not be the solicitor for the party to be served, is in fact the appropriate address for that service. The author of the claim form may not know whether the person on whom he seeks to serve the claim is or is not acting by a solicitor. Even if he

knows or suspects that he is acting by a solicitor, at that stage he will not necessarily know that that solicitor is authorised to accept service. That, therefore, is the reason why a specific regime is provided under 6.5.5 for a claim form, and why, when Part 6.1.3 addresses the question of service of the claim for or by the court, provision is made that the defendant's address for service may be the business address of the claimant's solicitor, but only provided that he has been authorised to accept service.

21.    The judge, in my judgement, therefore entirely correctly analysed the implications of 6.5.5 when he said:

> "All I take that rule to mean is that once you get past the claim form stage then the address for service is deemed to be the business address of the solicitor."

22.    In our case there is no question of deeming arising because it is a case where a specific address for the service on the solicitor had already been given in the  exchanges between the parties that had taken place before the service of the claim form. That then raises the question whether there should be exempted from the regime of 6.5.4 the case of the claim form, this being a case where an address for service has been given by the party to be served. 6.5.5, so heavily relied upon by Mr Granville Stafford, does not in my view, and for the reasons that I have already given, bite on that point at all. It does not justify reading the exemption of the claim form at 6.5.5 back into a case such as envisaged by 6.5.4  where an address for service has been given by the party to be served:  rather than, as under Part 5, being attached to that party by operation of the rules. It will not always be the case that an address for service will have been given by the party to be served before the claim form was served. As my Lord has pointed out, in the realities of litigation, more particularly the reality of litigation of the sort with which our present case is concerned, it will often be the case that what happened in this case will have happened; that is to say, that an address for service will already have been given. Where that has happened I see no reason, as a matter of construction, for exempting the claim form from the regime provided for by 6.5.4. It refers to any document and it refers to the  fact of an address for service having been given. Both of those factors were satisfied in this case. Nor, for the reasons that I have already indicated, do I see any reason of policy for exempting the claim form from that regime. The policy is that documents should be served on solicitors because that helps to expedite the conduct of the matter, as it might be thought this case itself demonstrates.

23.    That in itself would not be sufficient to support the judge's conclusion if the rules said otherwise, but they do not say otherwise. The judge was right in the construction that he applied to 6.5.4,  and I agree with his reasons for that construction, as I agree with those given by my Lord.

24.    Can the claimant escape by reference to any other part of the rules?  I entirely agree with what my Lord has said about the arguments addressed to us in respect of Part 6.1 and Part 6.8. Part 6.8 is clearly directed to the notion of substituted service. It does not apply to ex post facto rectification of errors in service. So far as Part 7.6(3) is concerned, this is a case where, not only can it not be said that the claimant

has taken all reasonable steps to serve the claim form, on the construction of the law adopted by this court he has taken no steps at all to serve the claim form, because service of the claim form in this case required service on the solicitors. Even if that were not the case, it is manifest, as my Lord has said, that Part 7.6(3) is addressing those cases, familiar enough, where the claimant tries to find his defendant but cannot do so, either because the defendant is, unknown to him, out of the jurisdiction, or because he is evading service, or matters of that sort. The terms of endeavour and lack of success that are set out in Part 3B clearly address that situation. They do not address a situation such as the present. So far as Part (C) is concerned, which must also be satisfied, that the claimant has acted promptly in making the application, that is a matter for the judgment of the court below, and I would need to be satisfied that the judge had come to an irrational conclusion before I would be minded to reverse his finding on that point. Far from thinking that he was irrational, I consider him to be completely correct. For all those reasons, I would dismiss the appeal.

Order: Appeal dismissed with costs in the terms sought.

EXHIBIT 4

THE COMMON LAW LIBRARY

*Chitty, Joseph*

# CHITTY
# ON
# CONTRACTS

## TWENTY-EIGHTH EDITION

VOLUME 2

### SPECIFIC CONTRACTS

LONDON
SWEET & MAXWELL
1999

LOS ANGELES COUNTY LAW LIBRARY

*KD130*

*C 47*
*1999*

| | | |
|---|---|---|
| First Edition | (1826) | By Joseph Chitty, Junior |
| Second Edition | (1834) | " " " |
| Third Edition | (1841) | By Thompson Chitty |
| Fourth Edition | (1850) | By His Hon. Judge J. A. Russell, Q.C. |
| Fifth Edition | (1853) | " " " |
| Sixth Edition | (1857) | " " " |
| Seventh Edition | (1863) | " " " |
| Eighth Edition | (1868) | " " " |
| Ninth Edition | (1871) | " " " |
| Tenth Edition | (1876) | " " " |
| Eleventh Edition | (1881) | " " " |
| Twelfth Edition | (1890) | By J. M. Lely and Sir William Geary |
| Thirteenth Edition | (1896) | By J. M. Lely |
| Fourteenth Edition | (1904) | " " |
| Fifteenth Edition | (1909) | By W. Wyatt Paine |
| Sixteenth Edition | (1912) | " " |
| Seventeenth Edition | (1921) | " " |
| Eighteenth Edition | (1930) | By W. A. MacFarlane and G. W. Wrangham |
| Nineteenth Edition | (1937) | General Editor: Harold Potter |
| Twentieth Edition | (1947) | " " " |
| Twenty-first Edition | (1955) | Under the General Editorship of John Burke and Peter Allsop |
| Twenty-second Edition | (1961) | General Editor: John Morris |
| Twenty-third Edition | (1968) | General Editor: A. G. Guest |
|    Second Impression | (1972) | " " " |
| Twenty-fourth Edition | (1977) | " " " |
|    Second Impression | (1979) | " " " |
|    Third Impression | (1980) | " " " |
| Twenty-fifth Edition | (1983) | " " " |
| Twenty-sixth Edition | (1989) | " " " |
|    Second Impression | (1990) | " " " |
|    Third Impression | (1991) | " " " |
| Twenty-seventh Edition | (1994) | " " " |
|    Second Impression | (1995) | " " " |
|    Third Impression | (1997) | " " " |
|    Fourth Impression | (1998) | " " " |
| Twenty-eighth Edition | (1999) | General Editor: H. G. Beale |

Published by
Sweet & Maxwell Limited, of 100 Avenue Road
London NW3 3PF
http://www.smlawpub.co.uk
Computerset by
Interactive Sciences, Gloucester
and printed in Great Britain by
Clays Ltd, St Ives plc

© ·
Sweet & Maxwell Limited
1999

required: there was no requirement mentioned that the agent should also state for whom he acted.[9] The Law of Property (Miscellaneous Provisions) Act 1989, s.2, now requires that such a contract actually be in writing, "signed by or on behalf of each party to the contract." The reasoning by virtue of which an unexplained signature by an agent who undertook personal liability sufficed is not available in respect of this wording, and it is far from clear to what extent the previous law survives, and to what extent unnamed and undisclosed principals can sue or be sued on contracts signed by their agents. Juristically, it appears that the principal is normally in such cases party to the same, not a different contract.[10] If the purpose of the Act was to prevent disputes over the existence and terms of an agreement[11] it seems that the principal, as a party to the contract, ought to be mentioned in it.

