# EXHIBIT F

Court File No. CV-22-00684792-00CL

# ONTARIO
## SUPERIOR COURT OF JUSTICE

BETWEEN:

AMAPLAT MAURITIUS LTD. and AMARI NICKEL HOLDINGS ZIMBABWE LTD.

Applicants

and

ZIMBABWE MINING DEVELOPMENT CORPORATION and THE CHIEF MINING COMMISSIONER OF THE REPUBLIC OF ZIMBABWE

Respondents

APPLICATION UNDER Rule 14.05 of the *Rules of Civil Procedure*

## APPLICATION RECORD

July 29, 2022

LENCZNER SLAGHT LLP
Barristers
Suite 2600
130 Adelaide Street West
Toronto ON  M5H 3P5

Lawrence E. Thacker (36939M)
Tel:   (416) 865-3097
Fax:   (416) 865-9010
Email:  lthacker@litigate.com

Katelyn Leonard (79614U)
Tel:   (416) 238-7451
Fax:   (416) 865-9010
Email:  kleonard@litigate.com

Lawyers for the Applicants

-3-

## APPLICATION

1. The Applicants, Amaplat Mauritius Ltd ("**Amaplat**") and Amari Nickel Holdings Zimbabwe Ltd ("**Amari**"), make this application for:

   (a) Orders of this Honourable Court enforcing:

   (i) the Judgment of the High Court of Zambia, dated August 9, 2019 (the "**Zambian Judgment**"),

   (ii) the Arbitral Award of the International Court of Arbitration, dated January 12, 2014;

   (b) an Order, in accordance with the Zambian Judgment and/or the Arbitral Award, requiring the Respondents to pay amounts in Canadian currency sufficient to purchase the amounts awarded in the Zambian Judgment and/or the Arbitral Award plus accrued interest at a bank in Ontario listed in Schedule I to *The Bank Act* (Canada) at the close of business on the first day on which the bank quotes a Canadian dollar rate for purchase of the foreign currency before the day payment of the obligation is received by the Applicants;

   (c) pre-judgment and post-judgment interest in accordance with the Zambian Judgment and/or the Arbitral Award;

   (d) alternatively, pre-judgment and post-judgment interest pursuant to the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended;

   (e) the costs of this application, plus all applicable taxes; and

-4-

    (f)    such further and other relief as counsel may advise and to this Honourable Court may seem just.

2.    The grounds for the application are:

**The Parties**

    (a)    Amari is a corporation incorporated pursuant to the laws of Mauritius and headquartered in Johannesburg, South Africa. It is a resource investment company focused on exploration and mining in sub-Saharan Africa;

    (b)    Amaplat is a corporation incorporated pursuant to the laws of Mauritius and headquartered in Johannesburg, South Africa. Amaplat is a resource investment company focused on exploration and mining in sub-Saharan Africa;

    (c)    Zimbabwe Mining Development Corporation ("**ZMDC**") is a body corporate established pursuant to the *Zimbabwe Mining Development Corporation Act*, Cap. 21:08, of the Republic of Zimbabwe ("**Zimbabwe**"). ZMDC's main business is investing in mineral exploration, mining and mining development on behalf of the government of Zimbabwe;

    (d)    ZMDC is an *alter ego* of Zimbabwe. The government of Zimbabwe, *inter alia*, appoints ZMDC's board of directors, approves significant actions of the corporation, and has the power to direct the actions of the corporation;

    (e)    The Chief Mining Commissioner (the "**Commissioner**"; together with ZMDC, the "**Respondents**") is the head of Zimbabwe's Ministry of Mines and exists pursuant to the laws of Zimbabwe;

**The Memoranda of Understanding**

(f) On or about November 22, 2007, Amari Holdings Ltd. (a predecessor to Amari) contracted with ZMDC to establish a joint venture to develop a nickel claim in Zimbabwe (the "**Nickel MOU**"). Pursuant to the Nickel MOU, Amari Holdings Ltd. and ZMDC incorporated a new company to house the joint venture. Amari Holdings Ltd. held 55% of the shares of the new company and ZMDC held 45%;

(g) On or about June 6, 2008, pursuant to a deed of novation, Amari assumed all of Amari Holdings Ltd.'s rights and obligations under the Nickel MOU effective May 1, 2008;

