# EXHIBIT G

Judgment pronounced in the Courthouse in Antwerp on December 4th 2014 by Chamber Abe1, in public audience of the Judge of seizures in the Court of first instance of Antwerp, Antwerp section, where sat :

B. Franck, Judge of seizures in this Court
M. Van Berlo, Registrar

---

In the case : 14/5357/A

1. DTZ OZGEO PRIVATE LIMITED
2. MBADA DIAMONDS PRIVATE LIMITED
3. DTZ OZGEO PRIVATE LIMITED (obviously should have been MARANGE RESOURSES)

all of them with address for service at the office of mr. D. Grootjans

against :

1. AMAPLAT MAURITIUS
2. AMARI NICKEL

   defendants sub 1 and 2
   both represented by mr. Bart Volders
   and both with address for service at the office of bailiff Marc Beerten

3. ZMDC
   defendant sub 3
   not appearing

4. First Element
5. the entity Antwerp Diamond Facility Center

   defendants sub 4 and 5
   both represented by mr. J. Verraes *loco* mr. W. Henckens

and in the case :

1. DTZ OZGEO PRIVATE LIMITED
2. MBADA DIAMONDS PRIVATE LIMITED
3. DTZ OZGEO PRIVATE LIMITED (obviously should have been MARANGE RESOURSES)

all of them with address for service at the office of mr. D. Grootjans
plaintiffs in forced intervening
represented by mr. Dirk Grootjans

against :

1. Bernardus Funnekotter
2. Margareta Burton
3. Dicky Breyttenbach
4. Romelia Fisher
5. Max Count Van rechteren Limpurg
6. Timolene Walraven
7. Wessel Weller
8. Loekie Weller
9. Johan Weller
10. Kion Benjamins
11. Carl Des Tombe
12. Erica Hansen
13. Torben Hansen

all wit address for service at the office of bailiff Marc Beerten
defendants in forced intervening
all represented by mr. Joost Verlinden and mr. Patrick Van der Straten

taking into consideration the documents in the proceeding-file as indicated in its inventory, among others :

- the writ dd. 24.09.2014
- the writ in intervening dd. 10.10.2014

taking into consideration the law of 15.06.1935 concerning the usage of languages in lawsuits ;

having heard all parties except the defendant sub 3 in their arguments and conclusions (written findings) ;

the defendant party sub 3, although informed of the decision according to article 747 § 2 of the judicial Code, has not appeared nor was represented ;

the advantage according to article 747 § 2 of the judicial Code was requested and granted ;

taking into consideration the evident-documents and conclusions submitted by the parties ;

* * *

The action, introduced by the plaintiffs - the companies under the law of Zimbabwe DTZ Ozgeo (abbreviated DTZ), MBADA DIAMONDS (abbreviated MBADA) and MARANGE RESOURSES (abbreviated MARANGE) - in their summons of 24.09.2014, aims to hear the Court decide that DTZ is the sole owner of the parcels of rough diamond listed in the inventory called "DTZ" in the minutes of the seizure dd. 12.09.2014, that MBADA is the sole owner of the parcels of rough diamond listed in

the two inventories both called "MBADA" in the said minutes of seizure and that MARANGE is the sole owner of the parcels of rough diamond listed in the inventories called "MARANGE parcel 1", "MARANGE parcel 2", "MARANGE parcel 3" and "MARANGE parcel 4" in the same minutes of seizure, and to order consequently the conservative attachments dd. 12.09.2014 to be lifted in so far they concern the parcels of diamond belonging to the plaintiff parties, and to lay upon the first and second defendants - the companies under the law of Mauritius namely AMAPLAT MAURITIUS LIMITED (abbreviated AMAPLAT) and AMARI NICKEL HOLDINGS ZIMBABWE (abbreviated AMARI) - that failing to lift the attachments immediately, the attachments shall be disestablished by this decision ;

The action, introduced by the plaintiffs "DTZ", "MBADA" and "MARANGE" in their summons in intervening of 10.10.2014, aims to hear the Court decide that the said plaintiffs are the sole owners of the above mentioned parcels of diamond that were conservately seized the 23.09.2014 at the request of the first till the 13th defendant in forced intervening, namely mr. Bernardus FUNNEKOTTER, miss Margareta BURTON, miss ........ (follow all the names), and to order that all seizures upon the diamonds belonging to the plaintiffs should immediately be lifted.

[Both actions also aim to hear] the defendants "AMAPLAT" and "AMARI" as well as the defendants in intervening "FUNNEKOTTER" being sentenced each individually for the hole amount or at least each one for his part in it, to pay the costs of the proceeding, including a the legal proceeding indemnity of 16.500,- euro.

* * *

As the cases enrolled under the numbers 14/5395/A, 14/5396/A and 14/5358/A concern other parties pretending being the owner of other parcels of diamonds seized conservatively at the request of the defendants "AMAPLAT" and "AMARI" against the company under foreign law ZIMBABWE MINING DEVELOPMENT CORPORATION (abbreviated ZMDC), the request of the defendants and the defendants in forced intervening to merge these cases with the present case number 14/5357/A, is not to be granted.