### (b) *Apparent Authority*

**Apparent authority.** Where a person by words or conduct represents to a third party that another has authority to act on his behalf, he may be bound by the acts of that other as if he had in fact authorised them.[12] This doctrine, called the doctrine of apparent or ostensible authority,[13] applies to cases where a person allows another who is not his agent at all to appear as his agent,[14] to cases where a principal allows his agent to appear to have more authority than he actually has,[15] to cases where a principal makes reservation in his agent's authority that limit the authority which such agent would normally have, but fails to inform the third party of this,[16] and to cases where a principal allows it to appear that an agent has authority when such authority has in fact been terminated.[17] The doctrine is said to be an application of the estoppel principle,[18] but it is a

**32-057**

---

[9] *Davies v. Sweet* [1962] 2 Q.B. 300.

[10] *Post*, §§ 32-083, 32-098.

[11] See *Spiro v. Glencrown Properties Ltd* [1991] Ch. 537, 541. The Law Commission papers give no guidance: W.P. No. 92 (1985), para. 5.16 simply indicates a wish to "let the ordinary principles of agency operate." See further *Bowstead and Reynolds on Agency* (16th ed., 1996), § 8-004.

[12] *Pickering v. Busk* (1812) 15 East 38; *Pickard v. Sears* (1837) 6 A. & E. 469; *Freeman v. Cooke* (1848) 2 Exch. 654; *Smith v. M'Guire* (1858) 3 H. & N. 554; *Pole v. Leask* (1863) 33 L.J.Ch. 155, 162; *Freeman & Lockyer v. Buckhurst Park Properties (Mangal) Ltd* [1964] 2 Q.B. 480, 503; *Hely-Hutchinson v. Brayhead Ltd* [1968] 1 Q.B. 549. As to authority to do an act creating an estoppel against the principal, see *Ismail v. Polish Ocean Lines* [1976] Q.B. 893, 903–904, 907, 911; *Toepfer v. Warinco A.G.* [1978] 2 Lloyd's Rep. 569; *The Shackleford* [1978] 1 W.L.R. 1080; *State Rail Authority of N.S.W. v. Heath Outdoor Pty. Ltd* (1986) 7 N.S.W.L.R. 170. As to partners see Partnership Act 1890, ss.5, 7, 8, 14, 36(1), *ante*, § 32–017; *United Bank of Kuwait Ltd v. Hammoud* [1988] 1 W.L.R. 1051; *Nationwide B.S. v. Lewis* [1998] Ch. 482 (reliance required).

[13] But often referred to in 19th-century cases as implied authority.

[14] e.g. *Barrett v. Deere* (1828) Moo. & M. 200; *F. Mildner & Sons v. Noble* [1956] C.L.Y. 32; *Povey v. Taylor* (1966) 116 New L.J. 1656. Such cases are rare. Much useful American material is referred to in *Hoddesdon v. Koos Bros.* 135 A. 2d 702 (1957). But the leading case of *Freeman & Lockyer v. Buckhurst Park Properties (Mangal) Ltd, supra*, could also be put in this category.

[15] e.g. *Todd v. Robinson* (1825) 1 Ry. & M. 217.

[16] e.g. *Duke of Beaufort v. Neeld* (1845) 12 C. & F. 248; *Montaignac v. Shitta* (1890) 15 App.Cas. 357; *Manchester Trust v. Furness* [1895] 2 Q.B. 539; *Waugh v. H.B. Clifford & Sons Ltd* [1982] Ch. 374.

[17] e.g. *Summers v. Solomon* (1857) 7 E. & B. 879; *Drew v. Nunn* (1879) 4 Q.B.D. 661; *Rockland Industries Inc. v. Amerada Minerals Corpn* [1980] 2 S.C.R. 2, (1980) 108 D.L.R. (3d) 513; *post*, § 32–163.

[18] *Freeman & Lockyer v. Buckhurst Park Properties (Mangal) Ltd* [1964] 2 Q.B. 480, 503; *Rama Corporation v. Proved Tin & General Investments* [1952] 1 Q.B. 147, 149–150; *Pole v. Leask* (1863) 33 L.J.Ch. 155, 162.

somewhat vague one, the normal rules being leniently applied, particularly as regards reliance on the representation, and it might be better attributed to the normal principles of objective interpretation of contracts. The applicable rules may be divided as follows:

(i) A representation must be made by words or conduct. But though such representation may be express, it may also be implied from acts of a quite general nature, *e.g.* putting the agent in a position carrying with it a usual authority.[19]

(ii) The representation must be made by the principal, or someone authorised in accordance with the law of agency to act for him.[20] A representation by the agent as to his authority cannot of itself create apparent authority.[21] But the conduct of the principal may make it more reasonable for the agent's representation as to his authority, or as to facts upon which his authority depends, to be relied on[22]; and in a recent decision the principal was held bound on the basis that the agent had authority to communicate the principal's approval to the transaction in question.[23]

(iii) On general principles the representation must be of fact and not of law.[24] But propositions as to mistake of law may now need reconsideration in view of the decision of the House of Lords in *Kleinwort Benson Ltd v. Lincoln C.C.*[25]

(iv) The third party must act on the representation.[26] If he does not know of any representation, express or implied, but deals with the agent as a principal, it is obvious that he cannot rely on the doctrine.[27] But the

---

[19] *Freeman & Lockyer v. Buckhurst Park Properties (Mangal) Ltd, supra,* at 503 (managing director); *Panorama Developments (Guildford) Ltd v. Fidelis Furnishing Fabrics Ltd* [1971] 2 Q.B. 711 (company secretary); *Eagle Star Insurance Co. Ltd v. Spratt* [1971] 2 Lloyd's Rep. 116, 127–128 (Lloyd's syndicate); *Waugh v. H.B. Clifford & Sons Ltd* [1982] Ch. 374 (solicitor); *Egyptian Intl. Foreign Trade Co. v. Soplex Wholesale Supplies Ltd (The Raffaella)* [1985] 2 Lloyd's Rep. 36 (documentary credits manager); *Shearson Lehman Bros. Inc. v. Maclaine, Watson & Co. Ltd (No. 2)* [1988] 1 W.L.R. 16, 28; *Polish SS. Co. v. A. J. Williams Fuels (Overseas Sales) Ltd (The Suwalki)* [1989] 1 Lloyd's Rep. 511. As to usual authority see, *ante,* § 32–046.