(h) On or about July 25, 2008, Amaplat and ZMDC contracted to establish a joint venture to develop a platinum claim (the "**Platinum MOU**", together with the Nickel MOU, the "**MOUs**"). Pursuant to the Platinum MOU, Amaplat and ZMDC incorporated a new company to house the joint venture. Amaplat and ZMDC each held 50% of the shares;

(i) The MOUs contained identical arbitration clauses, permitting the parties to submit disputes to the International Court of Arbitration in Paris. I was agreed that any arbitral award would be final and binding upon the parties;

(j) On or about November 10, 2010, ZMDC purported to terminate both MOUs and claimed that no joint ventures existed;

**The Arbitral Proceedings**

(k) On or about February 2, 2011, the Applicants commenced arbitration pursuant to the arbitration clauses in the MOUs;

(l) The seat of the arbitration was Zambia;

(m) The arbitration hearing began on or about August 13, 2012 and was conducted pursuant to the International Chamber of Commerce Rules in effect in 2012 (the "ICC Rules");

(n) After various unsuccessful attempts by the Respondents to frustrate the arbitration proceedings, on or about August 27, 2013, the Respondents withdrew from the arbitration;

(o) Pursuant to the ICC Rules, the arbitration continued in the absence of the Respondents;

(p) The Respondents were provided the opportunity to participate in the arbitration at any time, but they declined;

(q) Pursuant to an Arbitral Award dated January 12, 2014, the Arbitral Tribunal found in favour of the Applicants and ordered, *inter alia*, that:

  (i) ZMDC pay Amaplat damages in the sum of USD $42,882,000,

  (ii) ZMDC pay Amari damages in the sum of USD $3,900,000,

  (iii) the Respondents pay the Applicants' legal and other costs and expenses in connection with the arbitration in the sum of USD $2,220,583.74,

(iv) the Respondents pay to the Applicants the costs of the arbitration (comprising the International Chamber of Commerce's administrative expenses and the fees and expenses of the Arbitral Tribunal), which to date had been paid entirely by the Applicants, in the sum of USD $900,000, and

(v) the Applicants were entitled to post-award interest at the rate of 5% per annum on all amounts, accruing from the date of the Arbitral Award to the date of payment.

(r) The Arbitral Award is final and binding on the Respondents, with no right of appeal;

**Efforts to Enforce the Arbitral Award**

(s) The Applicants commenced proceedings in Zambia to have the Arbitral Award recognized and enforced. In a Judgment dated August 9, 2019, the High Court of Zambia found in favour of the Applicants pursuant to Zambia's *Uniform Foreign-Money Judgments Recognition Act*, D.C. Code § 15-361, *et seq*;

(t) On October 23, 2019, the Applicants served the Zambian Judgment on the Respondents;

(u) The Respondents have taken no action to set aside the Arbitral Award or to appeal or set aside the Zambian Judgment;

(v) Since the Arbitral Award was rendered, the parties have unsuccessfully engaged in extensive negotiations;

(w) The Respondents have been represented in negotiations by members of the Zimbabwean government, who have repeatedly represented that the Arbitral Award is recognized as a public debt owing by Zimbabwe and its government and that Zimbabwe would pay the amounts due. The Respondents further represented that Zimbabwean state assets would be set aside to ensure payment;

(x) No payment has yet been made by either Respondent;

(y) On or about January 10, 2022, the Applicants commenced proceedings in the United States District Court for the District of Columbia to have the Zambian Order recognized and enforced. This proceeding is ongoing and no amounts have been paid pursuant to it;

(z) Such further and other grounds as the lawyers may advise.

3. The following documentary evidence will be used at the hearing of the application:

(a) the affidavit of Michael Nunn (to be sworn);

(b) the Zambian Judgment;

(c) the Arbitral Award; and

(d) such further and other evidence as counsel may advise and and this Honourable Court may admit.

July 29, 2022

**LENCZNER SLAGHT LLP**
Barristers
Suite 2600
130 Adelaide Street West
Toronto ON  M5H 3P5

Lawrence Thacker (43092W)
Tel: (416) 865-3097
Fax: (416) 865-9010
Email: lthacker@litigate.com
Katelyn Leonard (79614U)
Tel: (416) 238-7451
Fax: (416) 865-9010
Email: kleonard@litigate.com

Lawyers for the Applicant