* * *

The evident submitted by the parties shows that by minute of 12.09.2014 at the request of the defendants "AMAPLAT" and "AMARI" - based on an arbitral warrant dd. 12.01.2014 of an arbitration Court in Lusaka (Zambia) in accordance with the arbitration rules of the International Chamber of Commerce, known there under number 17720/ARP/MD/TO, and the decision of the President of the Court of first instance of Antwerp, Antwerp section, granting an exequatur to the above mentioned arbitral warrant - a conservative attachment under an third person was laid by bailiff Marc Beerten in the hands of FIRST ELEMENT BVBA on all amounts and things it owes to the judicial person under foreign law ZIMBABWE MINING DEVELOPMENT CORPORATION abbreviated as ZMDC .

[The submitted evident also shows] that the same day the same bailiff also notified a conservative attachment against "ZMDC" on the parcels of diamond found in the rooms rented by FIRST ELEMENT in the ANTWERP DIAMOND TENDER FACILITY, in

accordance with a decision ex parte dd. 10.09.2014 from the Antwerp Seizure Judge (enrolled as number 14-3204-B) at the request of "AMAPLAT" and "AMARI", allowing the attachment for an amount of 32.318.145,39 euro for "AMAPLAT", for an amount of 2.940.155,52 euro for "AMARI" and for an additional amount of 2.351.766,60 for both parties together.

On the same way, the above mentioned parties in forced intervening laid a conservative attachment on the rough diamonds in the hands of ANTWERP WORLD DIAMOND CENTRE, ANTWERP DIAMOND TENDER FACILITY and Martine VERGAUWEN, bailiff in Antwerp in her capacity of sequester, by minutes of 19.09. 2014 and 22.09.2014 in accordance with an earlier arbitral warrant of 22.04.2009 in a case between the parties in forced intervening and the Republic of Zimbabwe as well as by minutes of 23.09.2014 in accordance with a decision ex parte dd. 23.9.2014 from the Antwerp Seizure Judge, for an amount of 28.295.151,23 euro.

* * *

In principal DTZ, MBADA and MARANGE pretend to be the owners of the parcels of rough diamond conservatively seized the 12.09.2014 against ZMDC, listed under the names "DTZ" respectively "MBADA" and "MARANGE parcel 1, parcel 2, parcel 3 and parcel 4" in the minutes of attachment, diamonds that were handed over the same day to bailiff Martine VERGAUWEN, appointed as sequester by the Judge of peace of the first District in Antwerp.

In their summons in revindication of 24.09.2014 the plaintiffs argue that their property-right on the conservatively seized diamonds uncontestably appears from the evidents of property mentioned in the summons as requested by article 1514 of the Judicial Code, and more precisely an application for export, an inventory from MMCZ, a corresponding Kimberley certificate, a so-called pro forma invoice (free translation of "commercial invoice"), a European clearance document and the inventories edited by FIRST ELEMENT mentioning their names.

The documents submitted by the plaintiffs show that for every export shipment of diamonds from Zimbabwe, the MMCZ (Minerals marketing corporation of Zimbabwe), being the organisation that controls the origin of the diamonds exported from Zimbabwe and watches the export taxes being paid, delivers the so called Kimberley certificates recognized by the United Nations and edits a packing list on which the different parcels for export are mentioned, their weight in carats as well as a short description, the total weight corresponding with the for each shipment delivered Kimberley certificate.

These packing lists always mention the name of the producer, that is also mentioned on the Kimberley certificates.

For every export-shipment, each producer (in the present case : each of the plaintiffs) has to submit an application for export of minerals and metals, mentioning his name, the total quantity in carats corresponding with the packing list as well as the name of the addressee - in case FIRST ELEMENT BVBA, the local agent in Antwerp who follows the auction of the diamonds in the rooms of the Antwerp World Diamond Centre, a private foundation established in Antwerp that

on regular base organises tenders of diamond under control of the Diamond Office, an Antwerp department of the Belgian customs that controls the given value and destination as mentioned upon the pro-forma-invoice (free translation of commercial invoice) required for every shipment, that always mentions "for and on behalf of" followed by the name of the plaintiffs, thus confirming again specifically the property-rights of these plaintiffs upon the diamonds.

The fact that these export- and import-documents correspond with the Kimberley certificates, corresponding on their tour with the goods under the name of the different plaintiffs, DTZ, MBADA and MARANGE mentioned in the inventory attached to the minutes of conservative seizure of 12.09.2014, offers a decisive proof of the property-rights of the plaintiffs upon the parcels of diamond they revindicated.

* * *

The defendants AMAPLAT and AMARI and the defendants in forced intervening FUNNEKOTTER pretend correctly that all the problems that can arise concerning disputes about the execution in Belgium, are exclusively governed by the Belgian law. More concretely : the present attachments were ordered in Belgium, and thus also for the assessment of the lifting of the corporate veil of the different plaintiffs, the Belgian law is applicable and not the law of the State on which territory the main headquarters of the plaintiffs were based since their foundation (Antwerp Court of appeal 07.04.2011, R.W. 2012-2013, p. 153). It is up to the defendants to prove according to Belgian law the so called simulated judicial personality of DTZ, MBADA and MARANGE, intended to avert the creditors of the Republic Zimbabwe and/or of the public company ZMDC.