[20] *ibid.* at 506; *British Bank of the Middle East v. Sun Life Assurance Co. of Canada (U.K.) Ltd* [1983] 2 Lloyd's Rep. 9, HL (no authority to answer queries as to authority of another agent); *cf. Canadian Laboratory Supplies Ltd v. Engelhard Industries of Canada Ltd* [1979] 2 S.C.R. 787, (1979) 97 D.L.R. (3d) 1. In *Crabtree-Vickers Pty. Ltd v. Australian Direct Mail Advertising and Addressing Co. Pty. Ltd* (1975) 133 C.L.R. 72 it was held that an agent with apparent authority cannot by his conduct give rise to apparent authority in a sub-agent. *Sed quaere.* See *post,* § 32–060, n. 52.

[21] *ibid.* at 505; *Att.-Gen. for Ceylon v. Silva* [1953] A.C. 461, 479; *Armagas Ltd v. Mundogas SA (The Ocean Frost)* [1986] A.C. 717; *Savill v. Chase Holdings (Wellington) Ltd* [1989] 1 N.Z.L.R. 257.

[22] *Colonial Bank v. Cady and Williams* (1890) 15 App.Cas. 267, 273; and see *Canadian Laboratory Supplies Ltd v. Englehard Industries of Canada Ltd, supra.* An example is where an agent is allowed to conduct a particular item of business: see *Egyptian Intl. Foreign Trade Co. v. Soplex Wholesale Supplies Ltd (The Raffaella), supra; United Bank of Kuwait Ltd v. Hammoud* [1988] 1 W.L.R. 1051 (solicitor); *Gurtner v. Beaton* [1993] 2 Lloyd's Rep. 369 (aviation manager).

[23] *First Energy (U.K.) Ltd v. Hungarian Intl. Bank Ltd* [1993] 2 Lloyd's Rep. 194. The judgments contain dicta suggesting wider reasoning: see Reynolds (1994) 110 L.Q.R. 21.

[24] See *Chapleo v. Brunswick P.B.B.S.* (1881) 6 Q.B.D. 696.

[25] [1998] 3 W.L.R. 1095. See, *ante,* Vol. I, §§ 30–040 *et seq.*

[26] *Freeman & Lockyer v. Buckhurst Park Properties (Mangal) Ltd* [1964] 2 Q.B. 480, 503; *Nationwide B.S. v. Lewis* [1998] Ch. 482 (partnership).

[27] *ibid.; Underwood v. Bank of Liverpool* [1924] 1 K.B. 775; *Farquharson Bros. & Co. v. King & Co.* [1902] A.C. 325.

requirement that there must be a representation which is relied on is not interpreted strictly. Thus though a person cannot be held out as agent to the world,[28] the representation need not be to a specific person: "the holding out must be to the particular individual who says he relied on it, or under such circumstances of publicity as to justify the inference that he knew of it and acted upon it."[29] Sometimes negligent conduct is relied on as constituting a holding out: in this case it is often said that there must be a duty of care towards the third party, but here again it appears that such a duty can be owed to quite a wide class of persons.[30] It does not seem that the third party's reliance need have been to his detriment: although it is clear that if he did not rely on the representation at all,[31] or ignored the opportunity of ascertaining the agent's authority,[32] or was put on inquiry by the facts of the transaction,[33] he cannot hold the principal liable, it is probably sufficient reliance merely to enter into a contract on the faith of the representation.[34]

(v) The doctrine applies though the agent effects a forgery,[35] if the act in the course of which the forgery occurred was within his apparent authority.[36] The same is true where the agent acts illegally in some other way.[37]

---

[28] *Dickinson v. Valpy* (1829) 10 B. & C. 128, 140.

[29] *Farquharson Bros. & Co. v. King & Co., supra*, at 341 *per* Lord Lindley (quoting Parke B.).

[30] *Swan v. North British Australasian Co.* (1863) 2 H. & C. 175, 182; *Mercantile Bank of India v. Central Bank of India Ltd* [1938] A.C. 287; *R.E. Jones Ltd v. Waring & Gillow Ltd* [1926] A.C. 670, 693; *Mercantile Credit Co. Ltd v. Hamblin* [1965] 2 Q.B. 242, 271; *General and Finance Facilities Ltd v. Hughes* (1966) 110 S.J. 847; *Saunders v. Anglia B.S.* [1971] A.C. 1004, 1026, 1038; *Moorgate Mercantile Co. Ltd v. Twitchings* [1977] A.C. 890; *Gator Shipping Corpn v. Trans-Asiatic Oil Ltd SA (The Odenfeld)* [1978] 2 Lloyd's Rep. 357, 376–378.

[31] *Swan v. North British Australasian Co., supra; Mac Fisheries Ltd v. Harrison* (1924) 53 L.J.K.B. 811.

[32] *Jacobs v. Morris* [1902] 1 Ch. 816 (power of attorney); *Australian Bank of Commerce v. Perel* [1926] A.C. 737. *A fortiori* if he knew or must be taken to have known of the lack of authority: *Morris v. Kanssen* [1946] A.C. 459.

[33] *A.L. Underwood Ltd v. Bank of Liverpool* [1924] 1 K.B. 775 (abnormal transaction): *Overbrooke Estates Ltd v. Glencombe Properties Ltd* [1974] 1 W.L.R. 1335 (clause in conditions of auction sale). It is often said that constructive notice does not apply in commercial transactions: see, *e.g. Manchester Trust v. Furness* [1895] 2 Q.B. 545; *Eagle Star Insurance Co. Ltd v. Spratt* [1971] 2 Lloyd's Rep. 116, 128. But there are also many cases where parties are taken to have known facts, or it is said that they must have been suspicious: see *Feuer Leather Corpn v. Frank Johnstone & Sons* [1981] Com.L.R. 251. And in general there has been a movement towards imposition of duties of inquiry. See (though in a different context) *Baden Delvaux v. Société Génerale & Co. SA* [1983] B.C.L.C. 325, 407 (affd. [1985] B.C.L.C. 258); *cf.* however *In re Montagu's Settlement Trusts* [1987] Ch. 264, 285 and *Cowan de Groot Properties Ltd v. Eagle Trust plc* [1992] 4 All E.R. 700; *Royal Brunei Airlines Sdn. Bhd. v. Tan* [1995] 2 A.C. 378. In *Rolled Steel Products (Holdings) Ltd v. British Steel Corpn* [1986] Ch. 246, 306 Browne-Wilkinson L.J. uses the phrase "constructive notice" in an agency context; but *cf.* 295–296 ("put on notice") *per* Slade L.J. See *Bowstead and Reynolds on Agency* (16th ed., 1996), Art. 75.

[34] *cf. Silver v. Ocean SS. Co.* [1930] 1 K.B. 416. Where there is no obligation to be enforced the requirement may be even looser: see *Shearson Lehman Bros. Inc. v. Maclaine, Watson & Co. Ltd (No. 2)* [1988] 1 W.L.R. 16, 29, H.L. But *Nationwide B.S. v. Lewis* [1998] Ch. 482, where in the context of s.14 of the Partnership Act 1890 it was held that reliance on a holding-out as partner must be affirmatively proved.