Although the burden of proof cannot be inflicted upon DTZ, MBADA and MARANGE that their separate judicial personality is not based upon simulation nor that their founders did not act with fraudulent intentions, they submit the following:

In the first place DTZ, MBADA as well as MARANGE rightly argue that their judicial personality is shown by their acts of foundation and registration in the official corporate register. These documents prove that DTZ was founded already on 27.01.1994, MBADA on 05.08.2009 and MARANGE on 01.11.2005 (under the name Blackwood Mining ltd), while the claim of AMAPLAT and AMARI only became claimable on 12.01.2014 and the one of the different parties in forced intervention on 22.04.2009.

Beside this it appears that the attached ZMDC acquired its shares in MARANGE already on 01.01.2007, that MARANGE on its tour became owner of 50 % of the shares of MBADA on 01.11.2009, while ZMDC obviously had nothing to do, nor directly neither indirectly with DTZ.

Rightly the plaintiffs pretend that - even if the State Zimbabwe would indirectly through one of its public companies, namely ZMDC - be one of the share-holders, this fact on its own is not sufficient to lift the corporate veil of the plaintiffs.

Moreover it is not proved that the Republic Zimbabwe can appoint arbitrary the members of the board of administration of the plaintiffs.

The latter is neither proved by the documents B 4/B 5, submitted by the defendants in forced intervening. On the contrary, evidence B 5 only allows to deduct which persons are administrator (director) in MBADA and MARANGE, coincidentally the two of the 3 concerned companies in which ZMDC has a direct (MARANGE) or indirect (MBADA) participation. It is not so unusual that an authority (a government) communicates about this.

Moreover the fact that this document does not mention administrators (directors) in DTZ is an additional indication that the Republic Zimbabwe is not lightly interfering in the policy of the plaintiffs.

Also the obligation inflicted upon the plaintiffs to pay a certain (fix) amount on the sale of diamonds to the State does not allow to conclude to the existence of a confusion of assets between the republic Zimbabwe (and/of ZMDC) - nor as the obligation to pay VAT upon the sale of goods in Belgium would prove a confusion of assets between the administration and whoever is submitted to VAT).

The plaintiffs DTZ, MBADA and MARANGE do prove they are the sole owners of the parcels of diamond they revindicate , seized on the 12.09.2014 at the request of the defendants AMAPLAT and AMARI in the hands of FIRST ELEMENT BVBA, diamonds that subsequently were seized again the 22.09.2014 in the hands of bailiff Martine Vergauwen in her capacity of sequester.

The fourth defendant FIRST ELEMENT BVBA and the fifth defendant the entity ANTWERP DIAMOND FACILITY CENTRE were unjustly assigned, being nor attached neither an attaching party. Consequently these parties - to whom the proceeding was only to be notified for information as was done to the two bailiffs - lack the capacity of real proceeding-party.

For this reasons,
The Seizure Judge

Pronouncing in a contradictory way (which means : without possibility for the Funnekotter group to dispute the matters that have already been decided now - unless they lodge appeal)

Declares the claims of the plaintiffs DTZ OZGEO, MBADA DIAMONDS and MARANGE RESOURSES admissible and well-founded as follows :

Declares that the first plaintiff DTZ OZGEO is the sole owner of the parcels of rough diamond inventoried under the name "DTZ" in the enclosures to the minute of conservative attachment on movable goods of 12.09.2014.

Declares the second plaintiff MBADA DIAMONDS is the sole owner of the parcels of rough diamond inventoried under the name "MBADA" in the enclosures to the minute of conservative attachment on movable goods of 12.09.2014.

Declares the third plaintiff MARANGE RESOURSES is the sole owner of the parcels of rough diamond inventoried under the name "MARANGE parcel 1, parcel 2 respectively parcel 3" in the enclosures to the minute of conservative attachment on movable goods of 12.09.2014.

Consequently lifts the conservative attachments on movable goods, laid upon the said parcels of diamond on the 12.09.2014 at the request of AMAPLAT MAURITIUS and AMARI NICKEL HOLDINGS.

Declares the present decision common to the defendants in forced intervening, mr. Bernardus FUNNEKOTTER, miss Margareta BURTON .... (follow all the names), **and this in so far as was said** that the plaintiffs are the sole owners of the above specified parcels of diamond.

Declares the claims introduced by the BVBA FIRST ELEMENT and the entity ANTWERP DIAMOND CENTRE not admissible.

Sentence the defendants and the said defendants in forced intervening to pay the costs of the proceeding, rated on the side of the plaintiffs at 596,62 euro (summons and registrar-rights) and 1.263,45 euro (summons in forced intervening) and the legal proceeding indemnity restricted to one time 1.320,- euro.

| (signed) | (signed) |
|---|---|
| M. Van Berlo | B. Franck |