[35] *Uxbridge Permanent Benefit Building Society v. Pickard* [1939] 2 K.B. 248; assuming always that he is purporting to act as agent. A *counterfeit* signature or seal is simply a nullity and involves of itself no representation that the forger purports to act as agent: see *Northside Development Pty. Ltd v. Registrar-General* (1990) 170 C.L.R. 146 esp. at 199–200.

[36] See *Ruben v. Great Fingall Consolidated* [1906] A.C. 439 where this was not so.

[37] *Navarro v. Moregrand* [1951] 2 T.L.R. 674; *cf. Barker v. Levinson* [1951] 1 K.B. 342.

on behalf of the Crown that he or some other public officer has the right to enter into a contract in respect of the property of the Crown when in fact no such right exists,"[56] and though this may be overstated, apparent authority in such an agent is not easy to establish; and where the Crown or a public authority is bound by the unauthorised acts of an agent, it is not always easy to distinguish apparent authority from other estoppels.[57]

#### (c) *Undisclosed Principal*

**32–062**    **Undisclosed principal.** It has long been established that an undisclosed principal can sue or be sued on the contract of his agent,[58] though the juristic basis of this rule, and therefore the full scope of its application, is still uncertain. Indeed, many points as to its application have never been thought through.[59] It has been said that the contract is that of the principal[60]; but in fact the law in many respects treats the contract as that of the agent, for the third party cannot be deprived of the agent's liability should he desire it,[61] and can usually plead against the principal all defences that were available against the agent before notice of the principal's existence.[62] The agent can also sue, subject to the superior right of the principal.[63] It has sometimes been explained as intervention on the analogy of assignment[64]; but it involves transfer of liability as well as rights, there is in fact no event that can be regarded as an assignment and it has been held that an undisclosed principal can intervene on an unassignable contract.[65] It does however seem accepted that the situation is one of intervention on

---

[56] *Att.-Gen for Ceylon v. Silva* [1953] A.C. 461, 479. But *cf.* 480. See Vol. I, §§ 10–016, 10–017. See also *J.E. Verreault et Fils v. Att.-Gen. for Quebec* [1977] 1 S.C.R. 41, (1975) 57 D.L.R. (3rd) 403.

[57] See *Miles v. McIlwraith* (1883) 8 App.Cas. 120; *Att.-Gen. for Ceylon v. Silva* [1953] A.C. 461, 480; *Wells v. Minister of Housing and Local Government* [1967] 1 W.L.R. 1000; *Lever Finance Ltd v. Westminster (City) L.B.C.* [1971] 1 Q.B. 222; *Norfolk County Council v. Secretary of State for the Environment* [1973] 1 W.L.R. 1400; *Western Fish Products v. Penwith DC* (1978) [1981] 2 All E.R. 204; *Co-operative Retail Services Ltd v. Taff-Ely B.C.* (1980) 39 P. & C.R. 223; *Rootkin v. Kent C.C.* [1981] 1 W.L.R. 1186; Cane, *Introduction to Administrative Law* (3rd ed., 1996), Chap. 10.

[58] *Duke of Norfolk v. Worthy* (1808) 1 Camp. 337; *Browning v. Provincial Insurance Co. of Canada* (1873) L.R. 5 P.C. 263, 272; *Siu Yin Kwan v. Eastern Insurance Co. Ltd* [1994] 2 A.C. 199, giving (at 376) a useful statement of the rules. The doctrine is applied to a breach of s.14(5) of the Sale of Goods Act 1979 in *Boyter v. Thomas* [1995] 2 A.C. 628; see Brown (1996) 112 L.Q.R. 49.

[59] See, *e.g. Maynegrain v. Compafina Bank* [1982] 2 N.S.W.L.R. 141, (attornment), discussed in *Bowstead and Reynolds on Agency* (16th ed., 1996), § 8–170.

[60] *Keighley, Maxsted & Co. v. Durant* [1901] A.C. 240, 261; *ante,* § 32–028.

[61] *O'Herlihy v. Hedges* (1803) 1 Sch. & Lef. 123; and see *Higgins v. Senior* (1841) 8 M. & W. 834. See also *Public Trustee v. Taylor* [1978] V.R. 289 (signature "for himself or as agent for an undisclosed principal": signatory liable).

[62] *Browning v. Provincial Insurance Co. of Canada* (1873) L.R. 5 P.C. 263, 272; *Montgomerie v. U.K. Mutual Steamship Association* [1891] 1 Q.B. 370, 372; *Sims v. Bond* (1833) 5 B. & Ad. 389, 393.

[63] See *Bowstead and Reynolds on Agency* (16th ed., 1996), § 9–012.

[64] Goodhart and Hamson (1932) 4 C.L.J. 320. In *Pople v. Evans* [1969] 2 Ch. 255 it was held in the context of *res judicata* that the principal's right was independent of that of the agent and did not arise out of any trust relationship.

[65] *Siu Yin Kwan v. Eastern Insurance Co. Ltd* [1994] 2 A.C. 199, citing *Browning v. Provincial Insurance Co. of Canada* (1873) L.R. 5 P.C. 263, 273, and rejecting the assignment analogy. See *post,* § 32–065.

# EXHIBIT 5

## LUSAKA WEST DEVELOPMENT COMPANY LTD AND B. S. K. CHITI (RECEIVER) AND ZAMBIA STATE INSURANCE CORPORATION v TURNKEY PROPERTIES LTD (1990) Z.R. 1 (S.C.)

SUPREME COURT
NGULUBE, D.C.J., GARDNER AND SAKALA, JJ.S.
5TH JUNE, 1990
(S.C.Z. JUDGMENT NO. 1 OF 1990)

### Flynote
Civil procedure - Consent summons - Signing of consent to judgment by counsel - Effect of.
Contract - Ostensible authority - Counsel enters into settlement with ostensible authority - Effect of.
Evidence - 'Without prejudice' correspondence - Admissibility of.

### Headnote
This was an appeal against a consent order made by the High Court. When the case came to Court it was adjourned with a view to the parties reaching an out-of-court settlement. Discussions between the parties were then held and correspondence exchanged, some of which was marked "without prejudice". An agreement was reached and a consent summons was signed by counsel for the parties. The third appellant then repented of the agreement and wished to withdraw its consent. The Court refused to allow the withdrawal of consent and the appellants appealed.

Counsel for the third appellant argued that his client had only limited authority to settle the case and that he could not exceed that authority when signing a consent to judgment.

**Held:**
(i)     As a general rule 'without prejudice' correspondence is inadmissible, but in the case of a settlement the issue for determination may demand the production of such correspondence.
(ii)    In the absence of fraud or mistake when counsel to an agreement has ostensible authority to enter into an agreement the party will be bound by the agreement and the Court is not concerned with any internal arrangement which limits the authority of the person who instructs counsel.

**Case referred to:**
(1)     Rush and Tompkins Ltd v Greater London Council and Another [1989] A.C. 993.

**Works referred to:**
Halsbury's Laws of England (4th ed.).

For the third appellant:         M. M. Mundashi, of Z.S.I.C.
For the respondent:         A. M. Hamir, of Solly Patel, Hamir and Lawrence.

### Judgment
**NGULUBE, D.C.J.:** delivered the judgment of the Court.

This is an appeal against a High Court ruling in which a consent order had been made and in which the learned trial judge refused to entertain the withdrawal of consent given by the appellant to the said judgment. For the record, it should be noted that the only appellant with substantial interest in this case and who has been represented is the third appellant, although the consent order related to the second appellant as well. It was

p2

not in dispute that, during an adjournment of the trial of the action in which the order was made for the express purpose of attempting a settlement out of court, the advocates for both sides held discussions and exchanged correspondence some of which was marked 'without prejudice'. Finally the advocates reached an agreement which was embodied in a consent summons for an order to be made by consent for the payment of a sum of money in full and final settlement of the cause of action between the parties. Contemporaneously with the entering by the parties both the consent agreement referred to or just prior to the formalisation of such an order, the advocates for the third appellant repented the agreement and sought to withdraw their consent.

One issue in this case concerns the production to the Court of ''without prejudice'' letters to show that a consent order had been agreed. Mr *Mundashi* has argued that, as a general rule, such correspondence ought not to be submitted in evidence. We agree and indeed, if we understood him correctly, so does Mr *Hamir*. As a general rule, therefore, without prejudice communication or correspondence is inadmissible on grounds of public policy to protect genuine negotiations between the parties with a view to reaching a settlement out of court. In this regard we cite the case of *Rush and Tompkins Ltd v Greater London Council and Another* [1]. However, that is only a general rule and as Mr *Hamir* has correctly pointed out, basing his submissions on para. 218 of Halsbury's laws of England, 4th ed., vol. 17, there may be situations - such as in the case of a settlement - where the issue for determination demands the production of such without prejudice correspondence. However, it is quite clear that the issue here did not really call for the disclosure of the correspondence complained of since it was capable of being resolved without recourse to such correspondence, the starting point being the consent summons signed by both sides and which document epitomised the agreement reached out of court. That disposes of the ground concerning the use of without prejudice correspondence which, to summarise, we find it was unnecessary to refer to in this case.

The main issue is whether counsel for the appellant could withdraw the consent of his client when it had already been communicated to the other side and when it had already been signified by their signature on the consent summons. We have listened to the submissions from Mr *Mundashi* and it transpires that counsel had, initially and right down to the signing of consent agreement, full instructions and authority from the appellant concerned. Although, quite clearly, the authority of counsel conducting litigation cannot be regarded as limitless when it comes to negotiating a compromise or a settlement, and although counsel would, in the ordinary course, take instructions from the client, we are satisfied that in this case counsel did have the authority of the managing director of the third appellant who equally had ostensible authority on behalf of the third appellant to give instructions to counsel. In turn, counsel had ostensible authority to enter into the consent agreement insofar as his dealings affected the litigation with the other side. A consent agreement reached in circumstances such as in this case could possibly only have been allowed to be withdrawn if there were proper grounds upon which the validity of any contract could be impugned such as fraud or mistake. No such factors

p3

existed in this case and the whole of the third appellant's argument hinged on some internal regulations of the third appellant which set out limits of financial expenditure which can be committed on the authority of the various officers or authorities in the organisation. Such internal document which was never brought to the attention of the other side can, of course, not affect the validity of the dealings entered into by counsel acting with ostensible authority. In fairness, it should be noted for the record that Mr *Mundashi* was unable to maintain the proposition that counsel, in this case, had no ostensible authority to settle the matter with the consent and on the instruction of the managing director who equally had his own ostensible authority. That being the case, it is so clear that the appeal, to the extent that it was designed to set aside the judgment entered below, cannot be entertained.

This appeal is dismissed and the costs will follow this event.
Appeal dismissed.

# EXHIBIT 6

Supreme Court Judgment No. 5 of 2010

132

IN THE SUPREME COURT FOR ZAMBIA          APPEAL NO. 05/2008
HOLDEN AT NDOLA

B E T W E E N:

CHIMANGA CHANGA LIMITED                  APPELLANT

AND

STEPHEN CHIPANGO NGOMBE                  RESPONDENT

CORAM: MAMBILIMA, DCJ, SILOMBA AND MWANAMWAMBWA, JJS
         ON 2ND JUNE 2009 AND 10TH FEBRUARY 2010

For the Appellant:     Mr. L. MATIBINI of L.M. Matibini & Co.
For the Respondent:    In Person

---

### JUDGMENT

MAMBILIMA, DCJ delivered the judgment of the Court.

**AUTHORITIES REFERRED TO:-**

1.   **R. NG'ANDU VS LAZAROUS MWIINGA (1988/89) ZR 197**
2.   **KAPEMBWA VS MAIMBOLWA AND ATTORNEY-GENERAL (1981) ZR 127**
3.   **PHILLIPS VS PHILLIPS (1878) 4QBD 127 at Page 139**

This is an appeal from the decision of the Industrial Relations Court sitting at Ndola, allowing the Respondent's claim that he was wrongly and unfairly dismissed from employment by the Appellant. In his complaint, The Respondent sought the following reliefs:-

1

133

1. **Reinstatement;**

2. **Compensation in form of damages;**

3. **Terminal benefits;**

4. **A declaration that his dismissal was null and void;**

5. **Interest, costs and any other relief that the court may deem fit.**

In finding in favour of the Respondent, the Court found no compelling circumstances to order reinstatement. Instead, the Court granted the Respondent compensation for loss of employment in form of 12 months salaries. The amounts due were to be paid with interest at the commercial lending rate, as approved by the Bank of Zambia, from the date of the dismissal up to the date of judgment; and thereafter at the rate of 8% up to the date of final payment. He was also awarded costs.

The record of appeal shows that on the date that this matter was heard in the Court below, there was no appearance for the Appellant. The Respondent appeared in person. The

2

134

Court resolved to proceed with the hearing as there was no apology from the Appellant.

The facts, as given by the Respondent in his testimony, were that he was employed by the Appellant company as a driver on a date and year he could not recall. On Saturday 23rd December 2006, he was sent to deliver mealie meal to different parts of Ndola using a TATA truck. He collected 400 of 25 kg bags of mealie meal. The Respondent explained that the procedure at the company was that before a truck left the premises for deliveries, it passed through a weigh bridge. He testified that on the date in question, the weigh bridge was congested and a Mr. KAMBWILI, who was the warehouse supervisor, told him to just go, without passing the truck through the weigh bridge. He delivered the bags to different outlets. He went back to his workplace around 1800 hours with 100 bags of mealie meal. According to the Respondent, these bags had been rejected by a customer who had been doing stock taking and did not need the mealie meal.

3

135

The Respondent handed over the mealie meal and the security guards on duty entered the details in the occurrence book. The bags were counted as Mr. KAMBWILI observed. When counting was over, the Respondent went home. This was after he had thrown the keys for the truck into the Transport Manager's office through a small window. According to the Respondent, this was the practice at the company.

The Respondent further testified that as Sunday was a non working day and Monday was a public holiday, he reported for work on Tuesday. He arrived at his workplace around 0730 hours in the morning. Upon reporting for work, the warehouse manager informed him that of the 100 bags that he had brought back, 13 were found to be underweight. The Respondent asked as to why the bags had not been weighed in his presence. The answer was that he was asking a silly question. The Chief Security Officer and some members of the Works Committee were then called. They were directed to weigh the rest of the bags. Another 33 bags were found to

4

be under weight.    The Respondent continued working.    Later in the day, he was called and asked to explain which he did. Members of the Works Committee advised that the Respondent should not be dismissed; but the Personnel Officer told him that the Managing Director who was away at the time would be angry upon his return if the Respondent was not fired.    The Respondent was thereafter placed on indefinite suspension.    Later in the week, he received a letter of dismissal.  He told the Court that he was not given a formal charge and neither was he asked to exculpate himself.

The Court below found that from the evidence on record, there were only two issues for the determination of the Court. These were whether:-

**1. the Respondent siphoned mealie meal from 46 bags;**

**2. the disciplinary procedure was complied with in dismissing the Respondent.**

The Court first considered the second issue.    It noted that neither the disciplinary code nor the collective agreement had been availed to the Court.  That notwithstanding, the

5

Court found, on the evidence and documents on record, that the Respondent appeared before the personnel officer in the presence of two officers.    There was evidence that the Respondent submitted an exculpatory statement in writing whose copy was furnished to the Court.  The Court thus found and held that the procedure adopted by the Appellant met the minimum requirements under the rules of natural justice.

As to whether the Respondent had siphoned mealie meal from 46 bags, the Court found that no documentary evidence had been adduced to show that the consignment that the Respondent took out for delivery had been weighed before departure.  This, according to the Court below, supported the Respondent's evidence that Mr. KAMBWILI had instructed him to by pass the weigh bridge.  The Court also noted that there was no evidence to suggest that the undelivered bags had been weighed before the Respondent left the premises when he brought them back. The Court was of the view that this lent credence to the Respondent's assertions that nobody, including Mr. KAMBWILI had suggested that the bags be

weighed before the Respondent left.  The bags were weighed on Tuesday, two full days later and some of them had even been weighed in the absence of the Respondent.  The Court found that these circumstances raised serious doubt as to the culpability of the Respondent because it was possible firstly, that the Respondent could have driven out with underweight products; secondly, that someone could have tampered with the bags when the Respondent and the lorry mates were away and lastly, that the two day period before the mealie meal was weighed exposed it to access by other plant staff who may have reported for work during the weekend.    In the circumstances, the Court found it *"extremely difficult...,* *even on a balance of probabilities that it was indeed..."* the Respondent who had tampered with the mealie meal.  The Court thus found in favour of the Respondent.

In its appeal before us, the Appellant has advanced two grounds of appeal, that:-

1. **The Court below erred in law in concluding the trial without proof of service of the Notice of Hearing on the Appellant.**

**139**

2. **The trial Court erred in law in finding for the complainant without giving reasons for disregarding the Respondent's persuasive evidence on record.**

In support of the first ground of appeal, it is the Appellant's contention, relying on Rules 31, 45 and 49 of the Industrial Relations Court Rules, that there was no proof that the Notice of Hearing in this case was served on the Appellant. Mr. MATIBINI has submitted that while the trial Court has unfettered power to determine the place and date of hearing, it has an obligation to administer substantial justice by ensuring service of documents in the manner and mode prescribed by Rule 45 (1) of the applicable Rules. This Rule provides:-

> *"45 (1)    Any notice or other document required or authorized by these Rules to be served on, or delivered to, any person may be sent to him by post to his address for service or, where no address for service has been given, to his registered office, principal place of business or last known address, and any notice or other document required or authorized to be served on or delivered to the Court may be sent by post or delivered to the Registrar."*

Mr. MATIBINI submitted that in this case, a copy of a Notice of Hearing appears on page 42 of the record of appeal. On the date of hearing, the Marshal informed the Court that there

8

was no apology; from the Appellant whereupon the Court proceeded to hear evidence from the Respondent and adjourned the matter for judgment. Mr. MATIBINI has argued that it was not sufficient for the Court to inquire from the Marshall whether there was any apology; but to satisfy itself as to whether the Notice of Hearing was delivered in accordance with any of the modes prescribed by Rule 45(1). He argued further, that even if it could be assumed that the Notice of Hearing was properly served, the Court ought to have adjourned the matter to another date to enable the Appellant to give its side of the story. In support of his argument, Mr. MATIBINI referred to the case of **R. NG'ANDU VS LAZAROUS MWIINGA (1)** in which it was held that:-

> *"....in the absence of proof of service of a Notice of Hearing date the only course open to the Court were to allot a fresh hearing date and to cause the Notice thereof to be served on the advocates of the parties..."*

It is Mr. MATIBINI's submission that even if this case relates to the High Court, it is highly persuasive to the Industrial

Relations Court which has a specific provision requiring service and which is mandated to do substantial justice.

With regard to the second ground of appeal, Mr. MATIBINI has argued that the trial Court's analysis of the evidence is partial. He submitted that the Appellant, not only complied with the rules of natural justice, but carried out investigations upon which they established the Respondent's culpability of the preferred charge. He stated that the Court below failed to decisively deal with the Appellant's affidavit evidence. In this regard, he highlighted three salient points:-

1. **In paragraph 4 of the affidavit which was filed in answer to the Respondent's application, the Appellant's Human Resource Officer deposed that on the material date, the Respondent was entrusted with 427 bags of mealie meal to various destinations, all of which were checked and verified as to their condition and quantity prior to being loaded on to the truck.**

2. **The reweighing of the 100 bags was witnessed by the Respondent, the Union Chairman and his Vice, the Chief Security Officer and the Human Resource Officer. According to Mr. MATIBINI, this was a transparent process which established that there was a loss and or discrepancy in the remaining mealie meal.**

142

3. **In the letter of dismissal, it was intimated that the Appellant's investigations had revealed the Respondent had connived with lorry mates to drain mealie meal from the customer's bags on 23rd December 2006 while delivering the consignments.**

In support of his submission, Mr. MATIBINI referred us to two passages by the learned authors of **SELWYN'S LAW OF EMPLOYMENT, 4TH EDITION.** The first passage is on page 169, at which it is sated:-

> **"There are certain limits to the extent an employer may properly make enquiries into an incident, particularly if a charge is a serious one, such as theft for there may well be an improper interference with the process of justice... The important thing is that the employer does <u>not have to prove</u> that <u>an offence took place,</u> or even <u>satisfy himself</u> <u>beyond all reasonable doubt</u> that the <u>employee committed the act in question.</u> The function of an employer is to <u>act reasonably</u> in <u>coming to a decision.</u>"**

In the second passage, it is stated:-

> *"At the end of the day the employer must satisfy (the three fold test laid down in BRITISH HOME STORES VS BURCHELL). First, the employer must show that he genuinely believes the employee to be guilty of the misconduct in question; second, he must have reasonable grounds upon which to establish that belief; third, he must have carried out such investigation into the matter as was reasonable in the circumstances."*

143

Mr. MATIBINI submitted that the trial Court disregarded the Appellant's evidence and concentrated on analyzing evidence regarding the possible causes of the underweight bags.    It overlooked the fact that the Appellant <u>not only complied with the rules of natural justice</u>, but also <u>carried out reasonable levels of investigations</u> in the case.

On the Respondent's evidence that he was instructed to by-pass the weigh bridge before departing the Appellant's premises; on the basis of which the Court concluded that the weight of the consignment was not ascertained; Mr. MATIBINI submitted that this finding by the trial Court overlooked the fact that the Respondent's evidence on this point was not pleaded and therefore, could not be directly rebutted in the affidavit.  He also pointed to the affidavit evidence that all the bags had been checked as to their condition and quantity prior to being loaded onto the vehicle. He submitted that there was therefore no concrete basis, upon which the lower Court could have been persuaded to lean on the Respondent's evidence

144

without advancing reasons to discount the Appellants overwhelming affidavit evidence.

Mr. MATIBINI conceded that in arguing the second ground of appeal, he was seeking to impugn a finding of fact. He argued that the affidavit evidence on record clearly showed that the procedure, as well as the manner in which the Appellant dealt with the case, was not discredited and or discounted by the trial Court. He argued that the trial Court therefore misdirected itself in fact and law, by focusing only on the evidence favourable to the Respondent. While being alive to the fact that appellate Courts are slow to interfere with findings of fact, it is Mr. MATIBINI's submission that this would be an opportune case for this Court to do so. In aid of this submission, he referred us to the case of **AUGUSTINE KAPEMBWA VS DANNY MAIMBOLWA AND ATTORNEY GENERAL (2)** in which this Court laid down principles to be followed by an appellate Court before interfering with a finding of fact made by a trial Court. These are that:

**145**

(a) **by reason of some non-direction or misdirection or otherwise the Judge erred in accepting the evidence which he did accept; or**

(b) **in assessing and evaluating the evidence the Judge has taken into account some matter which he ought not to have taken into account, or failed to take into account some matter which he ought to have taken into account; or**

(c) **it unmistakenably appears from the evidence itself or from the unsatisfactory reasons given by the Judge for accepting it, that he cannot have taken proper advantage of his having seen and heard the witnesses.**

Mr. MATIBINI submitted that the Court below erred in accepting the evidence regarding the weight of the bags before departure as it was not pleaded. He argued that in any case, this aspect of the case was adequately addressed by the Appellant in its affidavit. He stated further that the Court below equally erred in its finding on the question of the Respondent having been away during the two day period that passed before the mealie meal was reweighed. It is his submission that administrative tribunals must be supported by Courts where proper investigations have been carried out by an employer, as in this case, where the Respondent

146

attended an administrative hearing in the presence of his superior and members of the Works Committee. According to Mr. MATIBINI, the trial Court disregarded this evidence, thereby failing to take into account matters it ought to have taken into account. He submitted that this Court is therefore entitled to interfere and reverse the decision of the lower Court.

The Respondent appeared in person and made oral submissions. On the issue of service of the Notice of Hearing, he submitted that it was sent to him by people from Chimanga Changa Limited, the Appellants.

The Respondent maintained that on the day of deliveries, the weighbridge was congested and Mr. KAMBWILI told him to *"just leave."* He went on to state that Mr. KAMBWILI was in the office when he came back. He handed over the truck together with 100 bags. He then threw the keys into the Personnel Officer's office and left for home. He came back the following Tuesday and found the truck on the loading bay. He was told that he had 13 under weight bags. These had been

147

weighed in his absence. The rest of the bags were weighed in his presence.

The Respondent also maintained that he was unfairly dismissed.

We have addressed ourselves to the issues raised in this appeal. The issue raised in the first ground of appeal is with regard to a Court proceeding to hear a matter in the absence of one of the parties, without proof that a notice of hearing was served on them. There is no doubt that rules of Court do require that parties to a dispute must be served with any Court process including a notice of hearing, so that they can react to the process. The rationale behind this requirement is the common law principle of natural justice.

The record of appeal shows that when this case first came up for hearing on 1st August 2007, none of the parties were in attendance. In dealing with the matter the Court stated:-

> **"Considering that this is a new case and this is the first sitting, we shall give the parties a benefit of doubt."**

16

148

The Court then struck out the matter with an order that it would stand dismissed should it not be restored within 14 days. It would appear that the matter was restored. Page 42 of the record of appeal shows that a Notice of Hearing was subsequently generated by the Registrar appointing 30th October 2007, at 0900 hours as the date and time of hearing. This Notice of Hearing has two physical addresses handwritten on it. On top of the left corner, there is the address of the Respondent; which is House No. 6584 Kabushi Extension Ndola. At the left bottom corner, it shows **"Legal Counsel Mahtani Group of Companies, 5th Floor, Professional Insurance House, Cairo Road, Lusaka."** It is on record (page 20 of the record of appeal) that the Legal Counsel, Mahtani Group of Companies filed a Notice of Appointment, citing this address on 1st February 2007. Being physical addresses, they could only have been inserted on the Notice of Hearing for the purpose of service.

We have carefully perused the arguments of the Appellant in respect of service. The thrust of the Appellant's

contention is that the Court below should have satisfied itself that the Notice of Hearing was delivered in accordance with the modes prescribed in Rule 45 (1), or, in other words, there must have been proof of service. There is no categorical statement from the Appellant that in fact, they were not served with a Notice of Hearing but rather, that there was no proof of service. We have a Notice of Hearing endorsed with two physical addresses; one for the Respondent, which was a house number in a compound, and the other, a business address in the city of Lusaka. The man from the compound appeared in obedience to the Notice, while the Appellant's Counsel did not. Can it seriously be argued that the non appearance of the Appellant's Counsel was due to lack of service?

There is no exclusively sacrosanct method to prove service of process. While an affidavit of service would lay the issue of service to rest, service can be proved through endorsement on a letter or other circumstances. A court is at liberty to infer from the circumstances in a case whether a

litigant is aware of the hearing date. The Court below appears to have proceeded on the assumption that the Notice of Hearing had been served on the parties.

As we have stated above, there is no assertion in this case that there was no service of the Notice of Hearing but rather, that there was no proof of service. We are mindful that the Appellant was at liberty to apply to the Court to set aside the judgment and seek leave to present its evidence but it never did so. A litigant using a compound address appeared in obedience to the Notice of Hearing while the Appellant, with a town address did not. It is therefore difficult, to accept that the Appellant did not receive the notice. In the circumstances of this case, we cannot fault the trial Court for having proceeded. Insisting on proof of service rather than the fact as to whether service was effected lends credence to an assumption that service was effected. The Appellant's arguments on the first ground of appeal have not persuaded us to find that the Notice of Hearing was not served or indeed,

151

that Counsel for the Appellant was at the time, not aware of the date of hearing.

Coming to the second ground of appeal, it is common cause that the Respondent was tasked to deliver 427 bags of mealie meal, of which 100 were returned undelivered. On page 10 of the record of appeal, the Court observed in its judgment that:

> **"The Respondent has not availed us with any documentary evidence to show that on the date in issue the weight of the consignment which the complainant took out for delivery was ascertained before his departure.  This silence tends to support the complainant's evidence that before departure, he was instructed to by pass the weigh bridge by Mr. KAMBWILI."**

Although the Appellant did not call viva voce evidence, there was affidavit evidence before the Court, deposed to in answer to the Notice of Application.  The affidavit was sworn by the Appellant's Human Resource Officer, Mr. Fenwick KAOLE.  On the material facts in this case, the Respondent, in his affidavit in support of complaint filed on 15th January 2007 deposed that:-

20

**152**

> *"6.    That I am challenging the allegation leveled against me that I was not the one who siphoned mealie- meal and that on 23rd day of December 2006 I did hand back 100 bags of mealie meal to the plant and the security approved and received the bags which were least (sic) for 3 days by the 4 security guards.*
>
> *7.    That I feel discriminated because Security Guards together with the warehouse supervisor had access to the said bags for 3 days I was off duty."*

The Respondent did not depose to the fact that he was instructed to by pass the weigh bridge by Mr. KAMBWILI.

In answer to the Respondent's affidavit, Mr. KAOLE, on behalf of the Appellant, deposed that the 427 bags of mealie meal were checked and verified both as to condition and quantity prior to the bags being loaded onto the truck. Surprisingly, the Respondent did not file any affidavit in Reply to respond to the Appellant's assertions that the bags had been checked and verified prior to leaving the factory.

As at the time of trial, therefore, the pleadings in this case comprised the Respondent's Notice of Application under Section 85(3) together with his Affidavit in Support of Complaint; and the Appellant's affidavit filed in Answer to the

Notice of Application.  As stated above the Respondent did not allege, in his pleadings that he was instructed to by pass the weigh bridge and neither did he say so in his exculpatory statement. He mentioned this for the first time, during his testimony in Court at which the Appellant was not in attendance.

The importance of pleadings cannot be over emphasized. A party to a cause must plead all material facts on which he relies for his claim or defence.   According to the learned authors of Atkin's Court Forms (2nd Edition volume 32 on page 13) *"The rule that all material facts must be pleaded is necessary in order to prevent the opposite party from being taken by surprise, and to put the party on his guard and tell him what he has to meet when the case came on for trial."*   They cite the case of **PHILLIPS VS PHILLIPS** (3) in which COTTON J observed that:

> **"…in my opinion it is absolutely essential that the pleading, not to be embarrassing to the Defendants, should state those facts which will put the Defendants on their guard and tell them what they have to meet when the case comes on for trial."**

154

The state of the bags before leaving the factory was a material fact. The Appellant did depose in its affidavit that the bags were checked and verified before leaving the factory but the Court ignored this evidence and instead treated the Respondent's evidence at trial, that he was instructed by pass the weigh bridge, as unchallenged.

To this effect, we find that the observation by the Court below, that: **"The Respondent has not availed us with any documentary evidence to show on the date in issue the weight of the consignment which the complainant took out for delivery was ascertained before his departure"** was not correct as the Appellant did allude to the condition of the bags before they were delivered in its Affidavit in Reply. To this affidavit was attached a detailed report on the incident given by Mr. KAMBWILI.

From the documents on record, the question of the bags having been *"checked and verified as to their condition and quantity prior to being loaded"* seems to be plausible.

23

Paragraph four of the Respondent's letter of dismissal dated 8th January 2007 supports the Appellant's assertion that bags are usually checked and verified before they leave the factory. It states:-

> *"On Tuesday 26th December 2006 our loading supervisor wanted to make a full load, but before that, he weighed a few bags, which were underweight and became suspicious..."*

This goes to show that even the returned bags could not just be loaded and taken out. The loading supervisor had to check them before delivery to some other customers.

We agree with Mr. MATIBINI that there was an unbalanced evaluation of the evidence before it by the Court below. Notwithstanding the Appellant's affidavit evidence, the Court was of the view that the Appellant had not adduced any evidence. This, in our view, was a misdirection.

The last point raised by Mr. MATIBINI, is that the Respondent actually investigated this case before it dismissed the Respondent.    The letter of dismissal attached to the affidavit of Mr. KAOLE alludes to this fact. The Appellant

seems to have been satisfied, on the basis of its investigations, that the Respondent was responsible for the siphoning of mealie meal from the bags which were underweight. On this issue, Mr. MATIBINI referred us **to SELWYN'S LAW OF EMPLOYMENT 4th EDITION.** According to this literature, what is crucial is that an employer carried out investigations as a result of which he reasonably believed that the employee is guilty of misconduct. The record shows that on 4th January 2007, the Respondent was suspended from work pending *"thorough investigations"* into the cause of the under weight bags of mealie meal. The Respondent was dismissed on 8th January 2007. The letter of dismissal stated in part:-

> *"Our investigations have revealed that you connived with lorry mates to drain mealie meal from our customers' bags on Saturday 23rd December 2006 while on duty delivering their consignment."*

The Appellant therefore believed, from its investigations, that the Respondent was responsible for the loss. According to the learned authors of Selwyn's Law of Employment, the employer

does not have to prove that an offence took place or satisfy himself beyond reasonable doubt that the employee committed the act in question.    His function is to act reasonably in coming to a decision.    The rationale behind this is clear; an employment relationship is anchored on trust and once such trust is eroded, the very foundation of the relationship weakens.    In this case, we are satisfied that the Appellant carried out its investigations on the basis of which the Respondent was dismissed.  We do not find the dismissal to have been wrongful.

From the foregoing, we are inclined to disturb the findings of fact made by the Court below.    In line with our decision in the case of **KAPEMBWA VS MAIMBOLWA AND ATTORNEY-GENERAL (2),** we have found that the Court below did not take into account, the affidavit evidence from the Appellant.  It is our view that had the Court properly directed itself and applied the law to the circumstances of this case, it would not have arrived at the decision it did.  We allow the

158

appeal and set aside the judgment of the Court below.    We award costs to the Appellant.


I.C. Mambilima
DEPUTY CHIEF JUSTICE


S.S. Silomba
SUPREME COURT JUDGE


M.S. Mwanamwambwa
SUPREME COURT JUDGE

27